MORRIS PETERSON
Steve Morris, No. 1543
Email: sm@morrislawgroup.com
Akke Levin, No. 9102
Email: al@morrislawgroup.com
Jean-Paul Hendricks, No. 10079
Email: jph@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 474-9400
Facsimile: (702) 474-9422

WOOD, SMITH, HENNING & BERMAN LLP
Jason C. Gless, No. 8469
Email: jgless@wshblaw.com
7670 West Lake Mead Boulevard, Suite 250
Las Vegas, Nevada 89128
Telephone: (702) 222-0625
Facsimile: (702) 253-6225

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARY ANN SUSSEX; MITCHELL PAE; MALCOLM NICHOLL and SANDY SCALISE; ERNESTO VALDEZ, SR. and ERNESTO VALDEZ, JR; JOHN HANSON and ELIZABETH HANSON,<br><br>Plaintiffs,<br><br>v.<br><br>TURNBERRY/MGM GRAND TOWERS, LLC, a Nevada LLC; MGM GRAND CONDOMINIUMS LLC, a Nevada LLC; THE SIGNATURE CONDOMINIUMS, LLC, a Nevada LLC; MGM MIRAGE, a Delaware Corporation; TURNBERRY/ HARMON AVE., LLC, a Nevada LLC; and TURNBERRY WEST REALTY, INC., a Nevada Corporation,<br><br>Defendants. | Case No. 2:08-cv-00773-RLH-PAL<br><br>**MOTION FOR DETERMINATION OF NON-ARBITRABILITY OF CLAIMS AGAINST NON-SIGNATORY DEFENDANTS** |

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1    The defendants hereby move the Court to clarify its order of June 16,

2    2009, to confirm that the non-signatory defendants — MGM Grand

3    Condominiums LLC, The Signature Condominiums LLC, MGM Mirage,

4    Turnberry/Harmon Ave., LLC, and Turnberry West Realty, Inc. (hereinafter the

5    "NS5 defendants") — are not compelled to arbitrate plaintiffs' claims under

6    Section 24.10 of the Purchase and Sale Agreements between the plaintiffs and

7    Turnberry/MGM Grand Towers, LLC who are the parties to the Agreements.

8    The motion is based on the papers and pleadings on file, the attached exhibit, and

9    the following points and authorities.

10   **I.    INTRODUCTION**

11   On July 17, 2008, defendants Turnberry/MGM Grand Towers, LLC

12   ("Turnberry/MGM") and Turnberry/Harmon Ave., LLC ("Turnberry/Harmon"),

13   together with two former defendants — MGM Grand, Inc. and Turnberry

14   Associates — moved the Court to compel arbitration. *See* Motion to Compel

15   Arbitration (# 17).  This motion was initially denied by the Honorable Peggy A.

16   Leen.  Order (# 43) and Memorandum of Decision (# 46).  On June 16, 2009, this

17   Court "overruled, reversed, and vacated" the order and decision, sustained the

18   moving defendants' objection, and compelled the *Plaintiffs* to arbitrate their

19   claims.  Order (# 59) at 2.

20   On August 31, 2009, the Plaintiffs here and twelve additional

21   claimants filed a demand for arbitration with the American Arbitration

22   Association against Turnberry/MGM, MGM Grand Condominiums LLC, The

23   Signature Condominiums LLC, MGM Mirage, Turnberry/Harmon Ave., and

24   Turnberry West Realty, Inc. (collectively "Defendants" or "respondents in

25   arbitration").  Respondents filed an answering statement on October 9, 2009.  The

26   parties have not yet selected an arbitrator.

27

28

MORRIS PETERSON
ATTORNEYS AT LAW
100 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

2

## II.    ARGUMENT

### A.    The Court has Jurisdiction to Decide the Question of Arbitrability.

"The question whether the parties have submitted a particular dispute to arbitration, *i.e.*, the 'question of arbitrability,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *AT&T Techs., Inc. v. Commc's. Workers*, 475 U.S. 643, 649 (1986)) (emphasis added); *accord Carpenters 46 N. Cal. Counties Conference Bd. v. Zcon Builders*, 96 F.3d 410, 414 (9th Cir. 1996) (citing to *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960) ("The question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator"); *see also* 9 U.S.C. § 4 ("If the making of an arbitration agreement is at issue, the *court* shall proceed summarily to the trial thereof") (emphasis added).  This is because "arbitration is a matter of contract . . . ."; an arbitrator only has authority to decide a dispute if the parties agreed that he or she has the authority to do so.  *Howsam*, 537 U.S. at 83.

