MORRIS PETERSON
Steve Morris, No. 1543
Email: sm@morrislawgroup.com
Akke Levin, No. 9102
Email: al@morrislawgroup.com
Jean-Paul Hendricks, No. 10079
Email: jph@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 474-9400
Facsimile: (702) 474-9422

WOOD, SMITH, HENNING & BERMAN LLP
Jason C. Gless, No. 8469
Email: jgless@wshblaw.com
7670 West Lake Mead Boulevard, Suite 250
Las Vegas, Nevada 89128
Telephone: (702) 222-0625
Facsimile: (702) 253-6225

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARY ANN SUSSEX; MITCHELL PAE; MALCOLM NICHOLL and SANDY SCALISE; ERNESTO VALDEZ, SR. and ERNESTO VALDEZ, JR; JOHN HANSON and ELIZABETH HANSON,<br><br>    Plaintiffs,<br>v.<br><br>TURNBERRY/MGM GRAND TOWERS, LLC, a Nevada LLC; MGM GRAND CONDOMINIUMS LLC, a Nevada LLC; THE SIGNATURE CONDOMINIUMS, LLC, a Nevada LLC; MGM MIRAGE, a Delaware Corporation; TURNBERRY/HARMON AVE., LLC, a Nevada LLC; and TURNBERRY WEST REALTY, INC., a Nevada Corporation,<br><br>    Defendants. | Case No. 2:08-cv-00773-RLH-PAL<br><br>**REPLY IN SUPPORT OF MOTION FOR DETERMINATION OF NON-ARBITRABILITY OF CLAIMS AGAINST NON-SIGNATORY DEFENDANTS (#60)** |

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

## I. INTRODUCTION

Plaintiffs are not in a position to invoke "equity" as a means to force five non-signatory defendants (the "NS5 defendants") to arbitrate under a contract to which the NS5 defendants are not a party. Less than ten days after the *KJH* state court compelled the *KJH* plaintiffs to arbitrate their claims against Turnberry/ MGM Grand Towers, LLC ("Turnberry/MGM"), these *Sussex* plaintiffs filed this lawsuit, naming the NS5 defendants. They did so for no reason other than to defeat the *KJH* order compelling arbitration. The complaint in this case alleges no facts whatsoever against the NS5 defendants to support the plaintiffs' speculative legal theories. *All* plaintiffs' allegations here are directed solely at Turnberry/MGM. Neither plaintiffs' claims, nor the arbitrability of the claims against the NP5 defendants turn on plaintiffs' unsupported allegations that Turnberry/MGM is "a mere shell with no assets." [1]

Plaintiffs and their attorneys only have themselves to blame for the delay they complain of. *They* chose to disregard their contract and the *KJH* order compelling arbitration by filing seven additional lawsuits and to unsuccessfully petition the Nevada Supreme Court for a writ of mandamus to overturn Judge Denton's decision to send their claims to arbitration. The arbitration would be history if plaintiffs had filed an arbitration demand against Turnberry/MGM two years ago. That is the only party they contracted with and against whom all their allegations are directed. The NS5 defendants do not belong in arbitration *or* in litigation. They were not parties to the Turnberry/MGM Purchase and Sale Agreement. The NS5 defendants did not deal with the plaintiffs at all. They were sued only for "leverage" purposes. Plaintiffs' contract is with Turnberry/MGM — a valid, existing, separate legal entity.

---

[1] Plaintiffs allege, without support, that Turnberry/MGM Grand Towers, LLC is a mere "shell with no assets" created for a "massive securities fraud." Opposition (# 61) at 1, lines 15-28.

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

The Court should use its inherent power to clarify that its June 16, 2009, order stays this proceeding and their claims against the NS5 defendants pending arbitration of their claims against Turnberry/MGM.

