# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARY ANN SUSSEX; MITCHELL PAE; MALCOLM NICHOLL and SANDY SCALISE; ERNESTO VALDEZ, SR. and ERNESTO VALDEZ, JR; JOHN HANSON and ELIZABETH HANSON,<br><br>Plaintiffs,<br><br>vs.<br><br>TURNBERRY/MGM GRAND TOWERS, LLC, a Nevada LLC; MGM GRAND CONDOMINIUMS LLC, a Nevada LLC; THE SIGNATURE CONDOMINIUMS, LLC, a Nevada LLC; MGM MIRAGE, a Delaware Corporation; TURNBERRY/HARMON AVE., LLC, a Nevada LLC; and TURNBERRY WEST REALTY, INC., a Nevada Corporation,<br><br>Defendants. | Case No.: 2:08-cv-00773-RLH-PAL<br><br>**CORRECTED ORDER<br>NUNC PRO TUNC***<br><br>(Motion for Determination of Non-Arbitrability of Claims against Nonsignatory Defendants–#60)<br><br>*\*This Order corrects errors and omissions that appeared on page 6, lines 5, 9, and 10 of the previous draft.* |

Before the Court is a **Motion for Determination of Non-Arbitrability of Claims against Nonsignatory Defendants** (#60), filed by all Defendants on October 21, 2009. The Court has also considered the Opposition to the Motion (#61), filed November 5, 2009, by all Plaintiffs, and Defendants' Reply (#62), filed November 19, 2009.

1

**BACKGROUND**

The Signature at MGM Grand ("Signature") is a luxury condominium hotel project developed and sold by Defendant Turnberry/MGM Grand Towers, LLC ("Turnberry/MGM"). Between January 2004 and October 2005, Turnberry/MGM marketed and sold Signature condominium units to Plaintiffs pursuant to Purchase and Sale Agreements ("Agreements") that contained arbitration provisions. Plaintiffs brought this lawsuit against Turnberry/MGM in addition to other nonsignatory Defendants.

On July 17, 2008, Defendants Turnberry/MGM and Turnberry/Harmon Ave., LLC ("Turnberry/Harmon"), together with two former Defendants—MGM Grand, Inc. and Turnberry Associates—moved the Court to compel arbitration (Dkt. #17). Magistrate Judge Peggy A. Leen initially denied this motion (Dkt. #43, Order). On June 16, 2009, this Court "overruled, reversed, and vacated" Judge Leen's order, sustained the moving Defendants' objection, and compelled Plaintiffs to arbitrate their claims (Dkt. #59, Order 2).

On August 31, 2009, Plaintiffs and twelve additional claimants filed a demand for arbitration with the American Arbitration Association against all the Defendants in this case—Turnberry/MGM, MGM Grand Condominiums LLC, The Signature Condominiums LLC, MGM Mirage, Turnberry/Harmon Ave., and Turnberry West Realty, Inc. (collectively "Defendants" or "respondents in arbitration"). The respondents in arbitration filed an answering statement on October 9, 2009. The parties have not yet selected an arbitrator.

Defendants now move for an order declaring that the nonsignatory defendants—MGM Grand Condominiums, LLC; The Signature Condominiums, LLC; MGM Mirage; Turnberry/Harmon Ave., LLC; and Turnberry West Realty, Inc.—are not compelled to arbitrate Plaintiffs' claims under the Agreements. For the reasons appearing below, the Court denies Defendants' Motion in part, concluding that Turnberry/Harmon must defend against Plaintiffs' claims in arbitration; stays the arbitration proceedings; and orders the discovery and supplemental briefing schedule set forth in the Conclusion below.

# DISCUSSION

## I. Jurisdiction to Decide Question of Arbitrability

"The question whether the parties have submitted a particular dispute to arbitration, i.e., the question of arbitrability, is an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (citation and internal quotation marks omitted). This is because "arbitration is a matter of contract"; an arbitrator has authority to decide a dispute only if the parties agreed that he or she has the authority to do so. *Id.* Here, neither party argues that the arbitration agreement "clearly and unmistakably provide[d]" that the arbitrator could decide issues of arbitrability. Thus the issue is properly before the Court.

## II. Binding Nonsignatories to Arbitration under Principles of Contract or Agency Law

Defendants argue no principles of law require the nonsignatory Defendants to defend against claims in arbitration. "[N]onsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles. Among these principles are 1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel." *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (citations and internal quotation marks omitted). A nonsignatory may also be held to an arbitration clause as a matter of equitable estoppel, which "precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes." *Id.* (citations and internal quotation marks omitted). One subset of the equitable estoppel theory provides that a nonsignatory may be held to an arbitration clause where it "knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement." *Id.* (citations and internal quotation marks omitted).

Defendants argue none of the foregoing principles apply. The parties do not dispute that none of the nonsignatory Defendants is incorporated into the arbitration agreement by reference and that none of the nonsignatory Defendants assumed obligations under the Agreements. But the parties dispute whether the nonsignatory Defendants may be bound to

3

arbitrate by operation of estoppel, agency, and veil-piercing/alter ego principles. The Court considers each of these in turn.

