MORRIS PETERSON
Steve Morris, No. 1543
Email: sm@morrislawgroup.com
Akke Levin, No. 9102
Email: al@morrislawgroup.com
Jean-Paul Hendricks, No. 10079
Email: jph@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone:  (702) 474-9400
Facsimile:   (702) 474-9422

WOOD, SMITH, HENNING & BERMAN LLP
Jason C. Gless, No. 8469
Email: jgless@wshblaw.com
7670 West Lake Mead Boulevard, Suite 250
Las Vegas, Nevada 89128
Telephone:  (702) 222-0625
Facsimile:   (702) 253-6225

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARY ANN SUSSEX; MITCHELL PAE; MALCOLM NICHOLL and SANDY SCALISE; ERNESTO VALDEZ, SR. and ERNESTO VALDEZ, JR; JOHN HANSON and ELIZABETH HANSON,<br><br>Plaintiffs,<br><br>v.<br><br>TURNBERRY/MGM GRAND TOWERS, LLC, a Nevada LLC; MGM GRAND CONDOMINIUMS LLC, a Nevada LLC; THE SIGNATURE CONDOMINIUMS, LLC, a Nevada LLC; MGM MIRAGE, a Delaware Corporation; TURNBERRY/HARMON AVE., LLC, a Nevada LLC; and TURNBERRY WEST REALTY, INC., a Nevada Corporation,<br><br>Defendants. | Case No. 2:08-cv-00773-RLH-PAL<br><br>**NOTICE OF WITHDRAWAL OF MOTION TO DETERMINE WHETHER NON-PARTIES ARE REQUIRED TO APPEAR IN ARBITRATION (# 60)**<br><br>**AND**<br><br>**REQUEST TO LIFT STAY OF ARBITRATION** |

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

The defendants hereby withdraw their motion for determination of non-arbitrability of claims against non-signatory defendants (# 60) and request that the Court lift the stay imposed in arbitration and allow this case to proceed before an arbitrator to disposition.

## I.   INTRODUCTION

The defendants who are not parties to the arbitration agreement withdraw their motion for determination of non-arbitrability without prejudice to or waiver of their rights to assert all defenses to plaintiffs' complaint in arbitration, including that the plaintiffs have not stated a viable claim against them. All of the defendants believe that the stay ordered by the Court and the 90-day period for discovery on whether non-signatories must appear in arbitration will occasion great expense and disputes over the nature and scope of the discovery on whether non-parties to the arbitration agreement must go along to arbitration with defendant-signatory Turnberry/MGM Grand Towers LLC. Discovery on arbitrability will also occasion a duplication of discovery in arbitration, because the Court has already ruled that one other non-signatory defendant — Turnberry/Harmon Ave, LLC — must defend against the same allegations that plaintiffs have made against the other non-signatories that file this Notice of Withdrawal and Request to Lift Stay.

Unrestricted discovery into the relationships between Turnberry/MGM Grand Towers and these four non-signatory defendants on allegations which, as the Court correctly pointed out, are "generally conclusory," seems to be contrary to the Supreme Court's recent holdings in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), in which conclusory allegations were deemed insufficient to warrant further expenditure of the parties' and the courts' resources to continue litigating claims for which, as here in respect to the non-parties, no facts have been alleged to

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

support the conclusory claims. Nevertheless, discovery and the adjudication of claims in this case are for the arbitrator to deal with.

Support for this request to lift the stay is found in state court: It has been two years since Clark County District Judge Denton ordered the *KJH* plaintiffs to arbitration, which, due to resistance by the plaintiffs to an arbitral forum, has yet to get underway. This case, *Sussex*, engineered by the *KJH* lawyers, has been pending in this Court since June 13, 2008. *See* Notice of Removal (# 1).[1] The Court granted the motion to compel arbitration in this case last year, on June 16, 2009. *See* Order (# 59). The Court should permit the defendants to move this case to arbitration by lifting the stay so that this dispute may proceed to conclusion in arbitration for resolution of all claims, as contemplated by the Federal Arbitration Act, and as agreed to by the plaintiffs when they entered into their purchase contract with Turnberry/MGM Grand Towers.

## II. GROUNDS FOR WITHDRAWAL AND REQUEST TO LIFT STAY

**Discovery on the Arbitrability of Plaintiffs' Claims Against Four Non-Signatory Defendants Further Delays the Arbitration Proceeding and Threatens to Infringe on the Merits of the Dispute.**

"The unmistakably clear congressional purpose [in enacting the Federal Arbitration Act is] that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967). "[P]ermitting discovery on . . . the district court level and arbitration level [] is a great waste of resources and frustrates the basic purpose of the Arbitration Act . . ." *Hires Parts Serv., Inc. v. NCR Corp.*, 859 F. Supp. 349, 355 (N.D. Ind. 1994). In determining to what extent discovery is necessary to determine arbitrability, these

---

[1] The *KJH* action has been pending in state court for almost two and a half years.

