1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9                **DISTRICT OF NEVADA**

10                     * * *

11

12  MARY ANN SUSSEX; MITCHELL PAE;          )        Case No.: 2:08-cv-00773-RLH-PAL
    MALCOLM NICHOLL and SANDY               )
13  SCALISE; ERNESTO VALDEZ, SR. and        )             **O R D E R**
    ERNESTO VALDEZ, JR.; JOHN HANSON        )
14  and ELIZABETH HANSON,                   )   (Motion for Determination of Arbitrability
                                            )    of Claims and Reinstatement of March 2,
15                     Plaintiffs,          )    2010 Order–#72; Counter Motion to Stay
                                            )   and Permit Motion Practice on Sufficiency
16           vs.                            )        of Plaintiffs' Allegations–#78)
                                            )
17  TURNBERRY/MGM GRAND TOWERS, LLC )
    a Nevada LLC; MGM GRAND                 )
18  CONDOMINIUMS LLC, a Nevada LLC; THE )
    SIGNATURE CONDOMINIUMS, LLC a           )
19  Nevada LLC; MGM MIRAGE, a Delaware      )
    Corporation; TURNBERRY/HARMON AVE.,     )
20  LLC a Nevada LLC; and TURNBERRY WEST )
    REALTY, INC., a Nevada Corporation,     )
21                                          )
                       Defendants.          )
22  _____)

23           Before the Court is Plaintiffs' **Motion for Determination of Arbitrability of**

24  **Claims and Reinstatement of March 2, 2010 Order** (#72), filed September 23, 2010.  The Court

25  has also considered Defendants MGM Grand Condominiums LLC, Turnberry/MGM Grand

26

AO 72
(Rev. 8/82)

1  Towers, LLC, and Turnberry West Realty, Inc.'s (the "Nonsignatory Defendants") Opposition

2  (#77), filed October 26, 2010, and Plaintiffs' Reply (#79), filed November 11, 2010.

3      The Court has also considered the Nonsignatory Defendants' **Counter Motion to**

4  **Stay and Permit Motion Practice on Sufficiency of Plaintiffs' Allegations** (#78), filed October

5  26, 2010.  The Court has also considered Plaintiffs' Opposition (#80), filed November 11, 2010,

6  and the Nonsignatory Defendants' Reply (#81), filed November 19, 2010.

7                                                 **BACKGROUND**

8      The Court directs the reader to its previous order (Dkt. #64, March 2, 2010) for a

9  more detailed recitation of the facts of this case.  As part of that order, the Court ordered limited

10  "discovery to determine whether the remaining nonsignatory Defendants—MGM Grand

11  Condominiums LLC, Turnberry/MGM Grand Towers, LLC, and Turnberry West Realty,

12  Inc.—must defend against Plaintiffs' claims in arbitration under ordinary contract and agency

13  principals" because the Court did not have sufficient information to rule on the issue at that time.

14  The Court granted the parties 90 days in which to conduct discovery and ordered a specific

15  briefing schedule for supplemental memoranda.  The Court also stayed the arbitration proceedings

16  for all of the parties to the dispute pending resolution of whether the nonsignatory parties were

17  required to arbitrate along with the other Defendants.  *Id*. at 6.

18      After Plaintiffs submitted their discovery requests and upon determining that they

19  were overly burdensome, the Nonsignatory Defendants withdrew their Motion for Determination

20  of Non-Arbitrability of Claims against Nonsignatory Defendants (Dkt. #60).  (Dkt. #65, Notice.)

