UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARY ANN SUSSEX; MITCHELL PAE; MALCOLM NICHOLL and SANDY SCALISE; ERNESTO VALDEZ, SR. and ERNESTO VALDEZ, JR.; JOHN HANSON and ELIZABETH HANSON,<br><br>          Plaintiffs,<br><br>     vs.<br><br>TURNBERRY/MGM GRAND TOWERS, LLC a Nevada LLC; MGM GRAND CONDOMINIUMS LLC, a Nevada LLC; THE SIGNATURE CONDOMINIUMS, LLC a Nevada LLC; MGM MIRAGE, a Delaware Corporation; TURNBERRY/HARMON AVE., LLC a Nevada LLC; and TURNBERRY WEST REALTY, INC., a Nevada Corporation,<br><br>          Defendants. | Case No.: 2:08-cv-00773-RLH-PAL<br><br>**O R D E R**<br><br>(Motion to Vacate Arbitration Ruling–#85;<br>Motion for Reconsideration–#86) |

Before the Court is Plaintiffs' **Motion to Vacate Arbitration Ruling** (#85, filed Mar. 24, 2011). The Court has also considered Defendants' Opposition (#90, filed Apr. 28, 2011), and Plaintiffs' Reply (#92, filed May 12, 2011).

Also before the Court is Plaintiffs' **Motion for Reconsideration** (#86, filed Mar. 24, 2011) of the Court's order compelling arbitration. The Court has also considered Defendants' Opposition (#89, filed Apr. 28, 2011), and Plaintiffs' Reply (#91, filed May 12, 2011).

1

## BACKGROUND

The Court directs the reader to its previous order (Dkt. #64, Mar. 2, 2010) for a more detailed recitation of the facts of this case. Since the parties were all either compelled to arbitrate or agreed to submit to arbitration, the Arbitrator has issued an order that Plaintiffs may not proceed as a class. (Dkt. #85, Norman Blumenthal Decl. Ex. 1, Partial Final Clause Construction Award (the "Award")). Plaintiffs now seek to have the Court: (1) vacate the arbitrator's Award, or (2) reconsider the Court's order (Dkt. #59) compelling arbitration. For the reasons discussed below, the Court denies Plaintiffs' motions.

## DISCUSSION

**I.     Motion to Vacate**

    **A.     Legal Standard**

Under the Federal Arbitration Act, a district court may issue "an order vacating the award upon the application of any party to the arbitration ... where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). Arbitrators do not "exceed their powers" when they merely interpret or apply the governing law incorrectly, but when the award is "completely irrational" or "exhibits a 'manifest disregard of the law.'" *Kyocera Corp. v. Prudential-Bache Trade Services, Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (*en banc*) (citing *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) and *Todd Shipyards Corp. v. Cunard Line, Ltd.* 943 F.2d 1056, 1059-60 (9th Cir. 1991)). A district court's review of an arbitration award under 9 U.S.C. § 10 is "extremely limited," *G.C. and K.B. Inv., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003), and, therefore, this is "a high hurdle" to surpass, *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S.Ct. 1758, 1767 (2010). The purpose of this limited review is to prevent informal arbitration from becoming "merely a prelude to a more cumbersome and time-consuming judicial review process." *Kyocera*, 341 F.3d at 998.

Courts, then, may vacate an arbitration award only if (1) the award constitutes "manifest disregard of the law," or (2) the award is "completely irrational." *Comedy Club, Inc. v.*

*Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009) (internal citations omitted).  To show manifest disregard of the law, it is insufficient to merely show that the arbitrator misinterpreted or misapplied the law.  *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010); *accord Health Plan of Nevada, Inc. v. Rainbow Med. LLC*, 100 P.3d 172, 178 (Nev. 2004).  Similarly, an award is not "irrational" merely because the arbitrator made "erroneous findings of fact." *Kyocera*, 341 F.3d at 997.  The award must be confirmed as long as the arbitrator "even arguably construed or applied the contract and acted within the scope of their authority." *Barnes v. Logan*, 122 F.3d 820, 822 (9th Cir. 1997).

### B. Analysis

Here, Plaintiffs contest the Arbitrator's decision that Plaintiffs may not proceed in the arbitration as a class.  They also argue that whether they may proceed as a class should be determined by this Court.  However, the AAA rules clearly allowed the Arbitrator to determine whether the agreements the parties signed permit class proceedings.  AAA Class Rules, Rule 3.  Thus, this decision was within the scope of the arbitrators powers provided by the agreement.  As such, the Court will only address whether the arbitrator disregarded the law or entered an award that was clearly irrational.

The Court's review of the motion and of the Arbitrator's decision shows that the Arbitrator acted rationally and did not disregard the law.  A review of the Arbitrator's decision shows that he thoroughly considered the issues presented and made a rational decision based on the law and the facts of this case.  The Arbitrator addressed various state and federal precedents and applied them within the bounds of reason.  Thus, the Court may not vacate the Arbitrator's decision regardless of Plaintiffs contentions that he misinterpreted the law and got certain facts wrong.  Accordingly, the Court denies Plaintiffs' motion to vacate.

/

/

/

## I.     Motion for Reconsideration

### A.     Legal Standard

Although they are not explicitly mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) (Motion to Alter or Amend a Judgment) and 60(b) (Grounds for Relief from a Final Judgment). These two rules generally apply to a final judgment. Likewise, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (internal citation omitted); *see also* Fed. R. Civ. Pro. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment"). Thus, all district court rulings are subject to revision at any time before the entry of judgment so long as the court retains jurisdiction over a case. *United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (emphasis omitted).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration may be appropriate if a district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004). The Seventh Circuit has said that "[t]o be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong; it must, strike [the court] as wrong with the force of a five-week-old unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

/

Therefore, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not the proper vehicles for rehashing old arguments, *see Merozoite v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995), and are "not intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

**B.     Analysis**

Here, Plaintiffs largely bring up the same arguments that they initially presented to the Court in arguing that the arbitration clause was unconscionable and unenforceable. Plaintiffs do cite some new cases that were not available when they previously argued this issue. Nonetheless, the Court does not find that the Nevada Supreme Court's decision in *Gonski v. Second Judicial Dist. Court*, 245 P.3d 1164 (Nev. 2010), either changes the law or compels the Court to reconsider its earlier order compelling arbitration, particularly not in light of recent United States Supreme Court precedent, *see Stolt-Nielsen*, 130 S.Ct. 1758 (2010), and especially, *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011). In sum, Plaintiffs arguments for this Court to reconsider its prior decision are simply a rehashing of old arguments and of their motion to vacate the Award, and are not strong enough to justify reconsideration. Accordingly, the Court denies Plaintiffs' motion for reconsideration.

/
/
/
/
/
/
/

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Vacate (#85) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Reconsideration (#86) is DENIED.

Dated: September 15, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**