UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| MARY ANN SUSSEX, et al., | Case No. 2:08-cv-00773-MMD-PAL |
|---|---|
| Plaintiffs, | ORDER |
| v. | (Plfs.' Motion for Leave to File – dkt. no. 106; |
| TURNBERRY/MGM GRAND TOWERS, LLC, et al., | Plfs.' Application for Temporary Restraining Order – dkt. no. 107; |
| Defendants. | Plfs.' Motion for Preliminary Injunction – dkt. no. 108) |

**I.    SUMMARY**

Before the Court are Plaintiffs' Motion for Leave to File Under Seal (dkt. no. 106), Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order (dkt. no. 107), and Plaintiffs' Motion for Preliminary Injunction (dkt. no. 108).  For the reasons set forth below, the Motions are denied.

**II.    BACKGROUND**

This matter arises from a long-standing dispute brought by purchasers of condominium units developed and sold by Defendant Turnberry/MGM Grand Towers, LLC ("Turnberry/MGM").  The factual background giving rise to the motions before the Court is summarized in the Court's March 2, 2010, Order. (*See* dkt. no. 63.) The case has proceeded in arbitration for over three years, and has grown to encompass not only Plaintiffs, but also other state court claimants who filed a similar suit against Turnberry/MGM. In recent months, a dispute has arisen between the parties to the arbitration as to the impartiality of the designated arbitrator, Brendan M. Hare.

Turnberry/MGM sought to have Arbitrator Hale removed, alleging that his creation of a litigation finance firm during the course of the arbitration renders him partial and unfit to arbitrate the action. On March 6, 2013, the American Arbitration Association ("AAA") denied Turnberry/MGM's request to remove Arbitrator Hale from the arbitration, and reaffirmed him as the designated arbitrator. After another request to reconsider the arbitrator, the AAA's Executive Administrative Review Committee again reaffirmed Arbitrator Hale as the arbitrator.

On April 24, 2013, Turnberry/MGM filed a motion to disqualify Hale in the state court proceeding where the state court claimants initially filed suit. A hearing on the motion is scheduled for May 6, 2013. Fearing that the motion before the state court will interfere with this Court's exclusive jurisdiction over their claim, Plaintiffs in this federal action filed an Application for an *ex parte* temporary restraining order ("TRO") and a Motion for a Preliminary Injunction seeking to enjoin the state court from issuing a decision in Turnberry/MGM's motion to disqualify.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). "If [a TRO] is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, . . . ." Fed. R. Civ. P. 65(b)(3).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp.2d 1111, 1126 (E. D. Cal.2001). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and

preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974).

Like a preliminary injunction, the Court may issue a temporary restraining order if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

**IV.    DISCUSSION**

Before addressing the injunction motions, the Court finds Plaintiffs have not demonstrated compelling reasons to support sealing Exhibits 8 and 10-35 of the Blumenthal Declaration. "[A] party seeking to seal judicial records must show that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (internal quotations and ellipses omitted). Under the "compelling reasons" standard, a district court must weigh "relevant factors," base its decision "on a compelling reason," and "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995). Plaintiffs have only identified a contractual provision in the operative Purchase and Sale Agreement which requires that arbitration proceedings be kept confidential "except in the course of judicial, regulatory, or arbitration proceeding." The carve-out for judicial proceedings appears to exempt the confidentiality clause's applicability in this situation. Even if it does not, Plaintiffs fail to articulate a specific factual basis supported by the appropriate factors to overcome the public's "general right to inspect and copy public records and documents, including judicial records and documents." *Kamkana v. City and Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir.

2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Plaintiffs' Motion for Leave to File Under Seal is therefore denied without prejudice.

Turning to the substantive motions, Plaintiffs' Application for Temporary Restraining Order is improper. Rule 65(b)(1) and Local Rule 7-5(b) require that parties seeking *ex parte* relief must file a statement showing good cause why the matter was submitted to the Court without notice to all parties. Having failed to do so, Plaintiffs' request for emergency temporary relief must be denied.

Aside from its procedural infirmities, Plaintiffs' Application lacks merit. Plaintiffs have not demonstrated that a ruling in state court on the motion to disqualify will lead to any irreparable injury. The state court maintains jurisdiction over only the state claimants, regardless of the arbitration's consolidation with the federal plaintiffs. Plaintiffs have not demonstrated that the state court can (or will) exercise jurisdiction to disqualify the arbitrator assigned to the federal claimants' arbitration, or that this Court may interfere with the resolution of the state court claimant's arbitration proceedings. Indeed, even if the state court could exercise this authority, whatever detrimental impact the state court's ruling may have to Plaintiffs can be reversed upon a proper and timely motion before this Court, so long as such a motion complies with the appropriate rules governing federal jurisdiction over arbitration disputes. *See* 9 U.S.C. § 10(a)(2) (providing relief from "evident partiality or corruption in the arbitrators" after arbitration award is rendered); *Smith v. Am. Arbitration Ass'n, Inc.*, 233 F.3d 502, 506 (7th Cir. 2000) ("The time to challenge an arbitration, on whatever grounds, including bias, is when the arbitration is completed and an award rendered."). Accordingly good cause does not exist to grant Plaintiffs' Application for a Temporary Restraining Order or their Motion for Preliminary Injunction.

///
///
///
///

## V. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Leave to File Under Seal (dkt. no. 106) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order (dkt. no. 107) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Preliminary Injunction (dkt. no. 108) is DENIED.

DATED THIS 1st day of May 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE