MORRIS LAW GROUP
Steve Morris, Bar No. 1543
Email: sm@morrislawgroup.com
Akke Levin, Bar No. 9102
Email: al@morrislawgroup.com
Jean-Paul Hendricks, No. 10079
Email: jph@morrislawgroup.com
300 South Fourth Street - Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 474-9400
Facsimile:   (702) 474-9422

SNELL & WILMER L.L.P.
Alex Fugazzi, Bar No. 9022
Email: afugazzi@swlaw.com
Justin Carley, Bar No. 9994
Email: jcarley@swlaw.com
3883 Howard Hughes Parkway, #1100
Las Vegas, NV  89169
Telephone:  (702) 784-5200
Facsimile:   (702) 784-5252

Attorneys for Defendants
Turnberry/MGM Grand Towers, LLC,
MGM Grand Condominiums, LLC,
The Signature Condominiums, LLC
Turnberry/Harmon Ave., LLC and
Turnberry West Realty, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

MARY ANN SUSSEX; et al.,

          Plaintiffs,

v.

TURNBERRY/MGM GRAND
TOWERS, LLC, et al.,

          Defendants.

Case No.: 2:08-cv-00773-MMD-PAL

**APPENDIX TO MOTION FOR AN ORDER DECLARING THAT ARBITRATOR BRENDAN HARE IS DISQUALIFIED FOR HIS FAILURE TO MAKE REQUIRED DISCLOSURES UNDER NRS 38.227 THAT ESTABLISH HIS EVIDENT PARTIALITY AND REQUEST FOR ORAL ARGUMENT**

**VOLUME 1 (TMGM 1-244)**

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS LAW GROUP, and that the following documents were served via electronic service: **APPENDIX TO MOTION FOR AN ORDER DECLARING THAT ARBITRATOR BRENDAN HARE IS DISQUALIFIED FOR HIS FAILURE TO MAKE REQUIRED DISCLOSURES UNDER NRS 38.227 THAT ESTABLISH HIS EVIDENT PARTIALITY VOLUME 1 (TMGM 1-244)**

Attorneys for Plaintiffs:

Robert B. Gerard
Ricardo R. Ehmann
Gerard & Associates
2840 South Jones Blvd.
Bldg. D, Suite 4
Las Vegas, Nevada  89146
*rgerard@gerardlaw.com*
*Rehmann@gerardlaw.com*

Norman Blumenthal
Blumenthal Nordrehaug &
Bhowmik
2255 Calle Clara
San Diego, California  92037
*norm@bamlawlj.com*

Burton Wiand
Wiand Guerra King, P.L.
5505 w. Gray Street
Tampa, FL  33609
*bwiand@wiandlaw.com*

DATED this 11th day of September, 2013.

By:   /s/ PATRICIA FERRUGIA

MORRIS LAW GROUP · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422
900 BANK OF AMERICA PLAZA ·

*Sussex et al. v. Turnberry/MGM Grand Towers, LLC, et al.*

# APPENDIX TO MOTION TO DISQUALIFY ARBITRATOR BRENDAN HARE

| Vol. # | Description | Vol. # | Page Nos. |
|---|---|---|---|
| 08/27/2007 | *KJH* Complaint (excerpt) | 1 | TMGM 1-2 |
| 02/22/2008 | *Sussex* Complaint (excerpt) | 1 | TMGM 3-4 |
| 06/13/2008 | *Sussex* Notice of Removal (ECF No. 1) | 1 | TMGM 5-10 |
| 06/20/2008 | *Berkeley* Complaint (excerpt) | 1 | TMGM 11-13 |
| 07/02/2008 | *Sussex* Am. Federal Class Action Complaint (ECF No. 14) (excerpt) | 1 | TMGM 14-16 |
| 08/18/2008 | *Brown* Complaint (excerpt) | 1 | TMGM 17-18 |
| 10/09/2008 | *Shim* Complaint (excerpt) | 1 | TMGM 19-21 |
| 10/28/2008 | *Linares* Complaint (excerpt) | 1 | TMGM 22-24 |
| 12/04/2008 | *Louie* Complaint (excerpt) | 1 | TMGM 25-27 |
| 02/04/2009 | *Sherman* Complaint (excerpt) | 1 | TMGM 28-30 |
| 06/16/2009 | *Sussex* Order Granting Motion to Compel Arbitration (ECF No. 59) | 1 | TMGM 31-32 |
| 08/31/2009 | *Sussex* Demand for Arbitration | 1 | TMGM 33-35 |
| 12/14/2009 | *KJH* First Am. Consolidated Complaint ("FACC") (excerpt) | 1 | TMGM 36-41 |
| 02/16/2011 | Bowdoin Street Capital, LLC SOS Entity Details | 1 | TMGM 42 |
| 02/25/2011 | *Sussex* Partial Final Clause Construction Award in Arbitration | 1 | TMGM 43-66 |
| 04/28/2011 | Printout of materials for the "Litigation Finance & Investment Summit" held on April 28-29, 2011 | 1 | TMGM 67-72 |
| 06/21/2011 | *Abraham* Complaint (excerpt) (ECF No. 1) | 1 | TMGM 73-81 |
| 08/24/2011 | *Abraham* First Am. Complaint (excerpt) (ECF No. 13) | 1 | TMGM 82-91 |
| 02/23/2012 | Notice of Appointment of Brendan Hare | 1 | TMGM 92-94 |

| Vol. # | Description | Vol. # | Page Nos. |
|---|---|---|---|
| 03/14/2012 | Brendan Hare's PowerPoint presentation for "Litigation Finance & Investment" Seminar | 1 | TMGM 95-136 |
| 03/14/2012 | Printout of online brochure for "Commercial Litigation Funding & Investment Summit 2012" | 1 | TMGM 137-144 |
| 04/19/2012 | *Sussex* Claimants' Memorandum in Support of Motion to Consolidate Claims in Arbitration | 1 | TMGM 145-146 |
| 09/24/2012 | *Abraham* Order Granting Motion to Compel Arbitration (ECF No. 55) | 1 | TMGM 147-148 |
| 12/31/2012 | *Sussex* Order No. 9 Granting Motion for Consolidation in Arbitration | 1 | TMGM 149-166 |
| 01/10/2013 | Email from Jonathan Weed transmitting Consolidation Order to parties' counsel | 1 | TMGM 167 |
| 01/11/2013 | Bowdoin Street Capital, LLC web pages | 1 | TMGM 168-170 |
| 02/14/2013 | Brendan Hare's LinkedIn Page | 1 | TMGM 171-172 |
| 02/14/2013 | Email from AAA case manager Jonathan Weed to all Counsel re Brendan Hare's Supplemental Disclosure | 1 | TMGM 173-174 |
| 03/06/2013 | Email from AAA director Yvonne Baglini to all Counsel Reaffirming Brendan Hare as Arbitrator | 1 | TMGM 175 |
| 03/27/2013 | *Sussex* Fourth Amended Complaint in Arbitration(excerpt) | 1 | TMGM 176-189 |
| 04/05/2013 | Email from AAA director Yvonne Baglini to Counsel Reaffirming Brendan Hare as Arbitrator | 1 | TMGM 190 |
| 04/24/2013 | *KJH* Motion for an Order to Remove Brendan Hare as Arbitrator in the Signature Arbitration for His Failure to Make Required Disclosures | 1 | TMGM 191-219 |

| Vol. # | Description | Vol. # | Page Nos. |
|---|---|---|---|
| 04/26/2013 | *Sussex* Memorandum in support of *ex parte* Motion for a Temporary Restraining Order (TRO) and Motion for Preliminary Injunction (PI) Enjoining Defendants From Seeking the Disqualification of Arbitrator Hare in Nevada State Court (ECF No. 108-1) | 1 | TMGM 220-239 |
| 05/01/2013 | *Sussex* Order denying plaintiffs' Motion for TRO and Motion for PI (ECF No. 110) | 1 | TMGM 240-244 |
| 05/10/2013 | Decision and Order (*KJH*) | 2 | TMGM 245-257 |
| 05/20/2013 | *Abraham* Transcript of status conference (ECF No. 59) | 2 | TMGM 258-277 |
| 05/30/2013 | Turnberry/MGM Grand Towers, LLC's Emergency Petition for Writ of Mandamus (*KJH*) | 2 | TMGM 278-320 |
| 06/10/2013 | Nevada Supreme Court Order Directing Answer to Writ Petition and Granting Temporary Stay (*KJH*) | 2 | TMGM 321-324 |
| 06/11/2013 | Plaintiffs' Motion for Reconsideration Under EDCR 2.24(b) (*KJH*) | 2 | TMGM 325-341 |
| 06/18/2013 | Plaintiffs' Emergency Motion Under NRAP 27(e) (*KJH*) | 2 | TMGM 342-385 |
| 06/27/2013 | Nevada Supreme Court Order Dismissing Petition for Writ of Mandamus (*KJH*) | 2 | TMGM 386-390 |
| 07/01/2013 | "Fourth Amended Complaint in Arbitration Amended As Per Nevada Supreme Court Order Attached Hereto and Filed as AAA Case No.: 11 115 Y 000264 12 (*Sussex et al. v. Turnberry/MGM Grand Towers, LLC et al.*)" (excerpt) | 2 | TMGM 391-400 |

| Vol. # | Description | Vol. # | Page Nos. |
|---|---|---|---|
| 07/01/2013 | "Fourth Amended Complaint in Arbitration Amended As Per Nevada Supreme Court Order Attached Hereto and Filed as AAA Case No.: 11 115 Y 000264 12 (*Abraham et al. v. Turnberry/MGM Grand Towers, LLC et al.*)" (excerpt) | 2 | TMGM 401-410 |
| 07/01/2013 | "Fourth Amended Complaint in Arbitration Amended as per Nevada Supreme Court Order Attached Hereto and Filed as AAA Case No.: 11 115 Y 001963 09 [*KJH & RDA Investor Group, LLC et al. v. Turnberry/MGM Grand Towers, LLC et al.* (aka *Richard Agnello et al. v. Turnberry/MGM Grand Towers, LLC et al.*)]" (excerpt) | 2 | TMGM 411-416 |
| 07/05/2013 | Petition for Rehearing of Dismissal of Writ Petition (*KJH*) | 2 | TMGM 417-433 |
| 07/12/2013 | Letter from AAA Vice President John Bishop to all counsel re AAA Administrative Review Committee | 2 | TMGM 434-435 |
| 09/04/2013 | Email from AAA Director Yvonne Baglini to all Counsel Reaffirming Brendan Hare | 2 | TMGM 436-437 |
|  | AAA Administrative Review Counsel Review Standards | 2 | TMGM 438-440 |
|  | AAA Commercial Rules | 2 | TMGM 441-484 |
|  | Code of Ethics for Arbitrators in Commercial Disputes | 2 | TMGM 485-495 |
|  | Sample Purchase and Sale Agreement | 2 | TMGM 496-508 |
|  | Timeline Chart of Arbitrator's Appointment and his non-disclosures put in context of arbitration proceedings. | 2 | TMGM 509-512 |

# ORIGINAL

**FILED**

Aug 27  11 32 AM '07

CLERK

1498

Robert B. Gerard, Esq.
Nevada State Bar #005323
Lawrence T. Osuch, Esq.
Nevada State Bar #006771
Gerard & Osuch, LLP
2840 South Jones Boulevard
Building D, Suite #4
Las Vegas, Nevada 89146
Telephone:    (702) 251-0093
Facsimile:    (702) 363-2588

Norman Blumenthal, Esq.
California State Bar #068687
Blumenthal & Nordrehaug
2255 Calle Clara
La Jolla, California 92037
Telephone:    (858) 551-1223
Facsimile:    (858) 551-1232

Attorneys for Plaintiffs

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| KJH & RDA Investor Group, LLC; 37th Floor Investor Group, LLC; Michael Anderson and Matthew Anderson; Charles and Ferne Avila and Michael Galasso; Pierre Bain; Ibrahim & Laura Barlaj; Dan Birdsall; Hin & Wing Sung Chan; Terencia Conejero; Diane B. Faulconer; FCF, LLC; Stephen J. Guyon; Oganes John Hakopyan; Zia U. Khan; Markar Karatas and Nurhan Celik; Frank & Carol Keane; Dennis Leung and Jiyen Shin; K.B. Lim; Anita and Tai Chi Luk; Leticia L. Magri; Anahit & Alexander Mandoyan; Aoki Michi II, LLC; Susan and Mark Mignot; Mary Momdzhyan; BB Ventures, LLC; Ed Narvaez; Dane R. Phillips; Craig A. Primas; James and Laurinda Rick; Douglas Schoen; PGR Enterprises, LLC; Dimitritsa H. Toromanova; 38th Floor Investor Group, LLC; and David L. Vadis, | CASE NO.: A 547024 XIII <br><br> COMPLAINT <br><br> (1) VIOLATION OF N.R.S. 90.460 (Unlawful Sale of Unregistered Security) <br><br> (2) VIOLATION OF N.R.S. 90.570 (Unlawful Sale of Security by Means of Scheme to Defraud) <br><br> (3) FRAUDULENT MISREPRESENTATION; <br><br> (4) NEGLIGENT MISREPRESENTATION; <br><br> (5) FRAUD IN THE INDUCEMENT; and <br><br> (6) FRAUDULENT CONCEALMENT |
| Plaintiffs, | |

**RECEIVED**

AUG 2 7 2007

CLERK OF THE COURT

1

TMGM 1

vs.

