**I.      INTRODUCTION**

Plaintiffs respectfully request that this Court reconsider its Order of June 5, 2013 and modify the stay set forth therein for a period of ten (10) days to allow Arbitrator Hare to consider and decide whether to sign the proposed  Order attached hereto as Exhibit 1.  Once signed the Order will render moot Defendant's disqualification motion and save the parties substantial costs and delay in litigating the merits of the disqualification motion in state court.

Pursuant to this Court's Order of June 5, 2013 regarding a "future development" that would render moot the disqualification issue, Plaintiffs hereby tender the proposed Order attached hereto as Exhibit 1 for Arbitrator Hare to consider and sign in ten (10) days.  In order to complete this "future development", however, without being held in contempt of Court the Plaintiffs simply need the lifting of the stay order for only ten (10) days for the sole purpose of allowing  Arbitrator Hare to decide whether to sign the Order attached hereto as Exhibit 1.

**II.     THE INSTANT MOTION IS TIMELY FILED PURSUANT TO EDCR 2.24(B)**

Pursuant to EDCR 2.24(b), "a party seeking reconsideration of a ruling of the court…must file a motion for such relief within 10 days after service of written notice of the order or judgment unless the time is shortened or enlarged by order…"  Plaintiffs seek reconsideration of this Court's June 5, 2013 Order, which was served on June 6, 2013.  Plaintiffs are within the 10-day limit in which to file a Motion for Reconsideration and thus the instant Motion is timely filed.

**III.    ARGUMENT**

The AAA Arbitrator, Brendan Hare, was appointed as arbitrator in the federal *Sussex* case with the appointment reaffirmed by the Federal Court on August 11, 2010.[1]   Another AAA

---

[1] Docket No. 71; *Sussex et al. v. Turnberry/MGM Grand Towers, LLC* et al., Case No. 2:08-cv-00773-MMD-PAL.

3

TMGM 330

1  arbitration proceeding was ordered by this Court for the 145 Plaintiffs named in this *KJH* and

2  related state court cases.  Those 145 state court Plaintiffs filed a separate AAA arbitration entitled

3  *Agnello v. Turnberry/MGM Grand Towers, LLC, et al.* (AAA Case No.  11-115-Y-001963-09),

4  but no arbitrator had been appointed for that arbitration and no activities had taken place in that

5  arbitration until the issuance of the Consolidation Order on December 31, 2012.  A third AAA

6

7  arbitration was ordered in the federal court in the *Abraham* case, which was also consolidated on

8  December 31, 2012.

9       On December 31, 2012, Arbitrator Hare entered an order consolidating the Claimants in

10  the AAA *Agnello* Arbitration and the Claimants in the federal *Abraham* Arbitration as additional

11  Claimants in the AAA *Sussex* Arbitration for the purpose of motion practice, discovery and

12  individual trials.

13

14       This Court issued an Order on May 10, 2013, denying Defendant's Motion to Remove

15  Arbitrator, Brendan Hare, in the instant action and further ordered that:

16       Plaintiffs and the Arbitrator, their officers, agents, servants, employees, and
         attorneys, and all those persons in active concert or participation with them who
17       receive actual notice of this Decision and Order be, and the same hereby are,
         **enjoined** and restrained, for a period of thirty (30) days from and after the entry
18       hereof, unless otherwise ordered by this Court or by the Nevada Supreme Court,
         **from engaging in further arbitration proceedings which are the subject of**
19       **Defendant's above-referenced motion.**

20
     May 10, 2013 Order at 11:4-14. (Emphasis added)
21

22       On Monday, June 5, 2013,  this Court ordered that the stay would apply to not only the 145

23  Plaintiffs named in the *KJH* and related state court actions, but also to the 400 Plaintiffs named in

24  the *Sussex* and *Abraham* Arbitrations ordered by the federal courts.

25       In the June 5, 2013 Order this Court noted that "Plaintiffs brought up the idea of severing

26  the arbitration specifically regarding the Plaintiffs in this case from the others, purportedly

27  rendering moot the disqualification issue; but that possibility would obviously require further

28

                                            4

development, and the Court cannot just assume at this point that arbitrations of cases that have proceeded to a point in a consolidated format should now simply be severed..." Order at 2:12-18; June 5, 2013.

In fact, the state court Plaintiffs were not parties to the AAA *Sussex* Arbitration prior to the December 31, 2012 Order No. 9 ("Consolidation Order") wherein consolidation was granted and did not participate in the prior three (3) years of active litigation.  Since the Consolidation Order was entered, Respondents in the *Sussex* Arbitration have moved for reconsideration of the Consolidation Order and the parties have submitted briefs regarding proposed discovery plans, but no discovery has taken place and no other issues have been litigated in the *Sussex* Arbitration. Accordingly, there is no basis to assume that the cases have proceeded to a point in a consolidated format that the claims of the State Court Plaintiffs could not simply be severed by the Arbitrator.

"A district court may reconsider a previously decided issue if substantially different evidence is subsequently introduced or the decision is clearly erroneous." *Masonry and Tile v. Jolley, Urga & Wirth*, 113 Nev. 737, 741, 941 P.2d 486, 489 (1997).  Reconsideration is appropriate here because the "further development" that will moot the disqualification issue cannot occur unless this Court modifies its June 5, 2013 Order for the limited purpose of allowing Arbitrator Hare to order severance of the State Court Plaintiffs as set forth in Exhibit 1.   Allowing Arbitrator Hare to sign the Order attached as Exhibit 1 will obviate any need for this Court to speculate or make assumptions regarding the possible severance of the claims of the state court Plaintiffs.   All that is requested of this Court is the lifting of the stay for ten (10) days solely for the purpose of having the proposed Order considered and signed by Arbitrator Hare.

DATED this 11th day of June, 2013.

By: _____

ROBERT B. GERARD, ESQ.

5

NV Bar No. 5323
RICARDO R. EHMANN, ESQ.
NV Bar No. 10576
**GERARD & ASSOCIATES**
2840 S. Jones Blvd., Bldg. D, Ste. 4
Las Vegas, Nevada 89146
Tel. (702) 251-0093
Fax (702) 251-0094

NORMAN BLUMENTHAL, ESQ.
California State Bar #068687
**BLUMENTHAL NORDREHAUG
 & BHOWMIK**
2255 Calle Clara
La Jolla, California 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232

Burton Wiand, Esq.
Florida State Bar #407690
**WIAND GUERRA KING**
5505 West Grey Street
Tampa, Florida 33609
Telephone: (813) 347-5100
Facsimile: (813) 347-5199

*Attorneys for Plaintiffs*

6

TMGM 333

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2013, a true and correct copy of PLAINTIFFS' MOTION FOR RECONSIDERATION UNDER EDCR 2.24 OF COURT'S ORDER OF JUNE 5, 2013 was served by electronically filing with the Clerk of the Court using the Wiznet Electronic Service system and serving all parties with an email-address on record, who have agreed to receive Electronic Service in this action, as well as by U.S. Mail to the following:

Steve Morris, Esq.
Akke Levin, Esq.
JP Hendricks, Esq.
**MORRIS LAW GROUP**
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

By: _____
An Employee of Gerard & Associates

7

TMGM 334

**EXHIBIT "1"**

TMGM 335

**AMERICAN ARBITRATION ASSOCIATION**

**AAA #11 11-115-Y-000264-12**

MARY ANN SUSSEX; MITCHELL PAE; MALCOLM NICHOLL; AND SANDY SCALISE; ERNESTO VALDEZ, SR. AND ERNESTO VALDEZ, JR.; JOHN HANSON AND ELIZABETH HANSON; ANDRES F. ALOS; MARTHA VIAS; CHARLES CROOKS AND LAURA CROOKS; SAMPAL FAMILY REVOCABLE LIVING TRUST; DANIEL REICH AND NATALIE REICH;JOSE SANCHEZ; LINDA S. CORBRIDGE; FOUAD FEGHALI; BASSILIOS C. PETRAKIS AND RONALD PERKINS; on behalf of themselves and all others similarly situated

and

TURNBERRY/MGM GRAND TOWERS, LLC, a Nevada LLC; MGM GRAND CONDOMINIUMS,LLC, a Nevada LLC; THE SIGNATURE CONDOMINIUMS, LLC, a Nevada LLC; MGM MIRAGE, a Delaware Corporation ; MGM RESORTS INTERNATIONAL, a Delaware Corporation; TURNBERRY/HARMON AVE. LLC; MGM GRAND HOTEL, LLC, a Nevada LLC; SIGNATURE TOWER 1, LLC, a Nevada LLC; SIGNATURE TOWER 2, LLC, a Nevada, LLC; SIGNATURE TOWER 3, LLC, a Nevada LLC; and TURNBERRY WEST REALTY, INC., a Nevada Corporation

<u>ORDER No. 15, REVISING ORDER NO. 9: CONSOLIDATION</u>

On December 31, 2012, after having considered the briefs, written submissions, and arguments of the parties, I granted Claimants' Motion to Consolidate Claims to the extent described in the December 31, 2012 Order No. 9 Consolidation ("Consolidation Order") concluding that consolidation will advance the just, efficient, and economic resolution of this matter.

AAA Rule L-4(a) mandates that the "Arbitrator shall take steps to avoid delay and achieve a just, speedy and cost-effective resolution of large complex commercial cases." Delaying this entire arbitration pending further litigation of Respondent Turnberry MGM Grand Towers LLC's motion in state court seeking my disqualification prior to any final award will not advance the just, efficient and economic resolution of this matter. The only way to achieve this mandate of AAA Rule L-4(a) is to grant the request of those Respondents who are Plaintiffs in the State Court who have separately filed AAA Arbitration entitled *Agnello et al. v. Turnberry/MGM Grand Towers, LLC et al.* (aka *KJH & RDA Investor Group, LLC et al. v. Turnberry/MGM Grand Towers, LLC et al.*) to sever their claims from those of the other Respondents in this Arbitration and allow them to proceed separately with their own arbitration with a new arbitrator. I therefore hereby revise my December 31, 2012 Order No. 9 Consolidation to so order.

Dated: _____          _____

                                                        Brendan M. Hare, Arbitrator

TMGM 336

**EXHIBIT "2"**

TMGM 337

1 **ORDR**
ROBERT B. GERARD, ESQ.
2 NV Bar No. 5323
RICARDO R. EHMANN, ESQ.
3 NV Bar No. 10576
**GERARD & ASSOCIATES**
4 2840 S. Jones Blvd., Bldg. D, Ste. 4
Las Vegas, Nevada 89146
5 Tel. (702) 251-0093
Fax (702) 251-0094
6
NORMAN BLUMENTHAL, ESQ.
7 California State Bar #068687
**BLUMENTHAL NORDREHAUG & BHOWMIK**
8 2255 Calle Clara
La Jolla, California 92037
9 Telephone: (858) 551-1223
Facsimile: (858) 551-1232
10
11 *Attorneys for Plaintiffs*

**DISTRICT COURT**

12 **CLARK COUNTY, NEVADA**

13

14
KJH & RDA INVESTOR GROUP, LLC et al.    Case No. A547024
15
             Plaintiffs,                Dept. No.: XIII
16
      vs.                               **ORDER RE PLAINTIFFS' MOTION FOR**
17                                       **RECONSIDERATION UNDER EDCR**
TURNBERRY/MGM GRAND TOWERS,              **2.24(B) OF COURT'S ORDER OF JUNE 5,**
18 LLC, et al.                           **2013**
19
             Defendants.
20

21      This matter came before the Court on _____, for hearing on Plaintiffs' Motion for

22
Reconsideration of this Court's Order of June 5, 2013 ("Motion for Reconsideration"). The Court,
23
having read and considered Plaintiffs' Motion and related briefing, and good cause appearing, it is
24
hereby
25
        ORDERED that the 30-day stay included in this Court's Order dated June 5, 2013 is
26
hereby lifted for ten (10) days for the sole purpose of allowing Arbitrator Hare to decide whether
27
28

1030287.1                                    -1-

TMGM 338

1  to sign the Order attached hereto as <u>Exhibit 1</u> which would sever the claims of the named

2  Plaintiffs in the state court cases, who have separately filed AAA Arbitration, AGNELLO et al. v.

3  TURNBERRY/MGM GRAND TOWERS, LLC, et al. (aka KJH & RDA INVESTOR GROUP,

4  LLC et al. v TURNBERRY/MGM GRAND TOWERS, LLC et al.) from the *Sussex* Arbitration

5  and allow them to proceed separately with their own AAA Arbitration with a new arbitrator.

6

7

8          Dated this _____ day of June, 2013.

9

10

11                                          _____

12                                          MARK R. DENTON
                                            DISTRICT JUDGE

13

14  Respectfully submitted by:

15  _____
    ROBERT B. GERARD, ESQ.
16  NV Bar No. 5323
    RICARDO R. EHMANN, ESQ.
17  NV Bar No. 10576
    **GERARD & ASSOCIATES**
18  2840 S. Jones Blvd., Bldg. D, Ste. 4
    Las Vegas, Nevada  89146
19  Tel. (702) 251-0093
    Fax (702) 251-0094
20
    NORMAN BLUMENTHAL, ESQ.
21  California State Bar #068687
    **BLUMENTHAL NORDREHAUG & BHOWMIK**
22  2255 Calle Clara
    La Jolla, California 92037
23  Telephone:  (858) 551-1223
    Facsimile:  (858) 551-1232
24
    *Attorneys for Plaintiffs*
25

26

27

28

1030287.1                              -2-

**EXHIBIT "1"**

TMGM 340

AMERICAN ARBITRATION ASSOCIATION

AAA #11 11-115-Y-000264-12

MARY ANN SUSSEX; MITCHELL PAE; MALCOLM NICHOLL; AND SANDY SCALISE; ERNESTO VALDEZ, SR. AND ERNESTO VALDEZ, JR.; JOHN HANSON AND ELIZABETH HANSON; ANDRES F. ALOS; MARTHA VIAS; CHARLES CROOKS AND LAURA CROOKS; SAMPAL FAMILY REVOCABLE LIVING TRUST; DANIEL REICH AND NATALIE REICH;JOSE SANCHEZ; LINDA S. CORBRIDGE; FOUAD FEGHALI; BASSILIOS C. PETRAKIS AND RONALD PERKINS; on behalf of themselves and all others similarly situated

and

TURNBERRY/MGM GRAND TOWERS, LLC, a Nevada LLC; MGM GRAND CONDOMINIUMS,LLC, a Nevada LLC; THE SIGNATURE CONDOMINIUMS, LLC, a Nevada LLC; MGM MIRAGE, a Delaware Corporation ; MGM RESORTS INTERNATIONAL, a Delaware Corporation; TURNBERRY/HARMON AVE. LLC; MGM GRAND HOTEL, LLC, a Nevada LLC; SIGNATURE TOWER 1, LLC, a Nevada LLC; SIGNATURE TOWER 2, LLC, a Nevada, LLC; SIGNATURE TOWER 3, LLC, a Nevada LLC; and TURNBERRY WEST REALTY, INC., a Nevada Corporation

<u>ORDER No. 15, REVISING ORDER NO. 9: CONSOLIDATION</u>

On December 31, 2012, after having considered the briefs, written submissions, and arguments of the parties, I granted Claimants' Motion to Consolidate Claims to the extent described in the December 31, 2012 Order No. 9 Consolidation ("Consolidation Order") concluding that consolidation will advance the just, efficient, and economic resolution of this matter.

AAA Rule L-4(a) mandates that the "Arbitrator shall take steps to avoid delay and achieve a just, speedy and cost-effective resolution of large complex commercial cases." Delaying this entire arbitration pending further litigation of Respondent Turnberry MGM Grand Towers LLC's motion in state court seeking my disqualification prior to any final award will not advance the just, efficient and economic resolution of this matter. The only way to achieve this mandate of AAA Rule L-4(a) is to grant the request of those Respondents who are Plaintiffs in the State Court who have separately filed AAA Arbitration entitled *Agnello et al. v. Turnberry/MGM Grand Towers, LLC et al.* (aka *KJH & RDA Investor Group, LLC et al. v. Turnberry/MGM Grand Towers, LLC et al.*) to sever their claims from those of the other Respondents in this Arbitration and allow them to proceed separately with their own arbitration with a new arbitrator. I therefore hereby revise my December 31, 2012 Order No. 9 Consolidation to so order.

Dated: _____               _____

                                   Brendan M. Hare, Arbitrator

IN THE SUPREME COURT FOR THE STATE OF NEVADA

No.63290

TURNBERRY/MGM GRAND TOWERS, LLC

Petitioner

*vs.*

THE EIGHTH JUDICIAL DISTRICT COURT
OF THE STATE OF NEVADA IN AND FOR
THE COUNTY OF CLARK; AND THE
HONORABLE MARK R. DENTON,
DISTRICT JUDGE,

Respondents

and KJH & RDA Investor Group, LLC, et al.,

Real Parties in Interest

Electronically Filed
Jun 18 2013 05:01 p.m.
Tracie K. Lindeman
Clerk of Supreme Court

Writ of Mandamus to the CLARK COUNTY DISTRICT COURT

**EMERGENCY MOTION UNDER NRAP 27(e)**

Action Necessary by June 28, 2013

GERARD & ASSOCIATES
Robert B. Gerard, Esq.
Nevada State Bar #005323
Ricardo R. Ehmann, Esq.
Nevada State Bar #10576
2840 South Jones Boulevard
Building D, Suite #4
Las Vegas, Nevada 89146
Telephone:    (702) 251-0093
Facsimile:    (702) 363-2588

BLUMENTHAL NORDREHAUG
& BHOWMIK
Norman B. Blumenthal (pro hac vice)
California State Bar # 068687
2255 Calle Clara
La Jolla, CA 92037
Tel: (858) 551-1223
Fax: (858) 551-1232

WIAND GUERRA KING
Burton Wiand (pro hac vice)
Florida State Bar #407690
3000 Bayport Drive, Suite 600
Tampa, Florida 33607
Tel: (813) 347-5100
Fax: (813) 347-5199

*Attorneys for Real Parties in Interest/Plaintiffs*

TMGM 342

## I.   <u>INTRODUCTION</u>

Real Parties in Interest ("State Plaintiffs") agree to proceed without Arbitrator Hare in their separately-filed arbitration, so that the other plaintiffs in the federally-ordered *Sussex* AAA Arbitration ("Federal Plaintiffs"), who have spent millions of dollars in fees and costs in three (3) years of litigation and arbitration, can proceed with their arbitration.[1]  The United States District Court that ordered the *Sussex* AAA Arbitration has ruled that the federal court has exclusive jurisdiction over the Federal Plaintiffs and that the ruling of the AAA denying Petitioner's motion to disqualify Hare is not subject to judicial review until after a final arbitration award has been entered.  Judge Denton also denied Petitioner's motion to disqualify Arbitrator Hare and also ruled that judicial review of Arbitrator Hare's qualifications must await a final award.  Despite the federal court's order, however, Judge Denton exercised jurisdiction over and stayed the Federal Plaintiffs, as well as the State Plaintiffs from proceeding with arbitration.[2]

The State Plaintiffs' agreement to proceed with their own arbitration, separately without Arbitrator Hare, when implemented, will render this writ and Petitioner's appeal moot.  Petitioner will have received all the relief that it could possibly gain as the result of its writ, and its claim of "evident partiality" against Arbitrator Hare will be a matter for the federal court to decide after a final award.  This Court determines only actual, live controversies and will not render opinions on issues that cannot affect the outcome of a case. *University and Community College System of Nevada v. Nevadans for Sound Government*, 120 Nev. 712, 720 (2004).  "Thus, this court has long recognized that cases presenting live controversies at the time of their inception may become moot by the occurrence of subsequent events." *Id.*

State Plaintiffs respectfully request that this Court summarily deny this writ petition and dismiss Petitioner's appeal as set forth in the proposed order attached hereto as <u>Exhibit 1</u>.  Once signed, the Order will render moot Petitioner's writ and appeal of the denial of the disqualification

---

[1] State Plaintiffs' agreement to proceed with their own separate arbitration without Arbitrator Hare is set forth in the "[Proposed] Order Denying Writ and Dismissing Appeal as Moot" which is attached hereto as <u>Exhibit 1</u>.

[2] A copy of Judge Denton's June 5, 2013 Order is attached hereto as <u>Exhibit 2</u>.

1

1  motion and save all the parties substantial costs and delay.

2  Pursuant to the District Court's Order of June 5, 2013 regarding a "future development" that

3  would render moot the disqualification issue, State Plaintiffs respectfully tender the proposed Order

4  attached hereto as Exhibit 1 to consider and sign in ten (10) days.   In the alternative if the Court

5  denies the request or does not rule on it within ten (10) days, State Plaintiffs respectfully request an

6  extension of 30 days to answer the Writ Petition, to allow the federal Plaintiffs time to seek

7  emergency relief from the United States District Court for the District of Nevada.

8

9  **II.**     **OVERVIEW OF THE CLAIM**

10  The Third Amended Complaint ("TAC") filed in the federally-ordered *Sussex* AAA

11  Arbitration, the expert opinions attached thereto, and the Separate Statements of 386 Claimants filed,

12  evidence the fact that the Claimants have a very strong case.  The Hotel Condominium Units at The

13  Signature at MGM Grand were marketed to the Claimants named therein and other investors

14  between 2004 and 2006 as high end luxury hotel condominium units by and through a sales pavilion

15  located in the MGM Grand Hotel and Casino on the famed MGM Studio Walk shopping and fine

16  dining promenade.  The entirety of the displays and imagery provided by the full scale models in the

17  pavilion along with the advertising promoted the investment as one in a luxury suite within an

18  upscale environment which would demand rental rates comparable to the highest end luxury units

19  in Las Vegas such as the Four Seasons and Bellagio, starting at $200 to $500 per night.

20  The sales force was scripted to promote the positive cash flow that would be generated from

21  the MGM Rental Program of these luxury units targeting affluent upscale clientele with upscale

22  amenities including a Euro Pool and Spa for the exclusive use of the owners and their guests.  The

23  advertised revenue split was touted as 60/40 in favor of the owner with only 10% coming off the top

24  for the rental manager and a project 90% occupancy rate.  The sales force pointed to the track record

25  of Turnberry of building first class high end condominium units with the highest standards of quality

26  in the industry as concrete evidence that this would be a five-star destination.  The Purchase and Sale

27  Agreement ("PSA") also promised in the incorporated Information Statement pursuant to NRS

28  116.41095 that the Homeowners Association that was to control the operations on the Condominium

1   Property areas would "operate on democratic principles" so that the owners of a majority of
2   residential units would control the use of the Condominium Property areas.

