1  Robert B. Gerard, Esq. (Nevada State Bar #005323)
   Ricardo R. Ehmann, Esq. (Nevada State Bar #010576)
2  **GERARD & ASSOCIATES**
   2840 South Jones Boulevard
3  Building D, Suite #4
   Las Vegas, Nevada 89146
4  Telephone:    (702) 251-0093
   Facsimile:    (702) 251-0094
5
   Norman Blumenthal, Esq. (California State Bar #068687)
6  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
   2255 Calle Clara
7  La Jolla, California 92037
   Telephone:    (858) 551-1223
8  Facsimile:    (858) 551-1232
9  Attorneys for Plaintiffs
10
11
                    **UNITED STATES DISTRICT COURT**
12
                     **DISTRICT OF  NEVADA**
13

14  MARY ANN SUSSEX, et al.              )   CASE NO.:  **2:08-cv-00773-MMD-PAL**
                                         )
15              Plaintiffs,              )   **DECLARATION OF NORMAN**
                                         )   **BLUMENTHAL IN SUPPORT OF**
16         vs.                           )   **OPPOSITION TO MOTION TO**
                                         )   **DISQUALIFY ARBITRATOR**
17  TURNBERRY/MGM GRAND                  )   **BRENDAN HARE**
18  TOWERS, LLC, et al.                  )
                                         )
19              Defendants.              )
                                         )   Before:        Hon. Miranda  Du
20                                       )   Department:       4A
                                         )
21                                       )
                                         )
22  _____     )
23
24
25
26
27
28
     _____
     DECLARATION OF NORMAN BLUMENTHAL IN SUPPORT OF OPPOSITION TO MOTION TO
     DISQUALIFY ARBITRATOR BRENDAN HARE
                                                    CASE NO.: 2:08-cv-00773

1  I, NORMAN B. BLUMENTHAL, declare:

2      1.    I am attorney for the Plaintiffs and I have personal knowledge as to the facts

3  stated in this declaration.  If called as a witness, I could and would competently testify to

4  the truth of the facts stated in this declaration.  I make this declaration in support of

5  Plaintiffs' Opposition to the Motion to Disqualify Arbitrator Brendan Hare.

6      2.    Attached hereto as <u>Exhibit 1</u> is a true and correct copy of email

7  correspondence from Yvonne Baglini of AAA dated September 4, 2013.

8      3.    Attached hereto as <u>Exhibit 2</u> is a true and correct copy of email

9  correspondence from Jonathan Weed of AAA dated February 26, 2010 which includes the

10  resume of Arbitrator Hare as an attachment to the email.

11      4.    Attached hereto as <u>Exhibit 3</u> is a true and correct copy of email

12  correspondence from Jonathan Weed of AAA dated February 14, 2013.

13      5.    Attached hereto as <u>Exhibit 4</u> is a true and correct copy of the "Order of

14  Affirmance" by Supreme Court of the State of Nevada in the case entitled *Fong v. MGM*

15  *Mirage International Marketing, Inc.*, Case No. 57397.

16

17      I declare under penalty of perjury under the laws of the United States and the State

18  of Nevada that the foregoing is true and correct.  Executed this 27th day of September,

19  2013 at La Jolla, California.

20

21      *Norman B. Blumenthal*

    Norman B. Blumenthal

22

23

24

25

26

27

28

DECLARATION OF NORMAN BLUMENTHAL IN SUPPORT OF OPPOSITION TO MOTION TO
DISQUALIFY ARBITRATOR BRENDAN HARE

**<u>EXHIBIT #1</u>**

## Kyle Nordrehaug

| | |
|---|---|
| **From:** | AAA Yvonne Baglini |
| **Sent:** | Wednesday, September 04, 2013 2:11 PM |
| **To:** | 'Steve Morris'; 'Norm Blumenthal'; 'Robert Velevis'; 'Yvette Ostolaza'; rgerard@gerardlaw.com; rehmann@gerardlaw.com; bwiand@wiandlaw.com; 'Alex Fugazzi'; 'Justin L. Carley'; 'JP Hendricks'; 'Akke Levin'; 'Kyle Nordrehaug' |
| **Cc:** | 'Yolanda  Garcia'; 'Patricia Ferrugia'; 'Vickie L. Nickerson'; 'Fiona M. Ingalls'; 'Scott Macrae' |
| **Subject:** | AAA Determination - AAA Arbitration 11 115 Y 264 12 - Sussex et al. v. Turnberry/MGM Grand Towers et al. |
| **Importance:** | High |

Dear Counsel,

The issue previously raised by Respondents regarding the objection to the continued service of Arbitrator Hare and any response received was considered by the AAA's Administrative Review Council ("Council").  After careful consideration of the parties' contentions, the ARC has determined that the arbitrator shall be reaffirmed in this case.  This decision will be made a part of our administrative file.

