Robert B. Gerard, Esq. (Nevada State Bar #005323)
Ricardo R. Ehmann, Esq. (Nevada State Bar #010576)
**GERARD & ASSOCIATES**
2840 South Jones Boulevard
Building D, Suite #4
Las Vegas, Nevada 89146
Telephone:   (702) 251-0093
Facsimile:   (702) 251-0094

Norman Blumenthal, Esq. (California State Bar #068687)
**BLUMENTHAL, NORDREHAUG & BHOWMIK**
2255 Calle Clara
La Jolla, California 92037
Telephone:   (858) 551-1223
Facsimile:   (858) 551-1232

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARY ANN SUSSEX, et al. | CASE NO.: **2:08-cv-00773-MMD-PAL** |
| Plaintiffs, | **MOTION FOR RECONSIDERATION OF MOTION TO RELATE CASES AND TRANSFER THE SECOND-FILED CASE TO THE FIRST-FILED CASE AND REQUEST FOR A PRIORITY HEARING TO AVOID ANY FURTHER WASTE OF JUDICIAL RESOURCES** |
| vs. | |
| TURNBERRY/MGM GRAND TOWERS, LLC, et al. | |
| Defendants. | |
| | Before:   Hon. Miranda Du |
| | Department:   4A |

**TO THE RESPECTIVE COURTS, THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 54(b) and Civil Local Rules

7-2.1, Plaintiffs Sussex, et al. in the above entitled action (*Sussex et al. v. Turnberry/MGM Grand Towers, LLC, et al.* ("*Sussex*"), Case No. 2:08-cv-00773-RLH-PAL) and the Plaintiffs George Abraham et al. in the action entitled *Abraham, et al. v. Turnberry/MGM Grand Towers, LLC, et al.* ("*Abraham*") (collectively the "Plaintiffs"), hereby respectfully move for an order relating the lower-numbered *Sussex* action to the later-filed *Abraham* action, and transferring the related *Abraham* action to this Court where the first-filed action is pending.

The motion is brought on the following grounds. **First**, both actions involve the same parties and are based on the exact same claims. **Second**, both actions involve the same sale of interests in Defendants' condo/hotel project at The MGM Signatures Hotel. **Third**, both actions involve the same questions of fact and the same question of law and their assignment to the same district judge is likely to effect a substantial savings of judicial effort. **Fourth**, both actions have now been consolidated in arbitration for purposes of pre-trial discovery and motion practice before the same Arbitrator Hare with the first trial expected to occur within twelve (12) months. **Fifth**, the Defendants have filed the exact same motion to disqualify the same Arbitrator Hare in both actions for the same reasons based upon the same decision of the AAA Administrative Review Council to reaffirm Arbitrator Hare. Therefore having the same consolidated arbitration and same motion being heard by difference courts at the same time entails unnecessary duplication and waste of judicial resources if the actions and these motions are not related.

These new facts did not exits on March 8, 2012 when Judge Hunt denied Plaintiffs previous motion to relate which entitles Plaintiffs to file this motion to reconsideration under Rule 54(b). A priority hearing is require to avoid the continued duplication and waste of judicial resources in having two courts decide the same exact motion and overseeing the exact same consolidated arbitration being conducted by the same arbitrator.

Accordingly, the *Abraham* action should be respectfully related to the lower numbered *Sussex* action, and transferred to this Court as soon as possible for a single determination of

MOTION FOR RECONSIDERATION OF MOTION TO RELATE CASES AND TRANSFER
                                            -1-                              CASE NO.: 2: 08-cv-00773

1  the identical pending motions filed by Defendants in order to have one Court preside over
2  the same arbitrator in the same consolidated arbitration by granting Plaintiffs' motion for
3  reconsideration of the motion to relate cases and Plaintiffs' request for a priority hearing date.
4      Respectfully submitted

6  DATED: September 27, 2013    BLUMENTHAL, NORDREHAUG & BHOWMIK
7      By:  */s/ Norman B. Blumenthal*
8          Norman B. Blumenthal
        Attorneys for Plaintiffs

MOTION FOR RECONSIDERATION OF MOTION TO RELATE CASES AND TRANSFER
-2-    CASE NO.: 2: 08-cv-00773

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs seek an order relating the first-filed *Sussex* action and the second-filed *Abraham* action under Civil Local Rule 7-2.1. This Motion is based upon Civil Local Rule 7-2.1 which in turn, states that actions are related when:

(a) Both actions involve the same parties and are based on the same or similar claim;

(b) Both actions involved the same property, transaction or event;

(c) Both actions involve similar questions of fact and the same question of law and their assignment to the same district judge and/or magistrate judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or,

(d) For any other reason, it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges. The assigned judges will make a determination regarding the consolidation of the actions.

Civil Local Rule 7-2.1

All of the above factors support the conclusion that the *Sussex* and *Abraham* actions should be related and assigned to a single judge. Both actions were sent to arbitration, and both actions have now been consolidated in arbitration before the same Arbitrator, Brendan Hare.

