Robert B. Gerard, Esq. (Nevada State Bar #005323)
Ricardo R. Ehmann, Esq. (Nevada State Bar #010576)
**GERARD & ASSOCIATES**
2840 South Jones Boulevard
Building D, Suite #4
Las Vegas, Nevada 89146
Telephone:   (702) 251-0093
Facsimile:   (702) 251-0094

Norman Blumenthal, Esq. (California State Bar #068687)
**BLUMENTHAL, NORDREHAUG & BHOWMIK**
2255 Calle Clara
La Jolla, California 92037
Telephone:   (858) 551-1223
Facsimile:   (858) 551-1232

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARY ANN SUSSEX, et al. | CASE NO.: **2:08-cv-00773-MMD-PAL** |
| Plaintiffs, | **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF RECONSIDERATION OF MOTION TO RELATE CASES AND TRANSFER THE SECOND-FILED CASE TO THE FIRST-FILED CASE AND REQUEST FOR A PRIORITY HEARING TO AVOID ANY FURTHER WASTE OF JUDICIAL RESOURCES** |
| vs. | |
| TURNBERRY/MGM GRAND TOWERS, LLC, et al. | |
| Defendants. | |
| | Before:       Hon. Miranda Du |
| | Department:    4A |

## I. INTRODUCTION

Defendants created the need for relation of this case with *Abraham* by filing identical motions in this case and *Abraham* seeking to disqualify Arbitrator Hare as arbitrator in the arbitration ordered by Judge Hunt in this case. When Defendants sought to disqualify Arbitrator Hare in state court, this Court denied Plaintiffs' motion for injunctive relief and in so doing noted that no motion to disqualify could be brought until after a final arbitration award has issued -- which has not yet occurred. In a transparent attempt to evade this Court's order, Defendants filed a motion in *Abraham* to disqualify Arbitrator Hare, while also filing an identical motion in this case.

Relation of this case with *Abraham* is now most certainly appropriate because relation of the cases **"will reduce the risk of conflicting judgments, lessen delay, and preserve both judicial and party resources."** *Sullivan v. Lumber Liquidators, Inc.*, 2013 U.S. Dist. LEXIS 112593, *4 (D. Nev. Aug. 9 2013) (granting motion to consolidate action to confirm arbitrator's award with interpleader action).[1] In their opposition, Defendants fail to dispute these factual underpinnings for relating the cases, particularly the risk of conflicting determinations, which warrant consolidation of the two actions.

Unable to dispute the merits of relating the cases, Defendants instead argue that the standards for reconsideration have not been satisfied. The changes in the procedural posture of the cases since the original motion, however, strongly support reconsideration and relation. Most notably, since the original motion, the arbitration in this action was consolidated with the arbitration in *Abraham*. Moreover, Defendants insistence on filing identical motions to disqualify in *Abraham* and this case creates the current certainty of wasted judicial resources and the risk of rulings inconsistent with one another and/or a ruling inconsistent with this Court's earlier ruling that a motion to disqualify before a final award is premature.

Where, as here, the facts have changed and now support consolidation or relation of cases, courts have broad discretion to reconsider their rulings on earlier motions. See e.g.,

---

[1] Emphasis added unless otherwise indicated.

*Solannex, Inc. v. Miasole, Inc.*, 2013 U.S. Dist. LEXIS 15057, *11 (N.D. Cal. Feb. 1, 2013) (granting motion to consolidate two cases after previous motion for consolidation and previous motion for reconsideration had both been denied where "consolidation would be the most efficient way to manage the two cases and would avoid the risk of inconsistent rulings."); *BuyRite Auto Glass, Inc. v. Illinois Farmers Ins. Co.*, 2010 U.S. Dist. LEXIS 1569, *7 (D. Minn. Jan. 8, 2010) (granting motion for reconsideration of denial of consolidation to "eliminate the risk of inconsistent judgments that would be presented by separate arbitrations."); *New England Energy Inc. v. Keystone Shipping Co.*, 855 F.2d , 1, 9. n. 9 (1st Cir. 1988) (**"The district court is, of course, free to reconsider its finding on the propriety of consolidation" based on factors not originally brought to its attention.**)[2]

Accordingly, there are ample grounds to reconsider Judge Hunt's earlier denial of the motion to relate and this Court can and should relate the two cases at this time to avoid the patent waste of judicial resources and risk of inconsistent results that would otherwise be caused by Defendants' tactic of seeking to have two federal judges simultaneously decide the same motion. For all these reasons, respectfully, this Court should order a priority hearing to reconsider the relation motion and grant the motion to relate these two cases.

