MORRIS LAW GROUP
Steve Morris, Bar No. 1543
Email: sm@morrislawgroup.com
Akke Levin, Bar No. 9102
Email: al@morrislawgroup.com
Jean-Paul Hendricks, No. 10079
Email: jph@morrislawgroup.com
300 South Fourth Street - Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 474-9400
Facsimile:   (702) 474-9422

SNELL & WILMER L.L.P.
Alex Fugazzi, Bar No. 9022
Email: afugazzi@swlaw.com
Justin Carley, Bar No. 9994
Email: jcarley@swlaw.com
3883 Howard Hughes Parkway, #1100
Las Vegas, NV  89169
Telephone:  (702) 784-5200
Facsimile:    (702) 784-5252

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARY ANN SUSSEX; et al., <br><br>   Plaintiffs, <br><br> v. <br><br> TURNBERRY/MGM GRAND TOWERS, LLC, et al., <br><br>   Defendants. | Case No.: 2:08-cv-00773-MMD-PAL <br><br> **EMERGENCY MOTION TO STAY PROCEEDINGS IN ARBITRATION PENDING DISPOSITION OF MOTION TO DISQUALIFY AND REMOVE ARBITRATOR BRENDAN HARE** |

I.     INTRODUCTION:  THE REASONS FOR THIS MOTION.

Turnberry/MGM Grand Towers, LLC ("Turnberry/MGM"), moves the Court on an emergency basis under LR 7–5 to stay AAA arbitration proceedings under Brendan Hare pending final disposition of Turnberry/MGM's motion to disqualify and remove Mr. Hare as the arbitrator in this case.  The motion to disqualify Mr. Hare was filed on September 11, 2013; briefing was completed on October 4.  Turnberry/MGM has set out in its motion papers and exhibits convincing proof in the form of Mr. Hare's own undisclosed words and conduct in 2011 and 2012 that render him unqualified to serve as a neutral arbitrator in this case.  Nonetheless, Mr. Hare has scheduled a pre-arbitration hearing for November 19.  Any rulings he may make then and any award he may thereafter enter will be vacated because of his demonstrated disqualifying partiality, as Turnberry/MGM's moving papers confirm, under Nevada and/or federal law.

Turnberry/MGM should not have to proceed with a hearing on November 19 before Mr. Hare to address matters and motions that will define the merits issues that will be the subject of an arbitration that the evidence shows he is not suitable to preside over.  Turnberry/MGM should not be subjected to this hearing or to protracted and burdensome arbitration proceedings thereafter only to start over when Arbitrator Hare's award is vacated and he is disqualified for his known, established evident partiality.  Nev. Rev. Stat. 38.241.1(1)(b)(1); Fed. Arb. Act, 9 U.S.C. §10(a)(2).[1]

---

[1] On May 20, 2013, in a status check in a companion case before Judge Mahan, he discussed arbitrator disqualification and remarked to plaintiffs' counsel, "If I were in . . . the defendants' position, . . . the time to disqualify the arbitrator is now, not wait until he makes an award . . .," Dkt. No. 59, at

2

## II.  THE EMERGENCY UNDERLYING THIS MOTION AND COMPLIANCE WITH LR 7–5(d).

(1) *The nature of the emergency*:  Although he is not a neutral arbitrator and 160 claimants—including some in this case—have agreed to his disqualification, Mr. Hare has scheduled substantial pre-arbitration matters for hearing on November 19.  Unless stayed, he will then address and decide various issues and previously filed motions of the parties in preparation for commencing formal arbitration on the merits.  He should not conduct any hearings or preside over any activities in arbitration until his status is settled by the Court.  As Turnberry/MGM's pending motion shows, and Clark County District Judge, Mark Denton observed, he is *not* a neutral arbitrator, which Turnberry/MGM is entitled to under the governing arbitration agreement and federal and state law, a point Judge Mahan and this Court have expressed an interest in.

(2) *The names and contact information for movant and all affected parties.*  *See* the Declaration of Alex Fugazzi, attached as Exhibit A.

