Robert B. Gerard, Esq. (Nevada State Bar #005323)
Ricardo R. Ehmann, Esq. (Nevada State Bar #010576)
**GERARD & ASSOCIATES**
2840 South Jones Boulevard
Building D, Suite #4
Las Vegas, Nevada 89146
Telephone:   (702) 251-0093
Facsimile:    (702) 251-0094

Norman Blumenthal, Esq. (California State Bar #068687)
**BLUMENTHAL, NORDREHAUG & BHOWMIK**
2255 Calle Clara
La Jolla, California 92037
Telephone:   (858) 551-1223
Facsimile:    (858) 551-1232

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARY ANN SUSSEX, et al. | CASE NO.: **2:08-cv-00773-MMD-PAL** |
| Plaintiffs, | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO EMERGENCY MOTION TO STAY PROCEEDINGS** |
| vs. | |
| TURNBERRY/MGM GRAND TOWERS, LLC, et al. | Before:        Hon. Miranda Du |
| Defendants. | Department:      4A |

**I.     INTRODUCTION**

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO EMERGENCY MOTION TO STAY  PROCEEDINGS

Defendants' request for a stay is as meritless as the underlying motion to disqualify Arbitrator Hare. Defendants have no likelihood of success on the merits, there is no likelihood that denying the stay would cause any irreparable harm, the equities all tip in favor of the Plaintiffs, and any stay now would violate the public trust.

Therefore, following Judge Du's order of May 1, 2013 [Dkt. No. 110] and the United States Supreme Court Decision in *Winter v. Natural Res. Def. Council, Inc*. 555 U.S. 7, 20-22 (2008), the motion for the extraordinary relief requested must be denied as there is no showing that Defendants are entitled to have this Court exercise jurisdiction over an arbitration where no final award has been issued, the continued service of Arbitrator Hare has been conclusively affirmed by the AAA Administrative Review Council and there is no substance to Defendants claim of evident partiality. This motion is nothing more than a thinly-veiled attempt by Defendants to further delay the opening of discovery and the first trial in arbitration. Defendants do not even attempt to argue that the requirements for a stay are satisfied.

## II.     DEFENDANTS HAVE NO LIKELIHOOD OF SUCCESS ON THE MERITS

Following the unanimous decision of the United States Supreme Court in *Oxford Health Plans LLC v. Sutter* 133 S.Ct. 2064 (2013) this Court has no jurisdiction to second guess the decision the AAA Administrative Review Council ("AAA Council") to reaffirm Arbitrator Hare as the arbitrator in this case. The unanimous Court stated in no uncertain terms that "because the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of the court's view of its (de)merits....Only if 'the arbitrator act[s] outside the scope of his contractually delegated authority' ....may a court overturn his decision." *Id*. at 2068.

Therefore because Defendants sought a ruling in arbitration from the AAA Council under AAA Rule R-17 within the scope of the AAA Council's authority under Rule R-17 to disqualify Arbitrator Hare for the same reasons set forth in their pending motion here, this Court by the express language of Rule R-17 has no power to overturn the AAA Council's ruling. The express

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO EMERGENCY MOTION TO STAY PROCEEDINGS
-1-

language of Rule R-17 requires the parties to accept the decision of the AAA Council as "conclusive." Because the parties delegated to the AAA Council the power to decide all claims of arbitrator bias to the AAA Council and agreed that the AAA Council's decision is "conclusive", this Court under *Oxford Health* has no authority to overturn the agreed to "conclusive" decision of the AAA Council. As a result the Defendants have no likelihood of success on the merits of their motion to disqualify Arbitrator Hare as a matter of law.

## III. THERE IS NO LIKELIHOOD OF IRREPARABLE HARM TO DEFENDANTS

Judge Du was also crystal clear in her order of May 1, 2013 that "the time to challenge an arbitration, on whatever grounds, including bias, is when the arbitration is completed and an award rendered", 2013 WL 1855797 at * 2 (D.Nev. May 1, 2013), quoting *Smith v. Am. Arbitration Ass'n. Inc.* 233 F.3d 502, 506 (7th Cir. 2000). Judge Du also cited 9 U.S.C. § 10(a)(2) which provides that the time to seek relief from "evident partiality or corruption in the arbitrators" is after an arbitration award is rendered.

Therefore, because no award has been rendered in arbitration in this case, this Court is without jurisdiction to consider the merits of the underlying motion to disqualify Arbitrator Hare. As a result there can be no likelihood of any irreparable harm to Defendants as the law is clear that there is no harm as a matter of law in requiring the parties to wait until there is a final award before bring their grievances about the arbitration to court.

