MORRIS LAW GROUP
Steve Morris, Bar No. 1543
Email: sm@morrislawgroup.com
Akke Levin, Bar No. 9102
Email: al@morrislawgroup.com
Jean-Paul Hendricks, No. 10079
Email: jph@morrislawgroup.com
300 South Fourth Street - Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 474-9400
Facsimile:  (702) 474-9422

SNELL & WILMER L.L.P.
Alex Fugazzi, Bar No. 9022
Email: afugazzi@swlaw.com
Justin Carley, Bar No. 9994
Email: jcarley@swlaw.com
Charles Gianelloni, Bar No. 12747
Email: cgianelloni@swlaw.com
3883 Howard Hughes Parkway, #1100
Las Vegas, NV  89169
Telephone:  (702) 784-5200
Facsimile:   (702) 784-5252

Attorneys for Defendant
Turnberry/MGM Grand Towers, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARY ANN SUSSEX; et al., <br> Plaintiffs, <br> v. <br> TURNBERRY/MGM GRAND TOWERS, LLC, et al., <br> Defendants. | Case No.: 2:08-cv-00773-MMD-PAL <br><br> **CONSOLIDATED WITH:** <br><br> Case No.: 2:11-cv-01007-JCM-NKJ |
| GEORGE ABRAHAM; et al., <br> Plaintiffs, <br> v. <br> TURNBERRY/MGM GRAND TOWERS, LLC, et al., <br> Defendants. | **REPLY IN SUPPORT OF EMERGENCY MOTION TO STAY PROCEEDINGS IN ARBITRATION PENDING DISPOSITION OF MOTION TO DISQUALIFY AND REMOVE ARBITRATOR BRENDAN HARE (# 124)** |

## I. INTRODUCTION

Turnberry/MGM's Emergency Motion does not seek to enjoin arbitration. It is asking the Court to stay proceedings in this arbitration pending final disposition of the Motion to Disqualify and replacement of this evidently partial arbitrator so that arbitration may continue to a final award before an impartial, neutral arbitrator. Turnberry/MGM is entitled to nothing less under state and federal law in the Ninth Circuit *and* under its arbitration agreement.

The unique circumstances of this case justify a brief stay to give the Court time to consider the pre-award disqualification issue, which two courts—the Nevada district court and the Nevada Supreme Court—found meritorious. This is not an ordinary bilateral arbitration that will be completed in a few months. The arbitrator fundamentally changed the nature of the arbitration, in derogation of the parties' contracts and applicable law, by consolidating for pretrial purposes the claims of 545 individuals, each of whom claim to have been deceived by oral representations that directly contradict specific, enforceable, contract terms.[1] The Arbitrator has expressed his reluctance to dispose of any claim as to any claimant unless doing so resolves the entire dispute—which could take years and result not only in a colossal waste of time for the parties but also result in tainted pretrial rulings affecting all arbitrations, which may be difficult to undo by any post-award disqualification.

Given these unique circumstances, Plaintiffs' argument that the Court can only interfere after a final award is entered leads to an absurd result. Even if the Court ultimately agrees with Judge Denton and finds

---

[1] This "non-class" class approach violates due process and contravenes the agreement of the parties.

that the arbitrator was evidently partial, the Court would not be able to remove him from the hundreds of ongoing arbitrations until each reaches a final award. It would be hopelessly inefficient—something which arbitration is meant to avoid—if the parties were required to continue conducting hundreds of arbitrations only to have each subsequent award overturned on the same basis.

All Turnberry/MGM is asking for in this Emergency Motion is for this Court to briefly stay these arbitrations so that it may consider the merits of this issue, as it has the power to do under these exceptional circumstances. *Aerojet-General Corp. v. Am. Arbitration Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973). As Judge Denton observed, there is:

> **nothing concrete in Plaintiffs' Opposition to the effect that attending to the disqualification issue now, before an arbitrator with 'evident partiality' undertakes hearing an enormous, multi-party case, will cause actual prejudice to Plaintiffs that would outweigh Defendant's right to be assured of a neutral arbitrator going into the proceedings.**

TMGM 251.

Plaintiffs' Opposition effectively ignores the foregoing, and instead argues the requirements of a preliminary injunction without truly applying them to the facts of this case, and overlooks binding Ninth Circuit law. Plaintiffs' argument that this Court should endorse continuing this arbitration for hundreds of claimants under a disqualified arbitrator to a final award before removing him and vacating his infirm final award has been rejected by other courts. This Court should do likewise.

## II. ARGUMENT

### A. The Likelihood of Turnberry/MGM's Success on the Merits: 160 Plaintiffs Have Accepted the Arbitrator's Disqualification to Avoid Judicial Pre-Award Removal of Him.