Here, the parties to the arbitration agreement did not "clearly and unmistakably provide" that the arbitrator could decide issues of arbitrability, nor did the NS5 defendants otherwise permit the arbitrator — who remains to be selected — to do so.  Thus the issue is properly before the Court.

### B.    There Are No Principles of Contract or Agency Law Requiring the Non-signatory Defendants to Arbitrate Plaintiffs' Claims Against Turnberry/MGM.

Non-signatories to an arbitration agreement cannot be compelled to defend against claims in arbitration except under principles of contract and agency law.  *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006); *Letizia v. Prudential Bache Sec., Inc.*, 802 F.2d 1185, 1187 (9th Cir. 1986).  Although courts have recognized five principles to compel non-signatories to arbitrate their claims — *i.e.*, "1) incorporation by reference; 2) assumption; 3) agency;  4) veil-piercing/alter

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

3

ego; and 5) estoppel," *Comer*, 436 F.3d at 1101 — none of these principles apply here.

Only defendant/respondent in arbitration Turnberry/MGM is a party to the Condominium Unit Purchase and Sale Agreements ("PSAs") that contain the arbitration agreement. Motion to Compel Arbitration (# 17), Ex. C thereto at 1. None of the NS5 defendants is incorporated into the arbitration agreement by reference, nor has any NS5 defendant assumed obligations under the PSA. Plaintiffs do not allege that the NS5 defendants are each other's agents, nor do they plead facts to support alter ego allegations.[1] Although the Plaintiffs will likely argue — as the *KJH* plaintiffs have done in the related state court case — that the NS5 defendants are estopped from refusing to submit to arbitration, this argument fails for several reasons.

### 1.   The NS5 Defendants Did Not Knowingly Exploit the PSAs.

Estoppel requires the "knowing exploitation" of the agreement in which the arbitration agreement appears. *Comer*, 436 F.3d at 1101 (internal citation omitted). Like the appellant in *Comer*, Plaintiffs cannot meet this "insurmountable hurdle . . ." because the NS5 defendants "did not seek to enforce the terms of the [PSAs], nor otherwise to take advantage of them." *Id.* at 1102. The NS5 defendants are merely *defending* against Plaintiffs' claims, which ignore and plead around the PSAs. *Compare Int'l Paper v. Schwabedissen Maschinen & Anlagen*, 206 F.3d 411, 418 (4th Cir. 2000) (non-signatory buyer was estopped from refusing to arbitrate under

---

[1] Plaintiffs' complaint does not plead *any* facts or conduct to support any of the conclusory allegations made against the NS5 defendants, Compl. (# 14), ¶ 21, and would not sustain against a motion to dismiss for failure to state a claim. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1410-11 (9th Cir. 1996) (affirming dismissal of claims under Fed. R. Civ. P. 9(b)); *G.K. Las Vegas Limited P'ship v. Simon Prop. Group, Inc.*, 460 F. Supp. 2d 1246, 1258 (D. Nev. 2006) (dismissing plaintiff's securities fraud claim under NRS 90.570 for failure to plead particular facts pertaining to individual defendants).

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

the contract that he sued on).  The mere fact that the *Sussex* motion to compel arbitration recites a number of PSA terms in the fact section does not mean that the moving defendants argued, relied on, or took advantage of these terms.  *Accord Goldman v. KPMG LLP*, 173 Cal. App. 4th 209, 218, 92 Cal. Rptr. 3d 534, 541 (2009) (distinguishing between making a reference to an agreement with an arbitration clause and relying on its terms); *compare Int'l Paper*, 206 F.3d at 418 ("a party may be estopped . . . *when he has consistently maintained that other provisions of the same contract should be enforced to benefit him*") (emphasis added).

   **2.** ***The NS5 Defendants Did Not Consent to Defend Against Plaintiffs' Claims in Arbitration.***

  By joining in Turnberry/MGM's motion to compel *Plaintiffs* to arbitrate, defendant Turnberry/Harmon did not consent to submit to arbitration. The moving defendants only sought an order compelling *the Plaintiffs* to arbitrate under their agreement to which they and only Turnberry/MGM are the parties, and asked the Court to stay the judicial proceedings.  Motion to Compel Arbitration (# 17) at 21.  *Compare*, that a stay may be "advisable . . . among the *nonarbitrating parties* pending the outcome of the arbitration."  *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 20 n. 23 (1983) (emphasis added).