## II.   ARGUMENT

### A.   The Court has Jurisdiction to Clarify its Order Compelling Arbitration.

Defendants are not moving for reconsideration under Fed. R. Civ. P. 59(e) or 60(b). They are invoking the Court's jurisdiction under 9 U.S.C. § 4 to determine the arbitrability of plaintiffs' claims against the NS5 defendants under the Court's Order compelling plaintiffs to arbitrate their claims ("Order"). The defendants are not asking the Court to amend its Order, but to clarify and interpret it, and the Court has the inherent power to do so. *United States v. Hennen*, 300 F. Supp. 256, 263-64 (D. Nev. 1968) (holding that a court's administrative powers include enforcing its decree, resolving conflicts as to its meaning, and to construe and interpret it); *accord Graham Webb Int'l, Inc. v. C.B. Sullivan Co.*, 2009 WL 3248123, 1 *8 (S.D. Cal. Oct. 8, 2009) (holding that the district court that had ordered arbitration could clarify "whether the arbitration it compelled should be conducted in Minnesota or San Diego").

The cases on which plaintiffs rely are inapposite because in each the parties directly challenged the order at issue. For example, in *Tracy v. Huff*, the plaintiff continued to challenge orders for dismissal against several defendants. 2009 WL 825767, 1 (D. Nev. 2009). In *Elwell v. Google, Inc.*, the plaintiff challenged the order compelling arbitration despite "her continued participation in the arbitration [proceeding] . . ." 2007 WL 1720147, 1 (S.D.N.Y. 2007). Here, by contrast, defendants are not disputing the Court's Order compelling the plaintiffs to arbitrate. They seek to elicit the Court's clarification that it did not order non-parties to the contract to arbitrate claims arising under the contract to which they are not parties.

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

Contrary to plaintiffs' meritless contention, this issue was *not* "explicitly litigated," Opp'n at 4-5. Plaintiffs acknowledged months ago that the arbitration agreement could only be enforced against Turnberry/MGM and that claims against the NS5 defendants, whatever they may be, would have to proceed in court. Opposition to Motion to Compel Arbitration (# 22) at 2 n. 2. Defendants responded to that argument by pointing out that the plaintiffs could not defeat the arbitration agreement and the *KJH* order compelling arbitration by "suing Defendants who are not signatories to the PSAs . . . ." Reply (# 24) at 2 (citing to *24 Hour Fitness, Inc. v. Superior Court*, 78 Cal. Rptr. 2d 533, 539 (Ct. App. 1998)).[2] This issue had nothing to do with whether the NS5 defendants should submit to contractual arbitration; the issue was whether plaintiffs could prevent arbitration of their contract claims against Turnberry/MGM by suing non-signatories to the contract.

### B. The NS5 Defendants Did Not Exploit, Sue On, or Receive a Direct Benefit from the Purchase and Sale Agreements.

Application of the doctrine of equitable estoppel to send a non-party to arbitration requires knowing exploitation by *that* party of "*the agreement containing the arbitration clause.*" *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (emphasis added); *accord, e.g., MAG Portfolio Consultant, GMBH v. Merlin Biomed Group LLC*, 268 F.3d 58, 61-62 (2d Cir. 2001) (company that knowingly accepted the benefits of an agreement with an arbitration clause may be bound to it; adding that benefit must "flow[] directly from the agreement"); *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 200 (3d Cir. 2001) (estoppel applies to non-signatories who, "*during the life of the*

---

[2] Plaintiffs' attorneys did not file additional actions naming additional non-signatory defendants until *after* the court in the *KJH* action compelled the *KJH* Plaintiffs to arbitrate their claims. *E.g., Sussex* Compl., Ex. A to Notice of Removal (# 1), filed nine days after the *KJH* order compelling arbitration (Ex. G to Motion to Compel Arbitration (# 17)).

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

4

*contract, have embraced the contract* despite [its] non-signatory status") (emphasis added). The doctrine thus requires exploitation of the substantive provisions of the contract by the NS5 defendants, which is absent here.