### A. Estoppel

The Court first concludes that nonsignatory Defendant Turnberry/Harmon is equitably estopped from refusing to defend against Plaintiffs' claims in arbitration because it joined the Motion to Compel Arbitration. Defendants correctly argue that "asking the Court to compel the [P]laintiffs to arbitrate under their contract with the proper party does not make an improperly named defendant a contracting party." (Mot. 6.) But Turnberry/Harmon fails to acknowledge that in moving to compel arbitration, it invoked the arbitration clause and thus claimed the benefits of the contract—the ability to compel Plaintiffs to pursue their claims in an arbitration setting. Equitable estoppel now prevents Turnberry/Harmon from seeking to avoid the "burden" of the contract—the arbitration proceeding it previously insisted on. *Comer*, 436 F.3d at 1101. "Restated, the doctrine of estoppel prevents a party from 'having it both ways.'" *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 268 (5th Cir. 2004). In addition, the Federal Arbitration Act incorporates a "liberal policy favoring arbitration agreements," and "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). That policy supports the conclusion the Court reaches under equitable estoppel here.

Plaintiffs repeatedly state that "all" and "each" of the nonsignatory Defendants moved, along with the signatory Defendant Turnberry/MGM, to compel Plaintiffs to arbitrate. (Opp'n 1, 2, 5.) While Plaintiffs' statement was true at the time Defendants filed the Motion to Compel Arbitration, it is no longer true because two of the movants (Turnberry Associates and MGM Grand, Inc.) are no longer Defendants, and three of the current nonsignatory Defendants (MGM Grand Condominiums LLC, Turnberry/MGM Grand Towers, LLC, and Turnberry West Realty, Inc.) were not movants. (*See* Dkt. #17, Mot. to Compel Arbitration 1–2.) The Court concludes that there is no basis under which the Court can conclude the other nonsignatory

4

Defendants "knowingly exploited" the agreement so as to be equitably estopped from refusing to arbitrate. The Court now considers the theories of agency and veil-piercing/alter ego relative to the remaining nonsignatory Defendants.

### B.     Agency and Veil-Piercing/Alter Ego

In their Amended Complaint (which names all current Defendants), Plaintiffs allege each Defendant "acted as the agent, principal or co-participant of or for the other Defendants with respect to the acts, violations and common course of conduct alleged herein." (Dkt. #14, Am. Compl. ¶ 23.) Similarly, they allege that Defendant MGM Mirage "is the controlling entity for" Defendants MGM Grand Condominiums, LLC, The Signature Condominiums, LLC, and Turnberry/MGM. They also allege that Defendants Turnberry/Harmon and Turnberry West Realty, Inc., "are the entities that comprise the Turnberry enterprise which is a member and/or manager of Turnberry/MGM...." (*Id.* ¶ 21.) They allege MGM Mirage and Turnberry/Harmon gave "clear and precise directions ... as to how and in what way to ... victimize investors[,]" and that MGM Grand Condominiums, LLC, The Signature Condominiums, LLC, and Turnberry West Realty, Inc. "were mere agencies and instrumentalities" of MGM Mirage and Turnberry/Harmon. (*Id.*)

While Plaintiffs' allegations are generally conclusory, the Court concludes that they nonetheless place into question the relationships between Turnberry/MGM (the signatory Defendant) and the nonsignatory Defendants. As the record now stands, the Court lacks sufficient information by which to determine whether the remaining nonsignatory Defendants—MGM Grand Condominiums LLC, Turnberry/MGM Grand Towers, LLC, and Turnberry West Realty, Inc.—may be compelled to participate in arbitration under ordinary contract and agency principles. *Comer*, 436 F.3d at 1101. The Court therefore stays the arbitration proceedings and orders the discovery and supplemental briefing schedule set forth below.

/

/

/

5

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Determination of Non-Arbitrability of Claims against Non-Signatory Defendants (#60) is DENIED as to Defendant Turnberry/Harmon Ave., LLC.

IT IS FURTHER ORDERED that the arbitration described in Defendants' Motion (#60) is STAYED until further order of the Court as follows:

The parties shall have 90 days to conduct discovery to determine whether the remaining nonsignatory Defendants—MGM Grand Condominiums LLC; The Signature Condominiums, LLC; MGM Mirage; and Turnberry West Realty, Inc.—must defend against Plaintiffs' claims in arbitration under ordinary contract and agency principles.

The parties must file simultaneous supplemental memoranda, with accompanying affidavits, on or before June 1, 2010. The memoranda (not including attachments and exhibits) shall not exceed 30 pages. Responses shall be filed simultaneously no later than July 1, 2010. Responses shall not exceed 20 pages. Based on the supplemental memoranda and responses, the Court will resolve the issue at hand, and lift the stay on the arbitration proceedings.

Dated: March 10, 2010.

_____
ROGER L. HUNT
Chief United States District Judge