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

3

goals of arbitration should be considered. *O.N. Equity Sales Co. v. Emmertz*, 526 F. Supp. 2d 523, 528 (E.D. Pa. 2007).

Discovery on issues of arbitrability may not encroach on the merits of the dispute to be arbitrated. *AT&T Techs., Inc. v. Commc'ns. Workers*, 475 U.S. 643, 647 (1986). If the question of whether plaintiffs' claims against non-signatories are arbitrable is bound up with the merits of the dispute, as it seems to be here, it may be inappropriate for the Court to decide the issue. *See AXA Equitable Life Ins. Co. v. Infinity Fin. Group, LLC*, 608 F. Supp. 2d 1330, 1342-43 (S.D. Fla. 2009) (recommending denial of plaintiff's request for discovery where it appeared to bear more on the merits of the litigation than on issues of arbitrability). In any event, rather than litigate for several months over whether there is a basis to send the non-signatories to arbitration to deal with plaintiffs' claims, they withdraw their motion and will deal with the claims before the arbitrator.

Here, the Court ordered that all non-signatory defendants, except for Turnberry/Harmon Ave., LLC, participate in discovery in this Court to determine whether they may be compelled to arbitrate based on agency or veil-piercing/alter ego principles. Order (# 64). Discovery under these criteria will be time consuming and expensive because the plaintiffs have not pleaded any factual circumstances that would focus the discovery. For example, they have not identified conduct and linked such conduct to specific officers or defendants of the non-parties. Instead, they speculate that "[t]he commission of this fraud and illegal sales of the Securities ***could not have occurred*** without the clear and precise directions from the Defendants MGM Mirage and Turnberry/Harmon Ave., LLC . . ." Compl. (# 14) ¶ 21 (emphasis added). If this were an allegation in a case in which jurisdiction lay in this Court to decide the merits, the claim/allegation would be dismissed under *Twombly* and *Iqbal*, *supra*.

In *Twombly*, the United States Supreme Court acknowledged the enormous financial burden to a defendant who has to engage in discovery based

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

4

on a putative class action complaint that contains only "labels and conclusions" without factual allegations and declined to endorse it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 558-59 (2007). Building on that foundation, the Supreme Court went on to declare last year that "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). If the plaintiffs have any claim against non-parties, they have not made a case for discovery outside of arbitration to support it. *See ACE Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 194 (S.D. Tex. 2008) (considering whether non-signatory was bound to arbitration agreement based on agency and alter ego, and holding that "the conclusory statement" that one party was the agent for the other was insufficient "to survive a motion to dismiss").[2]

Based on the all-inclusive but fact-deficient allegations in the complaint with respect to the non-parties, there is a clear risk that in allowing discovery on arbitrability against them, the Court will intrude on the merits of the principal dispute. In any event, however, discovery on arbitrability while arbitration is stayed multiplies the proceedings and will occasion great expense. This time and money would be better devoted to arbitration, where the plaintiffs are, by contract, required to prove their claims against all parties, whether each is a signatory to the Purchase and Sale Agreement in issue or not.

For these reasons, the defendants withdraw their pending motion and request the Court to lift the stay imposed on March 2 so that arbitration may proceed. The non-parties will defend there against what they believe are

---

[2] There is a question whether defendants MGM Mirage and The Signature Condominiums, LLC are even subject to the Court's jurisdiction. They were not served with a copy of the summons and the amended federal class action complaint. They are not parties to this action simply because they were named in the amended complaint. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

5

insubstantial/opportunistic claims made by the plaintiffs to *avoid* or *delay* the arbitration of their claims.

MORRIS PETERSON

By: *[signature]*
Steve Morris, No. 1543
Akke Levin, No. 9102
Jean-Paul Hendricks, No. 10079
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

WOOD, SMITH, HENNING & BERMAN LLP
Jason C. Gless, No. 8469
7670 West Lake Mead Blvd., Suite 250
Las Vegas, Nevada 89128

Attorneys for Defendants

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

6

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS PETERSON, and that the following documents were served via electronic service:

**NOTICE OF WITHDRAWAL OF MOTION TO DETERMINE WHETHER NON-PARTIES ARE REQUIRED TO APPEAR IN ARBITRATION (# 60) AND REQUEST TO LIFT STAY OF ARBITRATION**

TO:

Robert B. Gerard
Ricardo R. Ehmann
Gerard & Associates
2840 So. Jones Blvd. - Bldg. D, Suite 4
Las Vegas, Nevada 89146
rgerard@gerardlaw.com
rehmann@gerardlaw.com

Robert Fellmeth
University of San Diego Law School
5998 Alcala Park
San Diego, California 92110
cpil@sandiego.edu

Norman Blumenthal
Blumenthal & Nordrehaug
2255 Calle Clara
La Jolla, California 92037
norm@bamlawlj.com

Burton Wiand
Wiand Guerra King
3000 Bayport Drive - Suite 600
Tampa, Florida 33607
bwiand@wiandlaw.com

Attorneys for Plaintiff

DATED this 22nd day of March, 2010.

By: /s/ Nickerson

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422