21  The Nonsignatory Defendants allegedly determined that it would be more cost effective to bring

22  their defenses in arbitration rather than going through even limited discovery.  However, as shown

23  in the arbitration joint status report, the Nonsignatory Defendants sought to brief the question of

24  whether they could be "compelled to arbitrate as alleged 'alter egos' absent specifically pleaded

25  facts." (Dkt. #72, Mot. Ex. 1 § 5.)  While the Nonsignatory Defendants put this question in terms

26  of a motion to dismiss under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v.*

AO 72
(Rev. 8/82)

1   *Iqbal*, 129 S. Ct. 1937 (2009) (*id.*), the arbitrator treated it as a question of arbitrability needing to

2   be decided by this Court. (*Id.* at Ex. 2, Procedural Order No. 2.)  After the arbitrator issued his

3   order, Plaintiffs brought the instant motion seeking reinstatement of the Court's March 2, 2010

4   Order (Dkt. #64) requiring discovery into the arbitrability issue.  The Nonsignatory Defendants, on

5   the other hand, brought a counter motion seeking a stay and the opportunity to bring a motion to

6   dismiss under Federal Rule of Civil Procedure 12(b)(6).  For the reasons stated below, the Court

7   grants Plaintiffs' motion and denies the Nonsignatory Defendants' motion.

8                                           **DISCUSSION**

9           The Court adopts the reasoning of its March 2, 2010 Order (Dkt. #64) *in haec verba*

10  and re-orders discovery per the schedule laid out in that Order.  The Court notes that the

11  fundamental situation has not changed since it issued the March 2 Order.  The Court does not have

12  sufficient information to determine whether the Nonsignatory Defendants are subject to the

13  arbitration clause and, therefore, whether it has jurisdiction over them to determine the merits of

14  Plaintiffs' case.  Notwithstanding this order, the Nonsignatory Defendants may cede to the

15  arbitration agreement and voluntarily choose to submit to the arbitration without contesting

16  whether they can be compelled to arbitrate, if they want to avoid discovery.  The Court presumes

17  that the Nonsignatory Defendants would then be given the opportunity to file a motion to dismiss

18  or similar pleading based on insufficient allegations in the arbitration at some point.  The Court,

19  however, cannot and will not entertain a motion to dismiss under Rule 12(b)(6) until after the

20  arbitrability issue is determined or waived.  Further, contrary to the Nonsignatory Defendants

21  protestations, the discovery stay of the Private Securities Litigation Reform Act of 1995, 15 U.S.C.

22  §§ 77a *et. seq.*, only applies during the pendency of a motion to dismiss or a motion for summary

23  judgment.  *SG Cowen Sec. Corp. V. U.S. Dist. Court for the N. Dist. of Cal.*, 189 F.3d 909, 911

24  (9th Cir. 1999).  Since the Court cannot entertain such a motion until jurisdiction is determined,

25  the discovery stay is inapplicable here.  However, the Court notes that the discovery it orders is to

26  be limited only to the issue of whether the nonsignatory defendants may be compelled to arbitrate

AO 72
(Rev. 8/82)

1    under contract and agency principles.  This limitation shall be strictly construed and any discovery

2    actually intended to get to the merits of Plaintiffs' claims will not be allowed.

3                                           **CONCLUSION**

4                    Accordingly, and for good cause appearing,

5                    IT IS HEREBY ORDERED that Plaintiffs' Motion for Determination of

6    Arbitrability of Claims and Reinstatement of March 2, 2010 Order (#72) is GRANTED.  As such

7    the arbitration described in Defendants' Motion (#72) is STAYED until further order of the Court

8    as follows:

9                    The parties shall have 90 days from the date of this order to conduct discovery to

10   determine whether the remaining nonsignatory Defendants—MGM Grand Condominiums LLC;

11   The Signature Condominiums, LLC; MGM Mirage; and Turnberry West Realty, Inc.—must

12   defend against Plaintiffs' claims in arbitration under ordinary contract and agency principles.

13                   The parties must file simultaneous supplemental memoranda, with accompanying

14   affidavits, on or before May 6, 2011.  The memoranda (not including attachments and exhibits)

15   shall not exceed 30 pages.  Responses shall be filed simultaneously no later than June 3, 2011, and

16   shall not exceed 20 pages.  Based on the supplemental memoranda and responses, the Court will

17   resolve the issue at hand, and lift the stay on the arbitration proceedings.

18                   Dated: February 3, 2011.

19

20   _____

21   **ROGER L. HUNT**
     **Chief United States District Judge**

22

23

24

25

26