TURNBERRY/MGM GRAND TOWERS,
LLC ; and DOES 1 through 100, Inclusive,
            Defendants.

## GROUP ACTION COMPLAINT

COMES NOW, Plaintiffs KJH & RDA Investor Group, LLC; 37th Floor Investor Group, LLC; Michael and Matthew Anderson; Charles and Ferne Avila and Michael Galasso; Pierre Bain; Ibrahim & Laura Barlaj; Dan Birdsall; Hin & Wing Sung Chan; Terencia Conejero; Diane B. Faulconer; FCF, LLC; Stephen J. Guyon; Oganes John Hakopyan; Zia U. Khan; Markar Karatas and Nurhan Celik; Frank and Carol Keane; Dennis Leung and Jiyen Shin; K.B. Lim; Anita and Tai Chi Luk; Leticia L. Magri; Anahit & Alexander Mandoyan; Aoki Michi II, LLC; Susan and Mark Mignot; Mary Momdzhyan; BB Ventures, LLC; Ed Narvaez; Dane R. Phillips; Craig A. Primas; James and Laurinda Rick; Douglas Schoen; PGR Enterprises, LLC; Dimitritsa H. Toromanova; 38th Floor Investor Group, LLC; and David L. Vadis ("PLAINTIFFS"), who bring this group action against Defendant TURNBERRY/MGM GRAND TOWERS, LLC and DOES 1 through 100, inclusive (hereinafter collectively referred to as ("DEFENDANTS"), and allege, based upon information and belief, except where otherwise stated, as follows:

## NATURE OF THE ACTION

1.      The instant Complaint involves a scheme among the DEFENDANTS through which PLAINTIFFS were fraudulently induced into purchasing the air rights to condominium-hotel room units as investment securities at the Signature at the MGM Grand Hotel/Casino in 2006 & 2007.

2.      On December 20, 2003, MGM Mirage and Turnberry Associates announced the formation of a partnership to build a luxury condo hotel, stating that they would build up to six

2

1 | **COMP**
Robert B. Gerard, Esq.
2 | Nevada State Bar #005323
Ricardo R. Ehmann, Esq.
3 | Nevada State Bar #010576
Gerard & Associates
4 | 2840 South Jones Boulevard
Building D, Suite #4
5 | Las Vegas, Nevada 89146
Telephone:     (702) 251-0093
6 | Facsimile:      (702) 363-2588

7 | Norman Blumenthal, Esq.
California State Bar #068687
8 | Blumenthal & Nordrehaug
2255 Calle Clara
9 | La Jolla, California 92037
Telephone:     (858) 551-1223
10 | Facsimile:      (858) 551-1232

11 | Attorneys for Plaintiffs


FILED
Feb 22  2 59 PM '09

CLERK OF THE COURT


**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARY ANN SUSSEX; MITCHELL PAE; ) 
MALCOLM NICHOLL and SANDY )
SCALISE; ERNESTO VALDEZ, SR. and )
ERNESTO VALDEZ, JR.; JOHN HANSON )
and ELIZABETH HANSON; )

        Plaintiffs, )

    vs. )

TURNBERRY/MGM GRAND TOWERS, )
LLC ; and DOES 1 through 100, Inclusive, )
        Defendants. )

CASE NO.:  A 5 5 7 7 3 0
IX

**COMPLAINT**

(1) VIOLATION OF N.R.S. 90.460 (Unlawful Sale of Unregistered Security)

(2) VIOLATION OF N.R.S. 90.570 (Unlawful Sale of Security by Means of Scheme to Defraud)

(3) FRAUDULENT MISREPRESENTATION;

(4) NEGLIGENT MISREPRESENTATION;

(5) FRAUD IN THE INDUCEMENT; and

(6) FRAUDULENT CONCEALMENT

1

TMGM 3

**ARBITRATION EXEMPTION
CLAIMED:**

**1. DAMAGES IN EXCESS OF $50,000
PER PLAINTIFF**

**2. ACTION PRESENTS SIGNIFICANT
ISSUES OF PUBLIC POLICY**

---

## GROUP ACTION COMPLAINT

COMES NOW, Plaintiffs Mary Ann Sussex; Mitchell Pae; Malcolm Nicholl and Sandy Scalise; Ernesto Valdez, Sr. and Ernesto Valdez, Jr.; John Hanson and Elizabeth Hanson ("PLAINTIFFS"), who bring this group action against Defendant TURNBERRY/MGM GRAND TOWERS, LLC and DOES 1 through 100, inclusive (hereinafter collectively referred to as "DEFENDANTS"), and allege, based upon information and belief, except where otherwise stated, as follows:

### NATURE OF THE ACTION

1.     The instant Complaint involves a scheme among the DEFENDANTS through which PLAINTIFFS were fraudulently induced into purchasing the air rights to condominium-hotel room units as investment securities at the Signature at the MGM Grand Hotel/Casino in 2006 & 2007.

2.     On December 20, 2003, MGM Mirage and Turnberry Associates announced the formation of a partnership to build a luxury condo hotel, stating that they would build up to six towers each rising up to forty stories. The first phase of this project involved the taking of deposits for the sales of the air rights to condominium hotel room units as investment securities with the promise of an MGM Grand Rental Program.  During this phase, the project was variously referred to as The Residences, The Residences at MGM Grand and/or The Residences:

2



MORRIS PICKERING & PETERSON
Steve Morris, Bar No. 1543
Akke Levin, Bar No. 9102
Jean-Paul Hendricks, Bar No. 10079
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone:  (702) 474-9400
Facsimile: (702) 474-9422

WOOD, SMITH, HENNING & BERMAN LLP
Jason C. Gless, Bar No. 8469
7670 West lake Mead Boulevard, Suite 250
Las Vegas, Nevada 89128-6652
Telephone: (702) 222-0625
Facsimile:  (702) 253-6225

Attorneys for Defendants
Turnberry/MGM Grand Towers, LLC,
MGM Grand, Inc., Turnberry/Harmon
Ave, LLC, and Turnberry Associates

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARY ANN SUSSEX; MITCHELL PAE; MALCOLM NICHOLL and SANDY SCALISE; ERNESTO VALDEZ, SR. and ERNESTO VALDEZ, JR; JOHN HANSON and ELIZABETH HANSON, <br><br> Plaintiffs, <br><br> v. <br><br> TURNBERRY/MGM GRAND TOWERS, LLC; MGM GRAND, INC., doing business as MGM MIRAGE; TURNBERRY/HARMON AVE., LLC; TURNBERRY ASSOCIATES; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No: <br><br><br> NOTICE OF REMOVAL |

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1 TO: Mary Ann Sussex; Mitchell Pae; Malcolm Nicholl and Sandy Scalise;
2 Ernesto Valdez, Sr and Ernesto Valdez, Jr.; John Hanson and Elizabeth Hanson, and

3 TO: Robert B. Gerard and Ricardo Ehmann of GERARD & ASSOCIATES,
4 and Norman Blumenthal of BLUMENTHAL & NORDREHAUG, their attorneys.

5 PLEASE TAKE NOTICE that defendant Turnberry/MGM Grand

6 Towers, LLC ("Turnberry/MGM") hereby removes the state action entitled "Mary

7 Ann Sussex; Mitchell Pae; Malcolm Nicholl and Sandy Scalise; Ernesto Valdez, Sr

8 and Ernesto Valdez, Jr.; John Hanson and Elizabeth Hanson v. Turnberry/MGM

9 Grand Towers, LLC; MGM Grand, Inc., doing business as MGM Mirage;

10 Turnberry/Harmon Ave., LLC; Turnberry Associates; and Does 1 through 100,

11 Inclusive," Case No. A557730, filed in the Eighth Judicial District Court for the

12 State of Nevada in and for the County of Clark, to this Court. The grounds for

13 removal are:

14 1. Plaintiffs Mary Ann Sussex, Mitchell Pae, Malcolm Nicholl,

15 Sandy Scalise, Ernesto Valdez, Sr., Ernesto Valdez, Jr., John Hanson, and

16 Elizabeth Hanson ("Plaintiffs") filed a First Amended Class Action Complaint

17 ("CA Compl.") on behalf of "hundreds of Class Members." CA Compl., Exhibit A

18 hereto, ¶ 33. [1] Plaintiffs allege they were fraudulently induced into purchasing

19 the "air rights" to condominium-hotel room units "as investment securities at the

20 Signature," id., ¶ 1, a high-rise condominium hotel located on the MGM Grand

21 Hotel Casino property. There are over 1700 hotel condominium units at

22 Signature. Plaintiffs seek, inter alia, damages, rescission of the purchase and sale

23 agreements they signed and restitution of the "consideration paid" they paid for

24 the hotel-condominium units, including "all expenses incurred, costs, and

25 reasonable attorneys fees." Id., at 32.

26

27

28

---

[1] Defendants have not been served with any other class action complaints.
Plaintiffs' original complaint was not filed as a class action. See Exhibit E.

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

2.    This Court has original jurisdiction over this alleged class action under 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"), because: (a) the number of plaintiffs in the putative class is more than 100; (b) the matter in controversy exceeds $5,000,000; (c) there is minimal diversity between Plaintiffs and Defendants; and (d) none of the Defendants are States, State officials, or governmental entities. *Serano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

a.    At least one plaintiff is diverse from one defendant, as required under 28 U.S.C. § 1332(d)(2)(A).  For example, plaintiffs allege that Malcom J. Nichol and Sandy Scalise are citizens of California, and that plaintiff Mitchell Pae is a resident of Virginia. CA Compl., ¶¶ 16-17.  Defendant Turnberry/MGM Grand Towers, LLC is a Nevada corporation with its principal place of business in Nevada.[2]

b.    Plaintiffs estimate that there are "hundreds of Class members, geographically spread out throughout the United States. . ." *Id.*, ¶ 34 (a). The proposed class consists of Plaintiffs and all individuals who purchased one or more of the hotel condominium units in the Signature project. *See id.*, ¶ 33. Plaintiffs seek to certify a class under Nevada Rule of Civil Procedure 23, which is the state equivalent of Federal Rule of Civil Procedure 23.[3]

c.    The matter in controversy well exceeds the value of $5,000,000 because the estimated hundreds of Class Plaintiffs seek damages "in excess of $50,000 *per plaintiff.*" CA Compl., at 2 (Caption) (emphasis added). Plaintiffs seek to recoup the purchase price of their condominium units — each ranging between $400,000 and $900,000 — plus any expenses paid as a result of ownership, less any income received by Plaintiffs who currently own the

---

[2] MGM Grand, Inc. and Turnberry Associates are not entities under the laws of the state of Nevada or any other state.

[3] Defendants do not acknowledge that Plaintiffs have properly pled a class action complaint or that the action is properly maintained as a class action.

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
1200 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1  property. *Id.*, ¶ 41.  In addition, Plaintiffs seek civil penalties under NRS 90.640

2  "of not more than $2,500 for a single violation or $100,000 for multiple violations,

3  *id.*, ¶¶ 41-43, and punitive damages, *id.*, ¶ 68.

4         d.     The class members who are citizens of Nevada do not

5  equal or exceed 2/3 of all putative class members.

6         3.     This Court has jurisdiction over this action under 28 U.S.C. §§

7  1332(d), 1453(b), 1441(a), and 1446.

8         4.     Venue is appropriate in the unofficial Southern Division of

9  this Court under 28 U.S.C. §§ 1391(b), 1441(a), and 1446(a), and LR IA 6-1.  This

10  action was originally filed in the Eighth Judicial District Court for the State of

11  Nevada, Clark County.

12        5.     Defendants were served with a copy of the complaint on May,

13  14, 2008.  *See* Exhibits B, C, and D hereto.   This Notice is therefore timely filed

14  within thirty days of service, as required by 28 U.S.C. §§ 1446(b).

15        6.     Turnberry/MGM removes this action under 28 U.S.C. §

16  1453(b), which provides that class actions may be removed by any defendant,

17  without the consent of all other defendants, and irrespective of whether any

18  defendant is a citizen of Nevada.

19        7.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings

20  and orders served on Defendants are attached hereto as follows:

21             a.     First Amended Class Action Complaint, attached hereto

22                    at Exhibit A;

23             b.     Summons Turnberry/MGM Grand Towers, LLC,

24                    attached hereto as Exhibit B;

25             c.     Summons Turnberry/Harmon Ave., LLC, attached

26                    hereto as Exhibit C;

27             d.     Summons MGM Mirage, attached hereto as Exhibit D.

28             e.     Complaint, attached hereto as Exhibit E;

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1          f.     First Amendment to Complaint to Substitute True

2                 Names for Fictitious Names, attached hereto as Exhibit

3                 F;

4          g.     Summons Turnberry Associates, attached hereto as

5                 Exhibit G; and

6          h.     Motion to Stay, attached hereto as Exhibit H.