3          Acting in full reliance on these written and oral representations Claimants closed their
4   purchases of their units between May 2006 and May 2007.  The closing for most Claimants took
5   place in the sales pavilion.  Immediately after their closing of the purchase, Claimants were led
6   directly into the MGM Rental Management Office at the same location to sign the  MGM Rental
7   Management Agreement which they were not allowed to see prior thereto and which they were
8   required to sign without negotiation. Most of the Claimants acceded to these demands due to the fact
9   that they were not aware of any other means to rent their units; they had already closed their purchase
10  at substantial cost to them; they  believed the representations of the sales force; and they expected
11  that a public company like MGM and a multi-billion dollar builder like Turnberry would not cheat
12  or lie to them.

13         MGM's representations proved to be false.  The accounting was such that, upon receipt of
14  their first revenue check, Claimants discovered that the revenue split under the MGM Rental
15  Agreement was 30/70 in favor of MGM and that the economy rental rates of $99 per night or less
16  did not come close to the promised rates for luxury units.  The Condominium Property was also run
17  as an autocracy which allowed Defendants to transfer, without consideration, a portion of the
18  property of Towers A and B to MGM Grand Hotels, LLC to construct the "Wet Republic" day pool
19  catering to a raucous young crowd with music so loud from 11:00 a.m. to 6:00 p.m. that the windows
20  of units  rattle and the floors vibrate from decibel levels 8 times greater than Clark County's legal
21  limit.

22         When the Wet Republic opened in May of 2008 there was no longer any doubt  that the
23  target of the rentals by MGM for the Signature Suites would be to a young, raucous crowd at
24  economy rates.  As a result, most Claimants lost their property through foreclosure or a short sale
25  as values plummeted in lock step with the rental rates.  In return, MGM has reaped hundreds of
26  millions of dollars from their fraudulent scheme.[3]

27  _____

28         [3] MGM Mirage, *aka* MGM Resorts International, in fact disclosed in their 2007 10-K filing
     that "During 2007 and 2006, we recognized our share of profits form the sale of condominium units

                                              3

1    This claim is now set in the federally-ordered *Sussex* AAA Arbitration for discovery and for

2    the  trial of the first Plaintiff.

3    On December 31, 2012, Arbitrator Hare after extensive briefing and in person hearings

4    attended by Arbitrator Hare, Counsel for Plaintiffs and Counsel for Defendants in the federally-

5    ordered *Sussex* AAA Arbitration in Las Vegas, Nevada, **issued Order No. 9 granting the Federal**

6    **Plaintiffs' Motion to Consolidate and ordered "that the claims of the additional Claimants**

7    **described in the FAC [Fourth Amended Complaint] are consolidated with those of Claimants**

8    **currently party to this proceeding for purposes of coordinated discovery, motion practice and**

9    **rulings on common issues."[4]**

10   Importantly, the only difference between the Fourth Amended Complaint ("FAC") and the

11   TAC is the addition of the State Plaintiffs and the other Plaintiffs in the other federal action.

12   **Notably, at no time prior to the filing of the FAC in February 2013, were any of the State**

13   **Plaintiffs a part of any proceedings before Arbitrator Hare**.  As a result, the State Plaintiffs'

14   agreement to proceed separately, without Arbitrator Hare, will merely return them to the position

15   they were in prior to December 31, 2012.  More importantly, it will preserve the three years of

16   litigation by the federal Plaintiffs in the *Sussex* Arbitration and  will allow them to proceed with

17   Arbitrator Hare to a final award.  At that time the claim of evident partiality can be considered by

18   the federal court.   In the meantime the State Plaintiffs can proceed with their own arbitrator.

19

20   **III.    THIS COURT SHOULD DENY THE WRIT PETITION AND DISMISS**
         **PETITIONER' APPEAL AS MOOT**

21

22   Arbitrator Brendan Hare, was appointed as arbitrator in the federal *Sussex* AAA Arbitration

23   with the appointment reaffirmed by the Federal Court on August 11, 2010. Another AAA arbitration

24   proceeding was ordered by the state court for the 145 Plaintiffs named in this *KJH* and related state

25   _____

26   at the Signature at MGM Grand.  We recognized **$93** million and **$117 million**  (pre-tax) of such
     income in 2007 and 2006 respectively." (Emphasis added) **Therefore, MGM made a minium of**

27   **$210 million in profits from this scheme.**

28   [4] A copy of the December 31, 2012 Consolidation Order is attached hereto as <u>Exhibit 3</u>.

4

court cases. **The 145 state court Plaintiffs filed a separate AAA arbitration entitled *Agnello* *v. Turnberry/MGM Grand Towers, LLC, et al.* (AAA Case No.  11-115-Y-001963-09), but no arbitrator had been appointed for that arbitration and no activities had taken place in that arbitration until the issuance of the Consolidation Order on December 31, 2012.** A third AAA arbitration was ordered by the federal court in the *Abraham* case.

On December 31, 2012, Arbitrator Hare entered an order consolidating the State  Plaintiffs in the state court-ordered *Agnello* (*KJH*) AAA Arbitration and the Plaintiffs named in the federally-ordered *Abraham* AAA Arbitration as additional Claimants in the *Sussex* AAA Arbitration solely for the purpose of motion practice, discovery and individual trials.

On May 10, 2013, Judge Denton issued an Order denying Defendant's Motion to Remove Arbitrator Brendan Hare and stayed the *Sussex* AAA Arbitration.  On June 5, 2013, Judge Denton ruled that his stay order applied not only to the State Plaintiffs but also to the Federal Plaintiffs. In his June 5, 2013 Order, Judge Denton also noted that "Plaintiffs brought up the idea of severing the arbitration specifically regarding the Plaintiffs in this case from the others, purportedly rendering moot the disqualification issue; but that possibility would obviously require further development, and the Court cannot just assume at this point that arbitrations of cases that have proceeded to a point in a consolidated format should now simply be severed…" Exhibit 2 at 2:12-18.

**In fact, the State Plaintiffs were not parties to the federally-ordered AAA *Sussex* Arbitration until after the filing of the FAC after the December 31, 2012 consolidation order and did not participate in the prior three (3) years of active litigation.**  Since the Consolidation Order was entered, Respondents in the *Sussex* Arbitration have moved for reconsideration of the Consolidation Order and the parties have submitted briefs regarding proposed discovery plans, but no discovery has taken place.  Accordingly, there is no basis to assume that the cases have proceeded in a consolidated format, as that is not true.

The federal Plaintiffs previously filed a motion in federal court seeking a temporary restraining order and injunctive relief against Petitioner from proceeding with its motion to remove to Arbitrator Hare in state court.  On May 1, 2013, United Sates District Court Judge Miranda M. Du denied that motion because the state court had not yet attempted to assert jurisdiction over the

5

1   federal court plaintiffs but ruled that **"The state court maintains jurisdiction over only the state**

2   **claimants, regardless of the arbitration's consolidation with the federal plaintiffs."[5]** Judge Du's

3   exclusive jurisdiction over the federal plaintiffs in the *Sussex* AAA Arbitration is beyond dispute.

4   See *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2d Cir.1985); *Collins v. D.R. Horton,*

5   *Inc.*, 361 F.Supp.2d 1085, 1091 (D. Ariz. 2005) ("once a court obtains jurisdiction in an action and

6   enters an order compelling arbitration, that court retains jurisdiction with respect to subsequent

7   motions to confirm or vacate."); *Owen-Williams v. BB & T Inv. Services, Inc.*, 717 F.Supp.2d 1, 14

8   (D.D.C. 2010); *T & R Enter. v. Continental Grain Co.*, 613 F.2d 1272, 1279 (5th Cir.1980).

9        Now that Judge Denton has issued an order that maintains jurisdiction over not only the State

10   Plaintiffs but also the Federal Plaintiffs, the jurisdictional issue is ripe for review by the federal court

11   unless this Court limits its jurisdiction to the State Plaintiffs and accepts their agreement to arbitrate

12   separately with a new arbitrator.

13        Judge Denton's order interferes with the federal court's exclusive jurisdiction over the federal

14   Plaintiffs in the *Sussex* AAA Arbitration.  Therefore, unless this Court signs the Proposed Order

15   attached hereto as Exhibit 1, there will be a conflict with the federal court with respect to the federal

16   court's exclusive jurisdiction over the federal Plaintiffs.  Signing the Proposed Order will moot the

17   writ and appeal now pending in this Court.

18

19   **IV.   EMERGENCY RELIEF REQUESTED**

20        The State Plaintiffs respectfully request that this Court accept their agreement to proceed

21   separately in arbitration before a new arbitrator, as set forth in Exhibit 1 hereto, so as to render the

22   writ and appeal moot. As set forth in the NRAP 27(e) Certificate filed herewith, emergency relief

23   is necessary to avoid irreparable harm to the State Plaintiffs. The State Plaintiffs require emergency

24   relief under NRAP 27(e) because this Court has directed them to answer the Writ Petition within 30

25   days of June 10, 2013, and they will have to expend unnecessary time and expense preparing their

26

27        [5] Judge Du also ruled that the AAA's order denying Defendants' motion to disqualify

28   Arbitrator Hare is not subject to judicial review until after a final arbitration award had been issued.
     A copy of the Judge Du's May 1, 2013 Order is attached hereto as Exhibit 4.

TMGM 348

1 answer if expedited relief is not granted.   Before filing this motion, State Plaintiffs have notified

2 counsel for Petitioners and the Clerk of the Supreme Court that they would be filing this Emergency

3 Motion.

4       In the alternative, if the Court denies the emergency relief requested or does not rule on it

5 within ten (10) days, Real Parties respectfully request an extension of 30 days to answer the Writ

6 Petition, to allow the Federal Plaintiffs time to seek emergency relief from the United States District

7 Court before the State Plaintiffs prepare and file their Answer.

8

9                                 GERARD & ASSOCIATES

10

11 DATED this  18th  day of June, 2013.      By:    *Ricardo Ehmann*

                                    Robert B. Gerard, Esq.

12                                     Nevada State Bar #005323

                                    Ricardo R. Ehmann, Esq.

13                                     Nevada State Bar #10576

14                                     GERARD & ASSOCIATES

                                    2840 South Jones Boulevard

15                                     Building D, Suite #4

                                    Las Vegas, Nevada 89146

16                                     Telephone:    (702) 251-0093

                                    Facsimile:     (702) 363-2588

17                                     BLUMENTHAL NORDREHAUG

                                    & BHOWMIK

18                                     Norman B. Blumenthal (pro hac vice)

                                    California State Bar # 068687

19                                     2255 Calle Clara

                                    La Jolla, CA 92037

20                                     Tel: (858) 551-1223

                                    Fax: (858) 551-1232

21

22                                     WIAND GUERRA KING

                                    Burton Wiand (pro hac vice)

23                                     Florida State Bar #407690

24                                     3000 Bayport Drive, Suite 600

                                    Tampa, Florida 33607

25                                     Tel: (813) 347-5100

                                    Fax: (813) 347-5199

26

27

28

                                  7

TMGM 349

1      **CERTIFICATE OF SERVICE**

2           Pursuant to Nev. R. App. P. 25(b) and NEFR 9(f), I hereby certify that I am an

3      employee of Gerard & Associates and that on this date I electronically filed the foregoing

4      **EMERGENCY MOTION UNDER NRAP 27(e)** with the Clerk of the Court for the Nevada

5      Supreme Court by using the Nevada Supreme Court's E-Filing system (Eflex).

6           I certify that on the _18th_ day of June, 2013, a copy of the foregoing **EMERGENCY**

7      **MOTION UNDER NRAP 27(e)** has been served via U.S. Mail, pre-paid postage, and electronic

8      mail, to the following parties:

9

10     Steve Morris, Esq.
       sm@morrislawgroup.com
11     Akke Levin, Esq.
       al@morrislawgroup.com
12     Jean-Paul Hendricks, Esq.
       Jph@morrislawgroup.com
13     MORRIS LAW GROUP
       900 Bank of America Plaza
14     300 South Fourth Street
       Las Vegas, Nevada 89101
15
       Alex Fugazzi, Esq.
16     afugazzi@swlaw.com
       Justin Carley, Esq.
17     jcarley@swlaw.com
       SNELL & WILMER
18     3883 Howard Hughes Parkway, #1100
       Las Vegas, Nevada 89169
19
       Attorneys for Petitioner
20     Turnberry/MGM Grand Towers, LLC

21           I certify that I delivered by hand of copy of the **EMERGENCY MOTION UNDER**

22     **NRAP 27(e)** on June 19, 2013, to the following:

23
       The Honorable Mark R. Denton
24     Regional Justice Center
       200 S. Lewis Street
25     Department 13
       Las Vegas, NV 89101
26

27                                              _An Employee of Gerard & Associates_

28

                                        8

IN THE SUPREME COURT FOR THE STATE OF NEVADA

No.63290

TURNBERRY/MGM GRAND TOWERS, LLC

Petitioner

*vs.*

THE EIGHTH JUDICIAL DISTRICT COURT
OF THE STATE OF NEVADA IN AND FOR
THE COUNTY OF CLARK; AND THE
HONORABLE MARK R. DENTON,
DISTRICT JUDGE,

Respondents

and KJH & RDA Investor Group, LLC, et al.,

Real Parties in Interest

Writ of Mandamus to the CLARK COUNTY DISTRICT COURT

**NRAP 27(e) CERTIFICATE**

| | |
|---|---|
| GERARD & ASSOCIATES | BLUMENTHAL NORDREHAUG & |
| Robert B. Gerard, Esq. | BHOWMIK |
| Nevada State Bar #005323 | Norman B. Blumenthal (pro hac vice) |
| Ricardo R. Ehmann, Esq. | California State Bar # 068687 |
| Nevada State Bar #10576 | 2255 Calle Clara |
| 2840 South Jones Boulevard | La Jolla, CA 92037 |
| Building D, Suite #4 | Tel: (858) 551-1223 |
| Las Vegas, Nevada 89146 | Fax: (858) 551-1232 |
| Tel:   (702) 251-0093 | |
| Fax:   (702) 363-2588 | WIAND GUERRA KING |
| | Burton Wiand (pro hac vice) |
| | Florida State Bar #407690 |
| | 3000 Bayport Drive, Suite 600 |
| | Tampa, Florida 33607 |
| | Tel: (813) 347-5100 |
| | Fax: (813) 347-5199 |

*Attorneys for Real Parties in Interest/Plaintiffs*

TMGM 351

1    I hereby certify that I have read this Emergency Motion Under NRAP 27(e) and that

2  the emergency relief requested therein is necessary to avoid irreparable harm to the Real Parties

3  in Interest because this  Court has directed them to answer the Writ Petition within 30 days of

4  June 10, 2013, and they will have to expend unnecessary time and expense preparing their

5  answer if expedited relief is not granted.   Before filing this Emergency Motion, State Plaintiffs

6  notified counsel for Petitioner by email on June 18, 2013 and the Clerk of the Supreme Court by

7  telephone on June 18, 2013 that they would be filing this Emergency Motion.  State Plaintiffs

8  have served Petitioner with a copy of this Emergency Motion.

9    The telephone number and office addresses for counsel for the parties is as follows:

10  MORRIS LAW GROUP                          SNELL & WILMER LLP

11  Steve Morris, Bar No. 1543                      Alex Fugazzi,  Bar No. 9022
     Akke Levin,  Bar No. 9102                      Justin Carley,  Bar No. 9994
12  Jean-Paul Hendricks, Bar No. 10070          3883 Howard Hughes Parkway, #1100
     900 Bank of America Plaza                      Las Vegas, NV 89169
13  300 South Fourth Street                         Telephone: (702) 784-5200
     Las Vegas, NV 89101                            Facsimile: (702) 784-5252
14  Telephone: (702) 474-9400
     Facsmile: (702) 474-9422                       Attorneys for Petitioner
15                                                   Turnberry/MGM Grand Towers, LLC
     Attorneys for Petitioner
16  Turnberry/MGM Grand Towers, LLC

17  GERARD & ASSOCIATES                        BLUMENTHAL NORDREHAUG &
     Robert B. Gerard, Esq.                        BHOWMIK
18  Nevada State Bar #005323                      Norman Blumenthal, Esq. (Pro Hac Vice)
     Ricardo R. Ehmann, Esq.                       California State Bar #068687
19  Nevada State Bar #10576                        2255 Calle Clara
     2840 South Jones Blvd                         La Jolla, California 92037
20  Building D, Unit 4                              Tel: (858) 551-1223
     Las Vegas, Nevada                             Fax: (858) 551-1232
21  Tel: (702) 251-0093
     Fax: (702) 251-0094                           Attorneys for Real Parties In Interest/
22                                                   Plaintiffs
     WIAND GUERRA KING
23  Burton Wiand (pro hac vice)
     Florida State Bar #407690
24  3000 Bayport Drive, Suite 600
     Tampa, Florida 33607
25  Tel: (813) 347-5100
     Fax: (813) 347-5199
26  Attorneys for Real Parties In Interest/Plaintiffs

27  DATED this  18th  day of June, 2013.          By: _____
                                                      RICARDO R. EHMANN, ESQ.
28                                                   Attorney for Real Parties in Interest

TMGM 352

# EXHIBIT 1

Docket 63290   Document 2013-17987

TMGM 353

1        IN THE SUPREME COURT FOR THE STATE OF NEVADA

2                  _____           No.63290

3

4  TURNBERRY/MGM GRAND TOWERS, LLC

5  Petitioner

6                       *vs.*

7  THE EIGHTH JUDICIAL DISTRICT COURT
    OF THE STATE OF NEVADA IN AND FOR

8  THE COUNTY OF CLARK; AND THE
    HONORABLE MARK R. DENTON,

9  DISTRICT JUDGE,

10  Respondents

11  and KJH & RDA Investor Group, LLC, et al.,

12  Real Parties in Interest

13            _____

14      Writ of Mandamus to the CLARK COUNTY DISTRICT COURT

15  _____

16  *[PROPOSED] ORDER DENYING WRIT AND DISMISSING APPEAL AS MOOT*

17

18

19

20

21

22

23

24

25

26

27

28

1        Having reviewed Real Parties in Interest's Emergency Motion Under NRAP 27(e) and

2   good cause appearing therefore, it is hereby ordered that Real Parties in Interest, who have

3   separately filed AAA Arbitration, *Agnello et al. v. Turnberry/ MGM Grand Towers LLC, et al*

4   (aka *KJH & RDA Investor Group, LLC v. Turnberry/ MGM Grand Towers LLC, et al* .), have

5   agreed to and shall proceed separately with their separately-filed arbitration without Arbitrator

6   Hare so as to allow the other plaintiffs in the federally-ordered *Sussex* AAA Arbitration to

7   proceed separately with Arbitrator Hare.  Petitioner, by reason of this agreement by Real

8   Parties in Interest will receive full relief with respect to Real Parties in Interest, who are the only

9   plaintiffs over whom this Court has jurisdiction.  Therefore the Writ Petition is denied and

10  Petitioner's appeal is dismissed as moot.

11       It is so ORDERED.

12

13                                 _____

14                                 _____

15                                 _____

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# EXHIBIT 2

Docket 63290   Document 2013-17987

TMGM 356

Electronically Filed
06/05/2013 02:55:29 PM

DISTRICT COURT

CLARK COUNTY, NEVADA

CLERK OF THE COURT

1

2

3

4  KJH & RDA INVESTOR GROUP, LLC; 37TH )
5  FLOOR INVESTOR GROUP, LLC; MICHAEL )
   ANDERSON and MATTHEW ANDERSON; )
6  CHARLES and FERNE AVILA and MICHAEL )
   GALASSO; PIERRE BAIN; IBRAHIM & )  CASE NO.  A547024
7  LAURA BARLAJ; DAN BIRDSALL; HIN & )  DEPT. NO.  XIII
   WING SUNG CHAN; TERENCIA CONEJERO; )
8  DIANE B. FAULCONER; FCF, LLC; )
   STEPHEN J. GUYON; OGANES JOHN )  Date:  May 30, 2013
9  HAKOPYAN; ZIA U. KHAN; MARKAR )  Time:  9:00 a.m.
   KARANTAS and NURHAN CELIK; FRANK & )
10 CAROL KEANE; DENNIS LEUNG and JIYEN )
   SHIN; K.B. LIM; ANITA and TAI CHI )
11 LUK; LETICIA L. MAGRI; ANAHIT & )
   ALEXANDER MANDOYAN; AOKI MICHI II, )
12 LLC, SUSAN AND MARK MIGNOT; MARY )
   MOMDZHYAN; BB VENTURES, LLC; ED )
13 NARVAEZ; DANE R. PHILLIPS; CRAIG A. )
   PRIMAS; JAMES and LAURINDA RICK; )
14 DOUGLAS SCHOEN; PGR ENTERPRISES, )
   LLC; DIMISTRITSA H. TOROMANOVA; )
15 38TH FLOOR INVESTOR GROUP, LLC; and )
   DAVID L. VADIS, )
16                                    )
17       Plaintiffs,                  )
                                      )
18 vs.                                )
                                      )
19 TURNBERRY/MGM GRAND TOWERS, LLC,    )
                                      )
20       Defendant.                    )
   _____ )

21

22                    **DECISION AND ORDER**

23       THIS MATTER having come before the Court on May 30,

24 2013 for hearing on Plaintiffs' Motion for Clarification of

25 Court's Order of May 10, 2013, and on Defendants' Countermotion

26 to Extend Stay Pending Decision on Writ Petition, and the Court,

27 having considered the papers submitted in connection with such

28

MARK R. DENTON
DISTRICT JUDGE

DEPARTMENT THIRTEEN
LAS VEGAS, NV 89155

RECEIVED
JUN 05 2013
CLERK OF THE COURT
(14)

TMGM 357

item and heard the arguments made on behalf of the parties and then taken the matter under advisement for further consideration;

NOW, THEREFORE, the Court decides the submitted issues as follows:

The arbitration tribunal brings together cases filed by Plaintiffs in both state and federal courts.  While the Plaintiffs differ in their selection of forum, the same Defendants are included in all.  In their Reply to the Opposition, and during the hearing, Plaintiffs brought up the idea of severing the arbitration specifically regarding the Plaintiffs in this case from the others, purportedly rendering moot the disqualification issue; but that possibility would obviously require further development, and the Court cannot just assume at this point that arbitrations of cases that have proceeded to a point in a consolidated format should now simply be severed because of a brief delay occasioned by a consideration of the important issue that has been raised about the qualifications of the Arbitrator.