The AAA's rule on disqualification provides that an arbitrator shall be subject to disqualification for partiality or lack of independence, inability or refusal to perform his or her duties with diligence and in good faith, and any grounds for disqualification provided by applicable law.  The Council has carefully reviewed and considered the parties' submissions in this matter, and based upon the ARC Review Standards available at www.adr.org/arc, the Council has determined that the arbitrator shall be reaffirmed in this case.

Under the Rules, the AAA's decision regarding the objection to the arbitrator is conclusive.  Any additional objection to the continued service of the arbitrator must be based on new grounds.

The Council also considered the request of Respondents to require that filing requirements were met for each of the individual Claimants.  Under the Rules, the arbitrator has the power to determine the extent of their own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement and the existence or validity of a contract of which an arbitration clause forms a part.  Referring to the arbitrator's Order No. 9: Consolidation dated December 31, 2012, as a neutral administrative agency, it would be inappropriate for the AAA to disregard an order of the arbitrator.

The Association is in the process of contacting Arbitrator Hare and will notify the parties as to how he wishes to proceed.

Should you have any questions or concerns, please do not hesitate to contact the undersigned.

Sincerely,



**Yvonne Baglini**
**Director**
American Arbitration Association
950 Warren Ave.
East Providence, RI 02914-1414
**T**:401 431 4784
**F**:866 644 0234
**E**:Yvonnebaglini@adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**EXHIBIT #2**

## Norm Blumenthal

| | |
|---|---|
| **From:** | AAA Jonathan Weed <NE_Comm8@adr.org> |
| **Sent:** | Friday, February 26, 2010 9:00 AM |
| **To:** | rgerard@gerardlaw.com; Norman B. Blumenthal; rehmann@gerardlaw.com; cpil@sandiego.edu; bwiand@wiandlaw.com; pnasto@gerardlaw.com; paf@morrislawgroup.com; sm@morrislawgroup.com; jph@morrislawgroup.com; al@morrislawgroup.com |
| **Subject:** | Sussex v Turnberry/MGM - 11 115 1858 09 |
| **Attachments:** | hare noa noc.pdf |

Dear Parties:

This will advise the parties the Association has appointed Arbitrator Hare as arbitrator. Attached please find the arbitrator's duly executed Notice of Appointment and Notice of Compensation Arrangements.

Please advise the Association of any objections to the appointment of Arbitrator Hare by March 5, 2010, copying the other side.  The arbitrator shall not be copied on any comments related to the disclosure.

If any objections to this arbitrator's appointment are raised, the other party may respond within five business days.  The AAA will make a determination regarding the arbitrator's continued service in accordance with the Rules.

As requested by the neutral, if either party or their counsel knows of any contact or conflict that may be relevant, they are to communicate this information to the Association within ten days.

Should you have any questions, please do not hesitate to contact me.

Sincerely,



**Jonathan Weed  - Manager of ADR Services**
950 Warren Ave.
Providence, RI 02914-1414
Tel: 401 431 4721
Fax: 401 435 6529
E-mail: NE_Comm8@adr.org
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**Norm Blumenthal**

| | |
|---|---|
| **From:** | AAA Jonathan Weed <NE_Comm8@adr.org> |
| **Sent:** | Friday, February 26, 2010 10:45 AM |
| **To:** | rgerard@gerardlaw.com; Norman B. Blumenthal; rehmann@gerardlaw.com; cpil@sandiego.edu; bwiand@wiandlaw.com; pnasto@gerardlaw.com; paf@morrislawgroup.com; sm@morrislawgroup.com; jph@morrislawgroup.com; al@morrislawgroup.com; vln@morrislawgroup.com |
| **Subject:** | RE: Sussex v Turnberry/MGM - 11 115 1858 09 |
| **Attachments:** | Hare resume.PDF |

Dear Parties,

==Please find Arbitrator Hare's resume attached.==

Sincerely,



**Jonathan Weed  - Manager of ADR Services**
950 Warren Ave.
Providence, RI 02914-1414
Tel: 401 431 4721
Fax: 401 435 6529
E-mail: NE_Comm8@adr.org
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