Previously, Judge Hunt determined that because the *Sussex* action was separately sent to arbitration, relating the cases and transfer could result in further delay. [Doc. No. 99]. Since that ruling, circumstances have substantially changed as consolidation and rulings on pretrial motions in arbitration in the now consolidated cases in arbitration have accelerated the time that discovery and trial will commence for the consolidated cases. The expectation

1 now is that discovery will open on November 19, 2013 and the first trial will take place within a year. In the absence of consolidation in arbitration, the *Abraham* plaintiffs would now be three (3) years behind the *Sussex* plaintiffs retracing the motion practice that has already occurred over the last three (3) years and the *Sussex* Plaintiffs would not have been able to accelerate the briefing process in arbitration at a time when Defendants thought they would prevail on their motion to dismiss.

Defendants, now unhappy with the ruling by Arbitrator Hare denying Defendants' motion to dismiss asked the AAA to disqualify Arbitrator Hare. The AAA Administrative Review Council denied this request and reaffirmed Arbitrator Hare. Unhappy with the decision of the AAA Administrative Review Council, Defendants have returned to Court seeking the disqualification of Arbitrator Hare by filing duplicative and identical motions in both this Court and in the *Abraham* Court challenging the decision of the AAA Administrative Review Council in the same court.[1] These duplicative motions will result in duplication and a waste of judicial resources with the potential for judicial difficulties with different rulings by different judges as to the same AAA Administrative Review Council decision. Accordingly, based on these new facts, the cases should now be related and transferred to the low numbered *Sussex* Court to prevent the needless duplication and waste of judicial resources and to insure that the Defendants motions are decided in a single related proceeding without inconsistent rulings.

The *Sussex* and *Abraham* actions are clearly related under Local Rule 7-2.1 and therefore should be deemed related and transferred to the low-numbered *Sussex* Court. See *Linq360, LLC v. Suite Linq, Inc.*, 2013 U.S. Dist. LEXIS 102898 (D. Nev 2013); *Alutiiq Int'l Solutions v. Lyon*, 2013 U.S. Dist. LEXIS 40091 (D. Nev 2013); *Waterfall Homeowners Ass'n v. Viega, Inc.*, 2012 U.S. Dist. LEXIS 5314 (D. Nev. Jan. 18, 2012); *U. S. Bank N.A.*

---

[1] Both motions were filed on September 11, 2013. The motion appears in the *Sussex* docket as Doc. No. 114, and the motion appears in the *Abraham* docket as Doc. No. 61.

*v. Ribiero*, 2012 U.S. Dist. LEXIS 3123, 2012 WL 40459 (D. Nev. Jan. 9, 2012).

**First**, the *Sussex* and *Abraham* actions both involve the same Defendants. Local Rule 7-2.1(a) is clearly satisfied by the presence of the same Defendants in both cases.

**Second**, the *Sussex* and *Abraham* actions both involve the same claims relating to the sale of interests in Defendants' condo/hotel project at The MGM Signatures Hotel. As such, the actions both involve the same claims under Local Rule 7-2.1(a)-(b).

**Third**, in both Actions, the Plaintiffs similarly challenge Defendants' conduct in the sale of these units. As a result, in both cases the same questions of fact and law are at issue which satisfies Local Rule 7-2.1(c).

**Fourth**, both cases involve the same arbitration issues and the same AAA decision, so duplication of judicial labor can clearly be avoided by relating the cases. Thus, the factor in Local Rule 7-2.1(d) is also met.

**Fifth**, both cases have been consolidated in arbitration before the same arbitrator, have progressed through motion practice and are now on the verge of consolidated discovery and the first trial within the next year. Having two courts review the same facts and AAA decision is therefore unwarranted and could result in different rulings in the same consolidated case involving the same arbitrator and the same issues.

As counsel for Plaintiffs in the *Abraham* action are also counsel for Plaintiffs in the *Sussex* action, the Plaintiffs in both actions agree that the actions are related and the *Abraham* action should be transferred to the low-numbered *Sussex* action.

Given that the first-filed *Sussex* action is the lowest-numbered case, Plaintiffs respectfully request that the later-filed *Abraham* action be transferred to the Court where the lowest-numbered and first-filed *Sussex* action is pending before the Court in the *Abraham* action rules. Otherwise, the two Courts will be ruling on the same issues, concerning the same Arbitrator, involving the same parties resulting in a needless duplication of judicial resources with the potential for inconsistent rulings.

Where, as here, a court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. Fed. R. Civ. P. 54(b). Reconsideration is appropriate if this Court "is presented with newly discovered evidence". *Sch. Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Respectfully submitted

DATED: September 27, 2013        BLUMENTHAL, NORDREHAUG & BHOWMIK

By:   */s/ Norman B. Blumenthal*
         Norman B. Blumenthal
         Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE [F.R.C.P. §5]**

I am a citizen of the United States and a resident of the State of California. I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 2255 Calle Clara, La Jolla, California 92037. On September 27, 2013, I served the document(s) described as below in the manner set forth below:

(1)   MOTION TO RELATE CASES AND TRANSFER TO FIRST-FILED CASE

_XX_ (BY ELECTRONIC SERVICE): I caused the listed documents to be electronically filed through the CM/ECF system at the United States District Court for the Southern District of California which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury. Executed on September 27, 2013 at San Diego, California.

*/s/ Norman B. Blumenthal*
Norman B. Blumenthal