---

[2] Defendants' opposition is devoid of legal support. Unsurprisingly, Defendants are unable to cite to a single case involving either relation or consolidation of cases that supports their position. The only cases they cite, *Mezorite v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995) and *Backlund v. Barnhart*, 788 F.2d 1386, 1388 (9th Cir. 1985), are inapposite because they did not involve consolidation or relation of cases and there were no new procedural developments, such as Defendants filing identical motions in two different departments or the consolidation of the *Sussex* and *Abraham* arbitrations, supporting reconsideration of the motions in those cases. Reconsideration is appropriate where, as here the Court "is presented with newly discovered evidence". *Sch. Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Given the changed facts, reconsideration is warranted because the new facts weigh heavily in favor of relating the cases.

## II. DEFENDANTS FAIL TO SHOW THAT ANY OF THE FACTORS SUPPORTING RELATION OF THE TWO CASES ARE NOT SATISFIED

Defendants cannot dispute that all of the above factors of Local Rule 7-2.1 support the conclusion that the *Sussex* and *Abraham* actions should be related and assigned to a single judge. Both actions were sent to arbitration, and both actions have now been consolidated in arbitration before the same Arbitrator, Brendan Hare. Defendants are unable to dispute that:

1. *Sussex* and *Abraham* actions both involve the same Defendants. Local Rule 7-2.1(a) is clearly satisfied by the presence of the same Defendants in both cases;

2. *Sussex* and *Abraham* actions both involve the same claims relating to the sale of interests in Defendants' condo/hotel project at The MGM Signatures Hotel. As such, the actions both involve the same claims under Local Rule 7-2.1(a)-(b);

3. In both *Sussex* and *Abraham*, Plaintiffs similarly challenge Defendants' conduct in the sale of these units, alleging causes of action including state and federal securities violations, common law fraud and unjust enrichment . As a result, in both cases the same questions of fact and law are at issue which satisfies Local Rule 7-2.1(c);

4. Both cases involve the same arbitration issues and the same AAA decision, so duplication of judicial labor can clearly be avoided by relating the cases. Thus, the factor in Local Rule 7-2.1(d) is also met;

5. Both cases have been consolidated in arbitration before the same arbitrator, have progressed through motion practice and are now on the verge of consolidated discovery and the first trial within the next year. Having two courts review the same facts and AAA decision is therefore unwarranted and could result in different rulings in the same consolidated case involving the same arbitrator and the same issues;

6.     Counsel for Plaintiffs in the Abraham action are also counsel for Plaintiffs in the *Sussex* action, the Plaintiffs in both actions agree that the actions are related and the *Abraham* action should be transferred to this Department; and,

7.     *Sussex* was filed before *Abraham* and *Sussex* is the lowest-numbered case.

The *Sussex* and *Abraham* actions are clearly related under Local Rule 7-2.1 and therefore should be deemed related and transferred to the low-numbered *Sussex* Court.[3] See *Linq360, LLC v. Suite Linq, Inc.*, 2013 U.S. Dist. LEXIS 102898 (D. Nev. July 23, 2013); *Alutiiq Int'l Solutions v. Lyon*, 2013 U.S. Dist. LEXIS 40091 (D. Nev. March 22, 2013); *Waterfall Homeowners Ass'n v. Viega, Inc.*, 2012 U.S. Dist. LEXIS 5314 (D. Nev. Jan. 18, 2012); *U. S. Bank N.A. v. Ribiero*, 2012 U.S. Dist. LEXIS 3123 (D. Nev. Jan. 9, 2012).