(3) *Good faith efforts to resolve this matter without Court action*:

Turnberry/MGM's counsel, Alex Fugazzi, spoke to Riccardo Ehmann, counsel for plaintiffs, on November 6 to request agreement to request a stay of the arbitration and the November 19 hearing pending disposition of the pending motion to disqualify and remove Mr. Hare as the arbitrator in this case.  Plaintiffs declined to agree to a stay.  *See id.*, Ex. A, and Mr. Ehmann's email confirming their "meet and confer" and compliance with Rule 7–5(d)(3).

---

6:4–10, App'x, Vol. 2, to Motion to Disqualify, TMGM 263, which is precisely what the defendants seek by the pending Motion to Disqualify.

3

### III. THE COURT'S OBSERVATION IN THE *ABRAHAM* CASE ON THE DISQUALIFICATION OF ARBITRATOR HARE SUPPORTS GRANTING A STAY WHILE THE MOTION TO DISQUALIFY IS BEING DECIDED.

Following the filing of the pending Motion to Disqualify Arbitrator Hare, counsel for the parties in this case attended another status check before Judge Mahan, on September 30, in the companion *Abraham* case. The Court was informed that this Motion to Disqualify had been filed. In response, Judge Mahan said the arbitrator's status concerned him and remarked, "**If he is going to be disqualified, then hopefully we can get a new arbitrator and move on.**" Tr. September 30, 2013, at 9:1–4, attached as Exhibit 1 to the Declaration of Akke Levin, filed in support of this Motion to Stay (emphasis added). The Court concluded its discussion of disqualification with a reference to the pending Motion to Disqualify Arbitrator Hare: "We'll see what the Magistrate Judge [Honorable Nancy J. Koppe] does with the motion to disqualify the arbitrator and then hopefully we can get this going." *Id*. at 10:2–4. There is no reason to waste the parties' time and resources in an arbitration before an arbitrator that will be disqualified. Doing so will lead only to further protraction of this litigation rather than expeditious resolution as Turnberry/MGM and the plaintiffs agreed to when they entered their arbitration agreements.

## IV. CONCLUSION

This motion should be granted and proceedings in arbitration under Brendan Hare should be stayed until the Court has finally disposed of the pending motion to disqualify Mr. Hare.

> MORRIS LAW GROUP
>
> By:  /s/ STEVE MORRIS
>   Steve Morris, Bar No. 1543
>   Akke Levin, Bar No. 9102
>   Jean-Paul Hendricks, Bar No. 10079
>   900 Bank of America Plaza
>   300 South Fourth Street
>   Las Vegas, Nevada 89101
>
> SNELL & WILMER L.L.P.
> Alex Fugazzi, Bar No. 9022
> Justin Carley, Bar No. 9994
> 3883 Howard Hughes Parkway, #1100
> Las Vegas, NV  89169
>
> Attorneys for Attorneys for Defendants Turnberry/MGM Grand Towers, LLC, MGM Grand Condominiums, LLC, The Signature Condominiums, LLC Turnberry/Harmon Ave., LLC and Turnberry West Realty, Inc

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of district of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS LAW GROUP, and that the following documents were served via electronic service: **EMERGENCY MOTION TO STAY PROCEEDINGS IN ARBITRATION PENDING DISPOSITION OF MOTION TO DISQUALIFY AND REMOVE ARBITRATOR BRENDAN HARE**

TO:

Robert B. Gerard
Ricardo R. Ehmann
Gerard & Associates
2840 So. Jones Blvd. - Bldg. D, Ste 4
Las Vegas, Nevada  89146
*rgerard@gerardlaw.com*
*rehmann@gerardlaw.com*

Norman B. Blumenthal
Kyle Nordrehaug
Donald Scott Macrae
Blumenthal Nordrehaug & Bhowmik
2255 Calle Clara
San Diego, California  92037
*norm@bamlawlj.com*
*kyle@bamlawlj.com*
*smacrae@bamlawlj.com*

Attorneys for Plaintiffs

Burton Wiand
Wiand Guerra King
3000 Bayport Drive - Suite 600
Tampa, Florida  33607
*bwiand@wiandlaw.com*

Daniel Marks
Law Offices of Daniel Marks
302 East Carson Avenue, Ste. 702
Las Vegas, Nevada  89101
*office@danielmarks.net*

Attorneys for Plaintiffs

Dated this 7th day of November, 2013

By: /s/ PATRICIA FERRUGIA

6