As Chief Judge Easterbrook explained in *Trustmark Ins. Co. v. John Hancock Life Ins. Co. (U.S.A.)*, 631 F.3d 869 (7th Cir. 2011), a preliminary injunction seeking to suspend arbitration based on a claim that failure to consider disqualification of an arbitrator would cause irreparable injury is frivolous.

> **The only potential injury from waiting until the arbitrators have made their award is delay and the out-of-pocket costs of paying the arbitrators and legal counsel. Long ago the Supreme Court held that the delay and expense of adjudication are not "irreparable injury**"—if they were, every discovery order would cause irreparable injury. See, e.g., Petroleum Exploration, Inc. v. Public Service Commission, 304 U.S. 209, 222, 58 S.Ct. 834, 82 L.Ed. 1294 (1938); Renegotiation Board v. Bannercraft Clothing Co., 415 U.S. 1, 24, 94 S.Ct. 1028,

39 L.Ed.2d 123 (1974); FTC v. Standard Oil Co., 449 U.S. 232, 244, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980). We held in PaineWebber Inc. v. Farnam, 843 F.2d 1050 (7th Cir.1988), and Graphic Communications Union v. Chicago Tribune Co., 779 F.2d 13 (7th Cir.1985), **that the sort of argument Trustmark advances in its effort to establish "irreparable injury" is frivolous.**

*Id*. at 872[1]; See also *Allstate Ins. Co. v. OneBeacon American Ins. Co.*, 2013 WL 5604299, *5 (D.Mass. Oct. 8, 2013) ("Allstate does not proffer an argument of sufficient irreparable harm to warrant an injunction. Although it claims that no adequate legal remedy could compensate for being forced to participate in a "fundamentally unfair arbitration before a panel that sits in breach of the parties' agreements," such a legal remedy clearly exists in the form of a post-award challenge to the arbitration proceeding itself.")

## IV. THE EQUITIES CLEARLY TIP IN FAVOR OF PLAINTIFFS

Importantly, this Court should note that Arbitrator Hare was selected by the AAA and not by the parties. This selection by the AAA without any input of the parties in accordance with the AAA rules occurred as the result of the parties not being able to agree to an arbitrator from the list provided by the AAA. As a result the AAA picked Arbitrator Hare who was not on the list.

Nowhere in the Defendants tangled web of remote, uncertain and speculative diatribe do they even come close to asserting that Arbitrator Hare had any relationship direct or indirect with any party or their counsel. This is because there is no relationship real or imagined that Defendants could evidence of any relationship that was direct, definite and capable of demonstration between Arbitrator Hare and the parties or their counsel.

Therefore, consistent with *New Regency Productions, Inc. v. Nippon Herald Films, Inc*. 501 F.3d 1101,1110 ( 9th Cir. 2007); *ANR Coal Co., Inc v. Cogentrix of North Carolina, Inc.*, 173 F.3d 493 (4th Cir. 1999), and as set forth in *Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 476 F.3d 278, 284 (5th Cir. 2007) cited with approval in *New Century* the substantive test for non-disclosure as a grounds for disqualification is that "nondisclosure alone

---

[1]Emphasis added unless otherwise stated.

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO EMERGENCY MOTION TO STAY PROCEEDINGS
-3-

does not require vacatur of an arbitral award for evident partiality. **An arbitrator's failure to disclose must involve a significant compromising connection to the parties**". 476 F.3d at 282-83. Due to the fact that there is absolutely no evidence of any relationship between Arbitrator Hare and any party or their counsel the equities clearly tip in favor of Plaintiffs position that Arbitrator Hare cannot be disqualified and weigh heavily against a stay.

Defendants drafted an arbitration agreement adopting the AAA rules that any claim of arbitrator disqualification can be decided by the AAA Council, whose ruling will be conclusive and compelled Plaintiffs to arbitrate under that agreement. If arbitration agreements are to mean anything this Court must abstain from interfering with an ongoing arbitration as such interference would be inequitable.

Even in cases, unlike this one, where an attempt to disqualify an arbitrator is not entirely frivolous, the equities still weigh against a stay. See *Allstate Ins. Co. v. OneBeacon American Ins. Co.*, *supra*, 2013 WL 5604299 at *5 ("Allstate's purported hardship is a lack of neutrality throughout the arbitral process, a harm that would not tilt the balance of equities in Allstate's favor.")