This is what the Nevada Supreme Court had to say on Turnberry/MGM's likelihood of success on its Emergency Writ Petition,

which raised the same issue before *this* Court—whether the arbitrator can be disqualified pre-award—and also asked for a stay of the arbitration pending decision of the Writ Petition:

> **[I]t appears that petitioner has set forth issues of arguable merit and that an answer to the petition is warranted . . . Petitioner has also requested a stay of the arbitral proceedings pending resolution of its writ petition. We conclude that a temporary stay is warranted at this time, and we therefore stay the arbitral proceedings. . . .pending further order of this court.**

Nevada Supreme Court Order Directing Answer and Granting Temporary Stay, included in Turnberry/MGM's Appendix at TMGM 321-324 (# 114-7) (emphasis added).

No matter what the Plaintiffs now say their motivation was at the time, they had *no response* to the merits of the Writ Petition *or* the Motion to Disqualify filed in state court and they do not have one now. They capitulated in state court by agreeing to disqualify the arbitrator for **160** of them—*before* the Nevada Supreme Court or Judge Denton could disqualify the Arbitrator for *all* 545 Plaintiffs, as he was clearly inclined to do. TMGM 250-253. If Turnberry/MGM's challenge really was a "web of remote, uncertain and speculative diatribe" and "frivolous," as Plaintiffs now claim, they would have demonstrated that before the Nevada Supreme Court and before Judge Denton. They did not do so there either.[2]

Even if the Court is not persuaded by the Nevada Supreme Court and Judge Denton's attention to, and interest in, deciding the arbitrator's disqualification pre-award, the Ninth Circuit Court of Appeals

---

[2] Plaintiffs' concern that it could "potentially" take "years for the Nevada Supreme Court to issue a ruling," Opp'n at 5, is insincere given Turnberry/MGM's Emergency Writ Petition and the short briefing schedule set out in the Order Directing Answer.

4

has held that a AAA determination deemed "conclusive" or "final and binding" under its rules is nevertheless subject to *pre-award* judicial review if it is not made "in accordance with a minimum standard of fair dealing" and causes "irreparable harm to one or more of the parties." *Aerojet-General Corp. v. Am. Arbitration Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973). Thus, *Aerojet-General* plainly rejects Plaintiffs' argument that "this Court . . . has no power to overturn the AAA Council's ruling" because AAA Rule R 17 provides it is "conclusive." Opp'n at 1-2. Moreover, the United States District Court of the Eastern District of Michigan recently issued an injunction pre-award to enjoin arbitration under one of three arbitrators who had engaged in ex parte contacts with a party's counsel. *See Star Ins. Co. v. Nat. Union Fire Ins. Co.*, 2:13-cv-13807-VAR-DRG at 11 and 13 (E.D. Mich. Sept. 12, 2013) (contract required disinterested arbitrators to serve as arbitrators; ex parte communications "raise substantial questions going to the heart of this contract"), attached as Ex. A. As in *Aerojet-General*, the *Star Ins.* court recognized that pre-award judicial involvement is permissible when the arbitration is not conducted as agreed to by the parties.

Plaintiffs' Opposition not only ignores *Aerojet-General*—the only binding authority on pre-award judicial intervention in this Circuit—but suggests the AAA's decision to do nothing about the arbitrator's failure to disclose that he is now seeking to profit as an investor from the very type of litigation he is now presiding over—rather than competing with plaintiffs' counsel for business as a litigator—must be given the same deference in court as an arbitrator award. Opp'n at 1 ("*an arbitral decision . . . must stand, regardless of the court's view of its merits*") (quoting *Oxford Health Plans, LLC v. Sutter*, 133 S. Ct. 2064 (2013)) (internal quotations omitted) (emphasis added). Putting aside the fact that in this case the AAA did not give *any* reasons for reaffirming the arbitrator that would permit

the Court to determine whether the AAA was "arguably construing or applying [its disclosure rules]," administrative AAA decisions on evident partiality are not arbitration awards entitled to deference. Courts must and can independently determine whether the "undisclosed facts show a reasonable impression of partiality." *Schmitz v. Zilveti*, 20 F.3d 1043, 1046-47 (9th Cir. 1994).

### B. Turnberry/MGM Will Be Irreparably Harmed if Forced to Defend Itself in a Mass Arbitration Before an Evidently Partial Arbitrator.

The Ninth Circuit has recognized that judicial intervention may be warranted to prevent "irreparable harm to one or more of the parties." *Aerojet-General*, 478 F.2d at 251. Although the Seventh Circuit has held that the potential injury from the delay and the expense of arbitration is not an irreparable injury, *Trustmark Ins. Co., v. John Hancock Life Ins. Co.*, 631 F.3d 869 (7th Cir. 2001), other courts disagree. *See, e.g., Merrill Lynch Inv. Managers v. Optibase, Ltd.*, 337 F.3d 125, 129-32 (2d Cir. 2003) (holding that a party may suffer irreparable harm by being "forced to expend time and resources arbitrating an issue that is not arbitrable, and for which any award would not be enforceable"); *Paine Webber Inc. v. Hartmann*, 921 F.2d 507, 515 (3d Cir. 1990) (holding "that the district court did not abuse its discretion . . . in determining that PaineWebber would suffer irreparable harm if it were forced to submit to the arbitrator's jurisdiction, *if even just for a determination of the scope of that jurisdiction*") (emphasis added).