   **3.** ***Only Turnberry/Harmon Joined in the Motion to Compel Arbitration.***

  Even assuming joining in a motion to compel arbitration can pull a non-signatory defendant into arbitration, Turnberry/Harmon is the only present defendant/respondent in arbitration who joined in the motion to compel arbitration, Motion to Compel Arbitration (# 17) at 1, and why shouldn't it?[2]  The complaint is based on a contract that is subject to an arbitration with

---

  [2] Plaintiffs mistakenly suggest elsewhere that all NS5 defendants joined in Turnberry/MGM's motion to compel arbitration.  *See, e.g.*, Demand for Arbitration, Ex. A hereto, at 2 (exhibits to Demand omitted).

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

5

Turnberry/MGM.  Turnberry/Harmon did not contract with plaintiffs, yet they sued this entity on the contract.  By joining with the defendant that is subject to arbitration to compel the plaintiffs to arbitrate against the Seller under the PSA does not turn a third party into a co-Seller and thus subject to arbitrate under Section 24.10.  By asking the Court to compel the plaintiffs to arbitrate under their contract with the proper party does not make an improperly named defendant a contracting party.  *AT&T Techs., Inc. v. Commc's. Workers*, 475 U.S. 643, 648 (1986) (holding that arbitration "is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit") (internal citation omitted).  None of the other non-signatory defendants joined in the motion, *id.*, and therefore none of them can be estopped on that basis.

### 4.    Plaintiffs are Estopped from Arguing Estoppel.

A party seeking an equitable remedy must come into Court with clean hands, or the equitable remedy may be refused.  *United States v. Ga.-Pac. Co.*, 421 F.2d 92, 103 (9th Cir. 1970).  Plaintiffs' hands are not clean.  Plaintiffs specifically attempted to defeat arbitration on the basis of the NS5 defendants' non-signatory status.  *See* Opposition to motion to compel arbitration (# 22) at 2 n. 2 (arguing that "Defendants fail . . . to show that all Defendants are even parties to the contract and subject to the arbitration clause").  As Plaintiffs argued there:

> . . . even if the arbitration provision were enforceable . . . the provision could only be enforced by Turnberry/MGM . . . ***and Plaintiffs' claims against the other five Defendants . . . would nevertheless proceed in this Court because they are not subject to any arbitration clause.*** *See Tracer Research, Inc. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292, 1294 (9th Cir. 1994).

*Id.* (emphasis added).[3]

_____

[3] This is not the only showing of Plaintiffs' attempt to avoid arbitration. Plaintiffs' complaint pleads around the PSA (and the arbitration provision it contains) by asserting tort claims.  *See* Amended Federal Class Action Complaint (# 14) at 1-2.  And although the complaint names the NS5 defendants, Plaintiffs fail to plead a single fact to support their conclusory allegations against them. *Id.* at 8-10 (¶ 21).

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

6

Plaintiffs cannot now claim that their "claims against the other five Defendants [should *not*] proceed in this Court [even though] they are not subject to any arbitration clause."

**III.    CONCLUSION**

The Court should exercise its jurisdiction and discretion to determine that the Plaintiffs' claims against Turnberry/MGM are not subject to arbitration against third parties.

MORRIS PETERSON

By:_____
Steve Morris, No. 1543
Akke Levin, No. 9102
Jean-Paul Hendricks, No. 10079
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada  89101

WOOD, SMITH, HENNING & BERMAN LLP
Jason C. Gless, No. 8469
7670 West Lake Mead Blvd., Suite 250
Las Vegas, Nevada 89128

Attorneys for Defendants

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

7

1

**CERTIFICATE OF SERVICE**

2        Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada

3  Electronic Filing Procedures, I certify that I am an employee of MORRIS

4  PETERSON, and that the following documents were served via electronic service:

5  **MOTION FOR DETERMINATION OF NON-ARBITRABILITY OF CLAIMS**

6  **AGAINST NON-SIGNATORY DEFENDANTS**

7  TO:

8  Robert B. Gerard                  Norman Blumenthal
Ricardo R. Ehmann              Blumenthal & Nordrehaug

9  Gerard & Associates             2255 Calle Clara

10  2840 So. Jones Blvd. - Bldg. D, Suite 4    La Jolla, California  92037
Las Vegas, Nevada  89146        norm@bamlawlj.com

11  rgerard@gerardlaw.com
rehmann@gerardlaw.com        Attorneys for Plaintiff

12

13  Robert Fellmeth
University of San Diego Law School

14  5998 Alcala Park
San Diego, California  92110

15  cpil@sandiego.edu

16  Attorneys for Plaintiff

17        DATED this 21ST day of October, 2009.

18

19                  By: *Nickerson*

20

21

22

23

24

25

26

27

28

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422