      The fact that one of the improperly named NS5 defendants — not all, as plaintiffs misleadingly suggest — moved to compel arbitration of plaintiffs' claims against Turnberry/MGM (# 17 at 1-2) does not evidence the NS5 defendants' knowing exploitation of the condominium unit purchase and sale agreement executed by plaintiffs and Turnberry/MGM. "Knowing exploitation" requires more than mere speculation that "[a]ll the money collected by Turnberry/MGM Grand Towers, LLC was transferred upstream to the [NS5 defendants]." *Merlin Biomed Group LLC,* 268 F.3d at 62 (acquisition without assumption of the agreement itself creates mere indirect benefit). Nowhere in the motion papers do the defendants invoke *their right* to arbitrate plaintiffs' claims — they invoked *plaintiffs' obligation* to arbitrate their claims. *Cf. Petition of Transrol Navegacao S.A.,* 782 F. Supp. 848, 851 (S.D.N.Y. 1991) (Transrol asserted that "seizure was improper because it violated Transrol's right to resolve disputes concerning this matter through arbitration"), cited by plaintiffs.

      Unlike the nonsignatory defendants in *Jonathan Browning, Inc. v. Venetian Casino Resort LLC,* the NS5 defendants did not "initiate[] litigation to enforce their contractual (and extra-contractual) rights . . ." 2008 WL 2397466, 1 * 3 (N.D. Cal. 2008). Instead, and analogous to the plaintiff in *Comer v. Micor, Inc.,* 436 F.3d 1098, 1101 (9th Cir. 2006), the NS5 defendants are mere "passive participant[s]" brought into this litigation by plaintiffs' attorneys for no other purpose than to defeat contractual arbitration and sue a "deep pocket," which the Court has rejected. Plaintiffs should not be permitted to use their improper objective to their advantage by now claiming that the NS5 defendants — who should not have been named as defendants in this litigation in the first place —

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

are now "estopped" because they agreed with Turnberry/MGM that *plaintiffs* should be compelled to arbitrate their claims against Turnberry/MGM.

        1.     *The 'Close Relationship' Exception Is Not Applicable in This Litigation.*

Plaintiffs' argument that their claims against the NS5 defendants are so intertwined with their claims against Turnberry/MGM that they establish the "close relationship" exception courts have recognized as a "second theory of equitable estoppel," *E.I. DuPont de Nemours & Co.*, 269 F.3d at 201, is off the mark. This rare exception can only be invoked to bind a *signatory* to arbitration, when a non-signatory "voluntarily pierces its own veil to arbitrate claims against a signatory that are derivative of its corporate-subsidiary's claims against the same signatory." *Id.* (citing cases). The NS5 defendants are not making derivative claims against the plaintiffs. A signatory cannot obtain that same result "short of piercing the corporate veil . . . based solely on the interrelatedness of the claims alleged," *id.* at 202, as plaintiffs are attempting to do here. Opp'n at 7. Moreover, this exception requires a showing that the claims are "'intimately founded in and intertwined with the underlying contract obligations.'" *Id.* at 200 (quoting *Thomson-CSF, S.A. v. Am. Arbitration Assoc.*, 64 F.3d 773, 779 (2d Cir. 1995)). Plaintiffs' claims against the defendants in this case altogether *avoid* the contract and the obligations thereunder.

The "close relationship" exception fails.