7       8.     Concurrently with filing this notice, a copy of this Notice is

8  being filed with the clerk of the Eighth Judicial District Court and served on

9  Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

10

11                          MORRIS PICKERING & PETERSON

12

13                By: _____

14                     Steve Morris, Bar No. 1543

                         Akke Levin, Bar No. 9102

15                     Jean-Paul Hendricks No. 10079

                         900 Bank of America Plaza

16                     300 South Fourth Street

                         Las Vegas, Nevada 89101

17

18                     Jason Gless, Bar No. 8469

                         Wood, Smith, Henning & Berman LLP

19                     7670 West lake Mead Blvd., Suite 250

                         Las Vegas, Nevada 89128-6652

20                     Attorneys for Defendants Turnberry/MGM

                         Grand Towers, LLC, MGM Grand, Inc.,

21                     Turnberry/Harmon Ave, LLC and

                         Turnberry Associates

22

23

24

25

26

27

28

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

TMGM 9

1

## CERTIFICATE OF SERVICE

2          Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada

3   Electronic Filing Procedures, I certify that I am an employee of MORRIS

4   PICKERING & PETERSON, and that the following documents were served via

5   electronic service: **NOTICE OF REMOVAL**

6   TO:

7   N/A

8          I further certify that I am familiar with the firm's practice of collection and

9   processing documents for mailing; that in accordance therewith, I caused the

10  above-named document to be deposited with the U.S. Postal Service at Las

11  Vegas, Nevada, in a sealed envelope, with first class postage prepaid, on the date

12  and to the addressee(s) shown below:

13  Robert Gerard                         Norman Blumenthal
    Gerard & Associates                   Blumenthal & Nordrehaug
14  2840 South Jones Blvd                 2255 Calle Clara
    Building D, Suite #4                  La Jolla, California, 90237
15  Las Vegas, Nevada 89146
16                                        Attorney for Plaintiffs
    Attorney for Plaintiffs
17

18  Robert Fellmeth
    University of San Diego Law School
19  5998 Alcala Park
    San Diego, California 92110
20
    Attorney for Plaintiffs
21

22          DATED this 13th day of June, 2008.

23

24

25  By _____
    MORRIS PICKERING & PETERSON
26

27

28

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1678.00

# ORIGINAL

1  COM
   Robert B. Gerard, Esq.
2  Nevada State Bar #005323
   Ricardo R. Ehmann, Esq.
3  Nevada State Bar #010576
   GERARD & ASSOCIATES
4  2840 South Jones Boulevard
   Building D, Suite #4
5  Las Vegas, Nevada 89146
   Telephone:    (702) 251-0093
6  Facsimile:    (702) 251-0094

7  Norman Blumenthal, Esq.
   California State Bar #068687
8  BLUMENTHAL & NORDREHAUG
   2255 Calle Clara
9  La Jolla, California 92037
   Telephone:    (858) 551-1223
10 Facsimile:    (858) 551-1232

11 Attorneys for Plaintiffs

12            EIGHTH JUDICIAL DISTRICT COURT

13               CLARK COUNTY, NEVADA

14

15 ROSS BERKELEY; WOLF TRADING          ) CASE NO.: A 565873
   COMPANY, LLC; MICHAEL WILSON,        ) DEPT. NO:    XIII
16 STANLEY WILSON, and CAMILLA          )
   WILSON; DASHRATH PANCHAL, DINA D.    ) COMPLAINT
17 PANCHAL and NARMIN HIRJI;            )
18 QUEZADAS-HORTA FAMILY TRUST,         ) (1) VIOLATION OF N.R.S. 90.460 (Unlawful
   Roberto Quezadas-Horta, Trustee; JOSEPH H. ) Sale of Unregistered Security)
19 SMITH and CAROL J. SMITH; MARIA      )
   ORELLANA; MAGHAMI FERIAL TRUST,      ) (2) VIOLATION OF N.R.S. 90.570 (Unlawful
20 Ferial Maghami, Trustee; LEONARDO    ) Sale of Security by Means of Scheme to
21 BARRERA and GLORIA BARRERA;          ) Defraud)
   MOJISOLA ADEKUNBI and ABIOLA         )
22 SANNI; SIGNATURE MGM GRAND, LLC;     ) (3) VIOLATION OF N.R.S. 598, *et seq.*
23 DOUGLAS HUIBREGTSE; JAMES            ) (Nevada Deceptive Trade Practices Act)
   HOKANSON; ANTE LONCAR, LJUBICA       )
24 LONCAR and ELIZABETH G. VIDUCICH;    ) (4) FRAUDULENT
   RAUL RIOS and FERMINA RIOS;          )     MISREPRESENTATION;
25 VLADIMIR RIVKIN; DANNY MAES and      )
26 STEPHANIE CLEVELAND; MARK N.         )  (5) NEGLIGENT MISREPRESENTATION;
   KECHEJIAN and CHRISTINE KECHEJIAN;   )
27 MICHAEL HAHALYAK and LISA KRISAY-    )  (6)  FRAUD IN THE INDUCEMENT; and

1

TMGM 11

1   HAHALYAK; BENJAMIN RUDNITSKY and

2   TAMAR A. RUDNITSKY; CLAY FRAZIER
    and PAULA FRAZIER; MIRIAM KIM and

3   MARIE KIM; PASQUALE and CATHLEEN
    M. FEBBRARO; HYO SHIN and JUNG SHIN;

4   EUN YOUNG LEE; JOHN O. TOROSIAN and
    SARKIS TOROSIAN; LUNIQUE LE; RAFFI

5   PIRICHIAN and ANI PIRICHIAN; JIM C.
    BURGUM; NARMIN HIRJI; NANCY

6   MARTINA; and HERMAN CELIKIAN;

7

8               Plaintiffs,

9       vs.

10  TURNBERRY/MGM GRAND TOWERS,
    LLC; MGM MIRAGE; MGM GRAND

11  CONDOMINIUMS, LLC; THE
    SIGNATURE CONDOMINIUMS, LLC;

12  TURNBERRY/HARMON AVE., LLC;
    TURNBERRY RESIDENTIAL HOLDING,

13  L.P.; TURNBERRY SUBSIDIARY G.P., LLC;
    TURNBERRY WEST REALTY, INC.; and

14  DOES 1 through 100, Inclusive,

15               Defendants.

16

17

18              **GROUP ACTION COMPLAINT**

19      COMES NOW, Plaintiffs; ROSS BERKELEY; WOLF TRADING COMPANY, LLC;

20  MICHAEL WILSON, STANLEY WILSON, and CAMILLA WILSON; DASHRATH

21  PANCHAL, DINA D. PANCHAL and NARMIN HIRJI; QUEZADAS-HORTA FAMILY

22  TRUST, Roberto Quezadas-Horta, Trustee; JOSEPH H. SMITH and CAROL J. SMITH;

23  MARIA ORELLANA; MAGHAMI FERIAL TRUST, Ferial Maghami, Trustee; LEONARDO

24  BARRERA and GLORIA BARRERA; MOJISOLA ADEKUNBI and ABIOLA SANNI;

25  SIGNATURE MGM GRAND, LLC; DOUGLAS HUIBREGTSE; JAMES HOKANSON;

26  ANTE LONCAR, LJUBICA LONCAR and ELIZABETH G. VIDUCICH; RAUL RIOS and

27

28                          2

(7) FRAUDULENT CONCEALMENT

**ARBITRATION EXEMPTION
CLAIMED:**

**1. DAMAGES IN EXCESS OF $50,000
PER PLAINTIFF**

**2. ACTION PRESENTS SIGNIFICANT
ISSUES OF PUBLIC POLICY**

1  FERMINA RIOS; VLADIMIR RIVKIN; DANNY MAES and STEPHANIE CLEVELAND;

2  MARK N. KECHEJIAN and CHRISTINE KECHEJIAN; MICHAEL HAHALYAK and LISA

3  KRISAY-HAHALYAK; BENJAMIN RUDNITSKY and TAMAR A. RUDNITSKY; CLAY

4  FRAZIER and PAULA FRAZIER; MIRIAM KIM and MARIE KIM; PASQUALE and

5  CATHLEEN M. FEBBRARO; HYO SHIN and JUNG SHIN; EUN YOUNG LEE; JOHN O.

6  TOROSIAN and SARKIS TOROSIAN; LUNIQUE LE; RAFFI PIRICHIAN and ANI

7  PIRICHIAN; JIM C. BURGUM; NARMIN HIRJI; NANCY MARTINA; and HERMAN

8  CELIKIAN, ("PLAINTIFFS"), who bring this group action against Defendants

9  TURNBERRY/MGM GRAND TOWERS, LLC; MGM MIRAGE; MGM GRAND

10  CONDOMINIUMS, LLC; THE SIGNATURE CONDOMINIUMS, LLC;

11  TURNBERRY/HARMON AVE., LLC; TURNBERRY RESIDENTIAL HOLDING, L.P.;

12  TURNBERRY SUBSIDIARY G.P., LLC; TURNBERRY WEST REALTY, INC. and DOES 1

13  through 100, inclusive, hereinafter collectively referred to as ("DEFENDANTS"), and allege,

14  based upon information and belief, except where otherwise stated, as follows:

15

16  **NATURE OF THE ACTION**

17      1.    The instant Complaint involves a scheme among the DEFENDANTS through

18  which PLAINTIFFS were fraudulently induced into purchasing the air rights to condominium-

19  hotel room units as investment securities at the Signature at the MGM Grand Hotel/Casino in

20  2006 & 2007.

21      2.    On December 20, 2003, MGM Mirage and Turnberry Associates announced the

22  formation of a partnership to build a luxury condo hotel (the "JOINT VENTURE"), stating that

23  they would build up to six towers each rising up to forty stories. The first phase of this project

24  involved the taking of deposits for the sales of the air rights to condominium hotel room units as

25  investment securities with the promise of an MGM Grand Rental Program.  During this phase,

26  the project was variously referred to as The Residences, The Residences at MGM Grand and/or

27

28                 3

TMGM 13

**ACOM**
Robert B. Gerard, Esq. (Nevada State Bar #005323)
Ricardo R. Ehmann, Esq. (Nevada State Bar #010576)
GERARD & ASSOCIATES
2840 South Jones Boulevard
Building D, Suite #4
Las Vegas, Nevada 89146
Telephone:    (702) 251-0093
Facsimile:    (702) 251-0094

Norman Blumenthal, Esq. (California State Bar #068687)
BLUMENTHAL & NORDREHAUG
2255 Calle Clara
La Jolla, California 92037
Telephone:    (858) 551-1223
Facsimile:    (858) 551-1232

Robert Fellmeth, Esq. (California State Bar #49897)
5998 Alcala Park
San Diego, California 92110
Telephone:    (619) 260-4806
Facsimile:    (619) 260-4753

Attorneys for Plaintiffs
Additional counsel listed on signature page

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARY ANN SUSSEX; MITCHELL PAE; MALCOLM NICHOLL and SANDY SCALISE; ERNESTO VALDEZ, SR. and ERNESTO VALDEZ, JR.; JOHN HANSON and ELIZABETH HANSON;<br><br>          Plaintiffs,<br><br>     vs.<br><br>TURNBERRY/MGM GRAND TOWERS, LLC, a Nevada LLC; MGM GRAND CONDOMINIUMS LLC, a Nevada LLC; THE SIGNATURE CONDOMINIUMS, LLC a Nevada LLC;  MGM MIRAGE, a Delaware Corporation; TURNBERRY/HARMON AVE., LLC., a Nevada LLC; and TURNBERRY WEST REALTY, INC., a Nevada Corporation;<br>          Defendants. | CASE NO.: **2: 08-cv-00773** - RLH - PAL<br><br>**AMENDED FEDERAL CLASS ACTION COMPLAINT FOR:**<br><br>(1) VIOLATION OF THE SECURITIES ACT OF 1933<br><br>(2) VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934<br><br>(3) VIOLATION OF N.R.S. 90.460<br><br>(4) VIOLATION OF N.R.S. 90.570<br><br>(5) VIOLATION OF N.R.S. 598, *et seq.* |

1

TMGM 14

|  |  |
|---|---|
| ) | (6) FRAUDULENT MISREPRESENTATION; |
| ) | |
| ) | (7) NEGLIGENT MISREPRESENTATION; |
| ) | |
| ) | (8) FRAUD IN THE INDUCEMENT; and |
| ) | |
| ) | (9) FRAUDULENT CONCEALMENT |
| ) | |
| ) | **ARBITRATION EXEMPTION CLAIMED:** |
| ) | |
| ) | **1. DAMAGES IN EXCESS OF $50,000 PER PLAINTIFF** |
| ) | |
| ) | **2. ACTION PRESENTS SIGNIFICANT ISSUES OF PUBLIC POLICY** |
| ) | |
| ) | **3. CLASS ACTION** |
| ) | |
| ) | **4. ARBITRATION PROVISION UNCONSCIONABLE** |

## AMENDED FEDERAL CLASS ACTION COMPLAINT

COMES NOW, Plaintiffs Mary Ann Sussex; Mitchell Pae; Malcolm Nicholl and Sandy Scalise; Ernesto Valdez, Sr. and Ernesto Valdez, Jr.; John Hanson and Elizabeth Hanson, who bring this action on behalf of themselves, and on behalf of all similarly situated persons (collectively "Plaintiffs"), against Defendants TURNBERRY/MGM GRAND TOWERS, LLC, a Nevada LLC; MGM GRAND CONDOMINIUMS LLC, a Nevada LLC; THE SIGNATURE CONDOMINIUMS, LLC a Nevada LLC; MGM MIRAGE, a Delaware Corporation; TURNBERRY/HARMON AVE., LLC., a Nevada LLC; and TURNBERRY WEST REALTY, INC., a Nevada Corporation (hereinafter collectively referred to as "Defendants"), and allege, based upon information and belief, except where otherwise stated, as follows:

## NATURE OF THE ACTION

1.     The instant Complaint involves a scheme among the Defendants through which

2

TMGM 15

1   Plaintiffs were illegally and fraudulently induced into purchasing the air rights to condominium-hotel
2   room units as investment securities (the "Securities") at the Signature at the MGM Grand
3   Hotel/Casino in 2006 & 2007.