Once references to arbitration occurred, by whatever forum, they were apparently consolidated in arbitration by the Arbitrator.  Thus, the Court does not consider that its ruling directed at the Arbitrator interferes with the jurisdiction of other courts, state or federal.

2

**MARK R. DENTON**
DISTRICT JUDGE

DEPARTMENT THIRTEEN
LAS VEGAS, NV 89155

The Court's Decision and Order entered May 10, 2013 does, as observed by Plaintiffs' counsel, have the language "involving the parties hereto" at page 10, line 11, but that is not inconsistent with the fact that what the parties to this case are involved in concerns an arbitration that includes parties from other cases as well.

In addition, the language of the Order portion of such Decision and Order pertains not just to the Plaintiffs, but to the Arbitrator as well.

The Court appreciates Plaintiffs' desire to proceed without further delay, but it does not consider a brief restraint to permit Defendants to seek relief from the Court's denial of their Motion to disqualify the Arbitrator to be unwarranted.

All things considered, the Court DENIES Plaintiffs' subject Motion for Clarification.  In addition, the Court will GRANT Defendants' Countermotion IN PART, and will extend the restraint for an additional period of thirty (30) days from and after its current expiration date of June 12, 2013.  The Court does this in recognition of the fact that the Supreme Court, with its heavy calendar, is being called upon by Defendants to immediately consider what is, in effect, an emergency application for an additional restraint beyond what this Court has provided, and this additional period will provide some

3

MARK R. DENTON
DISTRICT JUDGE
DEPARTMENT THIRTEEN
LAS VEGAS, NV 89155

1  relief in that regard.

2         NOW, THEREFORE, IT IS HEREBY SO ORDERED, ADJUDGED, AND

3  DECREED; and

4         COUNSEL FOR DEFENDANTS IS DIRECTED TO PROVIDE PROMPT

5  WRITTEN NOTICE OF ENTRY HEREOF.

6         DATED this 5ᵗʰ day of June, 2013.

7

8

9                          MARK R. DENTON

10                          DISTRICT JUDGE

11                  CERTIFICATE

12         I hereby certify that on or about the date filed, and

13  as a courtesy not comprising formal written notice of entry,

14

15  this document was e-served or a copy of this document was placed

16  in the attorney's folder in the Clerk's Office or mailed to:

17        GERARD & ASSOCIATES
      Attn:  Robert B. Gerard, Esq./Ricardo Ehmann, Esq.

18

19        MORRIS LAW GROUP
      Attn:  Steve Morris, Esq./Akke Levin, Esq.

20                      LORRAINE TASHIRO

21                      Judicial Executive Assistant

22                      Dept. No. XIII

23

24

25

26

27                          4

28

TMGM 360

**EXHIBIT 3**

TMGM 361

AMERICAN ARBITRATION ASSOCIATION
AAA # 11 11-115-Y-000264-12

MARY ANN SUSSEX; MITCHELL PAE; MALCOLM NICHOLL
AND SANDY SCALISE; ERNESTO VALDEZ, SR. AND ERNESTO
VALDEZ, JR; JOHN HANSON AND ELIZABETH HANSON;
ANDRES F. ALOS; MARTHA VIAS; CHARLES CROOKS AND
LAURA CROOKS; SAMPAL FAMILY REVOCABLE LIVING
TRUST; DANIEL REICH AND NATALIE REICH; JOSE
SANCHEZ; LINDA S. CORBRIDGE; FOUAD FEGHALI;
BASSILIOS C. PETRAKIS AND RONALD D. PERKINS; on behalf
of themselves and all others similarly situated

and

TURNBERRY/MGM GRAND TOWERS, LLC, A Nevada LLC;
MGM GRAND CONDOMINIUMS LLC, A Nevada LLC; THE
SIGNATURE CONDOMINIUMS, LLC, A Nevada LLC; MGM
MIRAGE, a Delaware Corporation; MGM RESORTS
INTERNATIONAL, a Delaware Corporation; TURNBERRY/
HARMON AVE., LLC; MGM GRAND HOTEL, LLC, a Nevada
LLC; SIGNATURE TOWER 1, LLC, a Nevada LLC; SIGNATURE
TOWER 2, LLC, a Nevada LLC; SIGNATURE TOWER 3, a Nevada
LLC;  and TURNBERRY WEST REALTY, INC., a Nevada
Corporation

## ORDER NO. 9: CONSOLIDATION

### INTRODUCTION

Having considered the briefs, written submissions, and arguments of the parties,

Claimants' Motion to Consolidate Claims is allowed to the extent described herein. If

necessary, individual claims will be resolved in individual hearings, to be scheduled,

administered, and coordinated pursuant to subsequent orders.

I am not required to write this memorandum opinion. I do so for the sole purpose

of providing the parties with the basic reasoning that underlies my decision. Given this

limited purpose, and that arbitration is intended to be more informal and efficient than a

court proceeding, this memorandum opinion has not been composed with the level of formality and detail that one would expect in a court opinion. Rather, I present my decision briefly, and in the simplest terms possible. In doing so, I write for a particular audience: the parties and counsel, all of whom are already familiar with the facts, the briefs and cited legal authorities, the exhibits, and the arguments advanced during the hearings. Nothing in this memorandum implies any view as to the merits of the underlying dispute.

In analyzing the parties' arguments, it is important to remember (1) precisely what is under consideration (and what is not under consideration), and (2) the effect of consolidation on confidentiality and on the scope of discovery. As to the first issue, the Motion seeks to consolidate claims for coordinated discovery, motion practice and administration, which procedures will be followed, if necessary, by individual hearings on the merits of individual claims. The Motion does not seek joinder of all claims, to be tried *en masse* in a single proceeding. The concept of an *en masse* single proceeding is not relevant to the pending Motion. As to the second issue, consolidation will not destroy the confidentiality and limited discovery, as provided in American Arbitration Association rules and in the Purchase and Sale Agreements ("PSAs"). All Claimants consolidated with the instant proceeding will, as parties to the arbitration and to the PSAs, be bound by their requirements. (*See* Respondents' Opposition to Motion to Consolidate ("Opposition") 36; Aug. 28, 2012 letter by Respondents proposing consolidation on conditions related to schedule, structure, and sequence; Hearing Transcripts for Oct. 24, 2012, p. 45, l.16 to p.53, l.9; Oct. 25, 2012, p.97, ll. 3-14, p. 98, ll. 8-22, p.237, ll. 9-25; Oct. 26, 2012, p. 4, ll. 4-18, pp. 93, l. 14-94, l.2, pp. 133, l. 16-

2

142, l. 17.)

# ARGUMENTS

## Claimants' Arguments

Claimants have moved to consolidate the claims of the 525 additional Claimants described in the proposed Fourth Amended Complaint ("FAC") with those of the Claimants who are currently party to this arbitration. The FAC differs from the currently operative Third Amended Complaint ("TAC") only in that it adds Claimants. The factual allegations and legal theories in the FAC are identical to those in the TAC.

Claimants argue that consolidation will advance the just, speedy and economic resolution of this matter, as mandated by Rule L-4 (a), and as permitted under N.R.S. 38.224. This statute provides that a court may order consolidation as to all or some claims, provided that the parties' agreement does not prohibit consolidation and that:

(a) There are separate agreements to arbitrate, or separate arbitral proceedings between the same persons, or one of them is a party to a separate agreement to arbitrate or to a separate arbitral proceeding with a third person;

(b) The claims subject to the agreements to arbitrate arise, in substantial part, from the same transaction or series of transactions;

(c) The existence of a common issue of law or fact creates the possibility of conflicting decisions in separate arbitral proceedings; and

(d) Prejudice resulting from a failure to consolidate is not outweighed by the risk of undue delay or prejudice to the rights or hardship to parties opposing consolidation.

N.R.S. 38.224 (1) (a-d). Here, the Claimants maintain that all of the statutory requirements are satisfied and consolidation should be ordered for discovery and motion practice as to common issues, followed, if necessary, by separate hearings to resolve remaining individual issues, such as the application of limitation periods to individual

3

TMGM 364

claims, reliance and/or damages. Claimants' Memorandum in Support of Motion to Consolidate Claims ("MTC") 1-3.

More specifically, Claimants maintain that consolidation is appropriate because there are at least fifteen common issues. They argue that these common issues arise from common experience: Claimants entered into uniform PSAs after receiving generally uniform marketing materials and scripted sales presentations related to one large real estate development project. According to Claimants, the common issues include: whether the sales of the hotel condominium units and the related rental program constituted an offer of securities under federal and/or Nevada law, and whether the offering contained material misstatements or omissions. Claimants assert that Respondents' Motion to Dismiss, which uses a uniform set of arguments to attack all claims, illustrates the existence of multiple common issues. As Claimants note, a single common issue suffices to justify consolidation. N.R.S. 38.224 (c). Further, Claimants argue consolidation would avoid the inefficiency of multiple, highly repetitive proceedings before hundreds of different arbitrators, and that it would reduce the risk of conflicting decisions. As a practical matter, they also observe that consolidation would save the large filing fees that would be required should each Claimant file a separate arbitration. MTC 1, 7-8, 12-17 and 20-25.[1] In an attempt to demonstrate that consolidated claims could be managed efficiently, Claimants have devised a proposed plan and timetable for further proceedings.

---

[1] In this regard, Claimants have reached an agreement with the AAA to cap the initial administrative fee for all claims consolidated, subject to additional fees if separate hearings or awards are necessary to resolve individual claims.

4

**Respondents' Arguments**

As a threshold matter, Respondents argue that I do not have the authority to order consolidation for three reasons.

First, they maintain that the Motion is, in essence, a request to reconsider the interim clause construction award that did not permit this arbitration to proceed as a class arbitration. As such, Respondents assert that consolidated proceedings "would be no different than a class action." Opposition 1. They argue that, were consolidation to occur, the proceedings would involve hundreds of claimants, that the commercial stakes would be comparable those of a class litigation, and that, ultimately, the outcome of the arbitration would be subject to a narrow scope of judicial review. Further, citing *Stolt-Nielsen, S.A. v. Animal Feeds*, 130 S. Ct. 1758 ((2010), the Respondents argue that an agreement of the parties to permit consolidation cannot be presumed from silence in the PSAs. Opposition 1-2. In substance, the Respondents argue that the question of whether the arbitration may proceed on a consolidated basis is a "gateway issue" for a court, not for an arbitrator.

Second, the Respondents argue that no statute or rule authorizes an arbitrator to order consolidation. Pointing to N.R.S. 38.224, they claim that only a court may decide that consolidation is permitted. Likewise, they observe that the Commercial Rules of the AAA do not specifically provide for consolidation. Opposition 15-17.

Third, the Respondents argue that, even if N.R.S. 38.224 applied, it contemplates consolidation only of claims between the same parties, or a "vertical" consolidation among a small number of parties. *Id.* at 19.

5

Beyond these threshold issues, Respondents argue that, even if I had the authority to order consolidation, the requirements for consolidation cannot be met. First, they assert that there is no commonality of issues. The claims do not arise from the same transaction, they argue, because "[e]ach buyer/claimant dealt with different sales agents, purchased different units at different times, for different prices, in different Towers, and in different locations in the Towers." *Id.* at 2.

Second, Respondents suggest that the prejudice that would result from consolidation outweighs the prejudice that would result from declining to order consolidation. Rejecting consolidation, they argue, would not prejudice Claimants because the Claimants must, in any event, "individually allege and individually prove" the circumstances of the allegedly false misrepresentations made to them during the years 2004 to 2006. Respondents recite the individual elements of a fraud claim and argue that each Claimant must prove each element. *Id.* at 3. Similarly, Respondents maintain that securities fraud claims are not suited for consolidation because, in such matters, each Claimant is unique. *Id.* at 17. In addition, Respondents argue that Claimants would not be prejudiced if consolidation were denied because their claims seek substantial amounts— they are not, in any sense, "negative value" claims—and, therefore, they may be economically advanced in separate actions. In contrast, Respondents argue that they would be prejudiced if consolidation were granted because, they suggest, Claimants seek consolidation as a means of delaying resolution on the merits and pressuring settlement. *Id.* at 9, citing *AT&T Mobility v. Concepcion*, 131 S. Ct. 1740, 1752 (2011) (when "[f]aced with even a small chance of a devastating loss, [they] will be pressured into settling 'questionable claims'").

6

Third, Respondents argue that many of the claims sought to be consolidated are deficient because: (a) they are untimely and not saved by the relation back doctrine; or (b) they are devoid of factual allegations describing the circumstances of each transaction, the identity of the sales agent, the specific misrepresentations, and the elements of reliance; or (c) the Claimants lack standing because they no longer own property in the project or are otherwise unaffected by the facts giving rise to the claimed nuisance or to the allegedly unenforceable CC&Rs. *Id.* at 4-6, 24-25.

## DISCUSSION

### A. Authority To Consolidate

As designated arbitrator of this matter, I have authority to order consolidation. This authority derives from two bases. First, consolidation has traditionally been considered a procedural issue to be decided by the arbitrator. Second, as a matter of contract, the parties have agreed that this decision is within the scope of my authority.

### 1. Authority as a Matter of Procedure

Long before the Supreme Court's decision in *Stolt-Nielsen, S.A. v. Animal Feeds*, 130 S. Ct. 1758 (2010), the First, Third and Seventh Circuit Courts of Appeal, and the U.S. District for the Southern District of New York all held that consolidation is a procedural matter for the arbitrator—not the court—to decide. *Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co.*, 489 F. 3d 580, 587 (3rd Cir. 2007); *Employees Ins. Co. of Wausau v. Century Indemnity Co.*, 443 F. 3d 573, 578 (7th Cir. 2006); *Shaw's Supermarkets, Inc. v. United Food and Commercial Workers Union, Local 791*, 321F. 3d 251 (1st Cir. 2003); *Blimpie International, Inc. v. Blimpie of the Keys*, 371 F. Supp. 2d 469, 473 (S.D.N.Y. 2005).

7

Respondents acknowledge these decisions, but argue that they were all based on an interpretation of *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003) that, after *Stolt-Nielsen*, is no longer valid. Specifically, they argue that one can no longer rely on *Green Tree* to support the proposition that class arbitration is a procedural issue, to be decided by the arbitrator, rather than a "gateway issue," to be decided by the courts. Opposition 17-19. In addition, Respondents suggest that, although *Stolt-Nielsen* did not revisit and decide that issue, the *Stolt-Nielsen* court (a) pointedly noted that only a plurality, not a majority, in *Green Tree* reached the conclusion that the issue of consolidation is for the arbitrator, and (b) criticized the view that class arbitration merely involved an issue of "procedural mode" because the class mechanism fundamentally changes the nature of arbitration. According to this view, this fundamental change manifests itself in two ways. First, the class mechanism brings together hundreds of non-party claimants and presents Respondents with the risk of an *en masse* trial, as well as increased commercial stakes and pressure to settle. Second, the class mechanism alters the usual rules of confidentiality and privacy.

Respondents extend this criticism, and argue that consolidated arbitration should be treated, like class arbitration, as a "gateway issue."[2] They assert that "[s]everal courts interpreting *Stolt-Nielsen* have held that class arbitration *and* consolidation are gateway

---

[2] Under the Federal Arbitration Act, courts must enforce private agreements in accordance with their terms. *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468 (1989). This principle raises the question: Who decides what the parties have agreed to? In *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 78, 83-84 (2002), the Supreme Court explained that the "questions of arbitrability" are for judicial determination "[*u*]*nless the parties clearly and unmistakably provide otherwise.*" It further explained that the concept of a "question of arbitrability" has a limited scope, applicable only in the kind of narrow circumstance where contracting parties would likely have expected a court to decide a gateway matter. It is not applicable in circumstance where the parties would likely have expected an arbitrator to decide "procedural questions that grow out of the dispute and bear on its final disposition." *Id.*

8

matters for *courts* to decide." *Id.* at 17-19 (*first emphasis added; second emphasis in original*). In support of this proposition, Respondents cite three decisions: *A.T.&T. Mobility L.L.C. v. Concepcion*, 131 S. Ct. 1740, 1751 (2011); *Safra National Bank of New York v. Penfold Inv. Trading, Ltd.*, 2011 LW 1672467, 5 (S.D.N.Y. April 20, 2011); *United Food & Commercial Workers Local 21 v. Multicare Health Sys.*, 22011 WL 834141 *3 (W.D. Wash. March 3, 2011).[3]

These cases do not support the proposition for which they have been cited. Contrary to the position advanced by Respondents, *A.T.&T.* did not address consolidation. Also contrary to the Respondents' argument, *Safra* concluded that consolidation was a distinct procedural issue "of the sort the parties would have intended for the arbitrator to decide." *Safra* at 5. Further, *United Food* does not support the Respondent's position. That case involved two different contracts that were before the court, each with *a different arbitration provision* and *a different procedure for selecting the arbitrator*. These different procedures could not be reconciled without causing the selected arbitrator to exceed the scope of his or her authority and requiring him or her to decide the dispute under contracts that did not provide for his or her appointment. Given its unique procedural complexion, *United Food* is not pertinent to the instant matter.

Significantly, since *Stolt-Nielsen*, numerous courts have concluded that the plurality opinion in *Green Tree*, though not carrying the full weight of Supreme Court precedent, is persuasive authority and that the question of whether parties agreed to class arbitration is for the arbitrator. *See, e.g., Rame, L.L.C. v. Popovich*, 2012 WL2719159

---

[3] Respondents also argue that, after *Stolt-Nielsen*, N.R.S. 38.224 would not stand if challenged as contrary to the Federal Arbitration Act. Opposition 14. Analogues of N.R.S. 38.244 have been adopted in many states across the country. As such, Respondents argue that *Stolt-Nielsen* implicitly voided a procedural device that has been widely adopted by state legislatures.

9

(S.D. N.Y. July 9, 2012); *Brookdale v. Dempsey*, 2012 WL 1430402 (M.D. Tenn. April 25, 2012); *Hesse v. Sprint Spectrum, L.P.*, 2012 WL 2719159 (W.D. Wash. February 17, 2012); *Guida v. Home Savings of America, Inc.*, 793 F. Supp. 2d 611 (E.D.N.Y. 2011)

Indeed, certain courts have addressed the very argument that Respondents now seek to advance. Courts have rejected this argument, on the basis that consolidated and class proceedings are different. *See Underwood v. Palm Place, L.L.C.*, 2011 U.S. Dist. LEXIS 50581, 13-14 (D. Nev. May 10, 2011) ("One need only examine the relatively low requirements for consolidation of proceedings . . . versus the extensive class requirements . . . to see the difference."); *Safra*, 2011 LW 1672467, 5 (S.D.N.Y. April 20, 2011) (rejecting the argument as "improperly conflat[ing] class actions with joinder and consolidation, and [apparently arguing] that the [Supreme Court] has overruled, *sub silentio*, its holding in *Howsam*.")

In *Anwar v. Fairfield Greenwich, Ltd.*, 728 F. Supp. 2d 462, 477 (S.D.N.Y. 2010), the court considered the crucial differences between consolidated and class proceedings at length. In doing so, the court focused on the factors that prompted *Stolt-Nielsen* to hold that class action arbitration so changes the nature of arbitration that one cannot presume the parties consented to it when they agreed to arbitrate. *Id.* Assessing the proposed consolidation, the *Anwar* court noted that none of the *Stolt-Nielsen* factors were present. There were only thirty-eight claimants, all of whom were parties; the usual rules of confidentiality and privacy applied; and liability was the same "whether awards [we]re handed out piecemeal or decided in one proceeding." *Id.* Based on this analysis, the *Anwar* court concluded that "[t]he differences between limited consolidation and bilateral

10

arbitration [were] not so great" and that the issue of consolidation was for the arbitrator to decide. *Id.*[4]

Here, the proposed consolidation will bring together hundreds of claimants. The practical impact of this, however, is limited, for the following reasons: every claimant is an identified party represented by counsel; every claimant is bound by the requirements of privacy and confidentiality; every claim is at the same procedural stage; and every claim will be tried individually, as every award will be rendered individually, and therefore, the commercial stakes will not be aggregated and raised by consolidation. Respondents' potential liability will be the same "whether awards are parceled out piecemeal or decided in one proceeding." *See Anwar* at 478. The pressure to settle will not be increased. For these reasons, I conclude that the question of consolidation of these arbitrations is a procedural issue that, even apart from N.R.S. 38.224, I have the inherent authority to decide.

### 2. Authority as a Matter of Contract

Even if consolidation presented a question of arbitrability—or a "gateway issue"—which it does not, I would still have the authority to decide the issue. In this context, authority is supplied by three separate provisions of the PSA.

First, the PSA specifically provides that the arbitration is to be conducted under the Commercial Rules of the AAA. PSA 24.10. AAA Rule 7(a), which was adopted in response to *First Options of Chi. Inc. v. Kaplan*, 514 U.S. 938 (1995), makes clear that the arbitrator has the power to rule on his or her own jurisdiction, including the power to rule on the existence, scope, and validity of the arbitration agreement. By incorporating

---

[4] Further, the *Anwar* court noted that, since the matters were all at the same procedural stage, consolidation would not present any inconvenient or burdensome coordination issues. *Id.* at 477-478.

11

the AAA Rules into the PSA, the parties have "clearly and unmistakably provide[d]" me

with the authority to decide questions of arbitrability. *See Howsam*, 537 U.S. at 833-85.[5]

Second, the parties agreed that arbitration is the exclusive means of resolving

"any dispute related to" the PSA, including any dispute related to "enforceability" of the

arbitration agreement. PSA 24.10. In *Rent-A-Center, West, Inc. v. Jackson*, 130 S.Ct.

2772, 2777 (2010), the Supreme Court interpreted an almost-identical provision as

delegating to the arbitrator exclusive authority to resolve "gateway" issues. Likewise, in

this matter, the parties have, by consenting to the terms of the PSA, delegated to me the

exclusive authority to resolves such issues.