---

**From:** AAA Jonathan Weed
**Sent:** Friday, February 26, 2010 12:00 PM
**To:** 'rgerard@gerardlaw.com'; 'norm@bamlawlj.com'; 'rehmann@gerardlaw.com'; 'cpil@sandiego.edu'; 'bwiand@wiandlaw.com'; 'pnasto@gerardlaw.com'; 'paf@morrislawgroup.com'; 'sm@morrislawgroup.com'; 'jph@morrislawgroup.com'; 'al@morrislawgroup.com'
**Subject:** Sussex v Turnberry/MGM - 11 115 1858 09

Dear Parties:

This will advise the parties the Association has appointed Arbitrator Hare as arbitrator. Attached please find the arbitrator's duly executed Notice of Appointment and Notice of Compensation Arrangements.

Please advise the Association of any objections to the appointment of Arbitrator Hare by March 5, 2010, copying the other side.  The arbitrator shall not be copied on any comments related to the disclosure.

If any objections to this arbitrator's appointment are raised, the other party may respond within five business days.  The AAA will make a determination regarding the arbitrator's continued service in accordance with the Rules.

As requested by the neutral, if either party or their counsel knows of any contact or conflict that may be relevant, they are to communicate this information to the Association within ten days.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

**The following resume(s) are printed for Sara Isom**

processed on Feb 26 2010 01:43 PM

**Contact** American Arbitration Association
950 Warren Avenue
East Providence, RI 02914
**telephone: 866-293-4053    facsimile: 401-435-6529**

# Brendan M. Hare, Esq.

## Current Employer-Title   Hare & Associates - Managing Partner

## Profession   Attorney - Commercial Litigation, including Class Actions and Technology Litigation

## Work History   Managing Partner, Hare & Associates, 2009-present; Managing Partner, Hare & Chaffin, 1990-09; Partner, Wickens, Hare, Koches & Brooks, 1988-90; Associate General Counsel, Honeywell, Inc., 1976-88; Associate, Lyne, Woodworth & Evarts, 1974-76; Staff Attorney, Office of Executive Secretary, Supreme Judicial Court, 1973-74; Instructor of Economics, Merrimack College, 1967-69.

## Experience   Over 30 years' experience litigating the full spectrum of commercial and corporate legal issues arising in the computer, communications, controls and alarm industries. Prosecutes and defends claims involving hardware and software vendors. Has assessed several hundred computer-related disputes from both plaintiff and defense standpoints. Has acted as advisor to multinational computer and controls companies and provided litigation management services nationally for a prominent manufacturer. Represents plaintiffs in a putative class action against one of the nation's largest mortgage servicers and defendant high tech manufacturer in putative class action brought for alleged pollution and stigma damages to real property.

## Alternative Dispute Resolution Experience   Since 1989, neutral arbitrator in: a putative class action by truckers related to tier contractual entitlement to freight charges from a shipping company; one of Boston's largest law firm breakups; a class action by pharmacies claiming breach of contract, fraud, breach of fiduciary duty, and unjust enrichment against one of the largest pharmacy benefits manager arising from its use of audits as to compounded drugs; a $240 million dispute against a major ERP software vendor by one of the country's largest wholesaler and distributor of electrical products, which dispute raised issues of copyright ownership, theft of trade secrets and system performance; an $83 million dispute against a software developer relating to an enterprise wide system for a major Massachusetts based insurer; a multimillion-dollar computer performance dispute between a large software distributor and a banking/thrift institution; a dispute involving a large software supplier and an insurance company; a $25 million claim against a software developer relating to a process control system for a plastics company; a $23 million claim against software developer relating to an enterprise wide system for a large multi-store retailer of both soft

*Brendan M. Hare, Esq.*
*98052*

goods and big ticket items; an $8 million dispute centering on the development and marketing of a web browser; a multimillion dollar dispute involving the development of software for the telecommunications industry; a post acquisition dispute arising from the sale of a software business devoted to the legal marketplace; and numerous software development/royalty disputes. Served as arbitrator in class action involving marketing practices of Prudential Life Insurance Co.

Advocate in numerous arbitrations and mediations such as: a $150 million ERP dispute between a major consulting house and a large manufacturer; $50 million contract dispute between a major government vendor and a subcontracting computer company; and a $12 million dispute involving the development of an infrared imaging system for the firefighting market place.