In *LINQ360* the Court consolidated two cases under L.R. 7-2.1 where the cases presented the same questions of law, shared overlapping facts, and had the same cause of action. 2013 U.S. Dist. LEXIS 102898 at *4.

In *Ribiero*, the Court granted consolidation of seven (7) cases involving "similar questions of fact and the same questions of law" and defendants had filed nearly identical motions to dismiss before the various judges before whom the cases were pending. 2012 U.S. Dist. LEXIS 3123 , at *12.  As the Court concluded **"assignment to the same district judge and magistrate judge will effect substantial savings of judicial effort. Additionally, it would entail substantial duplication of labor if the actions were heard by different district judges and magistrate judges**." 2012 U.S. Dist. LEXIS 3123 at *12. In *Ribiero*, as here, the cases were at the identical stage of the litigation process and the plaintiffs and defendants in the cases were represented by the same counsel, respectively.

---

[3] Defendants make two specious arguments in the Opposition. First, Defendant complain that these are multiple lawsuits, implying that the claims are so related that these should have only been one lawsuit. Notwithstanding this admission, Defendant cries are empty as every motion to relate involves multiple lawsuits. Second, Defendant misstates that the *KLH* plaintiffs agreed to disqualification, which is entirely incorrect. The *KLH* plaintiffs agreed to withdraw from the *Sussex* consolidation to expedite the arbitration as ordered by Judge Hunt and to avoid getting mired in years of appellate review.

1  *Id*. at \*12-13.

2       Preservation of judicial resources and avoidance of inconsistent results are important
3  factors supporting relation or consolidation of actions. *Sullivan v. Lumber Liquidators,*
4  *Inc.*, 2013 U.S. Dist. LEXIS 112593, \*4 (D. Nev. Aug. 9 2013) (granting consolidation to
5  "reduce the risk of conflicting judgments, lessen delay, and preserve both judicial and party
6  resources."); *Halo Wireless, Inc. v. TDS Telecommunications Corp.*, 2012 U.S. Dist. LEXIS
7  9592, \*11 (N.D. Ga. Jan. 26, 2012) ("Ultimately, the consolidation of these actions would
8  save the parties from possible inconsistent judgments and would save both the parties' and
9  the court's resources."); *P/R Clipper Gas v. PPG Industries, Inc.*, 804 F.Supp. 570-75
10 (S.D.N.Y. 1992) ("consolidation will not only speed the resolution of these claims, but also
11 reduce the possibility of inconsistent awards.")

## III. CONCLUSION

    Based upon the submission of new facts, reconsideration is most certainly warranted. For the foregoing reasons and those stated in Plaintiffs' opening brief, Plaintiffs respectfully submit that all the requirements of Local Rule 7.2-1 have been met and that the *Sussex* and *Abraham* cases should therefore be ordered related and the *Abraham* case transferred to this department. In order to expedite the judicial process so as to avoid the duplication and waste of judicial resources a priority hearing date should also be ordered.

    Respectfully submitted,

DATED: October 22, 2013        BLUMENTHAL, NORDREHAUG & BHOWMIK

                            By:   */s/ Norman B. Blumenthal*
                                   Norman B. Blumenthal
                                   Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE [F.R.C.P. §5]**

I am a citizen of the United States and a resident of the State of California. I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 2255 Calle Clara, La Jolla, California 92037. On October 22, 2013, I served the document(s) described as below in the manner set forth below:

(1) PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF RECONSIDERATION OF MOTION TO RELATE CASES AND TRANSFER THE SECOND-FILED CASE TO THE FIRST-FILED CASE AND REQUEST FOR A PRIORITY HEARING TO AVOID ANY FURTHER WASTE OF JUDICIAL RESOURCES

_XX_ (BY ELECTRONIC SERVICE): I caused the listed documents to be electronically filed through the CM/ECF system at the United States District Court for the Southern District of California which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury. Executed on October 22, 2013 at San Diego, California.

*/s/ Norman B. Blumenthal*
Norman B. Blumenthal