## V. A RULING IN FAVOR OF DEFENDANTS WOULD VIOLATE THE PUBLIC TRUST

The hearing in arbitration to open discovery and set the date for the first trial was originally scheduled to be heard on May 14, 2013. The plan was to set the date for the first trial for sometime within the next twelve months. Prior to the May 14 ,2013 hearing Defendants fired off a barrage of meritless motions in arbitration and state court to stop the arbitration in its tracks so as to delay discovery and the first trial at all costs.

Defendants first filed a motion in arbitration to disqualify Arbitrator Hare which was denied by the AAA. The Defendants then filed a motion to disqualify Arbitrator Hare in state court which was also denied. Defendants next obtained an injunction in state court and threatened the arbitrator and Plaintiffs' counsel with a contempt of court proceeding if the hearing was held. Defendants next filed a writ and appeal of the state court order denying

Defendants motion to disqualify Arbitrator Hare with the Nevada Supreme Court, which also contained a stay of the arbitration. The net effect of this barrage of motions was that the May 14, 2013, Hearing date was taken off calendar pending the outcome of these proceedings.

Rather than wait for potentially years for the Nevada Supreme Court to issue a ruling on the writ, and in order to put back on track the arbitration of the Plaintiffs named only in the federal cases, the Plaintiffs named in the state actions agreed to accept a new arbitrator for their arbitration. **To be clear at no time did any of the Plaintiffs in any of these actions agree that there was any merit to the motions to disqualify Arbitrator Hare.**

As a result the outcome of this first barrage was not to Defendants liking in that the AAA Council ruled that there was no reason to disqualify Arbitrator Hare and that their ruling was conclusive. The Nevada state court denied Defendants' motion to disqualify Arbitrator Hare and the Nevada Supreme Court dismissed the Writ Petition as moot.

Having failed to gain any long term delay in state court or from the AAA, the Defendants in a desperate attempt to derail the AAA arbitration before discovery and first trial filed duplicative and repetitive meritless motions in federal court seeking to disqualify Arbitrator Hare prior to the November 19, 2013 hearing to schedule the opening of discovery and first trial. Because neither federal court promptly responded to the Defendants meritless motions, Defendants have now compounded their refusal to accept the law as handed down by the United States Supreme Court, the Federal Circuit Courts, the Nevada Supreme Court, the Nevada District Court and Congress by filing this meritless motion to have a federal court issue a stay of arbitration without any basis in law or in fact.

The pending motion is so devoid of any merit that Defendants do not even address the prerequisites for the ruling on this motion as set forth by Judge Du in her May 1, 2013 order. The 545 Plaintiffs who seek discovery and a trial on the merits of their claims have been kept informed of the motion practice of Defendants and trust that the federal courts will follow the law and allow the AAA arbitration proceeding to proceed as ordered by the AAA with Arbitrator Hare on November 19, 2013 so he can set the dates for discovery and the first trial in arbitration.

## VI. CONCLUSION

For the forgoing reasons, Defendants' motion for a stay must respectfully be denied.

Respectfully submitted,

Dated: November 11, 2013

BLUMENTHAL, NORDREHAUG & BHOWMIK

By:   */s/ Norman B. Blumenthal*

Norman B. Blumenthal

2255 Calle Clara
La Jolla, California 92037
Telephone:   (858) 551-1223
Facsimile:    (858) 551-1232

Gerard & Associates
2840 South Jones Blvd.
Building D, Unit 4
Las Vegas, Nevada  89146
Telephone: (702) 251-0093
Facsimile: (702) 251-0094

Burt Wiand
Florida State Bar #407690
Wiand Guerra King
3000 Bay Port Drive, Suite 600
Tampa, FL 33607
Telephone:   (813) 347-5100
Facsimile:    (813) 347-5199

***Attorneys For The Plaintiffs***

## **CERTIFICATE OF SERVICE [F.R.C.P. §5]**

I am a citizen of the United States and a resident of the State of California. I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 2255 Calle Clara, La Jolla, California 92037. On November 11, 2013, I served the document(s) described as below in the manner set forth below:

(1)  PLAINTIFFS' MEMORANDUM IN OPPOSITION TO EMERGENCY MOTION TO STAY PROCEEDINGS

_XX_  (BY ELECTRONIC SERVICE): I caused the listed documents to be electronically filed through the CM/ECF system at the United States District Court for the Southern District of California which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury. Executed on November 11, 2013 at San Diego, California.

*/s/ Norman B. Blumenthal*
Norman B. Blumenthal