Here, the harm is not simply in "waiting until the arbitrators have made their award" in a bilateral arbitration; the harm is in facing a multitude of determinations made on November 19 and thereafter by a single evidently partial arbitrator with respect to hundreds of claimants in what the arbitrator appears intent on making a mass arbitration. *Accord Star Ins., supra* at 13 (granting stay because "no award, even if issued, could

be confirmed and reduced to judgment until these issues are resolved"). It would be a colossal waste of resources for the parties and the Court to wait until the end of hundreds of individual trials in arbitration before addressing the arbitrator's evident partiality when "the failure to disclose is manifest, and if its legal effect is made clear by Nevada law," as Judge Denton recognized. TMGM 251. These unique circumstances justify a brief pause of the arbitration proceedings to permit the Court to determine whether—as Judge Denton found—the sole arbitrator is evidently partial.

### C. The Equities and the Public Interest Weigh in Turnberry/MGM's Favor.

"In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Res. Def Council, Inc.*, 555 U.S. 7, 20 (2008). But here, Plaintiffs do not say how staying the arbitrations pending decision on the disqualification issue "cause[s] actual prejudice to Plaintiffs that would outweigh Defendant's right to be assured of a neutral arbitrator going into the proceedings." TMGM 251. Rather, they point to the irrelevant fact that the AAA appointed the arbitrator and misstate the law on evident partiality, Opp'n at 3-4, only to conclude, in an exercise in question-begging, that even if an attempt to disqualify an arbitrator is "not entirely frivolous, the equities still weigh against a stay." Opp'n at 4. How so?

Plaintiffs overlook the fact and logic articulated by both Judge Denton and the Nevada Supreme Court that a brief delay now to preserve the status quo is far better than proceeding with a partial arbitrator followed by vacatur and a total do-over of the arbitrator's final award(s) as to hundreds of claimants. Public policy does not require arbitration to a

conclusion before a disqualified arbitrator whose award cannot be confirmed.

Moreover, the "barrage of motions" Plaintiffs now complain of are the direct result of their own efforts to thwart an imminent total disqualification of the arbitrator in state court. *Plaintiffs* argued to the Nevada Supreme Court that it only had jurisdiction over the 160 state court plaintiffs who and which, to avoid disqualification of the arbitrator as to all 545 claimants, agreed to proceed with a new arbitrator. Plaintiffs left Turnberry/MGM—a common defendant in all cases—with no choice but to file these motions in federal court. It would be inequitable to reward Plaintiffs under these circumstances and force Turnberry/MGM to proceed with the November 19 hearing before the Court determines whether it must proceed before an arbitrator that 160 Plaintiffs represented by the same attorneys have agreed to replace with a neutral arbitrator.

III. CONCLUSION

For all the reasons stated above, the Court should grant the emergency motion and stay arbitration pending final disposition of the Motions to Disqualify.

MORRIS LAW GROUP

By: /s/ Steve Morris
Steve Morris, No. 1543
Akke Levin, No. 9102
Jean-Paul Hendricks, No. 10079
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

SNELL & WILMER L.L.P.
Alex Fugazzi, Bar No. 9022
Justin Carley, Bar No. 9994
Charles Gianelloni, Bar No. 12747
3883 Howard Hughes Parkway, #1100
Las Vegas, NV 89169

Attorneys for Defendant
Turnberry/MGM Grand Towers, LLC

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS LAW GROUP, and that the following documents were served via electronic service: **REPLY IN SUPPORT OF EMERGENCY MOTION TO STAY PROCEEDINGS IN ARBITRATION PENDING DISPOSITION OF MOTION TO DISQUALIFY AND REMOVE ARBITRATOR BRENDAN HARE (# 124)**

TO:

Robert B. Gerard
Ricardo R. Ehmann
Gerard & Associates
2840 So. Jones Blvd. - Bldg. D, Ste 4
Las Vegas, Nevada  89146
*rgerard@gerardlaw.com*
*rehmann@gerardlaw.com*

Norman B. Blumenthal
Kyle Nordrehaug
Donald Scott Macrae
Blumenthal Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, California  92037
*norm@bamlawlj.com*
*kyle@bamlawlj.com*
*smacrae#bamlawlj.com*

Attorneys for Plaintiffs

Burton Wiand
Wiand Guerra King
3000 Bayport Drive - Suite 600
Tampa, Florida  33607
*bwiand@wiandlaw.com*

Daniel Marks
Law Offices of Daniel Marks
302 East Carson Avenue, Ste. 702
Las Vegas, Nevada  89101
*office@danielmarks.net*

Attorneys for Plaintiffs

DATED this 13th day of November, 2013.

By: /s/ Nickerson