    **C.**    **Plaintiffs' Conclusory Alter Ego Allegations Are Insufficient to Compel Arbitration Against the NS5 Defendants.**

Although a non-signatory may be bound by the arbitration agreement under the alter ego doctrine, *Comer*, 436 F.3d at 1101, the signatory must allege sufficient facts to support the exception. *Fund Raising, Inc. v. Alaskans for Clean Water, Inc.*, 2009 WL 3672518, 4 (C.D. Cal. Oct. 29, 2009). Here, no facts to establish alter-ego have been alleged. A shareholder who "merely passively

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

6

as an alter ego. *Firstmark Capital Corp. v. Hempel Fin. Corp.*, 859 F.2d 92, 95 (9th Cir. 1988). Boilerplate allegations such as that "'each Defendant was the alter ego, agent, conspirator, and/or aider and abettor of the other Defendants'" or that "Defendants . . . were in some manner responsible for the acts alleged [in the complaint]" are legal conclusions, not facts sufficient to make a *prima facie* case for alter ego liability. *Leatt Corp. v. Innovative Safety Tech., LLC*, 2009 WL 2706388, *5 (S.D. Cal. Aug. 24, 2009) (quoting from the complaint). Instead, "sufficient non-conclusory facts" must be alleged. *Fund Raising, Inc.*, 2009 WL 3672518 at * 4.

Here, plaintiffs' allegations mirror the ones found insufficient in *Leatt Corp. v. Innovative Safety Tech., LLC*, 2009 WL 2706388, *5 (S.D. Cal. Aug. 24, 2009). Plaintiffs allege, without more, that all the defendants "acted as the agent . . . *or co-participant of or for* the other Defendants with respect to the acts, violations and common course of conduct alleged herein." Compl. (# 14) ¶ 23 (emphasis added). Plaintiffs do not plead *a single* fact to show the NS5 defendants' alleged "power, influence, ability to control and control over Turnberry/MGM" and their alleged purpose "to violate securities laws." *Id.* ¶ 21 at 9:16. Plaintiffs did not plead any facts that would support the Court concluding that Turnberry/MGM should not be treated as the separate legal entity it is. They merely conclude that "[a]s a result of the [fact-less conclusory allegations] above, Turnberry/MGM . . . was a "mere agency and instrumentality of [the NS5 entities]." *Id.* at 9:23-25.

Plaintiffs continue the same conjecture in their opposition, in which they suggest *defendants* revealed that Turnberry/MGM is a "mere shell with no assets." Opp'n at 1. They theorize that the NS5 defendants and their attorneys created Turnberry/MGM as a "shell for a massive securities fraud," to enable the transfer of money received from plaintiffs to the NS5 defendants. *Id.* None of these hysterical allegations is supported by alleged facts. As a matter of law, these reckless over-the-top allegations are not enough to survive a motion to

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

7

dismiss, much less to compel the NS5 defendants to arbitrate the "merits" of these non-claims.

### D. Plaintiffs Fail to Establish Grounds for Judicial Estoppel.

Judicial estoppel may be invoked where a party: (1) was successful in asserting its first position; (2) later asserts a position that is "clearly inconsistent" with its earlier position; and (3) would achieve an unfair advantage if permitted to assert the second, inconsistent, position. *United Steelworkers of Am. v. Ret. Income Plan for Hourly-Rated Employees of ASARCO, Inc.*, 512 F.3d 555, 563-64 (9th Cir. 2008). Judicial estoppel should only be invoked to prevent "'the deliberate manipulation of the courts,' and . . . should not apply 'when a party's prior position was based on inadvertence or mistake.'" *United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008).

There is nothing "clearly inconsistent" between the position that *plaintiffs* should be compelled to arbitrate their claims against contract signer/seller Turnberry/MGM and the *NS5 defendants'* contention that they cannot be compelled to submit to arbitration under the contract because they are not signatories to the PSA. The first position does not exclude the other; it co-exists with the second: The second position confirms the first — that *plaintiffs* should be compelled to arbitrate. All the NS5 defendants seek is confirmation of that fact under the Court's Order. And the test is not whether plaintiffs would suffer an "unfair detriment," but whether the NS5 defendants would achieve an unfair advantage if permitted to assert that they are not parties to the PSA. Ordering plaintiffs to arbitrate their claims against Turnberry/MGM does not dismiss plaintiffs' imaginary claims against the NS5 defendants. *Dees v. Billy*, 394 F.3d 1290, 1293 (9th Cir. 2005). Arbitration merely stays these judicial proceedings, *id.*, which is *consistent* with the position taken and relief sought by the moving defendants in their motion to compel arbitration and supporting

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

8

reply brief (# 17 at 21; # 24 at 19) (asking the Court to stay the judicial proceedings while arbitration takes place).