4       2.    The project was variously referred to as The Residences, The Residences at MGM
5   Grand and/or The Residences: A Condo Hotel by Turnberry.  The name was subsequently changed
6   prior to any closings and is currently operated under the brand name of the Signature at MGM Grand.

7       3.    The Plaintiffs all first acquired these Securities beginning in 2006 with the transfer
8   of the title of the Securities from Defendants to Plaintiffs without first registering the certificate of
9   sale of the Securities as a security as required by law and without being exempt therefrom.  The
10   reason the air rights to the hotel condominium units are securities is because:

11       (a)    the value of the units are all dependent upon the success or failure of the MGM
12           GRAND branded enterprise;

13       (b)    Defendants' sales promotions of the investment in the hotel room gave rise to a
14           reasonable understanding that a valuable benefit, over and above the entire amount
15           paid for the physical air rights to the hotel room, would accrue to the Plaintiffs as a
16           result of the operation of the enterprise as an MGM Grand branded enterprise
17           pursuant to the MGM Grand Rental Program; and

18       (c)    the Plaintiffs, as owners of shares in the enterprise, by signing on with the MGM
19           Grand Rental Program, did not receive and did not intend to receive the right to
20           exercise any practical or actual control over the managerial decisions of the MGM
21           Grand enterprise.

22       4.    Each sale was consummated when each Plaintiff furnished the entire amount paid for
23   the condominium hotel units at the Signature at MGM Grand and closed the purchase as a purchase
24   in the MGM Grand branded enterprise with the transfer of title to the Securities from Defendants to
25   Plaintiffs.  Defendants used both inside and outside sales teams to sell the Securities.

26       5.    Central to the Defendants' marketing of the Securities were the omission of material
27   facts and the representations that the Securities would generate substantial amounts of revenue to
28

TMGM 16

1  COM
   Robert B. Gerard, Esq.
2  Nevada State Bar #005323
   Ricardo R. Ehmann, Esq.
3  Nevada State Bar #010576
   GERARD & ASSOCIATES
4  2840 South Jones Boulevard
   Building D, Suite #4
5  Las Vegas, Nevada 89146
   Telephone:    (702) 251-0093
6  Facsimile:    (702) 251-0094

7  Kyle Nordrehaug, Esq.
   California State Bar #205975
8  BLUMENTHAL & NORDREHAUG
   2255 Calle Clara
9  La Jolla, California 92037
   Telephone:    (858) 551-1223
10 Facsimile:    (858) 551-1232

11 Attorneys for Plaintiffs

12                    EIGHTH JUDICIAL DISTRICT COURT

13                       CLARK COUNTY, NEVADA

14

15 JERRY BROWN; WILLIAM PEDERSON and ) CASE NO.:   A 569825
   TATYANA PEDERSON; CHARLES GERACI   ) DEPT. NO:   X III
16 and DELVIN DIAZ; MYUNG JA CHO;     )
   SHERENNE TANG and JULIETA          )
17 BALAHADIA; CHENG LIM;              )
                                      )          COMPLAINT
18                                    )
            Plaintiffs,               ) (1) VIOLATION OF N.R.S. 90.460 (Unlawful
19                                    ) Sale of Unregistered Security)
                                      )
20      vs.                           ) (2) VIOLATION OF N.R.S. 90.570 (Unlawful
                                      ) Sale of Security by Means of Scheme to
21 TURNBERRY/MGM GRAND TOWERS,        ) Defraud)
   LLC; MGM MIRAGE; MGM GRAND         )
22 CONDOMINIUMS, LLC; THE             )
   SIGNATURE CONDOMINIUMS, LLC;       ) (3) VIOLATION OF N.R.S. 598, *et seq.*
23 TURNBERRY/HARMON AVE., LLC;        ) (Nevada Deceptive Trade Practices Act)
   TURNBERRY RESIDENTIAL HOLDING,     )
24 L.P.; TURNBERRY SUBSIDIARY G.P., LLC; )
   TURNBERRY WEST REALTY, INC.; and   ) (4) FRAUDULENT
25 DOES 1 through 100, Inclusive,     ) MISREPRESENTATION;
              Defendants.             )
26                                    )
                                      ) (5) NEGLIGENT MISREPRESENTATION;
27 ─────────────────────────────────
28                                        1

TMGM 17

(6) FRAUD IN THE INDUCEMENT; and

(7) FRAUDULENT CONCEALMENT

**ARBITRATION EXEMPTION CLAIMED:**

**1. DAMAGES IN EXCESS OF $50,000 PER PLAINTIFF**

**2. ACTION PRESENTS SIGNIFICANT ISSUES OF PUBLIC POLICY**

---

## GROUP ACTION COMPLAINT

COMES NOW, Plaintiffs, JERRY BROWN; WILLIAM PEDERSON and TATYANA PEDERSON; CHARLES GERACI and DELVIN DIAZ; MYUNG JA CHO; SHERENNE TANG and JULIETA BALAHADIA; CHENG LIM, ("PLAINTIFFS"), who bring this group action against Defendants TURNBERRY/MGM GRAND TOWERS, LLC; MGM MIRAGE; MGM GRAND CONDOMINIUMS, LLC; THE SIGNATURE CONDOMINIUMS, LLC; TURNBERRY/HARMON AVE., LLC; TURNBERRY RESIDENTIAL HOLDING, L.P.; TURNBERRY SUBSIDIARY G.P., LLC; TURNBERRY WEST REALTY, INC. and DOES 1 through 100, inclusive, hereinafter collectively referred to as ("DEFENDANTS"), and allege, based upon information and belief, except where otherwise stated, as follows:

## NATURE OF THE ACTION

1.     The instant Complaint involves a scheme among the DEFENDANTS through which PLAINTIFFS were fraudulently induced into purchasing the air rights to condominium-hotel room units as investment securities at the Signature at the MGM Grand Hotel/Casino in 2006 & 2007.

2.     On December 20, 2003, MGM Mirage and Turnberry Associates announced the formation of a partnership to build a luxury condo hotel (the "JOINT VENTURE"), stating that

2

1  COM
   Robert B. Gerard, Esq.
2  Nevada State Bar #005323
   Ricardo R. Ehmann, Esq.
3  Nevada State Bar #010576
   GERARD & ASSOCIATES
4  2840 South Jones Boulevard
   Building D, Suite #4
5  Las Vegas, Nevada 89146
   Telephone:    (702) 251-0093
6  Facsimile:    (702) 251-0094

7  Kyle Nordrehaug, Esq.
   California State Bar #205975
8  BLUMENTHAL & NORDREHAUG
   2255 Calle Clara
9  La Jolla, California 92037
   Telephone:    (858) 551-1223
10 Facsimile:    (858) 551-1232

11 Attorneys for Plaintiffs

12              **EIGHTH JUDICIAL DISTRICT COURT**

13                **CLARK COUNTY, NEVADA**

14                                              A 5 7 3 2 8 0

15 DAVID SHIM; and HOJOON LEE;          )  CASE NO.:
                                        )  DEPT. NO:        X (11
16          Plaintiffs,                 )
                                        )
17     vs.                              )
                                        )        **COMPLAINT**
18                                      )
   TURNBERRY/MGM GRAND TOWERS,          )  (1)  CONSTRUCTIVE TRUST /
19 LLC; MGM MIRAGE; MGM GRAND           )  RESTITUTION
   CONDOMINIUMS, LLC; THE               )       (Violation of N.R.S. 205.090--Forgery of
20 SIGNATURE CONDOMINIUMS, LLC;         )       Signature on Contract)
   TURNBERRY/HARMON AVE., LLC;          )
21 TURNBERRY RESIDENTIAL HOLDING,       )  (2)  VIOLATION OF N.R.S. 90.460
22 L.P.; TURNBERRY SUBSIDIARY G.P., LLC;)  (Unlawful Sale of Unregistered Security)
   TURNBERRY WEST REALTY, INC.; and     )
23 DOES 1 through 100, Inclusive,       )  (3)  VIOLATION OF N.R.S. 90.570
          Defendants.                   )  (Unlawful Sale of Security by Means of
24                                      )  Scheme to Defraud)

25
                                          (4)  VIOLATION OF N.R.S. 598, *et seq.*
26                                        (Nevada Deceptive Trade Practices Act)

27 _____

28                          1

TMGM 19

(5)   FRAUDULENT MISREPRESENTATION;

(6)   NEGLIGENT MISREPRESENTATION;

(7)   FRAUD IN THE INDUCEMENT; and

(8)   FRAUDULENT CONCEALMENT

**ARBITRATION EXEMPTION CLAIMED:**

1.   **DAMAGES IN EXCESS OF $50,000 PER PLAINTIFF**

2.   **ACTION PRESENTS SIGNIFICANT ISSUES OF PUBLIC POLICY**

3.   **SIGNATURE FORGERY RENDERS ARBITRATION PROVISION NULL AND VOID**

## COMPLAINT

COMES NOW, Plaintiffs, DAVID SHIM and HOJOON LEE, ("PLAINTIFFS"), who bring this group action against Defendants TURNBERRY/MGM GRAND TOWERS, LLC; MGM MIRAGE; MGM GRAND CONDOMINIUMS, LLC; THE SIGNATURE CONDOMINIUMS, LLC; TURNBERRY/HARMON AVE., LLC; TURNBERRY RESIDENTIAL HOLDING, L.P.; TURNBERRY SUBSIDIARY G.P., LLC; TURNBERRY WEST REALTY, INC. and DOES 1 through 100, inclusive, hereinafter collectively referred to as ("DEFENDANTS"), and allege, based upon information and belief, except where otherwise stated, as follows:

2

## NATURE OF THE ACTION

1.     The instant Complaint involves a scheme among the DEFENDANTS through which PLAINTIFFS were fraudulently induced into purchasing the air rights to condominium-hotel room units as investment securities at the Signature at the MGM Grand Hotel/Casino in Las Vegas, Nevada.  After being induced into buying unregistered securities, Plaintiffs fell victim to signature fraud as DEFENDANTS forged Plaintiffs' signatures on various documents including the Purchase Agreement.

2.     On December 20, 2003, MGM Mirage and Turnberry Associates announced the formation of a partnership to build a luxury condo hotel (the "JOINT VENTURE"), stating that they would build up to six towers each rising up to forty stories. The first phase of this project involved the taking of deposits for the sales of the air rights to condominium hotel room units as investment securities with the promise of an MGM Grand Rental Program.  During this phase, the project was variously referred to as The Residences, The Residences at MGM Grand and/or The Residences: A Condo Hotel by Turnberry.  The name was subsequently changed prior to any closings and is currently operated under the brand name of THE SIGNATURE AT MGM GRAND ("MGM SIGNATURE").

3.     The second phase involved the closing of the sale of the air rights to condominium hotel room units as investment securities (the "SECURITIES").

4.     PLAINTIFF LEE acquired the SECURITY with the transfer of the title of the SECURITY from DEFENDANTS to PLAINTIFFS, without first registering the certificate of sale of the SECURITIES as a security as required by law and without being exempt therefrom. After transfer of the title of the SECURITY, PLAINTIFF LEE discovered that his signature had been forged by DEFENDANTS on various documents, including the Purchase Agreement, described in more detail below.