Third, the PSA provides that "the arbitrator shall have authority to award any

remedy or relief that a court of the state of Nevada could grant in conformity to

applicable law . . . ." PSA 24.10. As a matter of contract interpretation, I understand this

provision to mean that the parties have expressly granted me the same powers that a

Nevada court would have under N.R.S. 38.224 to order consolidation.

Respondents argue that, even under this interpretation of the PSA, I would not

have the power to order consolidation. They argue that even a Nevada court would not be

authorized to order consolidation because this case does not meet the requirements of

N.R.S. 38.224 (a). Specifically, they argue that "[a]lthough respondent T/MGT [sic] 'is a

party to . . . a separate arbitration proceeding' . . . that proceeding does not involve 'a

third-person' but a great number of claimants, each of whom signed the same arbitration

agreement with" T/MGM. Opposition 20. Such a narrow reading of the phrase "third-

---

[5] The Respondents have also argued that since the AAA Commercial Rules do not expressly provide for consolidation I do not have authority to order it. However, Rule L-4(a) authorizes me to issue orders "necessary or desirable to avoid delay, and to achieve a just, speedy and cost-effective resolution" of a large complex case. Consolidation is a procedural device intended to achieve these objectives.

12

party" would limit consolidation to the original claimant, the original respondent, and one other party. It would mean that the claims of a single purchaser of a single unit could be consolidated, but that the claims of a couple who had purchased a single unit could not, because, under this interpretation, the couple could not be a "third person." Respondents' interpretation would set an upper limit on the number of proceedings that could be consolidated. Notably, this limitation would result even if consolidation would not otherwise delay proceedings, prejudice rights, or impose hardships. In this sense, Respondents' interpretation would frustrate the fundamental purpose of consolidation, to promote efficiency. I decline to interpret the statute in this manner.[6]

Accordingly, I conclude that, as a matter of contract, the parties have empowered me to order consolidation.

### B. Appropriateness of Consolidation

Consolidation is appropriate because there are several common issues arising from substantially similar circumstances. As such, if independently decided, there would be great potential for conflicting decisions. Further, the balance of the prejudices favors consolidation. Below, I address the relevant factors in turn.

**Common Issues** — All claims feature numerous common issues. These include, but are not limited to, the following: whether the Respondents acted as *alter egos* of each other; whether the transactions constituted an offering of securities; whether the claims are barred by the statutes of limitations or statutes of repose, and if so, whether they are saved by the "relation back doctrine" or by estoppel; whether the CC&Rs are

---

[6] Respondents' argument on this point also overlooks the fact that the matter could qualify for consolidation under the second part of 38.224(a). T/MGM is a party to a series of separate agreements to arbitrate, each of which is with a "third-person." Respondents maintain that 38.224 authorizes only "vertical consolidation," and point to cases where it has been so used. Opposition 20. Tellingly, however, Respondents cite no case that so limits the statute's application.

13

routine in cheating them." Opposition 21, citing *Papagiannis v. Pantikis*, 108 F.R.D. 177

(D.C. Id. 1985).

Of course, the several individual transactions are not identical in every respect.

But it is well established that claims need not be identical to justify consolidation.[7] *See,*

*e.g.*, *Bennett v. American West Homes, Inc.*, 2010 W.L. 5242354 (D.C. Nev. Jan. 11,

2010); *Western Homes, Inc. v. District Court In And For City And County of Denver*, 296

P.2d 460 (Colo. 1956). Based on facts similar to this matter, the court in *Western Homes*

addressed a defense argument much like the argument now advanced by Respondents,

namely, that there could be no common question of law or fact because each cause of

action was based on a separate purchase by each plaintiff, from one of two corporations

at separate times under separate circumstance. 296 P.2d at 463. In *Western Homes*, 232

plaintiffs sought to recover for alleged fraudulent misrepresentation resulting in

individual damages in connection with the sale of 117 separate parcels of property.

Notably, Plaintiffs, like Claimants here, alleged the existence of a joint enterprise and

conspiracy. The court rejected the defense argument, offering the following analysis:

> It is true . . . that there are certain separate individual issues as to each plaintiff . . .
> to wit: whether, the alleged false statement was made to him; whether he was
> induced by it to act, and did act; and whether he suffered any damage . . . [and] a
> distinct individual issue as to each defendant, to wit: whether he, she or it was
> knowingly a party to the alleged fraudulent scheme. There are also issues of fact
> "common" among all plaintiffs and defendants, to wit: did defendants combine to
> make the false statement; did one or more of them, in pursuance of that scheme,
> knowingly make a false statement or make it with reckless regard to its truth or
> falsity, to the public generally, and to plaintiff, with intent that prospective
> purchasers including plaintiffs should rely and act upon it? The question of law
> common to the right of action of each plaintiff, as well as the liability of each of
> the defendants is [:] was such conduct actionable fraud in law?

---

[7] Indeed, the statute requires only that the claims "arise *in substantial part* from the same transaction or
series of related transactions." N.R.S. 38-224(1)(b) (emphasis added).

15

unconscionable and unenforceable; whether marketing materials misrepresented or omitted material facts; whether certain provisions of the PSA are enforceable with respect to claims of intentional misconduct; whether the PSAs have been breached; whether reliance can be presumed. If these claims were decided in hundreds of separate arbitrations, it is likely that multiple conflicting decisions would result.

Respondents do not attempt to address all of the common issues asserted by Claimants. Instead, Respondents attempt to treat them summarily, suggesting, "[m]ost . . . are anything but common." Opposition 24. Nor do Respondents attempt to reconcile the following, glaring inconsistency: Respondents *themselves*, through their contemporaneously filed Motion to Dismiss Third Amended Complaint With Prejudice, advanced a series of arguments that are *common to all Claimants*. Indeed, to the extent that the Respondents do address specific issues, they offer examples that present issues common to all claims. *See, e.g.,* discussion of whether claimants can use a legal presumption of reliance to establish any of their fraud claims, or whether claimants can rely on the "relation back doctrine." Opposition 22, 24-25. Last, Respondents do not address the fact that, although ultimate resolution of individual issues may require further factual inquiry, rulings of general application on issues such as the statute of limitations could beneficially be made in a consolidated action.

**Similar Transactions** — Respondents argue that the claims do not arise from the same series of transactions or occurrences because Claimants purchased "their units at different times, in different towers, for different prices, under different PSAs and dealt with different sales agents." Opposition 22. They argue that Claimants cannot satisfy the same transaction requirement by alleging that the Respondents "follow[ed] the same

14

*Id.* at 311-312, 464, citing *Akely v. Kinnicutt* , 238 N.Y. 466, 144 N.E. 682 (1924)

(joinder of 193 plaintiffs in action against a number of defendants for fraud and

misrepresentation contained in prospectus issued to public generally).

 The *Bennett* court analyzed the issue of what constitutes a series of transactions or

occurrences for purposes of permissible joinder. It explained that, while the issue is

generally determined on a case-by-case basis and left to the discretion of the trial judge,

there must be a "distinct litigable event linking the parties," such that "a finding of

liability for one plaintiff essentially establishes finding for all plaintiffs, indicating that

proof common to all plaintiffs is significant." Further, the court explained:

> While, arguably, each house is different and may contain constructional defects
> dissimilar from the others, the rights to relief arise out of the same series of
> transactions or occurrences. That is, the homes are located in the same
> development, involve similar, if not identical floor plans, and were constructed by
> the same developer. Succinctly put, the action's question of law and fact are
> common to all plaintiffs– homeowners and the developer of the project. The need
> for separate proof is lessened as Defendant's alleged deficiencies, negligence or
> wrongful acts with respect to each home are similar in type and character and
> occur close in terms of time and place.

Id. at 4.

 Such reasoning applies to the present matter. All Claimants are advancing very

similar claims about the representations made to them by Respondents, Respondents'

*alter egos*, or Respondents' agents. These representations were made as part of a joint

enterprise, which used uniform contractual and transactional documents, and made

management decisions that have had a community-wide impact. As such, I conclude that

the alleged claims proposed for consolidation arise, at least in substantial part, from the

same series of transactions as the claims alleged in the TAC.

16

TMGM 377

**No Unfair Prejudice or Delay** — Consolidation would not unfairly prejudice Respondents or delay proceedings. First, it would not expand discovery. *See* Opposition 26. Whether in a consolidated proceeding or in separate proceedings, discovery will be required as to each claim and each Respondent. If done separately, defense witnesses could be subjected to repetitive depositions on the same subject matter by hundreds of individual claimants. That would be an unreasonable burden on all. Respondents seem to concede as much when they argue that "[a]lthough some limited legal issues or factual issues may benefit from consolidated motion practice." *Id.* at 27; *see also, id.* at 30. As noted above, this is exactly what has been proposed: consolidation will realize savings by dealing with common issues and discovery before dealing with individual claims. This could result in significant savings in attorney, party and arbitrator resources, as well as in administrative fees.

Further, as demonstrated by Claimants' proposed plan and timetable for coordinated motion practice and discovery, consolidated proceedings would be quite manageable. *See* Claimants' Reply Support Of Motion To Consolidate Claims, 21-24. Moreover, consolidation would permit coordinated docket control, prevent delay, and expedite the resolution of all claims. In the alternative, not consolidating the matter would result in re-briefing, re-arguing, and re-litigating common issues in more than 500 separate proceedings. Doing so would be exceedingly inefficient and lead to inconsistent rulings, and, as such, would frustrate the most basic purposes of the arbitration process. For these reasons, it is in the interest of justice that all issues are addressed in one proceeding and that these arbitrations be consolidated.

17

TMGM 378

## CONCLUSION

Based on the foregoing, I conclude that consolidation will advance the just, efficient, and economic resolution of this matter. Accordingly, I hereby order that the claims of additional claimants described in the FAC are consolidated with those of Claimants currently party to this proceeding for purposes of coordinated discovery, motion practice and rulings on common issues. Respondents' Motion to Defer Consideration of Consolidation is denied. All issues and arguments raised by the parties have been considered, though not all have been expressly addressed in this Order. Any such arguments not so addressed are hereby rejected.

DATE: 12/31/12

Brendan M. Hare

Brendan M. Hare, Arbitrator

18

TMGM 379

# EXHIBIT 4

TMGM 380

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARY ANN SUSSEX, et al., | Case No. 2:08-cv-00773-MMD-PAL |
| Plaintiffs, | |
| | ORDER |
| v. | (Plfs.' Motion for Leave to File – dkt. no. 106; |
| TURNBERRY/MGM GRAND TOWERS, LLC, et al., | Plfs.' Application for Temporary Restraining Order – dkt. no. 107; |
| Defendants. | Plfs.' Motion for Preliminary Injunction – dkt. no. 108) |

I.   **SUMMARY**

Before the Court are Plaintiffs' Motion for Leave to File Under Seal (dkt. no. 106), Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order (dkt. no. 107), and Plaintiffs' Motion for Preliminary Injunction (dkt. no. 108).   For the reasons set forth below, the Motions are denied.

II.   **BACKGROUND**

This matter arises from a long-standing dispute brought by purchasers of condominium units developed and sold by Defendant Turnberry/MGM Grand Towers, LLC ("Turnberry/MGM").   The factual background giving rise to the motions before the Court is summarized in the Court's March 2, 2010, Order.   (*See* dkt. no. 63.)  The case has proceeded in arbitration for over three years, and has grown to encompass not only Plaintiffs, but also other state court claimants who filed a similar suit against Turnberry/MGM. In recent months, a dispute has arisen between the parties to the arbitration as to the impartiality of the designated arbitrator, Brendan M. Hare.

1   Turnberry/MGM sought to have Arbitrator Hale removed, alleging that his creation of a

2   litigation finance firm during the course of the arbitration renders him partial and unfit to

3   arbitrate the action.   On March 6, 2013, the American Arbitration Association ("AAA")

4   denied Turnberry/MGM's request to remove Arbitrator Hale from the arbitration, and

5   reaffirmed him as the designated arbitrator. After another request to reconsider the

6   arbitrator, the AAA's Executive Administrative Review Committee again reaffirmed

7   Arbitrator Hale as the arbitrator.

8       On April 24, 2013, Turnberry/MGM filed a motion to disqualify Hale in the state

9   court proceeding where the state court claimants initially filed suit.  A hearing on the

10  motion is scheduled for May 6, 2013.  Fearing that the motion before the state court will

11  interfere with this Court's exclusive jurisdiction over their claim, Plaintiffs in this federal

12  action filed an Application for an *ex parte* temporary restraining order ("TRO") and a

13  Motion for a Preliminary Injunction seeking to enjoin the state court from issuing a

14  decision in Turnberry/MGM's motion to disqualify.·

15  **III.   LEGAL STANDARD**

16      Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary

17  restraining orders, and requires that a motion for temporary restraining order include

18  "specific facts in an affidavit or a verified complaint [that] clearly show that immediate

19  and irreparable injury, loss, or damage will result to the movant before the adverse party

20  can be heard in opposition," as well as written certification from the movant's attorney

21  stating "any efforts made to give notice and the reasons why it should not be required."

22  Fed. R. Civ. P. 65(b).  "If [a TRO] is issued without notice, the motion for a preliminary

23  injunction must be set for hearing at the earliest possible time, . . . ."  Fed. R. Civ. P.

24  65(b)(3).

25      Temporary restraining orders are governed by the same standard applicable to

26  preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs.,*

27  *Inc.*, 181 F.Supp.2d 1111, 1126 (E. D. Cal.2001).  A temporary restraining order "should

28  be restricted to serving [its] underlying purpose of preserving the status quo and

2

TMGM 382

1   preventing irreparable harm just so long as is necessary to hold a hearing, and no

2   longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No.*

3   *70*, 415 U.S. 423, 439 (1974).

4       Like a preliminary injunction, the Court may issue a temporary restraining order if

5   a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable

6   harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor;

7   and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council,*

8   *Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only

9   be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

10   **IV.   DISCUSSION**

11       Before addressing the injunction motions, the Court finds Plaintiffs have not

12   demonstrated compelling reasons to support sealing Exhibits 8 and 10-35 of the

13   Blumenthal Declaration. "[A] party seeking to seal judicial records must show that

14   compelling reasons supported by specific factual findings outweigh the general history of

15   access and the public policies favoring disclosure." *Pintos v. Pac. Creditors Ass'n*, 605

16   F.3d 665, 678 (9th Cir. 2010) (internal quotations and ellipses omitted).   Under the

17   "compelling reasons" standard, a district court must weigh "relevant factors," base its

18   decision "on a compelling reason," and "articulate the factual basis for its ruling, without

19   relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th

20   Cir. 1995). Plaintiffs have only identified a contractual provision in the operative

21   Purchase and Sale Agreement which requires that arbitration proceedings be kept

22   confidential "except in the course of judicial, regulatory, or arbitration proceeding."   The

23   carve-out for judicial proceedings appears to exempt the confidentiality clause's

24   applicability in this situation.   Even if it does not, Plaintiffs fail to articulate a specific

25   factual basis supported by the appropriate factors to overcome the public's "general right

26   to inspect and copy public records and documents, including judicial records and

27   documents." *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.

28

3

1   2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

2   Plaintiffs' Motion for Leave to File Under Seal is therefore denied without prejudice.

3   Turning to the substantive motions, Plaintiffs' Application for Temporary

4   Restraining Order is improper. Rule 65(b)(1) and Local Rule 7-5(b) require that parties

5   seeking *ex parte* relief must file a statement showing good cause why the matter was

6   submitted to the Court without notice to all parties. Having failed to do so, Plaintiffs'

7   request for emergency temporary relief must be denied.

8   Aside from its procedural infirmities, Plaintiffs' Application lacks merit. Plaintiffs

9   have not demonstrated that a ruling in state court on the motion to disqualify will lead to

10  any irreparable injury. The state court maintains jurisdiction over only the state

11  claimants, regardless of the arbitration's consolidation with the federal plaintiffs.

12  Plaintiffs have not demonstrated that the state court can (or will) exercise jurisdiction to

13  disqualify the arbitrator assigned to the federal claimants' arbitration, or that this Court

14  may interfere with the resolution of the state court claimant's arbitration proceedings.

15  Indeed, even if the state court could exercise this authority, whatever detrimental impact

16  the state court's ruling may have to Plaintiffs can be reversed upon a proper and timely

17  motion before this Court, so long as such a motion complies with the appropriate rules

18  governing federal jurisdiction over arbitration disputes. *See* 9 U.S.C. § 10(a)(2)

19  (providing relief from "evident partiality or corruption in the arbitrators" after arbitration

20  award is rendered); *Smith v. Am. Arbitration Ass'n, Inc.*, 233 F.3d 502, 506 (7th Cir.

21  2000) ("The time to challenge an arbitration, on whatever grounds, including bias, is

22  when the arbitration is completed and an award rendered."). Accordingly good cause

23  does not exist to grant Plaintiffs' Application for a Temporary Restraining Order or their

24  Motion for Preliminary Injunction.

25  ///

26  ///

27  ///

28  ///

4

**V.    CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Leave to File Under Seal (dkt. no. 106) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order (dkt. no. 107) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Preliminary Injunction (dkt. no. 108) is DENIED.

DATED THIS 1st day of May 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

TMGM 385

IN THE SUPREME COURT OF THE STATE OF NEVADA

TURNBERRY/MGM GRAND TOWERS,
LLC,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA, IN
AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE MARK R.
DENTON, DISTRICT JUDGE,
Respondents,
and
KJH & RDA INVESTOR GROUP, LLC;
37TH FLOOR INVESTOR GROUP, LLC;
MICHAEL ANDERSON AND MATTHEW
ANDERSON; PIERRE BAIN; IBRAHIM
BARLAJ AND LAURA BARLAJ; DAN
BIRDSALL; TERENCIA CONEJERO;
DIANE B. FAULCONER; FCF, LLC;
STEPHEN J. GUYON; OGANES JOHN
HAKOPYAN; MARKAR KARATAS AND
NURHAN CELIK; FRANK KEANE AND
CAROL KEANE; DENNIS LEUNG AND
JIYEN SHIN; LETICIA L. MAGRI;
ANAHIT MANDOYAN AND
ALEXANDER MANDOYAN; SUSAN
MIGNOT AND MARK MIGNOT; MARY
MOMDZHYAN; BB VENTURES, LLC; ED
NARVAEZ; DANE R. PHILLIPS; CRAIG
A. PRIMAS; JAMES RICK AND
LAURINDA RICK; DOUGLAS SCHOEN;
PGR ENTERPRISES, LLC; DIMITRISTA
H. TOROMANOVA; 38TH FLOOR
INVESTOR GROUP, LLC; DAVID L.
VADIS; ROSS BERKELEY; WOLF
TRADING COMPANY, LLC; MICHAEL
WILSON AND CAMILLA WILSON;
DASHRATH PANCHAL; DINA D.
PANCHAL AND NARMIN HIRJI;
QUEZADAS-HORTA FAMILY TRUST,
ROBERTO QUEZADAS-HORTA,

No. 63290

**FILED**

JUN 27 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _R. Malone_
DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

13-18948

TMGM 386

TRUSTEE; JOSEPH H. SMITH AND
CAROL J. SMITH; MARIA ORELLANA;
MAGHAMI FERIAL TRUST, FERIAL
MAGHAMI, TRUSTEE; LEONARDO
BARRERA AND GLORIA BARRERA;
MOJISOLA ADEKUNBI AND ABIOLA
SANNI; SIGNATURE MGM GRAND,
LLC; DOUGLAS HUIBREGTSE; JAMES
HOKANSON; ANTE LONCAR; LJUBICA
LONCAR AND ELIZABETH G.
VIDUCICH; RAUL RIOS AND FERMINA
RIOS; VLADIMIR RIVKIN; DANNY
MAES AND STEPHANIE CLEVELAND;
MARK N. KECHEJIAN AND CHRISTINE
KECHEJIAN; MICHAEL HAHALYAK
AND LISA KRISAY-HAHALYAK;
BENJAMIN RUDNITSKY AND TAMAR
A. RUDNITSKY; CLAY FRAZIER AND
PAULA FRAZIER; MIRIAM KIM AND
MARIE KIM; PASQUALE FEBBRARO
AND CATHLEEN M. FEBBRARO; HYO
SHIN AND JUNG SHIN; EUN YOUNG
LEE; JOHN O. TOROSIAN AND SARKIS
TOROSIAN; LUNIQUE LE; RAFFI
PIRICHIAN AND ANI PIRICHIAN; JIM
C. BURGUM; NANCY MARTINA;
HERMAN CELIKIAN; RICHARD
FELDMAN; LES KRIEGER AND
REBEKAH KRIEGER; CHRISTINA KIM;
JUAN MEDINA AND CLARISSA
MEDINA; THOMAS CIFELLI AND JOHN
CIFELLI; MANSOUR SHAMS AND
ZAHRIA SHAMS; LEE FAMILY TRUST,
CHRIS LEE AND SUZIE LEE AS CO-
TRUSTEES; BRADLEY COSTELLO 1997
TRUST, BRADLEY COSTELLO AS
TRUSTEE; BERNARD KLOUDA; RUZAN
CHARKCHYAN AND ARUTYUN
CHARKCHYAN; MARCO GONZALEZ;
MARK BUCHSTABER AND DEBORAH
BUCHSTABER; LINH TANG AND HUNG
TANG; JERRY BROWN; WILLIAM

TMGM 387

PEDERSON AND TATYANA
PEDERSON; CHARLES GERACI AND
DELVIN DIAZ; MYUNG JA CHO;
SHERENNE TANG; JULIETA
BALAHADIA; CHENG LIM; DAVID
SHIM; HOJOON LEE; MICHAEL
LINARES AND LAURIE LINARES;
GREG YI AND GRACE YI; SOLIP, LLC;
UJAL GHOSHTAGORE; WERDMULLER
FAMILY TRUST, WALTER E.
WERDMULLER VON ELGG AND JILL C.
WERDMULLER VON ELGG, TRUSTEES;
SASAN SEIDFATHI AND MEHRNAZ
SAGHAFI; LAWRENCE M. DUMOULIN;
SEHAK TUNA AND VARTUHI TUNA;
LAWRENCE HOBSON AND LINDA M.
HOBSON; LEE PRITZL; BELINDA W.
LOUIE; AMIN A. RAHIM AND ZAITUN
A. RAHIM; PRISCILLA SALEM; IKE
SHERMAN AND GILLIANA SHERMAN;
REMI OHTA; DUNCAN & GARDELLA
ENTERPRISES, LLC; ALEXANDER
GONSECKI AND VALENTINA
GONSECKI; SHI SI ZHENG; MARTHA
VIAS; ANDRES ALOS; CHARLES
CROOKS AND LAURA CROOKS;
SAMPAL FAMILY REVOCABLE LIVING
TRUST; FOUAD FEGHALI; BASSILIOS
PETRAKIS; DANIEL REICH AND
NATALIE REICH; JOSE SANCHEZ;
LINDA CORBRIDGE; RAFIK BAKIJAN;
RONALD D. PERKINS; LV 700, LLC;
AND LOUIS CARNESALE AND JOHN
CARNESALE,
Real Parties in Interest.

*ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus challenges a district court order denying a motion to disqualify an arbitrator. On June 18, 2013, real parties in interest filed an emergency motion to dismiss this

SUPREME COURT
OF
NEVADA

(O) 1947A

3

TMGM 388

writ petition.  In their motion, real parties in interest indicate that they have agreed to proceed in the underlying arbitration without the challenged arbitrator and that, consequently, petitioner has effectively obtained the relief it seeks in this writ petition.   On June 26, 2013, petitioner filed an opposition, asking that this court nevertheless entertain its writ petition because the challenged arbitrator is still presiding over the claims of several hundred other plaintiffs in two separate actions that are being overseen by federal courts.

Having considered petitioner's writ petition, real parties in interest's motion to dismiss, and petitioner's opposition thereto, we conclude that entertaining this writ petition would be inappropriate. Specifically, it appears that we would be deciding a legal issue that would have no effect on the named real parties in interest.  *Personhood Nev. v. Bristol*, 126 Nev. ___, ___, 245 P.3d 572, 574 (2010) ("This court's duty is not to render advisory opinions but, rather, to resolve actual controversies by an enforceable judgment.").  Accordingly, we

ORDER the petition DISMISSED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____

[1]We vacate the stay imposed by our June 10, 2013, order.

cc:   Morris Law Group
       Snell & Wilmer, LLP/Las Vegas
       Blumenthal, Nordrehaug & Bhowmik
       Gerard & Associates
       Eighth District Court Clerk

Supreme Court
of
Nevada

(O) 1947A

5

1   Robert B. Gerard, Esq. (Nevada State Bar #005323)
    Ricardo R. Ehmann, Esq. (Nevada State Bar #010576)
2   GERARD & ASSOCIATES
    2840 South Jones Boulevard
3   Building D, Suite #4·
    Las Vegas, Nevada 89146
4   Telephone:   (702) 251-0093
    Facsimile:   (702) 251-0094
5
    Norman Blumenthal, Esq. (California State Bar #068687)
6   BLUMENTHAL, NORDREHAUG & BHOWMIK
    2255 Calle Clara
7   La Jolla, California 92037
    Telephone:   (858) 551-1223
8   Facsimile:   (858) 551-1232

9   *Attorneys for Claimants*
    Additional counsel listed on signature page
10

11                  **AMERICAN ARBITRATION ASSOCIATION**

12  MARY ANN SUSSEX; MITCHELL PAE;       )   **CASE NO. 11 115 Y 000264 12**
    MALCOLM NICHOLL and SANDY            )
13  SCALISE; ERNESTO VALDEZ, SR. and     )   (United States District Court District of
    ERNESTO VALDEZ, JR.; JOHN HANSON     )   Nevada Case No. 2: 08-cv-00773 - RLH -
14  and ELIZABETH HANSON; GEORGE         )   PAL)
    ABRAHAM; A. W. VEGAS CONDO, LLC.;    )
15  JOSE ABALOS and AMELIA ABALOS;       )   **FOURTH AMENDED COMPLAINT IN**
    JOSHUA ADIRIM, SAGI S. ADIRIM and    )   **ARBITRATION AMENDED AS PER**
16  AARON ADIRIM; S. K.AGGARWAL;         )   **NEVADA SUPREME COURT ORDER**
    DANIEL D. AHN and SARA Y. AHN; LEON  )   **ATTACHED HERETO AND FILED AS**
17  ALEXANDER and SYLVIAALEXANDER;       )   **AAA CASE NO.: 11 115 Y 000264 12**
    EDGARDO ALICIAWAY and JANETTE        )   **(Sussex et al. v. Turnberry/MGM Grand**
18  ALICIAWAY; PAVESE ALIKSANIAN;        )   **Towers, LLC et al.)**
    SCOTT ALLEN; JORGE ALONZO and        )
19  DARLENE ALONZO; CHARITO ANSAY;       )   (1)  VIOLATION OF §12(a)(1) OF THE
    OSCAR AQUIJE; WILLIAM ARAGONES;      )        SECURITIES ACT OF 1933;
20  ROBERTO AREIALA; ELONORA             )
    ARONOVA and LINDA ARONOVA;           )   (2)  VIOLATION OF §12(a)(2) OF THE
21  SHELDON ARPAD and DIANA ARPAD;       )        SECURITIES ACT OF 1933;
    WALEED ARSHAID and SUHAIR            )
22  ARSHAID; FRANZ AUER and STELLA       )    (3)  VIOLATION OF §10 THE
    BREDER; BETTY K. AZAR; JOSEPHINE     )         SECURITIES EXCHANGE ACT OF
23  BAJER; NIKKI BALGINY;                )         1934;
    YOUNG BANG; MAXINE BARENS;           )
24  JORGE R. BARRIO and MARIA C.         )   (4)  VIOLATION OF N.R.S. 90.460;
    BARRIO; RONALD BATINO and BESSIE     )
25  BATINO; KERMIT BAYLESS; MITCHELL     )   (5)  VIOLATION OF N.R.S. 90.570;
26
27
28

                              1

| | |
|---|---|
| 1  BOBROW; GREGORY BONHAM and | (6) VIOLATION OF N.R.S. 598, *et seq.*; |
| 2  ELIZABETH BONHAM; KENARIK | |
|    BOSHOUZIAN; GARY BUHRMAN and | (7) FRAUDULENT CONCEALMENT; |
| 3  JOAN BUHRMAN; MYRNA CASTRO; | |
|    EDWARD P. CATARSI; ERNEST R. | (8) FRAUDULENT CONVEYANCE; |
| 4  CAVALLARO and PAULA K. | |
| 5  CAVALLARO; GILBERTO CEJA; BRUCE | (9) FRAUDULENT |
|    CHADWICK; JEWEL CHANG; MICHAEL | MISREPRESENTATION; |
| 6  CHIAFALIE; LARRY CHO and | |
|    STEPHANIE CHO; BRICE CHOI; | (10) NEGLIGENT |
| 7  ANDREW CHUPP; CIMARRON | MISREPRESENTATION; |
| 8  INVESTMENT CO., LLC.; | |
|    THOMAS CLARKE; MARK COBETTO and | (11) FRAUD IN THE INDUCEMENT; |
| 9  MICHAEL URBAN; ROBERT COHAN; | |
|    DOUGLAS COHEN; JOHN COLLINS; | (12) AIDING AND ABETTING; |
| 10 DENNIS CONNELLY and CATHRYN | |
| 11 CONNELLY; JOHN CRIBBS; ANTHONY | (13) CIVIL CONSPIRACY; |
|    CUTATAR; SILVANA D'ALESSANDRI; | |
| 12 MATTHEW DeFILIPPO and ELIZABETH | (14) ALTER EGO; |
|    VULTAGGIO; RENE DeJESUS, | |
| 13 WILHEMINA DeJESUS; and JAMIE | (15) DECLARATORY/INJUNCTIVE |
| 14 RODRIGUEZ; VENCAT DEVINENI; DG | RELIEF TO ABATE THE |
|    CAPITAL, LLC.; LINDA ANNE DIXON; | NUISANCE AND TRESPASS; |
| 15 LINDA D'LUCO; RUBY ANN DOLLINS; | |
| 16 JOHN DONNELLY and SANDRA | (16) NUISANCE; |
|    DONNELLY; PACIFICO D. DORADO; | |
| 17 ROBERT E. DUBUC and MADELINE J. | (17) TRESPASS; |
|    DUBUC; WILLIAM DUNN; EDGAR | |
| 18 ELCHICO; EVELYN ENRIQUEZ; RONALD | (18) DECLARATORY/INJUNCTIVE |
| 19 R. ERSKINE and DEBRA J. ERSKINE; | RELIEF TO DECLARE THE CC&Rs |
|    XOCHITL ESCOPEDO; CARMEN | UNENFORCEABLE AS |
| 20 ESPINAS and OSCAR ESPINAS; JON | UNCONSCIONABLE; |
|    FINMARK; BARBARA FISCHER; | |
| 21 JEFFREY FITCH and CHERYL FITCH; | (19) BREACH OF THE IMPLIED |
|    STEVEN FLETCHER and LISA | COVENANT OF GOOD FAITH |
| 22 FLETCHER; JUAN FRANCISCO; | AND FAIR DEALING; |
| 23 FRANDEN ENTERPRISES LTD.; HAIM | |
|    GABAY; GUSTASVO LOPEZ, AMADA | (20) QUIET TITLE; |
| 24 LOPEZ; JOSE GARCIA and ELIZABETH | |
|    GARCIA; FRANK GERVASI and JANICE | (21) BREACH OF FIDUCIARY DUTY; |
| 25 GERVASI; JASON GEZYB; JEROME | |
|    GIULIANO and DIANE GIULIANO; | (22) BREACH OF CONTRACT; |
| 26 CYNTHIA GLICKMAN; VIJAY GOLI; | |
| 27 | |
| 28 | 2 |

| | |
|---|---|
| 1 | LYNETTE GRIDLEY; JASON GRIFFIN and ) |
| 2 | GRIS GRIFFIN; ROBERTO GUERRERO ) |
| | and IRENE GUERRERO; RICHARD ) |
| 3 | GUESS; GARY GUSIENOV; NOMER ) |
| | GUTIERREZ; STEPHEN GUYON and ) |
| 4 | KATHLEEN GUYON; WADIEH HADDAD; ) |
| 5 | JEFFREY HAIG; DR. INO HALEGUA; ) |
| | CORONADO HARO; STEVE ) |
| 6 | HAVERLAND and JANET HAVERLAND; ) |
| | HUO HEIKYUNG; RICHARD HEMAR; ) |
| 7 | FRANKLIN SAMUEL HEREDIA; ) |
| 8 | RICHARD D. HODGES and NANCY J. ) |
| | HODGES, TRUSTEES OF THE HODGES ) |
| 9 | FAMILY TRUST; EVA HOM; BARBARA ) |
| | HORTON; SHARON HOWARD; ARMEN ) |
| 10 | HOUANNESSIAN; LISA HSU; EUGENE ) |
| 11 | HSU; LISA HUANG and ROBERT LIU; LO ) |
| | HUANG; IGOR RTISHCHEU; DONALD ) |
| 12 | ISERI and MARY ISERI; BILLY B. ISLEY; ) |
| 13 | WILLIAM JENKINS and FRANCES ) |
| | JENKINS; LORENZO JIMENEZ; MICHAEL ) |
| 14 | JOSIAH; DOROTHY JULIUS; HAYDEE ) |
| | KABIGTING; TERESAS KALLIVROUSIS; ) |
| 15 | MICHAEL KANDOV; ) |
| 16 | JAMES KARR and KATHRYN KARR; ) |
| | JAMAL KHALAF and MAYSOON ) |
| 17 | KHALAF; JASON KIM; LANCE Y. KIM; ) |
| | KINGFISH ENTERPRISES, LLC.; LUANNE ) |
| 18 | KLEIN; RICHARD W. KOENEKE and ) |
| 19 | JULIA A. KOENEKE; MICHAEL ) |
| | KOLINSKI; B. KOLLOORI; CLIFF ) |
| 20 | KOSCHNICK; JAMES KOURY; JOYCE ) |
| 21 | KUPSH; ARASH LALEZARY and ABTIN ) |
| | MISSASGHI; MARGARET LANAM; ) |
| 22 | LARRY LARSON; GARY LEE; LES ) |
| | SAINTES, LLC.; MARK D. LESLEY and ) |
| 23 | SHIRLEY LESLEY; STUART LINDER, ) |
| 24 | M.D.; TINA PENNY LIU; JOEL LOAIZA; ) |
| | ALBERT LoPRESTI; PETER LoPRESTI; ) |
| 25 | ANTONIO LoPRESTI and NICOLA ) |
| | LoPRESTI; MABEL LOY and MYRNA ) |
| 26 | LOY; MICHAEL LUTGEN; AREN ) |
| 27 | MAGARIAB and ALIN MAGARIAB; ) |
| | DADGAR MAHINDOKHT; AZIZ ) |
| 28 | MAHOUBI and FARAH MAHOUBI; KIM ) |

(23)  ACCOUNTING; and,

(24)  UNJUST ENRICHMENT

3

TMGM 393

| | |
|---|---|
| 1 | MAI and SONCHAU MAI; OLIVIA ) |
| 2 | MANIVONG; AMANDA MANNING; )<br>EUGENE MAR; SAM MARCHESE and ) |
| 3 | MARIA MARCHESE; DAVID MARTIN; )<br>SAMUEL McBIRNEY; SCOTT McBIRNEY;) |
| 4 | ROBERT McELLIOTT, JR.; MAISHA ) |
| 5 | McGEE-CHILDS; JOHN McLEAN; )<br>LEONEL MEDEIROS, JR.; RICHARD ) |
| 6 | MEIER and CAROL MEIER; CYRUS )<br>MESHKI; RICHARD MEYERSON; MGM ) |
| 7 | GROUP 18, LLC.; WILLIAM MILAN; ) |
| 8 | JERRY MINTON; LUIS MORAN; )<br>MAURICE MORCOS; CHRISTOPHER ) |
| 9 | ANDRE MOUTON and JEAN CLAUDE ) |
| 10 | MOUTON; BRODIE MUNRO; MATTHEW )<br>NAFISI; MICHAEL NILAND and EUGENE ) |
| 11 | YOSHII; GREGORY SCOTT NIX; )<br>JEFFREY NOWAK; KIERAN O'LEARY ) |
| 12 | and DONNA O'LEARY; STEPHANIE G. ) |
| 13 | OVADIA; DAVID OWEN; PUZANT )<br>OZBAG; FRANKLIN PANG; DAVID ) |
| 14 | PARK; TERRY C. PARK; PIYUSH PATEL )<br>and LORRAINE PATEL; SURESH J. ) |
| 15 | PATEL; ANTHONY PAVESE and NARDA ) |
| 16 | PAVESE; PECK PROPERTIES; AJ REAL )<br>ESTATE V, INC.; JOHN POLAK; ROBERT ) |
| 17 | POMORSKI; MICHAEL POULS and )<br>SHERYL POULS; MARTIN PRANGER; ) |
| 18 | WILLIAM PRIA and MICHELLE PRIA; ) |
| 19 | RANDELL PRICE and DEBRA PRICE; )<br>NORMAN QUAN; JAMES RAPPAPORT ) |
| 20 | and MARILYN RAPPAPORT; STEVEN )<br>RASKIND; JAMES C. VAIL, ALBERT ) |
| 21 | RASMUSSEN and MARY RASMUSSEN; ) |
| 22 | JERRY RAY and LINDA RAY; RICHARD )<br>RAZOOK; SHIRLENE REEVES; DARRON ) |
| 23 | R. RISHWAIN; MICHAEL RIVERA; )<br>DAVID ROSS; RICHARD ROTTIER and ) |
| 24 | SHARON ROTTIER; MARIA RUIZ; ) |
| 25 | JOSEPH ROMANELLO and ROSLAND )<br>ROMANELLO; SUNHAE RYU; ) |
| 26 | BERNADETTE SANEDRIN; WILLIAM )<br>SATERLEE; WARREN SAVAGE; ERIC ) |
| 27 | |
| 28 | 4 |

TMGM 394

1   SCHWARTZ and PHYLIS SCHWARTZ;   )
2   SCRAM, LLC.; FRIBA SEKANDER;   )
    TAPAN R. SHAH, M.D.; SHEILLA SHANE; )
3   CARL SHIN; ALAN SILVERSTEIN; PETER )
    SIM; MANUAL G. SIMANGAN; LINDA   )
4   SIMPSON; HOOMAN SIMYAR; DAVID   )
    SIN; ROBERT SINN; JAMES SLADE and   )
5   JANICE SLADE; ROBALD SLAVICK;   )
6   BEN SOIFER and LINDA SOIFER;   )
    MATTHEW SOLOMON and ELIZABETH   )
7   H. SOLOMON; MATTHEW STABILE;   )
8   JACOB SWEIDAN and GEBRIELA   )
    SWEIDAN; NEIL TABACHKI and NANCY )
9   TABACHKI; JIAN JENNY TANG; IMTIAZ )
    TAR and SHEHZAAD TAR; DOBY   )
10  TEBANGIN and VERA TEBANGIN;   )
11  FRANCISCO TOLEDO and AIDELISA   )
    TOLEDO; ROBERT B. TOLEY; MARIO   )
12  TRAVALINI; DEREK TRABILOY and   )
    KARRIE TRABILOY; HUGO TSCHUDIN   )
13  and RUTH TSCHUDIN; WILLIAM   )
14  TUCULET; JAVAD VAHIDI  and ANA   )
    VAHIDI; RANDALL   )
15  WAKEFIELD and THERESA WAKEFIELD; )
16  SCOTT WALKER and AMANDA   )
    WALKER; PEGGY WALTERS-SHULTZ;   )
17  ROBERT WEIBORT; RUTH WEISBACH;   )
    DAVID WELTSCH; ALEX WENGER;   )
18  DENNIS WERNER; RICHARD WU and IVY)
    WU; JACK YANG; YORAM YOSSIFOFF;   )
19  KIRSTIE YOUNG; BRENDA ZIATS;   )
20  MICHAEL J. MONA, JR., Trustee, MONA   )
    FAMILY TRUST; KIM BYUNG; NELBA   )
21  HIDALGO; LUCY RAYMOND, LTD.;   )
    EDWARD T. REHNBERG; JONATHAN   )
22  BAKTARI; BERJ ALIKSANIAN and LORI   )
23  ALIKSANIAN, ANN DAPOLITO; MARIO   )
    MORCOS; RUBEN GARCIA and TERRY L. )
24  CRUM, BOBBY SHAW, II, BRENT ENEIX; )
    EDGAR MIDDLETON and JOANNE   )
25  MIDDLETON; DOROTHY JOHNS;   )
26  STEPHEN T. BELL and TONI BELL;   )
    VALENTE C. RAMOS; CARL CASTORO;   )
27
28                              5

TMGM 395

1  ROBERT E. STROUD; JESSE DeLEON and )
2  LIBERTINE DeLEON; JOHN MENDOZA; )
   CHARLENE NIA; ROSALIND RUSSO; )
3  ROY NEWMAN; BYUNG PARK; MILLY )
   HOM; and EMMANUEL and MARCELA )
4  URBANO; )
                                        )
5           Claimants, )
                                        )
6      vs. )
                                        )
7  TURNBERRY/MGM GRAND TOWERS, )
   LLC, a Nevada LLC; MGM GRAND )
8  CONDOMINIUMS LLC, a Nevada LLC; )
9  THE SIGNATURE CONDOMINIUMS, LLC )
   a Nevada LLC;  MGM MIRAGE, a Delaware )
10 Corporation; MGM RESORTS )
   INTERNATIONAL, a Delaware Corporation; )
11 TURNBERRY/HARMON AVE., LLC., a )
12 Nevada LLC; MGM GRAND HOTEL, LLC, )
   a Nevada LLC; SIGNATURE TOWER I, )
13 LLC, a Nevada LLC, SIGNATURE TOWER )
   2 LLC, a/k/a TURNBERRY/MGM GRAND )
14 TOWER B LLC, a Nevada LLC; )
15 SIGNATURE TOWER 3, LLC, a Nevada )
   LLC; and TURNBERRY WEST REALTY, )
16 INC., a Nevada Corporation. )
                                        )
17          Respondents. )
                                        )
18 _____

19 **FOURTH AMENDED COMPLAINT IN ARBITRATION AMENDED AS PER NEVADA**
20 **SUPREME COURT ORDER ATTACHED HERETO AND FILED AS AAA CASE NO.:**
   **11 115 Y 000264 12 (Sussex et al. v. Turnberry/MGM Grand Towers, LLC et al.)**
21
22    COMES NOW, Claimants Mary Ann Sussex; Mitchell Pae; Malcolm Nicholl and Sandy