## Alternative Dispute Resolution Training   AAA Webinar, Current Issues in Employment Arbitration: The Arbitration Fairness Act of 2009 Legislation and Recent Court Decisions, 2009; AAA Webinar, Arbitrator Boundaries: What are the Limits of Arbitrator Authority?, 2009; AAA Chairing an Arbitration Panel: Managing Procedures, Process & Dynamics (ACE005), 2008, 2005; AAA Arbitrator Ethics & Disclosure (ACE003), 2007; ICDR, The International Arbitration's Deliberations and Determinations, 2006; AAA Dealing With Delay Tactics in Arbitration (ACE004), 2006, 2004; Attended AAA Neutrals Conference, 2004; AAA Commercial Arbitrator II Training: Advanced Case Management Issues, 2002; AAA Arbitrator Update, 2001; Certified Massachusetts Mediator Training, 2000; faculty, AAA Commercial Train the Trainer Course, 1998.

## Professional Licenses   Admitted to the Bar:  Massachusetts, 1973; New York, 1988; U.S. District Court, District of Massachusetts, 1974.

## Professional Associations    American Bar Association; Boston Bar Association (Computer Law Committee, Past Co-chair); American Arbitration Association (Computer Disputes Advisory Committee; Subcommittee on Class Actions).

## Education    Merrimack College (BA, cum laude-1967); Syracuse University (MA, Economics-1969); Suffolk University (JD, cum laude-1973).

## Publications and Speaking Engagements   Past member of Editorial Board, INSIDE LITIGATION.

## Compensation                          $325.00 Per Hour
Hourly rate applies to hearings and study time.  Electronic research fees will be charged.

*Brendan M. Hare, Esq.*
*98052*

**Citizenship** United States of America

**Locale** Boston, MA

*Brendan M. Hare, Esq.*
*98052*

**EXHIBIT #3**

**From:** AAA Jonathan Weed <JonathanWeed@adr.org>
**Date:** February 14, 2013, 8:15:01 AM PST
**To:** "sm@morrislawgroup.com" <sm@morrislawgroup.com>, "AL@morrislawgroup.com"
<AL@morrislawgroup.com>, "jph@morrislawgroup.com" <jph@morrislawgroup.com>, 'Robert
Gerard' <rgerard@gerardlaw.com>, "norm@bamlawca.com" <norm@bamlawca.com>,
"bwiand@wiandlaw.com" <bwiand@wiandlaw.com>, "'Ricardo Ehmann'"
<rehmann@gerardlaw.com>, 'Kevin Hernandez' <khernandez@gerardlaw.com>,
"cpil@sandiego.edu" <cpil@sandiego.edu>
**Cc:** "paf@morrislawgroup.com" <paf@morrislawgroup.com>, "vln@morrislawgroup.com"
<vln@morrislawgroup.com>
**Subject: Setting conference call and transmitting supplemental disclosure - AAA
Arbitration 11 115 Y 264 12 - Sussex et al. v. Turnberry/MGM et al.**

Dear Counsel,

This will confirm that a conference call with the arbitrator has been scheduled for March 6, 2013 at 11:00
AM PST (2:00 PM EST).  Please dial in to the conference call by using the following telephone number
and security code:

> Telephone: (888) 537-7715
> Security Code: 43775158#

Please note that the Case Administrator will not initiate the conference call.  All participants are requested
to dial in at the above time in order to ensure that the call may begin promptly.

Arbitrator Hare has made a supplemental disclosure, as detailed below.

Please advise the Association of any objections to the appointment of Arbitrator Hare or any
comments regarding this information by February 20, 2013, copying the other side.  The arbitrator shall
not be copied on any responses related to the disclosure.

If any objections or comments are received, the other party may respond within three business days.  The
AAA will make a determination regarding the arbitrator's continued service, in accordance with the Rules.

As requested by the neutral, if either party or their counsel knows of any contact or conflict that may be
relevant, they are to communicate this information to the Association within ten days

Please do not hesitate to contact me with any questions and/or concerns.

Sincerely,

**Jonathan Weed, Manager of ADR Services**
Tel: 401 431 4721
Fax: 866 644 0234
E-mail: JonathanWeed@adr.org
950 Warren Ave.
Providence, RI 02914-1414

Yvonne L. Baglini, Director
Northeast Case Management Center
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s)
listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended
recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal.
Thank you.