### E. Plaintiffs' Unclean Hands Preclude them from Invoking Equitable Estoppel.

Defendants' unclean hands argument is not based on judicial estoppel, as plaintiffs mistakenly assume. Opp'n at 8. Defendants merely argue the basic principle that parties seeking to invoke an equitable remedy to compel non-signatories to arbitration, such as the plaintiffs here, must come to the Court with clean hands. *United States v. Ga.-Pac. Co.*, 421 F.2d 92, 103 (9th Cir. 1970). Plaintiffs cannot in good faith invoke estoppel as a ground to compel the NS5 defendants to arbitrate if they earlier affirmatively argued that their claims against the NS5 defendants could *not* be subject to arbitration and would "nevertheless proceed in this Court because [the NS5 defendants] are not subject to any arbitration clause . . ." Opposition to motion to compel arbitration (# 22) at 2 n. 2. *These are plaintiffs' words,* not the defendants'. They confirm that plaintiffs sued the NS5 defendants to avoid complying with the *KJH* order compelling arbitration. Plaintiffs did not sue the NS5 defendants until *after* their fellow litigants were compelled to arbitrate their claims against Turnberry/MGM — the only named defendant in the first-filed *KJH* action. Neither plaintiffs' complaint nor any of the subsequent actions filed by their attorneys asserts facts to support plaintiffs' fanciful legal theories against the NS5 defendants. Given plaintiffs' deliberate procedural maneuvering and gamesmanship, they cannot invoke a remedy based on fairness — judicial estoppel — to compel the NS5 defendants to arbitrate contract claims that are arbitrable only against Turnberry/MGM.

### III. CONCLUSION

The Court has jurisdiction under 9 U.S.C. § 4 to determine the arbitrability of plaintiffs' claims against the NS5 defendants and inherent powers to clarify its June 16, 2009, Order, which is silent on this issue. Whether the NS5

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

defendants should be compelled to arbitrate was not litigated or determined in the parties' moving papers. For this reason and those set out above, the Court should declare that its Order does not compel the NS5 defendants to arbitrate plaintiffs' claims against Turnberry/MGM.

MORRIS PETERSON

By: _____
Steve Morris, No. 1543
Akke Levin, No. 9102
Jean-Paul Hendricks, No. 10079
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

WOOD, SMITH, HENNING & BERMAN LLP
Jason C. Gless, No. 8469
7670 West Lake Mead Blvd., Suite 250
Las Vegas, Nevada 89128

Attorneys for Defendants

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

10

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS PETERSON, and that the following documents were served via electronic service:

**REPLY IN SUPPORT OF MOTION FOR DETERMINATION OF NON-ARBITRABILITY OF CLAIMS AGAINST NON-SIGNATORY DEFENDANTS** (#60)

TO:

Robert B. Gerard
Ricardo R. Ehmann
Gerard & Associates
2840 So. Jones Blvd. - Bldg. D, Suite 4
Las Vegas, Nevada 89146
rgerard@gerardlaw.com
rehmann@gerardlaw.com

Robert Fellmeth
University of San Diego Law School
5998 Alcala Park
San Diego, California 92110
cpil@sandiego.edu

Norman Blumenthal
Blumenthal & Nordrehaug
2255 Calle Clara
La Jolla, California 92037
norm@bamlawlj.com

Burton Wiand
Fowler White Boggs Banker, P.A.
501 East Kennedy Blvd.
Tampa, Florida 33602
bwiand@fowlerwhite.com

Attorneys for Plaintiff

DATED this 19th day of November, 2009.

By: /s/ Nickerson