5.     PLAINTIFF SHIM did not close on his unit because he discovered acts of signature fraud on the part of DEFENDANTS prior to closing which prompted him to demand

3



1  COM
   Robert B. Gerard, Esq.
2  Nevada State Bar #005323
   Ricardo R. Ehmann, Esq.
3  Nevada State Bar #010576
   GERARD & ASSOCIATES
4  2840 South Jones Boulevard
   Building D, Suite #4
5  Las Vegas, Nevada 89146
   Telephone:    (702) 251-0093
6  Facsimile:    (702) 251-0094

7  Kyle Nordrehaug, Esq.
   California State Bar #205975
8  BLUMENTHAL & NORDREHAUG
   2255 Calle Clara
9  La Jolla, California 92037
   Telephone:    (858) 551-1223
10 Facsimile:    (858) 551-1232

11 Attorneys for Plaintiffs

12

                    **EIGHTH JUDICIAL DISTRICT COURT**
13
                        **CLARK COUNTY, NEVADA**
14

15 MICHAEL LINARES and LAURIE LINARES;  ) CASE NO.:   A 5 7 4 5 5 8
   GREG YI and GRACE YI; SOLJP, LLC;      ) DEPT. NO:
16 UJJAL GHOSHTAGORE; WERDMULLER          )            XVII
17 FAMILY TRUST, Walter E. Werdmuller von )
   Elgg and Jill C. Werdmuller von Elgg, Trustees; ) **COMPLAINT**
18 SASAN SEIDFATHI and MEHRNAZ           )
   SAGHAFI; LAWRENCE M. DUMOULIN;        ) (1) VIOLATION OF N.R.S. 90.460 (Unlawful
19 SEHAK TUNA and VARTUHI TUNA;          ) Sale of Unregistered Security)
20 LAWRENCE HOBSON and LINDA M.          )
   HOBSON; LEE PRITZL;                   ) (2) VIOLATION OF N.R.S. 90.570 (Unlawful
21                                        ) Sale of Security by Means of Scheme to
22            Plaintiffs,                 ) Defraud)
                                          )
23        vs.                             ) (3) VIOLATION OF N.R.S. 598, *et seq.*
                                          ) (Nevada Deceptive Trade Practices Act)
24 TURNBERRY/MGM GRAND TOWERS,           )
   LLC; MGM MIRAGE; MGM GRAND            ) (4) FRAUDULENT
25 CONDOMINIUMS, LLC; THE                ) MISREPRESENTATION;
26 SIGNATURE CONDOMINIUMS, LLC;          )
   TURNBERRY/HARMON AVE., LLC;           ) (5) NEGLIGENT MISREPRESENTATION;
27 TURNBERRY RESIDENTIAL HOLDING,        )

28
                                    1

1  L.P.; TURNBERRY SUBSIDIARY G.P., LLC; ) (6) FRAUD IN THE INDUCEMENT; and
2  TURNBERRY WEST REALTY, INC.; and       )
   DOES 1 through 100, Inclusive,         ) (7) FRAUDULENT CONCEALMENT
3             Defendants.                 )
                                          ) ARBITRATION EXEMPTION
4                                         ) CLAIMED:
                                          )
5                                         ) 1. DAMAGES IN EXCESS OF $50,000
6                                         ) PER PLAINTIFF
                                          )
7                                         ) 2. ACTION PRESENTS SIGNIFICANT
                                          ) ISSUES OF PUBLIC POLICY
8                                         )
9  _____

10
11                    **GROUP ACTION COMPLAINT**

12        COMES NOW, Plaintiffs, MICHAEL LINARES and LAURIE LINARES; GREG YI and

13  GRACE YI; SOLIP, LLC; UJJAL GHOSHTAGORE; WERDMULLER FAMILY TRUST,

14  Walter E. Werdmuller von Elgg and Jill C. Werdmuller von Elgg, Trustees; SASAN

15  SEIDFATHI and MEHRNAZ SAGHAFI; LAWRENCE M. DUMOULIN; SEHAK TUNA and

16  VARTUHI TUNA; LAWRENCE HOBSON and LINDA M. HOBSON; LEE PRITZL,

17  ("PLAINTIFFS"), who bring this group action against Defendants TURNBERRY/MGM

18  GRAND TOWERS, LLC; MGM MIRAGE; MGM GRAND CONDOMINIUMS, LLC; THE

19  SIGNATURE CONDOMINIUMS, LLC; TURNBERRY/HARMON AVE., LLC; TURNBERRY

20  RESIDENTIAL HOLDING, L.P.; TURNBERRY SUBSIDIARY G.P., LLC; TURNBERRY

21  WEST REALTY, INC. and DOES 1 through 100, inclusive, hereinafter collectively referred to

22  as ("DEFENDANTS"), and allege, based upon information and belief, except where otherwise

23  stated, as follows:

24                       **NATURE OF THE ACTION**

25        1.    The instant Complaint involves a scheme among the DEFENDANTS through

26  which PLAINTIFFS were fraudulently induced into purchasing the air rights to condominium-

27  hotel room units as investment securities at the Signature at the MGM Grand Hotel/Casino in

28                                    2

TMGM 23

1   2006 & 2007.

2       2.      On December 20, 2003, MGM Mirage and Turnberry Associates announced the

3   formation of a partnership to build a luxury condo hotel (the "JOINT VENTURE"), stating that

4   they would build up to six towers each rising up to forty stories. The first phase of this project

5   involved the taking of deposits for the sales of the air rights to condominium hotel room units as

6   investment securities with the promise of an MGM Grand Rental Program. During this phase,

7   the project was variously referred to as The Residences, The Residences at MGM Grand and/or

8   The Residences: A Condo Hotel by Turnberry. The name was subsequently changed prior to any

9   closings and is currently operated under the brand name of THE SIGNATURE AT MGM

10  GRAND ("MGM GRAND").

11      3.      The second phase involved the closing of the sale of the air rights to condominium

12  hotel room units as investment securities, which were sold by the DEFENDANTS to

13  PLAINTIFFS and each of them, as an investment security in the air space of the condominium

14  hotel room units (the "SECURITIES"). The PLAINTIFFS all first acquired these SECURITIES

15  in 2006 and 2007 with the transfer of the title of the SECURITIES from DEFENDANTS to

16  PLAINTIFFS, without first registering the certificate of sale of the SECURITIES as a security as

17  required by law and without being exempt therefrom. The reason the air rights to the hotel

18  condominium units are securities is because:

19      a.      the value of the units are all dependent upon the success or failure of the MGM

20              GRAND branded enterprise;

21      b.      DEFENDANTS' sales promotions of the investment in the hotel room gave rise

22              to a reasonable understanding that a valuable benefit, over and above the entire

23              amount paid for the physical air rights to the hotel room, would accrue to the

24              PLAINTIFFS as a result of the operation of the enterprise as an MGM GRAND

25              branded enterprise pursuant to the MGM Grand Rental Program; and

26      c.      the PLAINTIFFS, as owners of shares in the enterprise, by signing on with the

27

28                                              3



1  COM
   Robert B. Gerard, Esq.
2  Nevada State Bar #005323
   Ricardo R. Ehmann, Esq.
3  Nevada State Bar #010576
   GERARD & ASSOCIATES
4  2840 South Jones Boulevard
   Building D, Suite #4
5  Las Vegas, Nevada 89146
   Telephone:    (702) 251-0093
6  Facsimile:    (702) 251-0094

7  Kyle Nordrehaug, Esq.
   California State Bar #205975
8  BLUMENTHAL & NORDREHAUG
   2255 Calle Clara
9  La Jolla, California 92037
   Telephone:    (858) 551-1223
10 Facsimile:    (858) 551-1232

11 Attorneys for Plaintiffs

12

            EIGHTH JUDICIAL DISTRICT COURT
13
               CLARK COUNTY, NEVADA
14

15 BELINDA W. LOUIE; AMIN A. RAHIM and   ) CASE NO.: A 5 7 7 0 3 4
   ZAITUN A. RAHIM; PRISCILLA SALEM;     ) DEPT. NO:   X \ \ \
16                                        )
17          Plaintiffs,                   )
                                          )        COMPLAINT
18       vs.                              )
                                          ) (1) VIOLATION OF N.R.S. 90.460 (Unlawful
19 TURNBERRY/MGM GRAND TOWERS,            ) Sale of Unregistered Security)
   LLC; MGM MIRAGE; MGM GRAND            )
20 CONDOMINIUMS, LLC; THE                ) (2) VIOLATION OF N.R.S. 90.570 (Unlawful
   SIGNATURE CONDOMINIUMS, LLC;          ) Sale of Security by Means of Scheme to
21 TURNBERRY/HARMON AVE., LLC;           ) Defraud)
   TURNBERRY RESIDENTIAL HOLDING,        )
22 L.P.; TURNBERRY SUBSIDIARY G.P., LLC; ) (3) VIOLATION OF N.R.S. 598, *et seq.*
23 TURNBERRY WEST REALTY, INC.; and      ) (Nevada Deceptive Trade Practices Act)
   DOES 1 through 100, Inclusive,        )
24          Defendants.                   ) (4) FRAUDULENT
25                                        ) MISREPRESENTATION;
                                          )
26                                        ) (5) NEGLIGENT MISREPRESENTATION;
27                                        )

28                           1

1        ) (6)  FRAUD IN THE INDUCEMENT; and
2        )
          ) (7) FRAUDULENT CONCEALMENT
3        )
          ) **ARBITRATION EXEMPTION**
4        ) **CLAIMED:**
5        )
          ) **1.  DAMAGES IN EXCESS OF $50,000**
6        ) **PER PLAINTIFF**
7        )
          ) **2.  ACTION PRESENTS SIGNIFICANT**
8        ) **ISSUES OF PUBLIC POLICY**
9        )

## GROUP ACTION COMPLAINT

COMES NOW, Plaintiffs, BELINDA W. LOUIE; AMIN A. RAHIM and ZAITUN A. RAHIM; PRISCILLA SALEM, ("PLAINTIFFS"), who bring this group action against Defendants TURNBERRY/MGM GRAND TOWERS, LLC; MGM MIRAGE; MGM GRAND CONDOMINIUMS, LLC; THE SIGNATURE CONDOMINIUMS, LLC; TURNBERRY/HARMON AVE., LLC; TURNBERRY RESIDENTIAL HOLDING, L.P.; TURNBERRY SUBSIDIARY G.P., LLC; TURNBERRY WEST REALTY, INC. and DOES 1 through 100, inclusive, hereinafter collectively referred to as ("DEFENDANTS"), and allege, based upon information and belief, except where otherwise stated, as follows:

## NATURE OF THE ACTION

1.      The instant Complaint involves a scheme among the DEFENDANTS through which PLAINTIFFS were fraudulently induced into purchasing the air rights to condominium-hotel room units as investment securities at the Signature at the MGM Grand Hotel/Casino in 2006 & 2007.

2.      On December 20, 2003, MGM Mirage and Turnberry Associates announced the formation of a partnership to build a luxury condo hotel (the "JOINT VENTURE"), stating that they would build up to six towers each rising up to forty stories. The first phase of this project

2

1   involved the taking of deposits for the sales of the air rights to condominium hotel room units as

2   investment securities with the promise of an MGM Grand Rental Program.  During this phase,

3   the project was variously referred to as The Residences, The Residences at MGM Grand and/or

4   The Residences: A Condo Hotel by Turnberry.  The name was subsequently changed prior to any

5   closings and is currently operated under the brand name of THE SIGNATURE AT MGM

6   GRAND ("MGM GRAND").

7         3.      The second phase involved the closing of the sale of the air rights to condominium

8   hotel room units as investment securities, which were sold by the DEFENDANTS to

9   PLAINTIFFS and each of them, as an investment security in the air space of the condominium

10  hotel room units (the "SECURITIES").  The PLAINTIFFS all first acquired these SECURITIES

11  in 2006 and 2007 with the transfer of the title of the SECURITIES from DEFENDANTS to

12  PLAINTIFFS, without first registering the certificate of sale of the SECURITIES as a security as

13  required by law and without being exempt therefrom.  The reason the air rights to the hotel

14  condominium units are securities is because:

15        a.      the value of the units are all dependent upon the success or failure of the MGM

16                GRAND branded enterprise;

17        b.      DEFENDANTS' sales promotions of the investment in the hotel room gave rise

18                to a reasonable understanding that a valuable benefit, over and above the entire

19                amount paid for the physical air rights to the hotel room, would accrue to the

20                PLAINTIFFS as a result of the operation of the enterprise as an MGM GRAND

21                branded enterprise pursuant to the MGM Grand Rental Program; and

22        c.      the PLAINTIFFS, as owners of shares in the enterprise, by signing on with the

23                MGM Grand Rental Program, did not receive and did not intend to receive the

24                right to exercise any practical or actual control over the managerial decisions of

25                the MGM GRAND enterprise.  Each sale was consummated when each Plaintiff

26                furnished the entire amount paid for the condominium hotel units at the MGM

27

28                                              3

1  **COM**
2  Robert B. Gerard, Esq.
   Nevada State Bar #005323
3  Ricardo R. Ehmann, Esq.
   Nevada State Bar #010576
4  GERARD & ASSOCIATES
   2840 South Jones Boulevard
   Building D, Suite #4
5  Las Vegas, Nevada 89146
   Telephone:     (702) 251-0093
6  Facsimile:     (702) 251-0094

7  Kyle Nordrehaug, Esq.
   California State Bar #205975
8  BLUMENTHAL & NORDREHAUG
   2255 Calle Clara
9  La Jolla, California 92037
   Telephone:     (858) 551-1223
10 Facsimile:     (858) 551-1232