23 Scalise; Ernesto Valdez, Sr. and Ernesto Valdez, Jr.; John Hanson and Elizabeth Hanson; GEORGE

24 ABRAHAM; A. W. VEGAS CONDO, LLC.; JOSE ABALOS and AMELIA ABALOS; JOSHUA

25 ADIRIM, SAGI S. ADIRIM and AARON ADIRIM; S. K.AGGARWAL; DANIEL D. AHN and

26 SARA Y. AHN; LEON ALEXANDER and SYLVIA ALEXANDER; EDGARDO ALICIAWAY

27 and JANETTE ALICIAWAY; PAVESE ALIKSANIAN; SCOTT ALLEN; JORGE ALONZO and

28 DARLENE ALONZO; CHARITO ANSAY; OSCAR AQUIJE; WILLIAM ARAGONES;

6

ROBERTO AREIALA; ELONORA ARONOVA and LINDA ARONOVA; SHELDON ARPAD and DIANA ARPAD; WALEED ARSHAID and SUHAIR ARSHAID; FRANZ AUER and STELLA BREDER; BETTY K. AZAR; JOSEPHINE BAJER; NIKKI BALGINY; YOUNG BANG; MAXINE BARENS; JORGE R. BARRIO and MARIA C. BARRIO; RONALD BATINO and BESSIE BATINO; KERMIT BAYLESS; MITCHELL BOBROW; GREGORY BONHAM and ELIZABETH BONHAM; KENARIK BOSHOUZIAN; GARY BUHRMAN and JOAN BUHRMAN; MYRNA CASTRO; EDWARD P. CATARSI; ERNEST R. CAVALLARO and PAULA K. CAVALLARO; GILBERTO CEJA; BRUCE CHADWICK; JEWEL CHANG; MICHAEL CHIAFALIE; LARRY CHO and STEPHANIE CHO; BRICE CHOI; ANDREW CHUPP; CIMARRON INVESTMENT CO., LLC.; THOMAS CLARKE; MARK COBETTO and MICHAEL URBAN; ROBERT COHAN; DOUGLAS COHEN; JOHN COLLINS; DENNIS CONNELLY and CATHRYN CONNELLY; JOHN CRIBBS; ANTHONY CUTATAR; SILVANA D'ALESSANDRI; MATTHEW DeFILIPPO and ELIZABETH VULTAGGIO; RENE DeJESUS, WILHEMINA DeJESUS; and JAMIE RODRIGUEZ; VENCAT DEVINENI; DG CAPITAL, LLC.; LINDA ANNE DIXON; LINDA D'LUCO; RUBY ANN DOLLINS; JOHN DONNELLY and SANDRA DONNELLY; PACIFICO D. DORADO; ROBERT E. DUBUC and MADELINE J. DUBUC; WILLIAM DUNN; EDGAR ELCHICO; EVELYN ENRIQUEZ; RONALD R. ERSKINE and DEBRA J. ERSKINE; XOCHITL ESCOPEDO; CARMEN ESPINAS and OSCAR ESPINAS; JON FINMARK; BARBARA FISCHER; JEFFREY FITCH and CHERYL FITCH; STEVEN FLETCHER and LISA FLETCHER; JUAN FRANCISCO; FRANDEN ENTERPRISES LTD.; HAIM GABAY; GUSTASVO LOPEZ, AMADA LOPEZ; JOSE GARCIA and ELIZABETH GARCIA; FRANK GERVASI and JANICE GERVASI; JASON GEZYB; JEROME GIULIANO and DIANE GIULIANO; CYNTHIA GLICKMAN; VIJAY GOLI; LYNETTE GRIDLEY; JASON GRIFFIN and GRIS GRIFFIN; ROBERTO GUERRERO and IRENE GUERRERO; RICHARD GUESS; GARY GUSIENOV; NOMER GUTIERREZ; STEPHEN GUYON and KATHLEEN GUYON; WADIEH HADDAD; JEFFREY HAIG; DR. INO HALEGUA; CORONADO HARO; STEVE HAVERLAND and JANET HAVERLAND; HUO

7

HEIKYUNG; RICHARD HEMAR; FRANKLIN SAMUEL HEREDIA; RICHARD D. HODGES
and NANCY J. HODGES, TRUSTEES OF THE HODGES FAMILY TRUST; EVA HOM;
BARBARA HORTON; SHARON HOWARD; ARMEN HOUANNESSIAN; LISA HSU; EUGENE
HSU; LISA HUANG and ROBERT LIU; LO HUANG; IGOR RTISHCHEU; DONALD ISERI and
MARY ISERI; BILLY B. ISLEY; WILLIAM JENKINS and FRANCES JENKINS; LORENZO
JIMENEZ; MICHAEL JOSIAH; DOROTHY JULIUS; HAYDEE KABIGTING; TERESAS
KALLIVROUSIS; MICHAEL KANDOV; JAMES KARR and KATHRYN KARR; JAMAL
KHALAF and MAYSOON KHALAF; JASON KIM; LANCE Y. KIM; KINGFISH ENTERPRISES,
LLC.; LUANNE KLEIN; RICHARD W. KOENEKE and JULIA A. KOENEKE; MICHAEL
KOLINSKI; B. KOLLOORI; CLIFF KOSCHNICK; JAMES KOURY; JOYCE KUPSH; ARASH
LALEZARY and ABTIN MISSASGHI; MARGARET LANAM; LARRY LARSON; GARY LEE;
LES SAINTES, LLC.; MARK D. LESLEY and SHIRLEY LESLEY; STUART LINDER, M.D.;
TINA PENNY LIU; JOEL LOAIZA; ALBERT LoPRESTI; PETER LoPRESTI; ANTONIO
LoPRESTI and NICOLA LoPRESTI; MABEL LOY and MYRNA LOY; MICHAEL LUTGEN;
AREN MAGARIAB and ALIN MAGARIAB; DADGAR MAHINDOKHT; AZIZ MAHOUBI and
FARAH MAHOUBI; KIM MAI and SONCHAU MAI; OLIVIA MANIVONG; AMANDA
MANNING; EUGENE MAR; SAM MARCHESE and MARIA MARCHESE; DAVID MARTIN;
SAMUEL McBIRNEY; SCOTT McBIRNEY;  ROBERT McELLIOTT, JR.; MAISHA McGEE-
CHILDS; JOHN McLEAN; LEONEL MEDEIROS, JR.; RICHARD MEIER and CAROL MEIER;
CYRUS MESHKI; RICHARD MEYERSON; MGM GROUP 18, LLC.; WILLIAM MILAN;
JERRY MINTON; LUIS MORAN; MAURICE MORCOS; CHRISTOPHER ANDRE MOUTON
and JEAN CLAUDE MOUTON; BRODIE MUNRO; MATTHEW NAFISI; MICHAEL NILAND
and EUGENE YOSHII; GREGORY SCOTT NIX; JEFFREY NOWAK; KIERAN O'LEARY and
DONNA O'LEARY; STEPHANIE G. OVADIA; DAVID OWEN; PUZANT OZBAG; FRANKLIN
PANG; DAVID PARK; TERRY C. PARK; PIYUSH PATEL and LORRAINE PATEL; SURESH
J. PATEL; ANTHONY PAVESE and NARDA PAVESE; PECK PROPERTIES; AJ REAL
ESTATE V, INC.; JOHN POLAK; ROBERT POMORSKI; MICHAEL POULS and SHERYL

8

TMGM 398

POULS; MARTIN PRANGER; WILLIAM PRIA and MICHELLE PRIA; RANDELL PRICE and DEBRA PRICE; NORMAN QUAN; JAMES RAPPAPORT and MARILYN RAPPAPORT; STEVEN RASKIND; JAMES C. VAIL, ALBERT RASMUSSEN and MARY RASMUSSEN; JERRY RAY and LINDA RAY; RICHARD RAZOOK; SHIRLENE REEVES; DARRON R. RISHWAIN; MICHAEL RIVERA; DAVID ROSS; RICHARD ROTTIER and SHARON ROTTIER; MARIA RUIZ; JOSEPH ROMANELLO and ROSLAND ROMANELLO; SUNHAE RYU; BERNADETTE SANEDRIN; WILLIAM SATERLEE; WARREN SAVAGE; ERIC SCHWARTZ and PHYLIS SCHWARTZ; SCRAM, LLC.; FRIBA SEKANDER; TAPAN R. SHAH, M.D.; SHEILLA SHANE; CARL SHIN; ALAN SILVERSTEIN; PETER SIM; MANUAL G. SIMANGAN; LINDA SIMPSON; HOOMAN SIMYAR; DAVID SIN; ROBERT SINN; JAMES SLADE and JANICE SLADE; ROBALD SLAVICK;   BEN SOIFER and LINDA SOIFER; MATTHEW SOLOMON and ELIZABETH H. SOLOMON; MATTHEW STABILE; JACOB SWEIDAN and GEBRIELA SWEIDAN; NEIL TABACHKI and NANCY TABACHKI; JIAN JENNY TANG; IMTIAZ TAR and SHEHZAAD TAR; DOBY TEBANGIN and VERA TEBANGIN; FRANCISCO TOLEDO and AIDELISA TOLEDO; ROBERT B. TOLEY; MARIO TRAVALINI; DEREK TRABILOY and KARRIE TRABILOY; HUGO TSCHUDIN and RUTH TSCHUDIN; WILLIAM TUCULET; JAVAD VAHIDI  and ANA VAHIDI; RANDALL WAKEFIELD and THERESA WAKEFIELD; SCOTT WALKER and AMANDA WALKER; PEGGY WALTERS-SHULTZ; ROBERT WEIBORT; RUTH WEISBACH; DAVID WELTSCH; ALEX WENGER; DENNIS WERNER; RICHARD WU and IVY WU; JACK YANG; YORAM YOSSIFOFF; KIRSTIE YOUNG; BRENDA ZIATS; MICHAEL J. MONA, JR., Trustee, MONA FAMILY TRUST; KIM BYUNG; NELBA HIDALGO; LUCY RAYMOND, LTD.; EDWARD T. REHNBERG; JONATHAN BAKTARI; AMIN RAHIM; BERJ ALIKSANIAN and LORI ALIKSANIAN, ANN DAPOLITO; MARIO MORCOS; RUBEN GARCIA and TERRY L. CRUM, BOBBY SHAW, II, BRENT ENEIX; EDGAR MIDDLETON and JOANNE MIDDLETON; DOROTHY JOHNS; STEPHEN T. BELL and TONI BELL; VALENTE C. RAMOS; CARL CASTORO; ROBERT E. STROUD; JESSE DeLEON and LIBERTINE DeLEON; JOHN

9

TMGM 399

1   MENDOZA; CHARLENE NIA; ROSALIND RUSSO; ROY NEWMAN; BYUNG PARK; MILLY

2   HOM; EMMANUEL and MARCELA URBANO, who bring this action on behalf of themselves,

3   and on behalf of all similarly situated persons (collectively "Claimants"), against Respondents

4   TURNBERRY/MGM   GRAND   TOWERS,   LLC,   a   Nevada   LLC;   MGM   GRAND

5   CONDOMINIUMS LLC, a Nevada LLC; THE SIGNATURE CONDOMINIUMS, LCC a Nevada

6   LLC; MGM MIRAGE, a Delaware Corporation; MGM RESORTS INTERNATIONAL, a Delaware

7   Corporation; TURNBERRY/HARMON AVE., LLC., a Nevada LLC; and TURNBERRY WEST

8   REALTY, INC., a Nevada Corporation; MGM GRAND HOTEL, LLC, a Nevada LLC;

9   SIGNATURE TOWER I, LLC, a Nevada LLC, SIGNATURE TOWER 2 LLC, a Nevada LLC; and,

10  SIGNATURE TOWER 3, LLC, a Nevada LLC (hereinafter collectively referred to variously as

11  "Respondents" or "MGM"), and allege, based upon information and belief, except where otherwise

12  stated, as follows:

13  ## NATURE OF THE ACTION

14      1.      The claims alleged in this Complaint all arise from the same common nucleus of facts

15  emanating out of the purchase and sale of units in the MGM Signature Grand Towers pursuant to

16  the terms of the same form Purchase and Sale Agreement ("PSA"). The original complaint in this

17  action was filed on February 22, 2008 in Court. On May 7, 2008, the Complaint was amended to

18  be prosecuted as a class action. The class action complaint pled as common elements of the case that

19  the sale of units to all the Class Members was the product of an intentional and well orchestrated

20  uniform scheme to defraud all the unit purchasers for profit in violation of state and federal laws.

21  The scheme was perpetrated by the Respondents named in the class action complaint and other

22  defendants unknown to Claimants at that time. The filing of the original complaint on February 22,

23  2008 tolled the running of the statutes of limitations and statutes of repose for the plaintiffs named

24  therein and the filing of the class action complaint on May 7, 2008 tolled the running of the statutes

25  of limitations and statutes of repose for all claims arising out of this common nucleus of facts

26  emanating from the purchase and sale pursuant to the PSA.

27      2.      The scheme, as orchestrated by MGM, allowed MGM to use the financial resources

28

10

TMGM 400

1  Robert B. Gerard, Esq. (Nevada State Bar #005323)
   Ricardo R. Ehmann, Esq. (Nevada State Bar #010576)
2  GERARD & ASSOCIATES
   2840 South Jones Boulevard
3  Building D, Suite #4
   Las Vegas, Nevada 89146
4  Telephone:    (702) 251-0093
   Facsimile:     (702) 251-0094
5
   Norman Blumenthal, Esq. (California State Bar #068687)
6  BLUMENTHAL, NORDREHAUG & BHOWMIK
   2255 Calle Clara
7  La Jolla, California 92037
   Telephone:    (858) 551-1223
8  Facsimile:     (858) 551-1232
9  *Attorneys for Claimants*
   Additional counsel listed on signature page
10
11              **AMERICAN ARBITRATION ASSOCIATION**

12  MARY ANN SUSSEX; MITCHELL PAE;          )   **CASE NO. 11 115 Y 000264 12**
    MALCOLM NICHOLL and SANDY               )
13  SCALISE; ERNESTO VALDEZ, SR. and        )   (United States District Court District of
    ERNESTO VALDEZ, JR.; JOHN HANSON        )   Nevada Case No. 2: 11-cv-01007 - JCM-
14  and ELIZABETH HANSON; GEORGE            )   NJK)
    ABRAHAM; A. W. VEGAS CONDO, LLC.;       )
15  JOSE ABALOS and AMELIA ABALOS;          )   **FOURTH AMENDED COMPLAINT IN**
    JOSHUA ADIRIM, SAGI S. ADIRIM and       )   **ARBITRATION AMENDED AS PER**
16  AARON ADIRIM; S. K.AGGARWAL;            )   **NEVADA SUPREME COURT ORDER**
    DANIEL D. AHN and SARA Y. AHN; LEON     )   **ATTACHED HERETO AND FILED AS**
17  ALEXANDER and SYLVIAALEXANDER;          )   **AAA CASE NO.: 11 115 Y 000264 12**
    EDGARDO ALICIAWAY and JANETTE           )   **(Abraham et al. v. Turnberry/MGM Grand**
18  ALICIAWAY; PAVESE ALIKSANIAN;           )   **Towers, LLC et al.)**
    SCOTT ALLEN; JORGE ALONZO and           )
19  DARLENE ALONZO; CHARITO ANSAY;          )   (1) VIOLATION OF §12(a)(1) OF THE
    OSCAR AQUIJE; WILLIAM ARAGONES;         )        SECURITIES ACT OF 1933;
20  ROBERTO AREIALA; ELONORA                )
    ARONOVA and LINDA ARONOVA;              )   (2) VIOLATION OF §12(a)(2) OF THE
21  SHELDON ARPAD and DIANA ARPAD;          )        SECURITIES ACT OF 1933;
    WALEED ARSHAID and SUHAIR               )
22  ARSHAID; FRANZ AUER and STELLA          )    (3) VIOLATION OF §10 THE
    BREDER; BETTY K. AZAR; JOSEPHINE        )        SECURITIES EXCHANGE ACT OF
23  BAJER; NIKKI BALGINY;                   )        1934;
    YOUNG BANG; MAXINE BARENS;              )
24  JORGE R. BARRIO and MARIA C.            )   (4) VIOLATION OF N.R.S. 90.460;
    BARRIO; RONALD BATINO and BESSIE        )
25  BATINO; KERMIT BAYLESS; MITCHELL        )   (5) VIOLATION OF N.R.S. 90.570;
                                            )
26                                              (6) VIOLATION OF N.R.S. 598, *et seq.*;
27

28

                                    1

TMGM 401

| | | |
|---|---|---|
| 1 | BOBROW; GREGORY BONHAM and ELIZABETH BONHAM; KENARIK | (7) FRAUDULENT CONCEALMENT; |
| 2 | BOSHOUZIAN; GARY BUHRMAN and JOAN BUHRMAN; MYRNA CASTRO; | (8) FRAUDULENT CONVEYANCE; |
| 3 | EDWARD P. CATARSI; ERNEST R. CAVALLARO and PAULA K. | (9) FRAUDULENT |
| 4 | CAVALLARO; GILBERTO CEJA; BRUCE | MISREPRESENTATION; |
| 5 | CHADWICK; JEWEL CHANG; MICHAEL CHIAFALIE; LARRY CHO and | (10) NEGLIGENT MISREPRESENTATION; |
| 6 | STEPHANIE CHO; BRICE CHOI; ANDREW CHUPP; CIMARRON | (11) FRAUD IN THE INDUCEMENT; |
| 7 | INVESTMENT CO., LLC.; | |
| 8 | THOMAS CLARKE; MARK COBETTO and MICHAEL URBAN; ROBERT COHAN; | (12) AIDING AND ABETTING; |
| 9 | DOUGLAS COHEN; JOHN COLLINS; DENNIS CONNELLY and CATHRYN | (13) CIVIL CONSPIRACY; |
| 10 | CONNELLY; JOHN CRIBBS; ANTHONY | |
| 11 | CUTATAR; SILVANA D'ALESSANDRI; MATTHEW DeFILIPPO and ELIZABETH | (14) ALTER EGO; |
| 12 | VULTAGGIO; RENE DeJESUS, | (15) DECLARATORY/INJUNCTIVE RELIEF TO ABATE THE |
| 13 | WILHEMINA DeJESUS; and JAMIE RODRIGUEZ; VENCAT DEVINENI; DG | NUISANCE AND TRESPASS; |
| 14 | CAPITAL, LLC.; LINDA ANNE DIXON; | (16) NUISANCE; |
| 15 | LINDA D'LUCO; RUBY ANN DOLLINS; JOHN DONNELLY and SANDRA | (17) TRESPASS; |
| 16 | DONNELLY; PACIFICO D. DORADO; ROBERT E. DUBUC and MADELINE J. | (18) DECLARATORY/INJUNCTIVE |
| 17 | DUBUC; WILLIAM DUNN; EDGAR | RELIEF TO DECLARE THE CC&Rs |
| 18 | ELCHICO; EVELYN ENRIQUEZ; RONALD R. ERSKINE and DEBRA J. ERSKINE; | UNENFORCEABLE AS UNCONSCIONABLE; |
| 19 | XOCHITL ESCOPEDO; CARMEN | |
| 20 | ESPINAS and OSCAR ESPINAS; JON FINMARK; BARBARA FISCHER; | (19) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH |
| 21 | JEFFREY FITCH and CHERYL FITCH; STEVEN FLETCHER and LISA | AND FAIR DEALING; |
| 22 | FLETCHER; JUAN FRANCISCO; | (20) QUIET TITLE; |
| 23 | FRANDEN ENTERPRISES LTD.; HAIM GABAY; GUSTASVO LOPEZ, AMADA | (21) BREACH OF FIDUCIARY DUTY; |
| 24 | LOPEZ; JOSE GARCIA and ELIZABETH GARCIA; FRANK GERVASI and JANICE | (22) BREACH OF CONTRACT; |
| 25 | GERVASI; JASON GEZYB; JEROME GIULIANO and DIANE GIULIANO; | (23) ACCOUNTING; and, |
| 26 | CYNTHIA GLICKMAN; VIJAY GOLI; | |
| 27 | | |
| 28 | 2 | |

| | |
|---|---|
| 1 | LYNETTE GRIDLEY; JASON GRIFFIN and )   (24) UNJUST ENRICHMENT |
| 2 | GRIS GRIFFIN; ROBERTO GUERRERO ) |
|   | and IRENE GUERRERO; RICHARD ) |
| 3 | GUESS; GARY GUSIENOV; NOMER ) |
|   | GUTIERREZ; STEPHEN GUYON and ) |
| 4 | KATHLEEN GUYON; WADIEH HADDAD; ) |
| 5 | JEFFREY HAIG; DR. INO HALEGUA; ) |
|   | CORONADO HARO; STEVE ) |
| 6 | HAVERLAND and JANET HAVERLAND; ) |
|   | HUO HEIKYUNG; RICHARD HEMAR; ) |
| 7 | FRANKLIN SAMUEL HEREDIA; ) |
| 8 | RICHARD D. HODGES and NANCY J. ) |
|   | HODGES, TRUSTEES OF THE HODGES ) |
| 9 | FAMILY TRUST; EVA HOM; BARBARA ) |
|   | HORTON; SHARON HOWARD; ARMEN ) |
| 10 | HOUANNESSIAN; LISA HSU; EUGENE ) |
| 11 | HSU; LISA HUANG and ROBERT LIU; LO ) |
|   | HUANG; IGOR RTISHCHEU; DONALD ) |
| 12 | ISERI and MARY ISERI; BILLY B. ISLEY; ) |
|   | WILLIAM JENKINS and FRANCES ) |
| 13 | JENKINS; LORENZO JIMENEZ; MICHAEL ) |
| 14 | JOSIAH; DOROTHY JULIUS; HAYDEE ) |
|   | KABIGTING; TERESAS KALLIVROUSIS; ) |
| 15 | MICHAEL KANDOV; ) |
|   | JAMES KARR and KATHRYN KARR; ) |
| 16 | JAMAL KHALAF and MAYSOON ) |
| 17 | KHALAF; JASON KIM; LANCE Y. KIM; ) |
|   | KINGFISH ENTERPRISES, LLC.; LUANNE ) |
| 18 | KLEIN; RICHARD W. KOENEKE and ) |
| 19 | JULIA A. KOENEKE; MICHAEL ) |
|   | KOLINSKI; B. KOLLOORI; CLIFF ) |
| 20 | KOSCHNICK; JAMES KOURY; JOYCE ) |
|   | KUPSH; ARASH LALEZARY and ABTIN ) |
| 21 | MISSASGHI; MARGARET LANAM; ) |
|   | LARRY LARSON; GARY LEE; LES ) |
| 22 | SAINTES, LLC.; MARK D. LESLEY and ) |
| 23 | SHIRLEY LESLEY; STUART LINDER. ) |
|   | M.D.; TINA PENNY LIU; JOEL LOAIZA; ) |
| 24 | ALBERT LoPRESTI; PETER LoPRESTI; ) |
| 25 | ANTONIO LoPRESTI and NICOLA ) |
|   | LoPRESTI; MABEL LOY and MYRNA ) |
| 26 | LOY; MICHAEL LUTGEN; AREN ) |
|   | MAGARIAB and ALIN MAGARIAB; ) |
| 27 | DADGAR MAHINDOKHT; AZIZ ) |
| 28 | MAHOUBI and FARAH MAHOUBI; KIM ) |