-----Original Message-----

From: Brendan Hare [mailto:dunnab3@comcast.net]
Sent: Wednesday, February 13, 2013 4:42 PM
To: AAA Jonathan Weed
Cc: Brendan Hare; bmhare@comcast.net; Brendan Hare
Subject: sussex turn berry inquiry re bowdoin street capital,llc

Hi Jonathan,
Bowdoin Street Capital, LLC is an entity I created to explore the possibility of raising a fund to provide
capital for litigation.
I have raised no money, and made no investments. Except for a vestigal web presence, the company has
been completely dormant.
If you have any questions or wish further information, please do not hesitate to call.
Thank you.
Brendan Hare

**EXHIBIT #4**

IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIN M. FONG,
Appellant,
vs.
MGM MIRAGE INTERNATIONAL
MARKETING, INC., A NEVADA
CORPORATION,
Respondent.

No. 57397

FILED

OCT 17 2012


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order confirming an arbitration award. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant Erin Fong was terminated by her employer, respondent MGM Mirage International Marketing, Inc., before the conclusion of her contracted term of employment. Fong filed a demand for arbitration, asserting claims for breach of contract and breach of the implied covenant of good faith and fair dealing; MGM asserted counterclaims against Fong. After a hearing, the arbitrator concluded that both parties' claims lacked merit and denied them. Fong moved to vacate the arbitrator's award in district court, but the district court denied the motion and instead confirmed the award. Fong appeals, seeking reversal on the following grounds: the arbitrator manifestly disregarded the law; the arbitrator should have been disqualified; Fong was deprived of a fair hearing; and the arbitration award was arbitrary and capricious. We review a district court's confirmation of an arbitration award de novo. Thomas v. City of North Las Vegas, 122 Nev. 82, 96, 127 P.3d 1057, 1067

12-32944

(2006).  We conclude that Fong's arguments lack merit.  Accordingly, we affirm the district court's order.

<u>The arbitrator did not manifestly disregard any applicable law</u>

Fong argues that the arbitrator manifestly disregarded: (1) NRS 613.210, which requires an employer to give a truthful reason for the employee's termination; (2) the sword and shield doctrine, which prohibits a party from both asserting a privilege and benefiting from that privileged material; (3) laws regarding notice; and (4) laws regarding the burden of proof.

"An arbitrator manifestly disregards the law when he or she recognizes that the law <u>absolutely requires</u> a given result and nonetheless <u>refuses</u> to apply the law correctly." <u>Bohlmann v. Printz</u>, 120 Nev. 543, 545, 96 P.3d 1155, 1156 (emphases added) overruled on other grounds by <u>Bass-Davis v. Davis</u>, 122 Nev. 442, 134 P.3d 103 (2006).  "Mere error in the application of the law is not grounds to vacate an arbitration award." <u>Id.</u> at 545, 96 P.3d at 1156.  In order to vacate an arbitration award due to manifest disregard of the law, "[t]he governing law alleged to have been ignored must be well-defined, explicit, and clearly applicable." <u>Graber v. Comstock Bank</u>, 111 Nev. 1421, 1428, 905 P.2d 1112, 1116 (1995).  "[C]ourts are not at liberty to set aside arbitration awards because of an arguable difference regarding the meaning or applicability of laws." <u>Id.</u> at 1428, 905 P.2d at 1116.

Not surprisingly, "the scope of judicial review of an arbitration award is limited and is nothing like the scope of an appellate court's review of a trial court's decision." <u>Health Plan of Nevada v. Rainbow Med</u>, 120 Nev. 689, 695, 100 P.3d 172, 177 (2004).  "A 'reviewing court should not concern itself with the "correctness" of an arbitration award' and thus does not review the merits of the dispute." <u>Bohlmann</u>, 120 Nev. at 547, 96

P.3d at 1158 (quoting <u>Thompson v. Tega-Rand Intern.</u>, 740 F.2d 762, 763 (9th Cir. 1984)); <u>see also</u> <u>Clark Cty. Educ. Ass'n v. Clark Cty. Sch. Dist.</u>, 122 Nev. 337, 342, 131 P.3d 5, 8 (2006); <u>Graber</u>, 111 Nev. at 1428, 905 P.2d at 1116.