11 Attorneys for Plaintiffs

12

13                **EIGHTH JUDICIAL DISTRICT COURT**

14                   **CLARK COUNTY, NEVADA**

15 IKE SHERMAN and GILLIANA SHERMAN;  ) CASE NO.:   A58 1851
   REMI OHTA; DUNCAN & GARDELLA       ) DEPT. NO:
16 ENTERPRISES, LLC; ALEXANDER         )               XI
   GONSECKI and VALENTINA GONSECKI;    )
17 SHI SI ZHENG;                       )            **COMPLAINT**
                                       )
18         Plaintiffs,                 )
                                       ) (1) VIOLATION OF N.R.S. 90.460 (Unlawful
19                                     ) Sale of Unregistered Security)
                                       )
20      vs.                            )
                                       ) (2) VIOLATION OF N.R.S. 90.570 (Unlawful
21 TURNBERRY/MGM GRAND TOWERS,         ) Sale of Security by Means of Scheme to
   LLC; MGM MIRAGE; MGM GRAND          ) Defraud)
22 CONDOMINIUMS, LLC; THE              )
   SIGNATURE CONDOMINIUMS, LLC;        ) (3) VIOLATION OF N.R.S. 598, *et seq.*
23 TURNBERRY/HARMON AVE., LLC;         ) (Nevada Deceptive Trade Practices Act)
   TURNBERRY RESIDENTIAL HOLDING,      )
24 L.P.; TURNBERRY SUBSIDIARY G.P., LLC; ) (4) FRAUDULENT
   TURNBERRY WEST REALTY, INC.; and    ) MISREPRESENTATION;
25                                     )
   DOES 1 through 100, Inclusive,      )
26         Defendants.                 ) (5) NEGLIGENT MISREPRESENTATION;
27 _____    )

28                              1

FILED

Feb  4   3 07 PM '09

CLERK OF THE COURT

TMGM 28

1                      ) (6) FRAUD IN THE INDUCEMENT; and
                          )
2                      ) (7) FRAUDULENT CONCEALMENT
3                      )
                     ) **ARBITRATION EXEMPTION**
4                      ) **CLAIMED:**
5                      )
                     ) **1. DAMAGES IN EXCESS OF $50,000**
6                      ) **PER PLAINTIFF**
7                      )
                     ) **2. ACTION PRESENTS SIGNIFICANT**
8                      ) **ISSUES OF PUBLIC POLICY**
9                      )

10

11                     **GROUP ACTION COMPLAINT**

12       COMES NOW, Plaintiffs, IKE SHERMAN and GILLIANA SHERMAN; REMI OHTA;

13 DUNCAN & GARDELLA ENTERPRISES, LLC; ALEXANDER GONSECKI and

14 VALENTINA GONSECKI; SHI SI ZHENG, ("PLAINTIFFS"), who bring this group action

15 against Defendants TURNBERRY/MGM GRAND TOWERS, LLC; MGM MIRAGE; MGM

16 GRAND CONDOMINIUMS, LLC; THE SIGNATURE CONDOMINIUMS, LLC;

17 TURNBERRY/HARMON AVE., LLC; TURNBERRY RESIDENTIAL HOLDING, L.P.;

18 TURNBERRY SUBSIDIARY G.P., LLC; TURNBERRY WEST REALTY, INC. and DOES 1

19 through 100, inclusive, hereinafter collectively referred to as ("DEFENDANTS"), and allege,

20 based upon information and belief, except where otherwise stated, as follows:

21                     **NATURE OF THE ACTION**

22     1.     The instant Complaint involves a scheme among the DEFENDANTS through

23 which PLAINTIFFS were fraudulently induced into purchasing the air rights to condominium-

24 hotel room units as investment securities at the Signature at the MGM Grand Hotel/Casino in

25 2006 & 2007.

26     2.     On December 20, 2003, MGM Mirage and Turnberry Associates announced the

27 formation of a partnership to build a luxury condo hotel (the "JOINT VENTURE"), stating that

28                                         2

1   they would build up to six towers each rising up to forty stories. The first phase of this project

2   involved the taking of deposits for the sales of the air rights to condominium hotel room units as

3   investment securities with the promise of an MGM Grand Rental Program. During this phase,

4   the project was variously referred to as The Residences, The Residences at MGM Grand and/or

5   The Residences: A Condo Hotel by Turnberry. The name was subsequently changed prior to any

6   closings and is currently operated under the brand name of THE SIGNATURE AT MGM

7   GRAND ("MGM GRAND").

8         3.      The second phase involved the closing of the sale of the air rights to condominium

9   hotel room units as investment securities, which were sold by the DEFENDANTS to

10   PLAINTIFFS and each of them, as an investment security in the air space of the condominium

11   hotel room units (the "SECURITIES"). The PLAINTIFFS all first acquired these SECURITIES

12   in 2006 and 2007 with the transfer of the title of the SECURITIES from DEFENDANTS to

13   PLAINTIFFS, without first registering the certificate of sale of the SECURITIES as a security as

14   required by law and without being exempt therefrom. The reason the air rights to the hotel

15   condominium units are securities is because:

16         a.    the value of the units are all dependent upon the success or failure of the MGM

17              GRAND branded enterprise;

18         b.    DEFENDANTS' sales promotions of the investment in the hotel room gave rise

19              to a reasonable understanding that a valuable benefit, over and above the entire

20              amount paid for the physical air rights to the hotel room, would accrue to the

21              PLAINTIFFS as a result of the operation of the enterprise as an MGM GRAND

22              branded enterprise pursuant to the MGM Grand Rental Program; and

23         c.    the PLAINTIFFS, as owners of shares in the enterprise, by signing on with the

24              MGM Grand Rental Program, did not receive and did not intend to receive the

25              right to exercise any practical or actual control over the managerial decisions of

26              the MGM GRAND enterprise. Each sale was consummated when each Plaintiff

27

28                                  3

TMGM 30

1

2

3      # UNITED STATES DISTRICT COURT

4      # DISTRICT OF NEVADA

5      * * *

6      MARY ANN SUSSEX, *et al.*,                     )
                                                        )
7                          Plaintiff(s),                )        Case No. 2:08-cv-0773-RLH-PAL
                                                        )
8      vs.                                              )        **O R D E R**
                                                        )
9      TURNBERRY/MGM GRAND                              )
       TOWERS, LLC, *et al.*,                           )
10                                                      )
                           Defendant(s).                )
11     _____ )

12             Before the Court is an Order (#43, entered March 31, 2009) and a Memorandum of

13     Decision (#46, entered April 6, 2009), entered by the Honorable Peggy A. Leen, regarding Defen-

14     dant's Motion to Compel Arbitration (#17), Motion to Continue Hearing (#21), and Motion to

15     Strike (#38).

16             Defendant filed an Objection (#51) to Judge Leen's Order denying Defendant's

17     Motion to Compel Arbitration, in accordance with Local Rule IB 3-1 of the Rules of Practice of the

18     United States District Court for the District of Nevada. Defendant also filed a Supplement (#54) to

19     its Objection, putting this Court on notice of a Nevada Supreme Court decision, filed April 22,

20     2009, dealing with the same issue and the same contract in question here. Plaintiffs filed an

21     Opposition (#55) to the Objection, Defendant filed a Reply (#58), and this matter was referred for

22     consideration.

23             The Court has conducted a *de novo* review of the record in this case in accordance

24     with 28 U.S.C. §636(b)(1)(A), (B), and (C) and Local Rule IB 3-1 and determines that the Order of

25     Magistrate Judge Leen is contrary to state law as recently pronounced by the Nevada Supreme

26     Court. Accordingly, Defendant's Objection will be sustained and Judge Leen's Order and Memo-

1

1 | randum Decision will be overruled, reversed and vacated.

2 |      The issue presented is whether the arbitration provision of the Purchase Sale

3 | Agreements, for the purchase of condominium hotel units at the Signature/MGM Grand project, is

4 | valid and enforceable.  A related case, involving the same Purchase Sale Agreement, *KJH & RDH*

5 | *Investor Group, LLC et al. V. Turnberry/MGM Grand Towers, LLC et al.*, Case No. A547024, was

6 | before the Nevada Supreme Court on appeal from a state district court ruling that the arbitration

7 | provision was valid.

8 |      Although Judge Leen delayed her decision for a time, hoping the Nevada Supreme

9 | Court would speak to the issue, there came a time, when there being no decision forthcoming by the

10 | Nevada Supreme Court, that Judge Leen proceeded to render her decision, based upon a recent,

11 | prior decision by the Nevada Supreme Court, *D. R. Horton v. Green*, 120 Nev. 549, 553 (204).   She

12 | apparently felt the Court would find the facts here sufficiently similar to *D. R. Horton* that it would

13 | likely follow suit.

14 |      A mere two weeks after her Order and Decision, the Nevada Supreme Court

15 | published it decision in *KJH & RDH Investor Group* and reached a different result.  Although the

16 | undersigned does not find Judge Leen's Order and Decision to be clearly erroneous and contrary to

17 | law as she then understood it to be, the Nevada Supreme Court has spoken directly to this issue and

18 | this Court feels its pronouncement is controlling.

19 |      IT IS THEREFORE ORDERED that Magistrate Judge Leen's Order (#43) and

20 | Memorandum Decision (#46) are overruled, reversed and vacated as relating to the arbitration

21 | provision, Defendant's Objection (#55) is sustained, and Defendant's Motion to Compel Arbitration

22 | (#17) is granted.

23 |      Dated: June 16, 2009.

24 |

25 | ROGER L. HUNT

26 | Chief U.S. District Judge

2

 American Arbitration Association
*Dispute Resolution Services Worldwide*

**Dispute Resolution ARBITRATION RULES**
(ENTER THE NAME OF THE APPLICABLE RULES)
**Demand for Arbitration**

| | |
|---|---|
| **MEDIATION:** *If you would like the AAA to contact the other parties and attempt to arrange mediation, please check this box.* <br> *There is no additional administrative fee for this service.* ☐ | |

| Name of Respondent <br> MGM Mirage; Turnberry/MGM Grand Towers, LLC; (continued below) <br><br> Turnberry/Harmon Ave., LLC; Turnberry West Realty, Inc.; <br><br> MGM Grand Condominiums, LLC; The Signature Condominiums, LLC | Name of Representative (if known) <br> Steve Morris, Esq. |
|---|---|
| | Name of Firm (if applicable): <br> Morris Peterson |
| | Representative's Address <br> 300 South Fourth Street |

| City | State | Zip Code | City <br> Las Vegas | State <br> NV | Zip Code <br> 89101 |
|---|---|---|---|---|---|
| Phone No. | | Fax No. | Phone No. <br> (702) 474-9400 | | Fax No. <br> (702) 474-9422 |
| Email Address: | | | Email Address: <br> SM@morrislawgroup.com | | |

The named claimant, a party to an arbitration agreement dated _____, which provides for arbitration under the
_____ Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

THE NATURE OF THE DISPUTE
This is a CLASS ACTION seeking certification of the case to proceed and be adjudicated as a class action of the claims set forth in the Amended
Complaint attached hereto as EXHIBIT "1".

| Dollar Amount of Claim  $ <br> Excess of $10,000,000 | Other Relief Sought:  ☒ Attorneys Fees   ☒ Interest <br> ☒ Arbitration Costs  ☒ Punitive/ Exemplary  ☒ Other Rescission |
|---|---|

Amount Enclosed $2,500.00 _____   In accordance with Fee Schedule: ☒ Flexible Fee Schedule   ☐ Standard Fee Schedule

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Former District Attorney or former U.S. Attorney.