3

TMGM 403

MAI and SONCHAU MAI; OLIVIA )
MANIVONG; AMANDA MANNING; )
EUGENE MAR; SAM MARCHESE and )
MARIA MARCHESE; DAVID MARTIN; )
SAMUEL McBIRNEY; SCOTT McBIRNEY;)
ROBERT McELLIOTT, JR.; MAISHA )
McGEE-CHILDS; JOHN McLEAN; )
LEONEL MEDEIROS, JR.; RICHARD )
MEIER and CAROL MEIER; CYRUS )
MESHKI; RICHARD MEYERSON; MGM )
GROUP 18, LLC.; WILLIAM MILAN; )
JERRY MINTON; LUIS MORAN; )
MAURICE MORCOS; CHRISTOPHER )
ANDRE MOUTON and JEAN CLAUDE )
MOUTON; BRODIE MUNRO; MATTHEW )
NAFISI; MICHAEL NILAND and EUGENE )
YOSHII; GREGORY SCOTT NIX; )
JEFFREY NOWAK; KIERAN O'LEARY )
and DONNA O'LEARY; STEPHANIE G. )
OVADIA; DAVID OWEN; PUZANT )
OZBAG; FRANKLIN PANG; DAVID )
PARK; TERRY C. PARK; PIYUSH PATEL )
and LORRAINE PATEL; SURESH J. )
PATEL; ANTHONY PAVESE and NARDA )
PAVESE; PECK PROPERTIES; AJ REAL )
ESTATE V, INC.; JOHN POLAK; ROBERT )
POMORSKI; MICHAEL POULS and )
SHERYL POULS; MARTIN PRANGER; )
WILLIAM PRIA and MICHELLE PRIA; )
RANDELL PRICE and DEBRA PRICE; )
NORMAN QUAN; JAMES RAPPAPORT )
and MARILYN RAPPAPORT; STEVEN )
RASKIND; JAMES C. VAIL, ALBERT )
RASMUSSEN and MARY RASMUSSEN; )
JERRY RAY and LINDA RAY; RICHARD )
RAZOOK; SHIRLENE REEVES; DARRON )
R. RISHWAIN; MICHAEL RIVERA; )
DAVID ROSS; RICHARD ROTTIER and )
SHARON ROTTIER; MARIA RUIZ; )
JOSEPH ROMANELLO and ROSLAND )
ROMANELLO; SUNHAE RYU; )
BERNADETTE SANEDRIN; WILLIAM )
SATERLEE; WARREN SAVAGE; ERIC )

4

TMGM 404

1  SCHWARTZ and PHYLIS SCHWARTZ;   )
2  SCRAM, LLC.; FRIBA SEKANDER;   )
   TAPAN R. SHAH, M.D.; SHEILA SHANE; )
3  CARL SHIN; ALAN SILVERSTEIN; PETER )
   SIM; MANUAL G. SIMANGAN; LINDA   )
4  SIMPSON; HOOMAN SIMYAR; DAVID   )
5  SIN; ROBERT SINN; JAMES SLADE and   )
   JANICE SLADE; ROBALD SLAVICK;   )
6  BEN SOIFER and LINDA SOIFER;   )
   MATTHEW SOLOMON and ELIZABETH   )
7  H. SOLOMON; MATTHEW STABILE;   )
   JACOB SWEIDAN and GEBRIELA   )
8  SWEIDAN; NEIL TABACHKI and NANCY )
9  TABACHKI; JIAN JENNY TANG; IMTIAZ )
   TAR and SHEHZAAD TAR; DOBY   )
10 TEBANGIN and VERA TEBANGIN;   )
11 FRANCISCO TOLEDO and AIDELISA   )
   TOLEDO; ROBERT B. TOLEY; MARIO   )
12 TRAVALINI; DEREK TRABILOY and   )
   KARRIE TRABILOY; HUGO TSCHUDIN   )
13 and RUTH TSCHUDIN; WILLIAM   )
14 TUCULET; JAVAD VAHIDI  and ANA   )
   VAHIDI; RANDALL   )
15 WAKEFIELD and THERESA WAKEFIELD; )
   SCOTT WALKER and AMANDA   )
16 WALKER; PEGGY WALTERS-SHULTZ;   )
17 ROBERT WEIBORT; RUTH WEISBACH;   )
   DAVID WELTSCH; ALEX WENGER;   )
18 DENNIS WERNER; RICHARD WU and IVY)
19 WU; JACK YANG; YORAM YOSSIFOFF;   )
   KIRSTIE YOUNG; BRENDA ZIATS;   )
20 MICHAEL J. MONA, JR., Trustee, MONA   )
   FAMILY TRUST; KIM BYUNG; NELBA   )
21 HIDALGO; LUCY RAYMOND, LTD.;   )
   EDWARD T. REHNBERG; JONATHAN   )
22 BAKTARI; BERJ ALIKSANIAN and LORI   )
23 ALIKSANIAN, ANN DAPOLITO; MARIO   )
   MORCOS; RUBEN GARCIA and TERRY L. )
24 CRUM, BOBBY SHAW, II, BRENT ENEIX; )
   EDGAR MIDDLETON and JOANNE   )
25 MIDDLETON; DOROTHY JOHNS;   )
   STEPHEN T. BELL and TONI BELL;   )
26 VALENTE C. RAMOS; CARL CASTORO;   )
27
28                               5

1   ROBERT E. STROUD; JESSE DeLEON and )
2   LIBERTINE DeLEON; JOHN MENDOZA; )
    CHARLENE NIA; ROSALIND RUSSO; )
3   ROY NEWMAN; BYUNG PARK; MILLY )
    HOM; and EMMANUEL and MARCELA )
4   URBANO; )
                       )
5                        )
          Claimants, )
6     vs. )
                       )
7   TURNBERRY/MGM GRAND TOWERS, )
    LLC, a Nevada LLC; MGM GRAND )
8   CONDOMINIUMS LLC, a Nevada LLC; )
9   THE SIGNATURE CONDOMINIUMS, LLC )
    a Nevada LLC;  MGM MIRAGE, a Delaware )
10   Corporation; MGM RESORTS )
11   INTERNATIONAL, a Delaware Corporation; )
    TURNBERRY/HARMON AVE., LLC., a )
12   Nevada LLC; MGM GRAND HOTEL, LLC, )
    a Nevada LLC; SIGNATURE TOWER I, )
13   LLC, a Nevada LLC, SIGNATURE TOWER )
14   2 LLC, a/k/a TURNBERRY/MGM GRAND )
    TOWER B LLC, a Nevada LLC; )
15   SIGNATURE TOWER 3, LLC, a Nevada )
    LLC; and TURNBERRY WEST REALTY, )
16   INC., a Nevada Corporation. )
                       )
17         Respondents.

18

19   **FOURTH AMENDED COMPLAINT IN ARBITRATION AMENDED AS PER NEVADA**
    **SUPREME COURT ORDER ATTACHED HERETO AND FILED AS AAA CASE NO.:**
20   **11 115 Y 000264 12 (Abraham et al. v. Turnberry/MGM Grand Towers, LLC et al.)**

21       COMES NOW, Claimants Mary Ann Sussex; Mitchell Pae; Malcolm Nicholl and Sandy

22   Scalise; Ernesto Valdez, Sr. and Ernesto Valdez, Jr.; John Hanson and Elizabeth Hanson; GEORGE

23   ABRAHAM; A. W. VEGAS CONDO, LLC.; JOSE ABALOS and AMELIA ABALOS; JOSHUA

24   ADIRIM, SAGI S. ADIRIM and AARON ADIRIM; S. K.AGGARWAL; DANIEL D. AHN and

25   SARA Y. AHN; LEON ALEXANDER and SYLVIAALEXANDER; EDGARDO ALICIAWAY

26   and JANETTE ALICIAWAY; PAVESE ALIKSANIAN; SCOTT ALLEN; JORGE ALONZO and

27   DARLENE ALONZO; CHARITO ANSAY; OSCAR AQUIJE; WILLIAM ARAGONES;

28   ROBERTO AREIALA; ELONORA ARONOVA and LINDA ARONOVA; SHELDON ARPAD

6

1   and DIANA ARPAD; WALEED ARSHAID and SUHAIR ARSHAID; FRANZ AUER and

2   STELLA BREDER; BETTY K. AZAR; JOSEPHINE BAJER; NIKKI BALGINY; YOUNG BANG;

3   MAXINE BARENS; JORGE R. BARRIO and MARIA C. BARRIO; RONALD BATINO and

4   BESSIE BATINO; KERMIT BAYLESS; MITCHELL BOBROW; GREGORY BONHAM and

5   ELIZABETH BONHAM; KENARIK BOSHOUZIAN; GARY BUHRMAN and JOAN

6   BUHRMAN; MYRNA CASTRO; EDWARD P. CATARSI; ERNEST R. CAVALLARO and

7   PAULA K. CAVALLARO; GILBERTO CEJA; BRUCE CHADWICK; JEWEL CHANG;

8   MICHAEL CHIAFALIE; LARRY CHO and STEPHANIE CHO; BRICE CHOI; ANDREW

9   CHUPP; CIMARRON INVESTMENT CO., LLC.; THOMAS CLARKE; MARK COBETTO and

10  MICHAEL URBAN; ROBERT COHAN; DOUGLAS COHEN; JOHN COLLINS;

11  DENNIS CONNELLY and CATHRYN CONNELLY; JOHN CRIBBS; ANTHONY CUTATAR;

12  SILVANA D'ALESSANDRI; MATTHEW DeFILIPPO and ELIZABETH VULTAGGIO; RENE

13  DeJESUS, WILHEMINA DeJESUS; and JAMIE RODRIGUEZ; VENCAT DEVINENI; DG

14  CAPITAL, LLC.; LINDA ANNE DIXON; LINDA D'LUCO; RUBY ANN DOLLINS; JOHN

15  DONNELLY and SANDRA DONNELLY; PACIFICO D. DORADO; ROBERT E. DUBUC and

16  MADELINE J. DUBUC; WILLIAM DUNN; EDGAR ELCHICO; EVELYN ENRIQUEZ;

17  RONALD R. ERSKINE and DEBRA J. ERSKINE; XOCHITL ESCOPEDO; CARMEN ESPINAS

18  and OSCAR ESPINAS; JON FINMARK; BARBARA FISCHER; JEFFREY FITCH and CHERYL

19  FITCH; STEVEN FLETCHER and LISA FLETCHER; JUAN FRANCISCO; FRANDEN

20  ENTERPRISES LTD.; HAIM GABAY; GUSTASVO LOPEZ, AMADA LOPEZ; JOSE GARCIA

21  and ELIZABETH GARCIA; FRANK GERVASI and JANICE GERVASI; JASON GEZYB;

22  JEROME GIULIANO and DIANE GIULIANO; CYNTHIA GLICKMAN; VIJAY GOLI;

23  LYNETTE GRIDLEY; JASON GRIFFIN and GRIS GRIFFIN; ROBERTO GUERRERO and

24  IRENE GUERRERO; RICHARD GUESS; GARY GUSIENOV; NOMER GUTIERREZ; STEPHEN

25  GUYON and KATHLEEN GUYON; WADIEH HADDAD; JEFFREY HAIG; DR. INO

26  HALEGUA; CORONADO HARO; STEVE HAVERLAND and JANET HAVERLAND; HUO

27  HEIKYUNG; RICHARD HEMAR; FRANKLIN SAMUEL HEREDIA; RICHARD D. HODGES

28

7

TMGM 407

and NANCY J. HODGES, TRUSTEES OF THE HODGES FAMILY TRUST; EVA HOM;
BARBARA HORTON; SHARON HOWARD; ARMEN HOUANNESSIAN; LISA HSU; EUGENE
HSU; LISA HUANG and ROBERT LIU; LO HUANG; IGOR RTISHCHEU; DONALD ISERI and
MARY ISERI; BILLY B. ISLEY; WILLIAM JENKINS and FRANCES JENKINS; LORENZO
JIMENEZ; MICHAEL JOSIAH; DOROTHY JULIUS; HAYDEE KABIGTING; TERESAS
KALLIVROUSIS; MICHAEL KANDOV; JAMES KARR and KATHRYN KARR; JAMAL
KHALAF and MAYSOON KHALAF; JASON KIM; LANCE Y. KIM; KINGFISH ENTERPRISES,
LLC.; LUANNE KLEIN; RICHARD W. KOENEKE and JULIA A. KOENEKE; MICHAEL
KOLINSKI; B. KOLLOORI; CLIFF KOSCHNICK; JAMES KOURY; JOYCE KUPSH; ARASH
LALEZARY and ABTIN MISSASGHI; MARGARET LANAM; LARRY LARSON; GARY LEE;
LES SAINTES, LLC.; MARK D. LESLEY and SHIRLEY LESLEY; STUART LINDER, M.D.;
TINA PENNY LIU; JOEL LOAIZA; ALBERT LoPRESTI; PETER LoPRESTI; ANTONIO
LoPRESTI and NICOLA LoPRESTI; MABEL LOY and MYRNA LOY; MICHAEL LUTGEN;
AREN MAGARIAB and ALIN MAGARIAB; DADGAR MAHINDOKHT; AZIZ MAHOUBI and
FARAH MAHOUBI; KIM MAI and SONCHAU MAI; OLIVIA MANIVONG; AMANDA
MANNING; EUGENE MAR; SAM MARCHESE and MARIA MARCHESE; DAVID MARTIN;
SAMUEL McBIRNEY; SCOTT McBIRNEY;  ROBERT McELLIOTT, JR.; MAISHA McGEE-
CHILDS; JOHN McLEAN; LEONEL MEDEIROS, JR.; RICHARD MEIER and CAROL MEIER;
CYRUS MESHKI; RICHARD MEYERSON; MGM GROUP 18, LLC.; WILLIAM MILAN;
JERRY MINTON; LUIS MORAN; MAURICE MORCOS; CHRISTOPHER ANDRE MOUTON
and JEAN CLAUDE MOUTON; BRODIE MUNRO; MATTHEW NAFISI; MICHAEL NILAND
and EUGENE YOSHII; GREGORY SCOTT NIX; JEFFREY NOWAK; KIERAN O'LEARY and
DONNA O'LEARY; STEPHANIE G. OVADIA; DAVID OWEN; PUZANT OZBAG; FRANKLIN
PANG; DAVID PARK; TERRY C. PARK; PIYUSH PATEL and LORRAINE PATEL; SURESH
J. PATEL; ANTHONY PAVESE and NARDA PAVESE; PECK PROPERTIES; AJ REAL
ESTATE V, INC.; JOHN POLAK; ROBERT POMORSKI; MICHAEL POULS and SHERYL
POULS; MARTIN PRANGER; WILLIAM PRIA and MICHELLE PRIA; RANDELL PRICE and

8

1  DEBRA PRICE; NORMAN QUAN; JAMES RAPPAPORT and MARILYN RAPPAPORT;

2  STEVEN RASKIND; JAMES C. VAIL, ALBERT RASMUSSEN and MARY RASMUSSEN;

3  JERRY RAY and LINDA RAY; RICHARD RAZOOK; SHIRLENE REEVES; DARRON R.

4  RISHWAIN; MICHAEL RIVERA; DAVID ROSS; RICHARD ROTTIER and SHARON

5  ROTTIER; MARIA RUIZ; JOSEPH ROMANELLO and ROSLAND ROMANELLO; SUNHAE

6  RYU; BERNADETTE SANEDRIN; WILLIAM SATERLEE; WARREN SAVAGE; ERIC

7  SCHWARTZ and PHYLIS SCHWARTZ; SCRAM, LLC.; FRIBA SEKANDER; TAPAN R.

8  SHAH, M.D.; SHEILLA SHANE; CARL SHIN; ALAN SILVERSTEIN; PETER SIM; MANUAL

9  G. SIMANGAN; LINDA SIMPSON; HOOMAN SIMYAR; DAVID SIN; ROBERT SINN; JAMES

10  SLADE and JANICE SLADE; ROBALD SLAVICK;   BEN SOIFER and LINDA SOIFER;

11  MATTHEW SOLOMON and ELIZABETH H. SOLOMON; MATTHEW STABILE; JACOB

12  SWEIDAN and GEBRIELA SWEIDAN; NEIL TABACHKI and NANCY TABACHKI; JIAN

13  JENNY TANG; IMTIAZ TAR and SHEHZAAD TAR; DOBY TEBANGIN and VERA

14  TEBANGIN; FRANCISCO TOLEDO and AIDELISA TOLEDO; ROBERT B. TOLEY; MARIO

15  TRAVALINI; DEREK TRABILOY and KARRIE TRABILOY; HUGO TSCHUDIN and RUTH

16  TSCHUDIN; WILLIAM TUCULET; JAVAD VAHIDI   and ANA VAHIDI; RANDALL

17  WAKEFIELD and THERESA WAKEFIELD; SCOTT WALKER and AMANDA WALKER;

18  PEGGY WALTERS-SHULTZ; ROBERT WEIBORT; RUTH WEISBACH; DAVID WELTSCH;

19  ALEX WENGER; DENNIS WERNER; RICHARD WU and IVY WU; JACK YANG; YORAM

20  YOSSIFOFF; KIRSTIE YOUNG; BRENDA ZIATS; MICHAEL J. MONA, JR., Trustee, MONA

21  FAMILY TRUST; KIM BYUNG; NELBA HIDALGO; LUCY RAYMOND, LTD.; EDWARD T.

22  REHNBERG; JONATHAN BAKTARI; AMIN RAHIM; BERJ ALIKSANIAN and LORI

23  ALIKSANIAN, ANN DAPOLITO; MARIO MORCOS; RUBEN GARCIA and TERRY L. CRUM,

24  BOBBY SHAW, II, BRENT ENEIX; EDGAR MIDDLETON and JOANNE MIDDLETON;

25  DOROTHY JOHNS; STEPHEN T. BELL and TONI BELL; VALENTE C. RAMOS; CARL

26  CASTORO; ROBERT E. STROUD; JESSE DeLEON and LIBERTINE DeLEON; JOHN

27  MENDOZA; CHARLENE NIA; ROSALIND RUSSO; ROY NEWMAN; BYUNG PARK; MILLY

28

HOM; EMMANUEL and MARCELA URBANO, who bring this action on behalf of themselves, and on behalf of all similarly situated persons (collectively "Claimants"), against Respondents TURNBERRY/MGM GRAND TOWERS, LLC, a Nevada LLC; MGM GRAND CONDOMINIUMS LLC, a Nevada LLC; THE SIGNATURE CONDOMINIUMS, LCC a Nevada LLC; MGM MIRAGE, a Delaware Corporation; MGM RESORTS INTERNATIONAL, a Delaware Corporation; TURNBERRY/HARMON AVE., LLC., a Nevada LLC; and TURNBERRY WEST REALTY, INC., a Nevada Corporation; MGM GRAND HOTEL, LLC, a Nevada LLC; SIGNATURE TOWER I, LLC, a Nevada LLC, SIGNATURE TOWER 2 LLC, a Nevada LLC; and, SIGNATURE TOWER 3, LLC, a Nevada LLC (hereinafter collectively referred to variously as "Respondents" or "MGM"), and allege, based upon information and belief, except where otherwise stated, as follows:

## NATURE OF THE ACTION

1.    The claims alleged in this Complaint all arise from the same common nucleus of facts emanating out of the purchase and sale of units in the MGM Signature Grand Towers pursuant to the terms of the same form Purchase and Sale Agreement ("PSA"). The original complaint in this action was filed on February 22, 2008 in Court. On May 7, 2008, the Complaint was amended to be prosecuted as a class action. The class action complaint pled as common elements of the case that the sale of units to all the Class Members was the product of an intentional and well orchestrated uniform scheme to defraud all the unit purchasers for profit in violation of state and federal laws. The scheme was perpetrated by the Respondents named in the class action complaint and other defendants unknown to Claimants at that time. The filing of the original complaint on February 22, 2008 tolled the running of the statutes of limitations and statutes of repose for the plaintiffs named therein and the filing of the class action complaint on May 7, 2008 tolled the running of the statutes of limitations and statutes of repose for all claims arising out of this common nucleus of facts emanating from the purchase and sale pursuant to the PSA.