Thus, "'[a] party seeking to vacate an arbitration award based on manifest disregard of the law may not merely object to the results of the arbitration.'"  <u>Clark Cty. Edu. Ass'n</u>, 122 Nev. at 342, 131 P.3d at 8 (quoting <u>Bohlmann</u>, 120 Nev. at 547, 96 P.3d at 1158).  Rather, "[t]he party seeking to attack the validity of an arbitration award has the burden of proving, by clear and convincing evidence, the statutory or common-law ground relied upon for challenging the award." <u>Rainbow Med.</u>, 120 Nev. at 695, 100 P.3d at 176.

<u>NRS 613.210</u>

Fong argues that MGM could not terminate her for a different reason than the one it provided in her termination letter pursuant to NRS 613.210, and that the arbitrator willful ignored NRS 613.210 when he found that MGM had not violated this statute.  We disagree.

NRS 613.210(4) provides, in relevant part, that an employee may receive "a truthful statement of the reason for . . . discharge of that employee."  MGM sent Fong a letter informing her that, pursuant to NRS 613.210, she was terminated for "[u]nsatisfactory job performance."  Fong asserted that MGM was barred from subsequently relying on section 7 of the employment agreement, which deals with gaming licensing.  The arbitrator did not agree.  In reaching his decision, the arbitrator expressly considered and interpreted NRS 613.210, applied it to the facts of the case, and determined that MGM did not violate the requirements of the statute.  Without determining whether the arbitrator's interpretation of this statute is correct, we conclude that the arbitrator's findings and

application of the statute did not rise to the level of manifest disregard of the law.

### The "sword and shield" doctrine

Fong also argues that the arbitrator manifestly disregarded the sword and shield doctrine because he permitted MGM to terminate Fong because of licensing concerns, under section 7 of the employment agreement, but then allowed MGM to classify certain documents regarding MGM's licensing concerns as privileged under the gaming privilege.[1] We reject Fong's argument.

A party may not use a privilege as both a sword "to assert a claim" and a shield "to protect the content" relating to that claim. Molina v. State, 120 Nev. 185, 194, 87 P.3d 533, 539 (2004). Review of the record reveals that the arbitrator did not permit MGM to assert a gaming privilege. He only allowed the Nevada Gaming Control Board (NGCB) to assert the privilege with respect to three documents relating to compliance reports and correspondence.[2] Because the NGCB was the only entity

---

[1]The gaming privilege "encompasses any communication made by a licensee or applicant to assist the Gaming Control Board or Gaming Commission in the performance of their respective duties." Hampe v. Foote, 118 Nev. 405, 408, 47 P.3d 438, 440 (2002) overruled on other grounds by Buzz Stew, LLC v. City of N. Las Vegas, 124 Nev. 224, 228 n.6, 181 P.3d 670, 672 n.6 (2008).

[2]Fong's counsel never challenged the NGCB's privilege with respect to these documents, and the arbitrator required MGM to produce all other documents it initially withheld under the gaming privilege.

allowed to assert the gaming privilege and not MGM, the sword and shield doctrine is inapplicable in this case.[3]

Notice

Fong maintains that the two written notices provided by MGM did not provide her sufficient notice or an opportunity to cure in accordance with her employment agreement. She asserts that the arbitrator manifestly disregarded the law by finding MGM's failure to provide notice was a "technical deficiency" and not a material breach of the employment agreement. We disagree.

The employment agreement placed several limitations on MGM's ability to terminate Fong, including a requirement that MGM give Fong notice, and, in some instances, an opportunity to cure. The written notices informed Fong that she was being terminated for good cause and for unsatisfactory job performance, but did not state the specific reason for her termination. After explaining that notice provisions must be

---

[3]Fong also argues that the arbitrator misinterpreted NRS 463.3407, which describes the gaming privilege. This court will not address the correctness of the arbitrator's interpretation of NRS 463.3407. See Clark Cty. Educ. Ass'n, 122 Nev. at 345, 131 P.3d at 10. Additionally, Fong argues that she was unable to test the credibility of MGM's witnesses because all relevant information provided to the NGCB was not provided to her. However, an arbitrator is not bound by the formal rules of evidence and enjoys wide discretion to admit or exclude evidence. See NRS 38.231(1) (an arbitrator has the authority to "determine the admissibility, relevance, materiality and weight of any evidence"). Fong has failed to show how this evidence is material and did not merely go to the credibility of a witness. Finally, Fong again argues that MGM never mentioned licensing concerns as a reason for terminating her employment. However, this argument is irrelevant to the issue of whether the arbitrator manifestly disregarded the sword and shield doctrine.