Hearing locale Las Vegas, NV _____   (check one) ☐ Requested by Claimant   ☒ Locale provision included in the contract

| Estimated time needed for hearings overall: <br><br> _____ hours or _____ days | Type of Business:  Claimant Individual Investors <br><br> Respondent Developer/Owner of Hotels Worldwide |
|---|---|

Is this a dispute between a business and a consumer?  ☒ Yes  ☐ No
Does this dispute arise out of an employment relationship?  ☐ Yes  ☒ No

If this dispute arises out of an employment relationship, what was/is the employee's annual wage range? Note: This question is required
by California law. ☐ Less than $100,000  ☐ $100,000 - $250,000  ☐ Over $250,000

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration
Association's Case Management Center, located in (check one)  ☐ Atlanta, GA   ☐ Dallas, TX   ☐ East Providence, RI
☒ Fresno, CA  ☐ International Centre, NY, with a request that it commence administration of the arbitration. Under the rules, you
may file an answering statement within the timeframe specified in the rules, after notice from the AAA.

| Signature (may be made by a representative)   Date: <br> *Ricardo Ehmann*        8-31-09 | Name of Representative <br> Robert B. Gerard, Esq. |
|---|---|
| Name of Claimant <br> Mary Ann Sussex (on behalf of herself and the CLASS) | Name of Firm (if applicable) <br> Gerard and Associates |
| Address (to be used in connection with this case): <br> c/o Gerard and Associates; 2840 South Jones Blvd., Bldg. D, Unit 4 | Representative's Address: <br> 2840 South Jones Blvd. Bldg. D, Unit 4 |

| City <br> Las Vegas | State <br> NV | Zip Code <br> 89146 | City <br> Las Vegas | State <br> NV | Zip Code <br> 89146 |
|---|---|---|---|---|---|
| Phone No. <br> (702) 251-0093 | | Fax No. <br> (702) 251-0094 | Phone No. <br> (702) 251-0093 | | Fax No. <br> (702) 251-0094 |
| Email Address: <br> rgerard@gerardlaw.com; rehmann@gerardlaw.com | | | Email Address: <br> rgerard@gerardlaw.com | | |

To begin proceedings, please send two copies of this Demand and the Arbitration Agreement, along with the filing fee as provided for in
the Rules, to the AAA.  Send the original Demand to the Respondent.
Please visit our website at www.adr.org if you would like to file this case online.  AAA Customer Service can be reached at 800-778-7879

TMGM 33

**American Arbitration Association**

---

**ADDENDUM TO DEMAND FOR CLASS ARBITRATION**

Robert B. Gerard, Esq.
Ricardo R. Ehmann, Esq.
GERARD & ASSOCIATES
2840 South Jones Boulevard
Building D, Suite #4
Las Vegas, Nevada 89146
Telephone:     (702) 251-0093
Facsimile:     (702) 251-0094

Norman Blumenthal, Esq.
BLUMENTHAL & NORDREHAUG
2255 Calle Clara
La Jolla, California 92037
Telephone:     (858) 551-1223
Facsimile:     (858) 551-1232

Robert Fellmeth, Esq.
University of San Diego School of Law
5998 Alcala Park
San Diego, California 92110
Telephone:     (619) 260-4806
Facsimile:     (619) 260-4753

Burton Wiand, Esq.
Fowler White Boggs Banker, P.A.
501 East Kennedy Blvd.
Tampa, FL 33602
Telephone:     (813) 228-7411
Facsimile:     (813) 229-8313

*Counsel for Claimants*

**AAA File No.** _____

TMGM 34

## PROCEDURAL BACKGROUND

Original Complaint against Respondents was filed on February 22, 2008, in the Eighth Judicial District, Clark County, Nevada (Case No. A557730). The dispute between the parties focuses primarily on allegations of securities law violations in the sale and marketing of condo-hotel units at the Signature at MGM Grand Hotel, located in Las Vegas, Nevada. The Complaint was amended to include class allegations on May 7, 2008. Respondents removed the action to U.S. Federal District Court, District of Nevada, on June 13, 2008 (Case No. 2:08-cv-00773). Claimants filed an Amended Class Action Complaint on July 2, 2008, which added federal claims under the Securities Act of 1933 and 1934 to the previously asserted seven state law claims. Claimants (Mary Ann Sussex, Mitchell Pae, Malcolm Nicholl, Sandy Scalise, Ernesto Valdez, Sr., Ernesto Valdez, Jr., John Hanson, Elizabeth Hanson, Andres F. Alos, Martha Vias, Charles Crooks, Laura Crooks, Sampal Family Revocable Living Trust, Daniel Reich, Natalie Reich, Jose Sanchez, Linda S. Corbridge, Fouad Feghali, Bassilios C. Petrakis, Ronald D. Perkins) adopt the Amended Federal Class Action Complaint filed in this matter on July 2, 2008 (Attached as Exhibit "1"). On July 17, 2008, Respondents filed a Motion to Compel Arbitration based on an arbitration clause included in the Signature at MGM Grand Purchase and Sale Agreement executed by each claimant (Purchase and Sale Agreement attached as Exhibit "2"). Claimants opposed said Motion to Compel Arbitration based upon state law theories of procedural and substantive unconscionability. On April 6, 2009, a federal Magistrate Judge denied Respondents' Motion to Compel Arbitration (Magistrate's Order attached as Exhibit "3"). On April 22, 2009, the Nevada Supreme Court in a related action determined the arbitration clause to be valid and enforceable (Nevada Supreme Court Order attached as Exhibit "4"). On June 16, 2009, the U.S. District Court reversed the Magistrate Order (U.S. District Court Order attached as Exhibit "5"). The following causes of action are alleged against Respondents: (1) Violation of the Securities Act of 1933, (2) Violation of the Securities Exchange Act of 1934, (3) Violation of N.R.S. 90.460, (4) Violation of N.R.S. 90.570, (5) Violation of N.R.S. 598, *et seq.* (6) Fraudulent Misrepresentation, (7) Negligent Misrepresentation, (8) Fraud in the Inducement, (9) Fraudulent Concealment.

2

TMGM 35

## ORIGINAL

**FILED**

**DEC 1 4 2009**

CLERK OF COURT

**07A547024**
**578058**

1  **ACOM**
   Robert B. Gerard, Esq.
2  Nevada State Bar #005323
   Ricardo R. Ehmann, Esq.
3  Nevada State Bar #010576
   GERARD & ASSOCIATES
4  2840 South Jones Boulevard
   Building D, Suite #4
5  Las Vegas, Nevada 89146
   Telephone:   (702) 251-0093
6  Facsimile:   (702) 363-2588

7  Norman Blumenthal, Esq.
   California State Bar #068687
8  BLUMENTHAL NORDREHAUG & BHOWMIK
   2255 Calle Clara
9  La Jolla, California 92037
   Telephone:   (858) 551-1223
10 Facsimile:   (858) 551-1232

11 *Attorneys for Plaintiffs*

12

13                        **DISTRICT COURT**

14                     **CLARK COUNTY, NEVADA**

15 KJH & RDA INVESTOR GROUP, LLC; 37th )   CASE NO. A547024
   FLOOR INVESTOR GROUP, LLC;          )
16 MICHAEL ANDERSON and MATHEW         )   [Consolidated with A565873; A569825;
   ANDERSON; PIERRE BAIN; IBRAHIM      )   A573280; A574558; A577034; A581851]
17 BARLAJ and LAURA BARLAJ; DAN        )
18 BIRDSALL; TERENCIA CONEJERO;        )   **FIRST AMENDED CONSOLIDATED**
   DIANE B. FAULCONER; FCF, LLC;       )   **COMPLAINT**
19 STEPHEN J. GUYON; OGANES JOHN       )
20 HAKOPYAN; MARKAR KARATAS and        )
   NURHAN CELIK; FRANK KEANE and       )
21 CAROL KEANE; DENNIS LEUNG and       )   (1) VIOLATION OF §12(a)(1) Of THE
   JIYEN SHIN; LETICIA L. MAGRI; ANAHIT)       SECURITIES ACT OF 1933
22 MANDOYAN and ALEXANDER              )
23 MANDOYAN; SUSAN MIGNOT and          )
   MARK MIGNOT; MARY MOMDZHYAN;        )   (2) VIOLATION OF §10 THE SECURITIES
24 BB VENTURES, LLC; ED NARVAEZ;       )       EXCHANGE ACT OF 1934
25 DANE R. PHILLIPS; CRAIG A. PRIMAS;  )
   JAMES RICK and LAURINDA RICK;       )
26 DOUGLAS SCHOEN; PGR ENTERPRISES,    )   (3) VIOLATION OF N.R.S. 90.460
   LLC; DIMITRITSA H. TOROMANOVA;      )

27

28                              1

TMGM 36

| | | |
|---|---|---|
| 1 | 38th FLOOR INVESTOR GROUP, LLC; | ) (4) VIOLATION OF N.R.S. 90.570 |
| 2 | DAVID L. VADIS; ROSS BERKELEY; WOLF TRADING COMPANY, LLC; | ) ) |
| 3 | MICHAEL WILSON, STANLEY WILSON, and CAMILLA WILSON; DASHRATH | ) (5) VIOLATION OF N.R.S. 598, *et seq.* ) |
| 4 | PANCHAL, DINA D. PANCHAL and NARMIN HIRJI; QUEZADAS-HORTA | ) (6) FRAUDULENT CONCEALMENT; and ) |
| 5 | FAMILY TRUST, Roberto Quezadas-Horta, | ) |
| 6 | Trustee; JOSEPH H. SMITH and CAROL J. SMITH; MARIA ORELLANA; MAGHAMI | ) (7) FRAUDULENT CONVEYANCE ) |
| 7 | FERIAL TRUST, Ferial Maghami, Trustee; | ) |
| 8 | LEONARDO BARRERA and GLORIA BARRERA; MOJISOLA ADEKUNBI and | ) ) |
| 9 | ABIOLA SANNI; SIGNATURE MGM GRAND, LLC; DOUGLAS HUIBREGTSE; | ) |
| 10 | JAMES HOKANSON; ANTE LONCAR, | ) |
| 11 | LJUBICA LONCAR and ELIZABETH G. VIDUCICH; RAUL RIOS and FERMINA | ) |
| 12 | RIOS; VLADIMIR RIVKIN; DANNY MAES and STEPHANIE CLEVELAND; MARK N. | ) ) |
| 13 | KECHEJIAN and CHRISTINE KECHEJIAN; | ) |
| 14 | MICHAEL HAHALYAK and LISA KRISAY-HAHALYAK; BENJAMIN | ) |
| 15 | RUDNITSKY and TAMAR A. | ) |
| 16 | RUDNITSKY; CLAY FRAZIER and PAULA FRAZIER; MIRIAM KIM and MARIE KIM; | ) |
| 17 | PASQUALE FEBBRARO and CATHLEEN M. FEBBRARO; HYO SHIN and JUNG | ) ) |
| 18 | SHIN; EUN YOUNG LEE; JOHN O. TOROSIAN and SARKIS TOROSIAN; | ) |
| 19 | LUNIQUE LE; RAFFI PIRICHIAN and ANI | ) |
| 20 | PIRICHIAN; JIM C. BURGUM; NARMIN HIRJI; NANCY MARTINA; HERMAN | ) |
| 21 | CELIKIAN; RICHARD FELDMAN; LES KRIEGER and REBEKAH KRIEGER; | ) |
| 22 | CHRISTINA KIM; JUAN MEDINA and | ) |
| 23 | CLARISSA MEDINA; THOMAS CIFELLI and JOHN CIFELLI; MANSOUR SHAMS | ) |
| 24 | and ZAHRIA SHAMS; LEE FAMILY | ) |
| 25 | TRUST, Chris Lee and Suzie Lee as Co-Trustees; BRADLEY COSTELLO 1997 | ) |
| 26 | TRUST, Bradley Costello as Trustee; BERNARD KLOUDA; RUZAN | ) |
| 27 | | |
| 28 | | 2 |

| | |
|---|---|
| 1 | CHARKCHYAN and ARUTYUN )
| 2 | CHARKCHYAN; MARCO GONZALEZ; )
|  | MARK BUCHSTABER and DEBORAH )
| 3 | BUCHSTABER; LINH TANG and HUNG )
|  | TANG; JERRY BROWN; WILLIAM )
| 4 | PEDERSON and TATYANA PEDERSON; )
| 5 | CHARLES GERACI and DELVIN DIAZ; )
|  | MYUNG JA CHO; SHERENNE TANG and )
| 6 | JULIETA BALAHADIA; CHENG LIM; )
|  | DAVID SHIM; HOJOON LEE; MICHAEL )
| 7 | LINARES and LAURIE LINARES; GREG YI )
| 8 | and GRACE YI; SOLIP, LLC; UJJAL )
|  | GHOSHTAGORE; WERDMULLER )
| 9 | FAMILY TRUST, Walter E. Werdmuller von )
|  | Elgg and Jill C. Werdmuller von Elgg, )
| 10 | Trustees; SASAN SEIDFATHI and )
| 11 | MEHRNAZ SAGHAFI; LAWRENCE M. )
|  | DUMOULIN; SEHAK TUNA and VARTUHI )
| 12 | TUNA; LAWRENCE HOBSON and LINDA )
| 13 | M. HOBSON; LEE PRITZL; BELINDA W. )
|  | LOUIE; AMIN A. RAHIM and ZAITUN A. )
| 14 | RAHIM; PRISCILLA SALEM; IKE )
|  | SHERMAN and GILLIANA SHERMAN; )
| 15 | REMI OHTA; DUNCAN & GARDELLA )
| 16 | ENTERPRISES, LLC; ALEXANDER )
|  | GONSECKI and VALENTINA GONSECKI; )
| 17 | SHI SI ZHENG; MARTHA VIAS; ANDRES )
|  | ALOS; CHARLES CROOKS and LAURA )
| 18 | CROOKS; SAMPAL FAMILY )
| 19 | REVOCABLE LIVING TRUST; FOUAD )
|  | FEGHALI; BASSILIOS PETRAKIS; )
| 20 | DANIEL REICH and NATALIE REICH; )
| 21 | JOSE SANCHEZ; LINDA CORBRIDGE; )
|  | RAFIK BAKIJAN; RONALD D. PERKINS; )
| 22 | LV 700, LLC; LOUIS CARNESALE and )
|  | JOHN CARNESALE, )
| 23 | )
|  |       Plaintiffs, )
| 24 | )
| 25 |    vs. )
|  | )
| 26 | )
|  | TURNBERRY/MGM GRAND TOWERS, )
| 27 | |
| 28 | |