2.    The scheme, as orchestrated by MGM, allowed MGM to use the financial resources of purchasers of units to build 1728 hotel suites adjacent to MGM's casino in Las Vegas. This

10

| | |
|---|---|
| 1 | Robert B. Gerard, Esq. (Nevada State Bar #005323) |
| | Ricardo R. Ehmann, Esq. (Nevada State Bar #010576) |
| 2 | GERARD & ASSOCIATES |
| | 2840 South Jones Boulevard |
| 3 | Building D, Suite #4 |
| | Las Vegas, Nevada 89146 |
| 4 | Telephone:   (702) 251-0093 |
| | Facsimile:   (702) 251-0094 |
| 5 | |
| | Norman Blumenthal, Esq. (California State Bar #068687) |
| 6 | BLUMENTHAL, NORDREHAUG & BHOWMIK |
| | 2255 Calle Clara |
| 7 | La Jolla, California 92037 |
| | Telephone:   (858) 551-1223 |
| 8 | Facsimile:   (858) 551-1232 |
| 9 | *Attorneys for Claimants* |
| | Additional counsel listed on signature page |
| 10 | |

**AMERICAN ARBITRATION ASSOCIATION**

| | | |
|---|---|---|
| 12 | KJH & RDA INVESTOR GROUP, LLC; 37th ) | **CASE NO. 11-115-Y-001963-09** |
| 13 | FLOOR INVESTOR GROUP, LLC; ) | |
| | MICHAEL ANDERSON and MATHEW ) | (Nevada Eighth Judicial District Court Case |
| 14 | ANDERSON; PIERRE BAIN; IBRAHIM ) | No. A547024) |
| | BARLAJ and LAURA BARLAJ; DAN ) | |
| 15 | BIRDSALL; TERENCIA CONEJERO; ) | **FOURTH AMENDED COMPLAINT IN** |
| | DIANE B. FAULCONER; FCF, LLC; ) | **ARBITRATION AMENDED AS PER** |
| 16 | STEPHEN J. GUYON; OGANES JOHN ) | **NEVADA SUPREME COURT ORDER** |
| 17 | HAKOPYAN; MARKAR KARATAS and ) | **ATTACHED HERETO AND FILED AS** |
| | NURHAN CELIK; FRANK KEANE and ) | **AAA CASE NO.: 11 115 Y 001963 09 [KJH** |
| 18 | CAROL KEANE; DENNIS LEUNG and ) | **& RDA Investor Group, LLC et al. v.** |
| | JIYEN SHIN; LETICIA L. MAGRI; ANAHIT ) | **Turnberry/MGM Grand Towers, LLC et** |
| 19 | MANDOYAN and ALEXANDER ) | **al.(aka Richard Agnello et al. v.** |
| 20 | MANDOYAN; SUSAN MIGNOT and ) | **Turnberry/MGM Grand Towers, LLC et** |
| | MARK MIGNOT; MARY MOMDZHYAN; ) | **al.)[:** |
| 21 | BB VENTURES, LLC; ED NARVAEZ; ) | |
| | DANE R. PHILLIPS; CRAIG A. PRIMAS; ) | (1)  VIOLATION OF §12(a)(1) OF THE |
| 22 | JAMES RICK and LAURINDA RICK; ) | SECURITIES ACT OF 1933; |
| 23 | DOUGLAS SCHOEN; PGR ENTERPRISES, ) | |
| | LLC; DIMITRITSA H. TOROMANOVA;38th ) | (2)  VIOLATION OF §12(a)(2) OF THE |
| 24 | FLOOR INVESTOR GROUP, LLC; DAVID ) | SECURITIES ACT OF 1933; |
| 25 | L. VADIS; ROSS BERKELEY; WOLF ) | |
| | TRADING COMPANY, LLC; MICHAEL ) | (3)  VIOLATION OF §10 THE |
| 26 | WILSON, STANLEY WILSON, and ) | SECURITIES EXCHANGE ACT OF |
| | CAMILLA WILSON; DASHRATH ) | 1934; |
| 27 | PANCHAL, DINA D. PANCHAL and ) | |
| | NARMIN HIRJI; QUEZADAS-HORTA ) | (4)  VIOLATION OF N.R.S. 90.460; |
| 28 | | |
| | | (5)  VIOLATION OF N.R.S. 90.570; |

1

| | |
|---|---|
| FAMILY TRUST, Roberto Quezadas-Horta, Trustee; JOSEPH H. SMITH and CAROL J. SMITH; MARIA ORELLANA; MAGHAMI FERIAL TRUST, Ferial Maghami, Trustee; LEONARDO BARRERA and GLORIA BARRERA; MOJISOLA ADEKUNBI and ABIOLA SANNI; SIGNATURE MGM GRAND, LLC; DOUGLAS HUIBREGTSE; JAMES HOKANSON; ANTE LONCAR, LJUBICA LONCAR and ELIZABETH G. VIDUCICH; RAUL RIOS and FERMINA RIOS; VLADIMIR RIVKIN; DANNY MAES and STEPHANIE CLEVELAND; MARK N. KECHEJIAN and CHRISTINE KECHEJIAN; MICHAEL HAHALYAK and LISA KRISAY-HAHALYAK; BENJAMIN RUDNITSKY and TAMAR A. RUDNITSKY; CLAY FRAZIER and PAULA FRAZIER; MIRIAM KIM and MARIE KIM; PASQUALE FEBBRARO and CATHLEEN M. FEBBRARO; HYO SHIN and JUNG SHIN; EUN YOUNG LEE; JOHN O. TOROSIAN and SARKIS TOROSIAN; LUNIQUE LE; RAFFI PIRICHIAN and ANI PIRICHIAN; JIM C. BURGUM; NANCY MARTINA; HERMAN CELIKIAN; RICHARD FELDMAN; LES KRIEGER and REBEKAH KRIEGER; CHRISTINA KIM; JUAN MEDINA and CLARISSA MEDINA; THOMAS CIFELLI and JOHN CIFELLI; MANSOUR SHAMS and ZAHRIA SHAMS; LEE FAMILY TRUST, Chris Lee and Suzie Lee as Co-Trustees; BRADLEY COSTELLO 1997 TRUST, Bradley Costello as Trustee; BERNARD KLOUDA; RUZAN CHARKCHYAN and ARUTYUN CHARKCHYAN; MARCO GONZALEZ; MARK BUCHSTABER and DEBORAH BUCHSTABER; LINH TANG and HUNG TANG; JERRY BROWN; WILLIAM PEDERSON and TATYANA PEDERSON; CHARLES GERACI and DELVIN DIAZ; MYUNG JA CHO; SHERENNE TANG and | (6) VIOLATION OF N.R.S. 598, *et seq.*; <br><br> (7) FRAUDULENT CONCEALMENT; <br><br> (8) FRAUDULENT CONVEYANCE; <br><br> (9) FRAUDULENT MISREPRESENTATION; <br><br> (10) NEGLIGENT MISREPRESENTATION; <br><br> (11) FRAUD IN THE INDUCEMENT; <br><br> (12) AIDING AND ABETTING; <br><br> (13) CIVIL CONSPIRACY; <br><br> (14) ALTER EGO; <br><br> (15) DECLARATORY/INJUNCTIVE RELIEF TO ABATE THE NUISANCE AND TRESPASS; <br><br> (16) NUISANCE; <br><br> (17) TRESPASS; <br><br> (18) DECLARATORY/INJUNCTIVE RELIEF TO DECLARE THE CC&Rs UNENFORCEABLE AS UNCONSCIONABLE; <br><br> (19) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; <br><br> (20) QUIET TITLE; <br><br> (21) BREACH OF FIDUCIARY DUTY; <br><br> (22) BREACH OF CONTRACT; |

2

TMGM 412

| | | |
|---|---|---|
| 1 | JULIETA BALAHADIA; CHENG LIM; | (23) ACCOUNTING; and, |
| 2 | DAVID SHIM; HOJOON LEE; MICHAEL LINARES and LAURIE LINARES; GREG YI | (24) UNJUST ENRICHMENT |
| 3 | and GRACE YI; SOLIP, LLC; UJJAL GHOSHTAGORE; WERDMULLER | |
| 4 | FAMILY TRUST, Walter E. Werdmuller von Elgg and Jill C. Werdmuller von Elgg, | |
| 5 | Trustees; SASAN SEIDFATHI and | |
| 6 | MEHRNAZ SAGHAFI; LAWRENCE M. DUMOULIN; SEHAK TUNA and VARTUHI | |
| 7 | TUNA; LAWRENCE HOBSON and LINDA M. HOBSON; LEE PRITZL; BELINDA W. | |
| 8 | LOUIE; AMIN A. RAHIM and ZAITUN A. | |
| 9 | RAHIM; PRISCILLA SALEM; IKE SHERMAN and GILLIANA SHERMAN; | |
| 10 | REMI OHTA; DUNCAN & GARDELLA ENTERPRISES, LLC; ALEXANDER | |
| 11 | GONSECKI and VALENTINA GONSECKI; | |
| 12 | SHI SI ZHENG; MARTHA VIAS; ANDRES F. ALOS; CHARLES CROOKS and LAURA | |
| 13 | CROOKS; SAMPAL FAMILY REVOCABLE LIVING TRUST; FOUAD | |
| 14 | FEGHALI; BASSILIOS C. PETRAKIS; | |
| 15 | DANIEL REICH and NATALIE REICH; JOSE SANCHEZ; LINDA S. CORBRIDGE; | |
| 16 | RAFIK BAKIJAN; RONALD D. PERKINS; LV 700, LLC; LOUIS CARNESALE and | |
| 17 | JOHN CARNESALE; | |
| 18 | | |
| 19 | Claimants, vs. | |
| 20 | | |
| 21 | TURNBERRY/MGM GRAND TOWERS, LLC, a Nevada LLC; MGM GRAND | |
| 22 | CONDOMINIUMS LLC, a Nevada LLC; THE SIGNATURE CONDOMINIUMS, LLC | |
| 23 | a Nevada LLC;  MGM MIRAGE, a Delaware Corporation; MGM RESORTS | |
| 24 | INTERNATIONAL, a Delaware Corporation; TURNBERRY/HARMON AVE., LLC., a | |
| 25 | Nevada LLC; MGM GRAND HOTEL, LLC, a Nevada LLC; SIGNATURE TOWER I, | |
| 26 | LLC, a Nevada LLC, SIGNATURE TOWER 2 LLC, a/k/a TURNBERRY/MGM GRAND | |
| 27 | TOWER B LLC, a Nevada LLC; | |
| 28 | | |

3

1  SIGNATURE TOWER 3, LLC, a Nevada       )
2  LLC; and TURNBERRY WEST REALTY,        )
   INC., a Nevada Corporation.            )
3                                         )
               Respondents.               )
4                                         )
5  _____)

6  **FOURTH AMENDED COMPLAINT IN ARBITRATION AMENDED AS PER NEVADA**
7  **SUPREME COURT ORDER ATTACHED HERETO AND FILED AS AAA CASE NO.:**
   **11 115 Y 001963 09 [KJH & RDA Investor Group, LLC et al. v. Turnberry/MGM Grand**
8  **Towers, LLC et al.(aka Richard Agnello et al. v. Turnberry/MGM Grand Towers, LLC et**
   **al.)]**

9        COMES NOW, Claimants KJH & RDA INVESTOR GROUP, LLC; 37th FLOOR

10  INVESTOR GROUP, LLC; MICHAEL ANDERSON and MATHEW ANDERSON; PIERRE

11  BAIN; IBRAHIM BARLAJ and LAURA BARLAJ; DAN BIRDSALL; TERENCIA CONEJERO;

12  DIANE B. FAULCONER; FCF, LLC; STEPHEN J. GUYON; OGANES JOHN HAKOPYAN;

13  MARKAR KARATAS and NURHAN CELIK; FRANK KEANE and CAROL KEANE; DENNIS

14  LEUNG and JIYEN SHIN; LETICIA L. MAGRI; ANAHIT MANDOYAN and ALEXANDER

15  MANDOYAN; SUSAN MIGNOT and MARK MIGNOT; MARY MOMDZHYAN; BB

16  VENTURES, LLC; ED NARVAEZ; DANE R. PHILLIPS; CRAIG A. PRIMAS; JAMES RICK and

17  LAURINDA RICK; DOUGLAS SCHOEN; PGR ENTERPRISES, LLC; DIMITRITSA H.

18  TOROMANOVA; 38th FLOOR INVESTOR GROUP, LLC; DAVID L. VADIS; ROSS BERKELEY;

19  WOLF TRADING COMPANY, LLC; MICHAEL WILSON, STANLEY WILSON, and CAMILLA

20  WILSON; DASHRATH PANCHAL, DINA D. PANCHAL and NARMIN HIRJI; QUEZADAS-

21  HORTA FAMILY TRUST, Roberto Quezadas-Horta, Trustee; JOSEPH H. SMITH and CAROL

22  J. SMITH; MARIA ORELLANA; MAGHAMI FERIAL TRUST, Ferial Maghami, Trustee;

23  LEONARDO BARRERA and GLORIA BARRERA; MOJISOLA ADEKUNBI and ABIOLA

24  SANNI; SIGNATURE MGM GRAND, LLC; DOUGLAS HUIBREGTSE; JAMES HOKANSON;

25  ANTE LONCAR, LJUBICA LONCAR and ELIZABETH G. VIDUCICH; RAUL RIOS and

26  FERMINA RIOS; VLADIMIR RIVKIN; DANNY MAES and STEPHANIE CLEVELAND; MARK

27  N. KECHEJIAN and CHRISTINE KECHEJIAN; MICHAEL HAHALYAK and LISA KRISAY-

28

4

TMGM 414

1    HAHALYAK; BENJAMIN RUDNITSKY and TAMAR A. RUDNITSKY; CLAY FRAZIER and

2    PAULA FRAZIER; MIRIAM KIM and MARIE KIM; PASQUALE FEBBRARO and CATHLEEN

3    M. FEBBRARO; HYO SHIN and JUNG SHIN; EUN YOUNG LEE; JOHN O. TOROSIAN and

4    SARKIS TOROSIAN; LUNIQUE LE; RAFFI PIRICHIAN and ANI PIRICHIAN; JIM C.

5    BURGUM; NANCY MARTINA; HERMAN CELIKIAN; RICHARD FELDMAN; LES KRIEGER

6    and REBEKAH KRIEGER; CHRISTINA KIM; JUAN MEDINA and CLARISSA MEDINA;

7    THOMAS CIFELLI and JOHN CIFELLI; MANSOUR SHAMS and ZAHRIA SHAMS; LEE

8    FAMILY TRUST, Chris Lee and Suzie Lee as Co-Trustees; BRADLEY COSTELLO 1997 TRUST,

9    Bradley Costello as Trustee; BERNARD KLOUDA; RUZAN CHARKCHYAN and ARUTYUN

10   CHARKCHYAN; MARCO GONZALEZ; MARK BUCHSTABER and DEBORAH

11   BUCHSTABER; LINH TANG and HUNG TANG; JERRY BROWN; WILLIAM PEDERSON and

12   TATYANA PEDERSON; CHARLES GERACI and DELVIN DIAZ; MYUNG JA CHO;

13   SHERENNE TANG and JULIETA BALAHADIA; CHENG LIM; DAVID SHIM; HOJOON LEE;

14   MICHAEL LINARES and LAURIE LINARES; GREG YI and GRACE YI; SOLIP, LLC; UJJAL

15   GHOSHTAGORE; WERDMULLER FAMILY TRUST, Walter E. Werdmuller von Elgg and Jill

16   C. Werdmuller von Elgg, Trustees; SASAN SEIDFATHI and MEHRNAZ SAGHAFI; LAWRENCE

17   M. DUMOULIN; SEHAK TUNA and VARTUHI TUNA; LAWRENCE HOBSON and LINDA M.

18   HOBSON; LEE PRITZL; BELINDA W. LOUIE; AMIN A. RAHIM and ZAITUN A. RAHIM;

19   PRISCILLA SALEM; IKE SHERMAN and GILLIANA SHERMAN; REMI OHTA; DUNCAN &

20   GARDELLA ENTERPRISES, LLC; ALEXANDER GONSECKI and VALENTINA GONSECKI;

21   SHI SI ZHENG; MARTHA VIAS; ANDRES F. ALOS; CHARLES CROOKS and LAURA

22   CROOKS; SAMPAL FAMILY REVOCABLE LIVING TRUST; FOUAD FEGHALI; BASSILIOS

23   C. PETRAKIS; DANIEL REICH and NATALIE REICH; JOSE SANCHEZ; LINDA S.

24   CORBRIDGE; RAFIK BAKIJAN; RONALD D. PERKINS; LV 700, LLC; LOUIS CARNESALE

25   and JOHN CARNESALE, (collectively "Claimants") who bring this action against Respondents

26   TURNBERRY/MGM GRAND TOWERS, LLC, a Nevada LLC; MGM GRAND

27

28                                              5

TMGM 415

1   CONDOMINIUMS LLC, a Nevada LLC; THE SIGNATURE CONDOMINIUMS, LLC a Nevada

2   LLC; MGM MIRAGE, a Delaware Corporation; MGM RESORTS INTERNATIONAL, a Delaware

3   Corporation; TURNBERRY/HARMON AVE., LLC., a Nevada LLC; and TURNBERRY WEST

4   REALTY, INC., a Nevada Corporation; MGM GRAND HOTEL, LLC, a Nevada LLC;

5   SIGNATURE TOWER I, LLC, a Nevada LLC, SIGNATURE TOWER 2 LLC, a Nevada LLC; and,

6   SIGNATURE TOWER 3, LLC, a Nevada LLC (hereinafter collectively referred to variously as

7   "Respondents" or "MGM"), and allege, based upon information and belief, except where otherwise

8   stated, as follows:

9                              **NATURE OF THE ACTION**

10       1.       The claims alleged in this Complaint all arise from the same common nucleus of facts

11   emanating out of the purchase and sale of units in the MGM Signature Grand Towers pursuant to

12   the terms of the same form Purchase and Sale Agreement ("PSA").  The original complaint in this

13   action was filed on February 22, 2008 in Court.  On May 7, 2008, the Complaint was amended to

14   be prosecuted as a class action.  The class action complaint pled as common elements of the case that

15   the sale of units to all the Class Members was the product of an intentional and well orchestrated

16   uniform scheme to defraud all the unit purchasers for profit in violation of state and federal laws.

17   The scheme was perpetrated by the Respondents named in the class action complaint and other

18   defendants unknown to Claimants at that time.  The filing of the original complaint on February 22,

19   2008 tolled the running of the statutes of limitations and statutes of repose for the plaintiffs named

20   therein and the filing of the class action complaint on May 7, 2008 tolled the running of the statutes

21   of limitations and statutes of repose for all claims arising out of this common nucleus of facts

22   emanating from the purchase and sale pursuant to the PSA.

23       2.       The scheme, as orchestrated by MGM, allowed MGM to use the financial resources

24   of purchasers of units to build 1728 hotel suites adjacent to MGM's casino in Las Vegas.  This

25   arrangement saved MGM over $1 billion in capital that was needed to build these hotel suites.  The

26   scheme also provided MGM with hundreds of millions of dollars in profits as the revenues from

27

28                                           6

IN THE SUPREME COURT OF THE STATE OF NEVADA

Supreme Court Case No. 63290

District Court Case No. A547024

Electronically Filed
Jul 05 2013 12:47 p.m.
Tracie K. Lindeman
Clerk of Supreme Court

TURNBERRY/MGM GRAND TOWERS, LLC

*Petitioner,*

vs.

THE EIGHTH JUDICIAL DISTRICT COURT and
the Honorable Mark R. Denton,

*Respondents,*

and

KJH & RDA INVESTOR GROUP, LLC; et al.,

*Real Parties in Interest*

---

**PETITION TO RECONSIDER DISMISSAL OF WRIT PETITION**

---

MORRIS LAW GROUP

Steve Morris, Bar No. 1543
Akke Levin, Bar No. 9102
Jean-Paul Hendricks, No. 10070
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

SNELL & WILMER L.L.P.

Alex Fugazzi, Bar No. 9022
Justin Carley, Bar No. 9994
3883 Howard Hughes Parkway, #1100
Las Vegas, NV 89169

Attorneys for Petitioner Turnberry/MGM Grand Towers, LLC

TMGM 417

### STATEMENT OF REASONS THIS PETITION SHOULD BE GRANTED

Turnberry/MGM Grand Towers ("Turnberry/MGM") asks the Court to reconsider its June 27, 2013, Order dismissing its writ petition because the Emergency Rule 27(e) motion of the Real Parties in Interest (RPI) does *not* establish that petitioner "has effectively obtained the relief it seeks in the writ petition." Order at 4:3–4. Petitioner sought in its petition a declaration that an arbitrator whose evident partiality has been conclusively established under Nevada law may be disqualified and removed from service pre-award by the district court's exercise of its equitable powers. Petition at 13; 25.

The RPI's "emergency" motion does not "moot" the petition because they do not have the authority to remove themselves from the consolidated arbitration that the arbitrator ordered *at their request* last year. His Consolidation Order, PA 368-86, is in effect today. As of this time, the challenged arbitrator is presiding over the RPI's claims and the claims of 385 others in *one* arbitration that is not subject to administration or de-consolidation by the RPI. Judge Denton acknowledged this point when he rejected the RPI's motion for clarification and reconsideration of his stay order, which is essentially the "emergency" motion the RPI's filed in this Court under NRAP 27(e) and this Court granted on June 27. Judge Denton said:

> The arbitration tribunal brings together cases filed by plaintiffs in both state and federal courts. While the plaintiffs differ in their selection of forum, the same defendants are included in all.
>
> ****
>
> Once references to arbitration occurred, by whatever forum, they were apparently consolidated in arbitration by the Arbitrator. Thus, the court does not consider that its ruling

Page 2 of 6

TMGM 418

> *directed at the arbitrator* interferes with the jurisdiction of other courts, state or federal.

PA 720 (Emphasis added).

As this excerpt from the district court's June 5 order shows, it is the arbitrator's province, not the RPI's, to proceed or not with arbitration of the RPI's claims along with all others before him until he orders otherwise or is disqualified and removed.  AAA Commercial Rule 6, entitled "Changes of Claim," makes this clear:  "After the arbitrator is appointed, however, no new or different claim may be submitted except with the arbitrator's consent," which has not been obtained.

These facts suggest that the Court erred when it concluded, in effect, that "petitioner has effectively obtained the relief it seeks" because the RPI "indicate that they have agreed to proceed in the underlying arbitration without the challenged arbitrator . . . ."  Order at 4:1–4.  The "underlying arbitration" is being presided over by Brendan Hare, and the RPI are in that arbitration under his Consolidation Order, which has not been amended or vacated to permit them to de-consolidate.  PA 368–86. They cannot change this fact by telling the Court they are "agreeable" to seeking a new, neutral arbitrator so the other 385 plaintiffs they and their common counsel brought to consolidated arbitration may stay behind under the umbrella of Arbitrator Hare, whose evident partiality in their favor has been established under *Thomas v. City of North Las Vegas*, 122 Nev. 83, 127 P.3d 1057 (2006).  *See* AAA Rule 6, *supra*, PA 633.[1]

---

[1] Please keep in mind that the AAA has declined to disqualify the arbitrator, saying it will "abide by an order issued by the courts."  PA 133; Petition at 13-14.  The RPI *now* take the position that this Court's order dismissing Turnberry/MGM's petition is an order disqualifying Arbitrator

TMGM 419

## CONCLUSION

The Court should grant this motion and reinstate Turnberry/MGM's petition and proceed with its disposition on the merits. It does not present any issue of "jurisdiction" over claimants who reached arbitration through federal court. The petition addresses the qualifications and status of the *arbitrator* who, at the request of RPI's counsel took control over all of the claims being made against Turnberry/MGM, irrespective of the court from which they were derived.[2] If Brendan Hare is subject to pre-award removal for evident partiality under the equitable powers of the district court, not one federal plaintiff will be denied arbitration under the arbitration agreement signed when each of them also signed up to do business with Turnberry/MGM.

---

Hare just **for them**. *See* Exhibit 1 hereto, Demand for Arbitration filed July 1, 2013 with the AAA, "**as per the Nevada Supreme Court Order attached hereto** . . . ." Not only does this misrepresent the Court's order, but it is a disingenuous effort to escape judicial review in this Court of Arbitrator Hare's evident partiality under Turnberry/MGM's writ petition by unilaterally disqualifying him as the arbitrator for the state court parties in a single consolidated arbitral proceeding in which *all* parties make identical claims against petitioner.

[2] Also keep in mind that the arbitrator has not evinced any inclination to step aside, although he has had ample opportunity to do so. *See, e.g.,* "Supplemental Disclosure of Arbitrator, February 13, 2013, PA 101-02. So even if the RPI's counsel gets away with falsely representing to the AAA that this Court is responsible for their demand for a new neutral arbitrator for the RPI, that would leave Turnberry/MGM with a disqualified arbitrator. The incumbent disqualified arbitrator would be removed now, however, for violating NRS 38.227 if this Court considers and decides the issue of pre-award removal that Turnberry/MGM's writ petition presents, and which the Court believed had merit until the RPI misled the Court into believing the petition presented a "moot" question.

Page 4 of 6

TMGM 420