reasonably construed according to their purpose, and citing caselaw from another jurisdiction, the arbitrator determined that the licensing requirement section of the contract was the appropriate section for Fong's termination and did not require notice. Further, he concluded that even if notice was required under a different section, MGM's failure to give Fong detailed reasons for her termination was merely a technical deficiency and not a material breach of the contract. Citing to relevant caselaw from other courts, the arbitrator determined that Fong was aware of the grounds for her termination. He also found that Fong failed to show harm for any inadequate notice given that the pertinent section of the agreement did not give her an opportunity to cure. The arbitrator specifically relied on relevant caselaw, albeit from other jurisdictions, to support his findings. He did not simply disregard the law, and this court will not set aside arbitration awards due to arguable differences in the meaning or application of the law. Graber, 111 Nev. at 1428, 905 P.2d at 1116.

### Burden of proof

Fong also argues that MGM bore the burden of proof to demonstrate how its gaming license was threatened and MGM did not meet this burden. Specifically, Fong argues that the arbitrator's decision was premised entirely on MGM's purported fear over its gaming license, which was not supported by any evidence.

Fong's argument is virtually devoid of citations to legal authority. She only cites to one generally applicable treatise provision and does not reference any statutory authority or caselaw. See SIIS v. Buckley, 100 Nev. 376, 382, 682 P.2d 1387, 1390 (1984) (declining to address an issue briefed as "two pages of conclusory arguments, lacking substantive citation to relevant authority"). Certainly, Fong does not

reference any "clearly applicable" law that the arbitrator manifestly disregarded. <u>Graber</u>, 111 Nev. at 1428, 905 P.2d at 1116. Thus, we decline to consider this argument.

We conclude that the arbitrator did not manifestly disregard any applicable law and that the district court did not err in denying Fong's motion to vacate the arbitration award on this basis.

<u>The arbitrator need not have been disqualified</u>

Fong argues that the arbitrator should have been disqualified because he previously represented one of MGM's potential witnesses, and his wife formerly worked for this potential witness. Fong further argues that her due process rights were violated as a result of the arbitrator's continued involvement. Applying a de novo standard of review to the district court's confirmation of the arbitration award, we conclude that Fong's argument lacks merit. <u>Thomas v. City of N. Las Vegas</u>, 122 Nev. 82, 98, 127 P.3d 1057, 1068 (2006).

Pursuant to NRS 38.241(1)(b)(1), a court shall vacate an arbitration award if there was "[e]vident partiality by an arbitrator appointed as a neutral arbitrator." "Claims of evident partiality fall into two categories: (1) actual bias and (2) nondisclosure of information." <u>Thomas</u>, 122 Nev. at 98, 127 P.3d at 1068. Here, the arbitrator disclosed the relationship between him and the potential witness to the parties. Therefore, the relevant inquiry in this case is whether the arbitrator had an actual bias.

"The appearance of impropriety, standing alone, is insufficient to establish evident partiality in actual bias cases, . . . because a reasonable impression of partiality does not necessarily mean that the arbitration award was the product of impropriety." <u>Woods v. Saturn Distribution Corp.</u>, 78 F.3d 424, 427 (9th Cir. 1996) (internal citation and

quotations omitted).  Specific facts that point to an arbitrator's improper motives are needed in order for a party to prove evident partiality in an actual bias case.  Id.  "[T]he mere fact of a prior relationship is not in and of itself sufficient to disqualify arbitrators.  The relationship between the arbitrator and the party's principal must be so intimate–personally, socially, professionally, or financially–as to cast serious doubt on the arbitrator's impartiality."  Kay v. Kaiser Foundation Health Plan, Inc., 194 P.3d 1181, 1188 (Haw. Ct. App. 2008) (internal quotations omitted).

Here, in disclosing his working relationship with the potential witness, the arbitrator advised the parties that he did not recall if he ever met or spoke with the potential witness but had dealt only with her in-house attorney.  Additionally, in response to Fong's request to disqualify the arbitrator, MGM agreed to remove any evidence relating to the potential witness.  Thus, the potential witness did not testify in the arbitration proceedings.

Fong has failed to set forth specific facts which point to the arbitrator's improper motives.  The record does not support a finding that the arbitrator exhibited actual bias or that the arbitration award was the product of impropriety.  We conclude that the arbitrator need not have been disqualified, and the district court did not err in denying Fong's motion to vacate the arbitration award on this basis.