3

TMGM 38

1   LLC; MGM MIRAGE; MGM GRAND                    )
    CONDOMINIUMS, LLC; THE                        )
2   SIGNATURE CONDOMINIUMS, LLC;                  )
3   TURNBERRY/HARMON AVE., LLC;                   )
    TURNBERRY WEST REALTY, INC.; and              )
4   DOES 1 through 100, Inclusive,                )
                                                  )
5                Defendants                       )
                                                  )
6
7
8
9                **GROUP ACTION COMPLAINT**

10         COMES NOW, Plaintiffs KJH & RDA INVESTOR GROUP, LLC; 37th FLOOR

11   INVESTOR GROUP, LLC; MICHAEL ANDERSON and MATHEW ANDERSON; PIERRE

12   BAIN; IBRAHIM BARLAJ and LAURA BARLAJ; DAN BIRDSALL; TERENCIA

13   CONEJERO; DIANE B. FAULCONER; FCF, LLC; STEPHEN J. GUYON; OGANES JOHN

14   HAKOPYAN; MARKAR KARATAS and NURHAN CELIK; FRANK KEANE and CAROL

15   KEANE; DENNIS LEUNG and JIYEN SHIN; LETICIA L. MAGRI; ANAHIT MANDOYAN

16   and ALEXANDER MANDOYAN; SUSAN MIGNOT and MARK MIGNOT; MARY

17   MOMDZHYAN; BB VENTURES, LLC; ED NARVAEZ; DANE R. PHILLIPS; CRAIG A.

18   PRIMAS; JAMES RICK and LAURINDA RICK; DOUGLAS SCHOEN; PGR ENTERPRISES,

19   LLC; DIMITRITSA H. TOROMANOVA; 38th FLOOR INVESTOR GROUP, LLC; DAVID L.

20   VADIS; ROSS BERKELEY; WOLF TRADING COMPANY, LLC; MICHAEL WILSON,

21   STANLEY WILSON, and CAMILLA WILSON; DASHRATH PANCHAL, DINA D.

22   PANCHAL and NARMIN HIRJI; QUEZADAS-HORTA FAMILY TRUST, Roberto Quezadas-

23   Horta, Trustee; JOSEPH H. SMITH and CAROL J. SMITH; MARIA ORELLANA; MAGHAMI

24   FERIAL TRUST, Ferial Maghami, Trustee; LEONARDO BARRERA and GLORIA

25   BARRERA; MOJISOLA ADEKUNBI and ABIOLA SANNI; SIGNATURE MGM GRAND,

26   LLC; DOUGLAS HUIBREGTSE; JAMES HOKANSON; ANTE LONCAR, LJUBICA

27

28                                        4

1  LONCAR and ELIZABETH G. VIDUCICH; RAUL RIOS and FERMINA RIOS; VLADIMIR

2  RIVKIN; DANNY MAES and STEPHANIE CLEVELAND; MARK N. KECHEJIAN and

3  CHRISTINE KECHEJIAN; MICHAEL HAHALYAK and LISA KRISAY-HAHALYAK;

4  BENJAMIN RUDNITSKY and TAMAR A. RUDNITSKY; CLAY FRAZIER and PAULA

5  FRAZIER; MIRIAM KIM and MARIE KIM; PASQUALE FEBBRARO and CATHLEEN M.

6  FEBBRARO; HYO SHIN and JUNG SHIN; EUN YOUNG LEE; JOHN O. TOROSIAN and

7  SARKIS TOROSIAN; LUNIQUE LE; RAFFI PIRICHIAN and ANI PIRICHIAN; JIM C.

8  BURGUM; NARMIN HIRJI; NANCY MARTINA; HERMAN CELIKIAN; RICHARD

9  FELDMAN; LES KRIEGER and REBEKAH KRIEGER; CHRISTINA KIM; JUAN MEDINA

10  and CLARISSA MEDINA; THOMAS CIFELLI and JOHN CIFELLI; MANSOUR SHAMS and

11  ZAHRIA SHAMS; LEE FAMILY TRUST, Chris Lee and Suzie Lee as Co-Trustees; BRADLEY

12  COSTELLO 1997 TRUST, Bradley Costello as Trustee; BERNARD KLOUDA; RUZAN

13  CHARKCHYAN and ARUTYUN CHARKCHYAN; MARCO GONZALEZ; MARK

14  BUCHSTABER and DEBORAH BUCHSTABER; and LINH TANG and HUNG TANG;

15  JERRY BROWN; WILLIAM PEDERSON and TATYANA PEDERSON; CHARLES GERACI

16  and DELVIN DIAZ; MYUNG JA CHO; SHERENNE TANG and JULIETA BALAHADIA;

17  CHENG LIM; DAVID SHIM; HOJOON LEE; MICHAEL LINARES and LAURIE LINARES;

18  GREG YI and GRACE YI; SOLIP, LLC; UJJAL GHOSHTAGORE; WERDMULLER FAMILY

19  TRUST, Walter E. Werdmuller von Elgg and Jill C. Werdmuller von Elgg, Trustees; SASAN

20  SEIDFATHI and MEHRNAZ SAGHAFI; LAWRENCE M. DUMOULIN; SEHAK TUNA and

21  VARTUHI TUNA; LAWRENCE HOBSON and LINDA M. HOBSON; LEE PRITZL;

22  BELINDA W. LOUIE; AMIN A. RAHIM and ZAITUN A. RAHIM; PRISCILLA SALEM; IKE

23  SHERMAN and GILLIANA SHERMAN; REMI OHTA; DUNCAN & GARDELLA

24  ENTERPRISES, LLC; ALEXANDER GONSECKI and VALENTINA GONSECKI; SHI SI

25  ZHENG; MARTHA VIAS; ANDRES ALOS; CHARLES CROOKS and LAURA CROOKS;

26  SAMPAL FAMILY REVOCABLE LIVING TRUST; FOUAD FEGHALI; BASSILIOS

27

28                                    5

1 | PETRAKIS; DANIEL REICH and NATALIE REICH; JOSE SANCHEZ; LINDA

2 | CORBRIDGE; RAFIK BAKIJAN; RONALD D. PERKINS; LV 700, LLC; LOUIS

3 | CARNESALE and JOHN CARNESALE ("PLAINTIFFS"), who bring this group action against

4 | TURNBERRY/MGM GRAND TOWERS, LLC, a Nevada LLC; MGM GRAND

5 | CONDOMINIUMS LLC, a Nevada LLC; THE SIGNATURE CONDOMINIUMS, LLC a

6 | Nevada LLC;  MGM MIRAGE, a Delaware Corporation; TURNBERRY/HARMON AVE.,

7 | LLC., a Nevada LLC; and TURNBERRY WEST REALTY, INC., a Nevada Corporation and

8 | DOES 1 through 100, inclusive (hereinafter collectively referred to as ("DEFENDANTS"), and

9 | allege, based upon information and belief, except where otherwise stated, as follows:

### NATURE OF THE ACTION

1.      The instant Complaint involves a scheme among the Defendants through which Plaintiffs were illegally and fraudulently induced through material omissions and concealments into purchasing investment securities (the "Securities") at the Signature at the MGM Grand Hotel/Casino in 2006 & 2007.

2.      The project was variously referred to as The Residences, The Residences at MGM Grand and/or The Residences: A Condo Hotel by Turnberry.  The name was subsequently changed prior to any closings and is currently operated under the brand name of the Signature at MGM Grand.

3.      There is a unity of interest among Defendant Turnberry/MGM Grand Towers, LLC, which is a shell entity, and the other Defendants such that if only Turnberry/MGM Grand Towers, LLC were held liable there would be an inequitable result and Plaintiffs' would be unable to reach the funds they paid for the investment securities.  The sale of securities by Defendant was a single business enterprise with Turnberry/MGM Grand Towers, LLC used as the tool, alter ego, agent and instrumentality of the other Defendants in an inequitable and fraudulent attempt to shield the other Defendants from liability and prevent Plaintiffs from

6

Division of Corporations - Online Services                                    Page 1 of 1

Delaware.gov | Text Only                              Governor | General Assembly | Courts | Elected Officials | State Agencies

**Department of State: Division of Corporations**

| | |
|---|---|
| **HOME** | Frequently Asked Questions   View Search Results |
| About Agency | |
| Secretary's Letter | **Entity Details** |
| Newsroom | |
| Frequent | |
| Questions | |
| Related Links | THIS IS NOT A STATEMENT OF GOOD STANDING |
| Contact Us | |
| Office Location | |

| | | | |
|---|---|---|---|
| **File Number:** | 4939799 | Incorporation Date / Formation Date: | 02/16/2011 (mm/dd/yyyy) |
| **Entity Name:** | **BOWDOIN STREET CAPITAL, LLC** | | |
| **Entity Kind:** | **LIMITED LIABILITY COMPANY (LLC)** | **Entity Type:** | **GENERAL** |
| **Residency:** | **DOMESTIC** | State: | **DE** |

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws
Online
Name Reservation
Entity Search
Status
Validate
Certificate
Customer Service
Survey

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and
Fees
Taxes
Expedited
Services
Service of Process
Registered Agents
Get Corporate
Status
Submitting a
Request  How to
Form a New
Business Entity
Certifications,
Apostilles &
Authentication of
Documents

**REGISTERED AGENT INFORMATION**

| | |
|---|---|
| Name: | **THE CORPORATION TRUST COMPANY** |
| Address: | **CORPORATION TRUST CENTER 1209 ORANGE ST** |
| City: | **WILMINGTON**    County: **NEW CASTLE** |
| State: | **DE**    Postal Code: **19801** |
| Phone: | **(302)658-7581** |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ◉ Status ◉ Status,Tax & History Information  [ Submit ]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

site map  |  about this site  |  contact us  |  translate  |  delaware.gov

**AMERICAN ARBITRATION ASSOCIATION
COMMERCIAL AND CLASS ACTION ARBITRATION TRIBUNAL
AAA CASE NO.  11 115 01858 09**

Mary Ann Sussex; Mitchell Pae; Malcolm Nicholl
and Sandy Scalise; Ernesto Valdez, Sr. and
Ernesto Valdez, Jr.; John Hanson and Elizabeth Hanson;
Andres F. Alos; Martha Vias; Charles Crooks and
Laura Crooks; Sampal Family Revocable Living Trust;
Daniel Reich and Natalie Reich; Jose Sanchez;
Linda S. Corbridge; Fouad Feghali; Bassilios C. Petrakis
and Ronald D. Perkins, on behalf of
themselves and all others similarly situated

Claimants,

and

TURNBERRY/MGM GRAND TOWERS, LLC
a Nevada LLC; MGM Grand Condominium LLC,
a Nevada LLC; The Signature Condominiums LLC,
a Nevada LLC; MGM Mirage, a Delaware Corporation;
Turnberry/Harmon Ave, LLC; and
Turnberry West Realty, Inc., a Nevada Corporation,

Respondents.

---

## PARTIAL FINAL CLAUSE CONSTRUCTION AWARD

### Introduction

I, the Undersigned Arbitrator, having been designated in accordance with the arbitration

clause of the Signature at MGM Grand Purchase and Sale Agreements (the "Agreements"),

entered into between Claimants, Mary Ann Sussex ("Sussex"), Mitchell Pae ("Pae"), Malcolm

Nicholl ("Nicholl"),  Sandy Scalise ("Scalise"), Ernesto Valdez, Sr. and Ernesto Valdez, Jr. (the

"Valdezes"); John Hanson and Elizabeth Hanson ("Hansons"), Andres F. Alos ("Alos"), Martha

Vias ("Vias"), Charles Crooks and Laura Crooks ("the Crooks"), Sampal Family Revocable

TMGM 43

Living Trust ("Sampal Trust"), Daniel Reich and Natalie Reich ("Reich"), Jose Sanchez ("Sanchez"), Linda S. Corbridge, ("Corbridge"), Fouad Feghali ("Feghali"), Bassilios C. Petrakis ("Petrakis"), and Ronald D. Perkins ("Perkins") (collectively "Claimants"), and Respondent Turnberry/MGM Grand Towers, LLC. ("Turnberry/MGM" or "Respondent"), having been duly sworn, and having duly examined the proofs and allegations of the parties, do hereby, AWARD as follows:

This Partial Final Clause Construction Award regarding the construction of the pertinent arbitration clauses is issued pursuant to American Arbitration Association ("AAA") Rule 3 of the Supplementary Rules for Class Arbitrations (the "AAA Rules") and the Order of June 16, 2009 of the United States District Court for the District of Nevada (the "Order"). Based on my review of the arbitration clauses, the relevant law, the record before me, and the submissions of counsel, I find that the arbitration clause in question does not permit the arbitration to proceed on behalf of a class. Nothing in this Partial Final Clause Construction Award implies any view of the merits of the underlying disputes.

## Background and Allegations

I.       Parties, Agreements, and Identity of Putative Class

Pursuant to the Agreements, Claimants purchased luxury hotel condominium units for a project known as the Signature at MGM Grand ("Signature"). Signature was developed under an approved Public Offering Statement, subject to a Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for the Condominium. The purchase prices ranged from $425,000 to $745,000. Each Agreement contained identical terms and conditions, although Claimant Sussex negotiated an amendment to her Agreement.

The Agreements contained an arbitration clause, which provided in part:

2