<u>Fong has not been deprived of a fair hearing</u>

Next, Fong argues that the arbitrator allowed MGM to assert the gaming control privilege, which deprived her of a fair hearing and resulted in a violation of her due process rights.  MGM contends that it was the NGCB that asserted the privilege, and that the three documents that the NGCB asserted the gaming privilege over were not determinative of the outcome of the case.  We agree.

"[A] party to [an] arbitral proceeding has a right to be heard, to present evidence material to the controversy and to cross-examine witnesses appearing at the hearing." NRS 38.231(4). A court shall vacate an arbitration award if the arbitrator "refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to [the required process], so as to prejudice substantially the rights of a party to the arbitral proceeding." NRS 38.241(1)(c). However, while a court may vacate an arbitration award when the arbitrator refuses to hear evidence material to the controversy, an arbitrator has broad discretion to determine the relevance and materiality of the evidence. See NRS 38.231(1).

Here, again, the NGCB asserted a gaming privilege with respect to three documents relating to compliance reports and correspondence. Fong's counsel has never challenged the NGCB's privilege for these documents, and MGM was required to produce all other documents it originally withheld under the gaming privilege. Further, the arbitrator did not mention any of the privileged documents as a basis for his decision. He instead based his award on evidence that was presented during the arbitration hearing, such as testimony from MGM's counsel that Fong's conduct created licensing concerns for MGM.

Fong failed to sufficiently demonstrate that the NGCB's assertion of the gaming privilege excluded evidence material to the controversy, or that her substantial rights were prejudiced. See NRS 38.241(1)(c). We conclude that the district court did not err in denying Fong's motion to vacate the arbitration award based on a violation of her due process rights.

The arbitrator's award was not arbitrary and capricious

Lastly, Fong argues that the arbitrator's award was arbitrary and capricious because it was not based on substantial evidence. We disagree. While this court has recognized that an arbitrary and capricious award can be vacated, "[t]he arbitrary-and-capricious standard does not permit a reviewing court to vacate an arbitrator's award based on a misinterpretation of the law. Rather, [this court's] review is limited to whether the arbitrator's findings are supported by substantial evidence in the record." Clark Cty. Educ. Ass'n v. Clark Cty. Sch. Dist., 122 Nev. 337, 343-44, 131 P.3d 5, 9-10 (2006). Under the arbitrary-and-capricious standard, this court has upheld a district court's confirmation of an arbitration award because the arbitrator's decision was supported by substantial evidence as it "recount[ed] the factual underpinning of the award." Id. at 344, 131 P.3d at 10.

Here, four witnesses testified that Fong admitted to allowing a player in a junket group to cash out chips as a favor to the junket representative.[4] Additionally, MGM's in-house counsel and outside counsel both testified that they had concerns about MGM's gaming license based on the illegal nature of the junket representative's website. Fong's attorney was also notified soon after Fong's termination that MGM reported Fong's conduct to the NGCB, and that MGM though that the

---

[4]A junket is a group of individuals who travel to Nevada to "participate in gambling games if they so choose" at a particular hotel. Casino Operations, Inc. v. Graham, 86 Nev. 764, 767 n.6, 476 P.2d 953, 956 n.6 (1970). The individuals are brought together by a junket representative who receives a fee from the hotel the junket gambles at. In re Morgan, 377 F. Supp. 281, 282-83 (S.D.N.Y. 1974).

NGCB was investigating Fong. As is reflected in the record, the arbitrator expressly relied on this testimony to support his decision that Fong's termination was appropriate pursuant to the licensing requirements section of the employment agreement.

Moreover, the arbitrator noted that even if MGM was mistaken about whether Fong was involved in Pang's website, it was entitled to terminate Fong under the licensing requirements section of the employment contract after determining that Fong might be engaged in activities that could jeopardize MGM's gaming licenses, business or reputation. He indicated that MGM's concern over its gaming license was evidenced by its reporting Fong to the NGCB. The arbitrator specifically recounted the factual underpinning of the award. We conclude that the arbitration award was not arbitrary and capricious.

Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                                         Saitta

_____, J.          _____, J.
Gibbons                                        Pickering

_____, J.          _____, J.
Hardesty                                       Parraguirre

cc:   Hon. Elizabeth Goff Gonzalez, District Judge
      Paul H. Schofield, Settlement Judge
      Law Office of Daniel Marks
      Littler Mendelson/Las Vegas
      Eighth District Court Clerk