MORRIS LAW GROUP
Steve Morris, Bar No. 1543
Email: sm@morrislawgroup.com
Akke Levin, Bar No. 9102
Email: al@morrislawgroup.com
Jean-Paul Hendricks, No. 10079
Email: jph@morrislawgroup.com
300 South Fourth Street - Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 474-9400
Facsimile:  (702) 474-9422

SNELL & WILMER L.L.P.
Alex Fugazzi, Bar No. 9022
Email: afugazzi@swlaw.com
Justin Carley, Bar No. 9994
Email: jcarley@swlaw.com
Charles Gianelloni, Bar No. 12747
Email: cgianelloni@swlaw.com
3883 Howard Hughes Parkway, #1100
Las Vegas, NV  89169
Telephone:  (702) 784-5200
Facsimile:   (702) 784-5252

Attorneys for Defendant
Turnberry/MGM Grand Towers, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARY ANN SUSSEX; et al., <br><br> Plaintiffs, <br><br> v. <br><br> TURNBERRY/MGM GRAND TOWERS, LLC, et al., <br><br> Defendants. <br>—————————————— <br> GEORGE ABRAHAM; et al., <br><br> Plaintiffs, <br><br> v. <br><br> TURNBERRY/MGM GRAND TOWERS, LLC, et al., <br><br> Defendants. | Case No.: 2:08-cv-00773-MMD-PAL <br><br> **CONSOLIDATED WITH:** <br> Case No.: 2:11-cv-01007-JCM-NKJ <br><br> **TURNBERRY/MGM GRAND TOWERS, LLC'S SUPPLEMENT TO APPENDIX (# 114-1-7) IN SUPPORT OF MOTION FOR ORDER TO REMOVE ARBITRATOR HARE (# 114)** <br><br> **Date:  December 12, 2013** <br> **Time:  9:15 A.M.** <br> **Location:  Las Vegas** |

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

Defendant Turnberry/MGM hereby supplements its Appendix with the following documents:

| Date | Description | Vol. # | Page Nos. |
|------|-------------|--------|-----------|
| 2/26/2010 | Email from AAA case manager Jonathan Weed to parties' counsel advising AAA's appointment of Brendan Hare and enclosing Notice of Appointment/Disclosure Form | 3 | TMGM 513-519 |
| 2/26/2010 | Email from AAA case manager Jonathan Weed to parties' counsel enclosing Arbitrator Hare's resume | 3 | TMGM 520-524 |
| 2/26/2010 | Ex parte email from Norman Blumenthal to AAA case manager Jonathan Weed objecting to Arbitrator Hare's appointment | 3 | TMGM 525-526 |
| 2/9/2012 | Email from AAA case manager Jonathan Weed to parties' counsel advising the parties of new Case No. 11 115 Y 264 12 | 3 | TMGM 527 |
| 2/23/2012 | Email from AAA case manager Jonathan Weed advising parties' counsel of AAA's appointment of Arbitrator Hare in Case No. 11 115 Y 264 12, enclosing Notice of Appointment/disclosure form | 3 | TMGM 528-534 |
| 7/8/2013 | Email from claimants' counsel Ricardo Ehmann to AAA case manager Jonathan Weed, parties' counsel, *and* Arbitrator Hare, enclosing letter of Norman Blumenthal in which he mentions "the meritless motions to disqualify Arbitrator Hare" (exhibits thereto omitted) | 3 | TMGM 535-536 |

| 7/9/2013 | Email from claimants' counsel Ricardo Ehmann to AAA case manager Jonathan Weed, parties' counsel, *and* Arbitrator Hare, with letter of Norman Blumenthal that argues the merits of the disqualification motions and attaches claimants' briefing on the subject (exhibits thereto excluded). | 3 | TMGM 537 |

MORRIS LAW GROUP

By: _____
    Steve Morris, No. 1543
    Akke Levin, No. 9102
    Jean-Paul Hendricks, No. 10079
    900 Bank of America Plaza
    300 South Fourth Street
    Las Vegas, Nevada  89101

SNELL & WILMER L.L.P.
Alex Fugazzi, Bar No. 9022
Justin Carley, Bar No. 9994
Charles Gianelloni, Bar No. 12747
3883 Howard Hughes Parkway, #1100
Las Vegas, NV  89169

Attorneys for Defendant
Turnberry/MGM Grand Towers, LLC

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS LAW GROUP, and that the following documents were served via electronic service: **TURNBERRY/MGM GRAND TOWERS, LLC'S SUPPLEMENT TO APPENDIX (# 114-1-7) IN SUPPORT OF MOTION FOR ORDER TO REMOVE ARBITRATOR HARE (# 114)**

TO:

Robert B. Gerard
Ricardo R. Ehmann
Gerard & Associates
2840 So. Jones Blvd. - Bldg. D, Ste 4
Las Vegas, Nevada  89146
*rgerard@gerardlaw.com*
*rehmann@gerardlaw.com*

Norman B. Blumenthal
Kyle Nordrehaug
Donald Scott Macrae
Blumenthal Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, California  92037
*norm@bamlawlj.com*
*kyle@bamlawlj.com*
*smacrae#bamlawlj.com*

Attorneys for Plaintiffs

Burton Wiand
Wiand Guerra King
5505 W. Gray Street
Tampa, FL  33600
*bwiand@wiandlaw.com*

Daniel Marks
Law Offices of Daniel Marks
302 East Carson Avenue, Ste. 702
Las Vegas, Nevada  89101
*office@danielmarks.net*

Attorneys for Plaintiffs

DATED this 10ᵗʰ day of *December*, 2013.

By: *Nickerson*

MORRIS LAW GROUP · 900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

**Subject:**       FW: Sussex v Turnberry/MGM - 11 115 1858 09
**Attachments:**    hare noa noc.pdf

---

**From:** AAA Jonathan Weed [mailto:NE_Comm8@adr.org]
**Sent:** Friday, February 26, 2010 9:00 AM
**To:** rgerard@gerardlaw.com; norm@bamlawlj.com; rehmann@gerardlaw.com; cpll@sandiego.edu; bwland@wlandlaw.com; pnasto@gerardlaw.com; Patricia Ferrugia; Steve Morris; JP Hendricks; Akke Levin
**Subject:** Sussex v Turnberry/MGM - 11 115 1858 09

Dear Parties:

This will advise the parties the Association has appointed Arbitrator Hare as arbitrator. Attached please find the arbitrator's duly executed Notice of Appointment and Notice of Compensation Arrangements.

Please advise the Association of any objections to the appointment of Arbitrator Hare by March 5, 2010, copying the other side.  The arbitrator shall not be copied on any comments related to the disclosure.

If any objections to this arbitrator's appointment are raised, the other party may respond within five business days.  The AAA will make a determination regarding the arbitrator's continued service in accordance with the Rules.

As requested by the neutral, if either party or their counsel knows of any contact or conflict that may be relevant, they are to communicate this information to the Association within ten days.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

**Jonathan Weed - Manager of ADR Services**
950 Warren Ave.
Providence, RI 02914-1414
Tel: 401 431 4721
Fax: 401 435 6529
E-mail: NE_Comm8@adr.org
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

1

TMGM 513

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of Arbitration Between:

**Re: 11 115 01858 09**

Mary Ann Sussex; Mitchell Pae; Malcolm Nicholl
and Sandy Scalise; Ernesto Valdez, Sr.
and Ernesto Valdez, Jr.; John Hanson
and Elizabeth Hanson; Andres F. Alos; Martha Vias;
Charles Crooks and Laura Crooks;
Sampai Family Revocable Living Trust; Daniel Reich
and Natalie Reich; Jose Sanchez;
Linda S. Corbridge; Fouad Feghali; Bassilios C.
Petrakis and Ronald D. Perkins, on behalf of
themselves and all others similarly situated.
and
Turnberry/MGM Grand Towers, LLC a Nevada LLC;
MGM Grand Condominiums LLC, a Nevada LLC;
The Signature Condominiums, LLC a Nevada LLC;
MGM Mirage, a Delaware Corporation;
Turnberry/Harmon Ave, LLC, a Nevada LLC; and
Turnberry West Realty, Inc., a Nevada Corporation

## NOTICE OF APPOINTMENT

To: ~~Robert M. Hare, Esq.~~        Brendan M. Hare, Esq.

It is most important that the parties have complete confidence in the arbitrator's impartiality. Therefore, please disclose any past or present relationship with the parties, their counsel, or potential witnesses, direct or indirect, whether financial, professional, social or of any other kind. This is a continuing obligation throughout your service on the case and should any additional direct or indirect contact arise during the course of the arbitration or if there is any change at any time in the biographical information that you have provided to the AAA, it must also be disclosed. Any doubts should be resolved in favor of disclosure. If you are aware of direct or indirect contact with such individuals, please describe it below. Failure to make timely disclosures may forfeit your ability to collect compensation. The Association will call the disclosure to the attention of the parties.

You will not be able to serve until a duly executed Notice of Appointment is received and on file with the Association. Please review the attached *Disclosure Guidelines* and, after conducting a conflicts check, answer the following questions and complete the remainder of this Notice of Appointment:

|  | Yes | No |
|---|---|---|
| 1. Do you or your law firm presently represent any person in a proceeding involving any party to the arbitration? | ☐ | ☑ |
| 2. Have you represented any person against any party to the arbitration? | ☐ | ☑ |
| 3. Have you had any professional or social relationship with counsel for any party in this proceeding or the firms for which they work? | ☐ | ☑ |
| 4. Have you had any professional or social relationship with any parties or witnesses identified to date in this proceeding or the entities for which they work? | ☐ | ☑ |
| 5. Have you had any professional or social relationship of which you are aware with any relative of any of the parties to this proceeding, or any relative of counsel to this proceeding, or any of the witnesses identified to | ☐ | ☑ |

TMGM 514

date in the proceeding?

6. Have you, any member of your family, or any close social or business associate ever served as an arbitrator in a proceeding in which any of the identified witnesses or named individual parties gave testimony?  ☐ ☑

7. Have you, any member of your family, or any close social or business associate been involved in the last five years in a dispute involving the subject matter contained in the case, which you are assigned?  ☐ ☑

8. Have you ever served as an expert witness or consultant to any party, attorney, witness or other arbitrator identified in this case?  ☐ ☑

9. Have any of the party representatives, law firms or parties appeared before you in past arbitration cases?  ☐ ☑

10. Are you a member of any organization that is not listed on your panel biography that may be relevant to this arbitration?  ☐ ☑

11. Have you ever sued or been sued by either party or its representative?  ☐ ☑

12. Do you or your spouse own stock in any of the companies involved in this arbitration?  ☐ ☑

13. If there is more than one arbitrator appointed to this case, have you had any professional or social relationships with any of the other arbitrators?  ☐ ☑

14. Are there any connections, direct or indirect, with any of the case participants that have not been covered by the above questions?  ☐ ☑

Should the answer to any question be "Yes", or if you are aware of any other information that may lead to a justifiable doubt as to your impartiality or independence or create an appearance of partiality, then describe the nature of the potential conflict(s) on an attached page.

Please indicate one of the following:

☑ I have conducted a check for conflicts and have nothing to disclose.

☐ I have conducted a check for conflicts and have made disclosures on an attached sheet.

### THE ARBITRATOR'S OATH

Commonwealth of Massachusetts
State of
County of  Suffolk   } SS:

I attest that I have reviewed the panel biography which the American Arbitration Association provided to the parties on this case and confirm it is current, accurate and complete.

I attest that I have diligently conducted a conflicts check, including a thorough review of the information provided to me about this case to date, and that I have performed my obligations and duties to disclose in accordance with the Rules of the American Arbitration Association, Code of Ethics for Commercial Arbitrators and/or all applicable statutes pertaining to arbitrator disclosures.

I understand that my obligation to check for conflicts and make disclosures is ongoing for the length of my service as an arbitrator in this matter, and that failing to make appropriate and timely disclosures may result in my removal as arbitrator from the case and/or my removal from the AAA's Roster of Neutrals.

The Arbitrator being duly sworn, hereby accepts this appointment, and will faithfully and fairly hear and decide the matters in controversy between the parties in accordance with their arbitration agreement, the Code of Ethics, and the rules of the American Arbitration Association will make an Award according to the best of the arbitrator's understanding.

Dated: 2/24/10          Signed: _Brendan M. Hare_
                                 Brendan M. Hare

Sworn before me this 24th day of February , 20 10

_Moura T Foley_

## AMERICAN ARBITRATION ASSOCIATION

**In the Matter of Arbitration Between:**

Re: 11 115 01858 09

    Mary Ann Sussex; Mitchell Pae; Malcolm Nicholl
    and Sandy Scalise; Ernesto Valdez, Sr.
    and Ernesto Valdez, Jr.; John Hanson
    and Elizabeth Hanson; Andres F. Alos; Martha Vias;
    Charles Crooks and Laura Crooks;
    Sampai Family Revocable Living Trust; Daniel Reich
    and Natalie Reich; Jose Sanchez;
    Linda S. Corbridge; Fouad Feghali; Bassilios C.
    Petrakis and Ronald D. Perkins, on behalf of
    themselves and all others similarly situated.
    and
    Turnberry/MGM Grand Towers, LLC a Nevada LLC;
    MGM Grand Condominiums LLC, a Nevada LLC;
    The Signature Condominiums, LLC a Nevada LLC;
    MGM Mirage, a Delaware Corporation;
    Turnberry/Harmon Ave, LLC, a Nevada LLC; and
    Turnberry West Realty, Inc., a Nevada Corporation

### Notice of Compensation Arrangements

To: Brendan M. Hare, Esq.

You have been invited to serve as an arbitrator in the above matter. It is important that you understand the terms of your compensation and the role you play in ensuring that you receive payment for fees and expenses that you may incur during your service. This invitation to serve is based on our assumption that unless your panel biography states otherwise, you are willing to comply with the Association's *Billing Guidelines for Commercial, Construction, and Employment Neutrals*, which are available in Neutrals eCenter at www.adr.org. If you expect to assess charges that fall outside those guidelines and those charges are not detailed on your panel biography, you must notify the Association prior to accepting your appointment so that the parties can determine whether they still seek your services as an arbitrator.

### Your Compensation

This matter is being administered under the Regular procedures of the Commercial Arbitration Rules. As such, you will be compensated at the following rates, per the rate structure indicated on your biographical record:

      Hearing Time:    $325.00 per hour
      Study Time:      $325.00 per hour

Hourly rate applies to hearings and study time. Electronic research fees will be charged.

Inasmuch as you are agreeing to serve in this matter at the above rate, any subsequent change to your published rate after your appointment will not apply to this case.

TMGM 517

**Your Expenses**

On most cases, your expenses should be nominal and will be reimbursed immediately after you submit them. For any single expense over $25, please include a receipt with your request for reimbursement.

If you anticipate that you will incur significant expenses, such as airfare or hotel room costs, please advise your Case Manager in advance so that the parties can be asked to make deposits prior to you incurring the expense.

**Deposits and Payment**

Payment for your compensation is the obligation of the parties and it is understood that the American Arbitration Association has no liability, direct or indirect, for such payment. During the course of the proceeding the Case Manager will ask that you provide an estimate of the amounts needed to cover your fees. Generally this occurs immediately after the preliminary hearing, although on longer or more complex cases it can occur immediately upon appointment or after each series of hearings.

Unless you specify otherwise, the parties are advised that deposits are due 30 days prior to the first hearing. No later than two weeks prior to the hearing, the Case Manager will advise you of the total amount on deposit. Should the parties fail to make deposits in a timely manner, you must determine whether to go forward or suspend the proceedings until such time as deposits have been made. If you decide to go forward without full deposits, you may not subsequently delay the rendering of the award for lack of payment of your fees. *The time to deal with this issue is prior to the commencement of the hearings.* Should you decide to suspend the proceedings, your Case Manager can assist you in issuing an appropriate order to the parties.

If you realize that you are spending more time on this matter than you originally estimated, it is your obligation to inform the Case Manager *prior to exhausting the current deposit*. The Case Manager will then make arrangements with the parties for additional deposits per your instructions.

In order to receive payment, please submit bills promptly. Your bills should be submitted in a format that is presentable to the parties, should detail the dates on which the charges were incurred and must correspond with the terms of compensation outlined herein. Upon receipt, the AAA will release payment from the amounts deposited by the parties.. Should there be insufficient funds on deposit, you will not receive payment until the parties have made additional deposits. Further, we will not use one party's deposit to cover another party's obligation without written permission to do so.

In the event your Award is delivered prior to payment by the parties of the agreed upon compensation, the Association is authorized but not obligated to seek to collect these monies on your behalf by all lawful means to represent you in any action or proceeding for such recovery and to file a claim in any bankruptcy or insolvency proceeding for such monies. The Association may prosecute and receive any recovery on behalf of the undersigned and has full authority to compromise or settle such claims as may be, in its discretion, appropriate. However, under no circumstances whatsoever will the Association be liable for any failure to collect any or all the monies due. The Association is authorized to subtract a reasonable amount for collection and attorney's fees.

**Failure to Disclose and Forfeiting Compensation**

As an arbitrator in this matter, you have an ongoing obligation to disclose any direct or indirect relationship with the case participants. Your failure to make disclosures in a timely manner would be a

TMGM 518

serious transgression and may be grounds for your removal as arbitrator from this case and/or from the AAA's Roster of Neutrals. Should this occur, you may be required to forfeit the compensation for the time you spent on this matter after you should have made such disclosures.

If you are willing to serve on this matter per the compensation terms detailed above, please complete and sign the following section and return it, along with your Notice of Appointment, to your Case Manager.

## ARBITRATOR MUST COMPLETE THE FOLLOWING SECTION

Compensation payments, and the corresponding IRS reporting, will be made to either to you individually (attributed to your Social Security Number) or to your employer (attributed to the Employer Identification Number), based on the preference you indicated and as recorded in your panel record. If you are unsure of your current payment preference, you may contact your Case Manager or the AAA Department of Neutrals' Services.  Promptly inform the AAA if this information is incorrect or changes during the case, or if an address correction is necessary.

If the AAA does not have the payee's tax information on record, we must withhold 31% of compensation payments, as required by the IRS.  Reimbursements of expenses are not subject to withholding and are not reported to the IRS.

I am willing to accept appointment on this matter under the compensation terms detailed above.

Signed: _Brendan M. Hare_        Date: _2/24/10_
         Brendan M. Hare

| From: | AAA Jonathan Weed [NE_Comm8@adr.org] |
|---|---|
| Sent: | Friday, February 26, 2010 10:45 AM |
| To: | rgerard@gerardlaw.com; norm@bamlawlj.com; rehmann@gerardlaw.com; cpll@sandiego.edu; bwland@wlandlaw.com; pnasto@gerardlaw.com; Patricia Ferrugia; Steve Morris; JP Hendricks; Akke Levin; Vickie L. Nickerson |
| Subject: | RE: Sussex v Turnberry/MGM - 11 115 1858 09 |
| Attachments: | Hare resume.PDF |

Dear Parties,

Please find Arbitrator Hare's resume attached.

Sincerely,

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

**Jonathan Weed  - Manager of ADR Services**
950 Warren Ave.
Providence, RI 02914-1414
Tel: 401 431 4721
Fax: 401 435 6529
E-mail: NE_Comm8@adr.org
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

---

**From:** AAA Jonathan Weed
**Sent:** Friday, February 26, 2010 12:00 PM
**To:** 'rgerard@gerardlaw.com'; 'norm@bamlawlj.com'; 'rehmann@gerardlaw.com'; 'cpll@sandiego.edu'; 'bwland@wlandlaw.com'; 'pnasto@gerardlaw.com'; 'paf@morrislawgroup.com'; 'sm@morrislawgroup.com'; 'jph@morrislawgroup.com'; 'al@morrislawgroup.com'
**Subject:** Sussex v Turnberry/MGM - 11 115 1858 09

Dear Parties:

This will advise the parties the Association has appointed Arbitrator Hare as arbitrator. Attached please find the arbitrator's duly executed Notice of Appointment and Notice of Compensation Arrangements.

Please advise the Association of any objections to the appointment of Arbitrator Hare by March 5, 2010, copying the other side. The arbitrator shall not be copied on any comments related to the disclosure.

If any objections to this arbitrator's appointment are raised, the other party may respond within five business days. The AAA will make a determination regarding the arbitrator's continued service in accordance with the Rules.

As requested by the neutral, if either party or their counsel knows of any contact or conflict that may be relevant, they are to communicate this information to the Association within ten days.

**TMGM 520**

Should you have any questions, please do not hesitate to contact me.

Sincerely,

2

TMGM 521

**Contact** American Arbitration Association
950 Warren Avenue
East Providence, RI 02914
telephone: 866-293-4053   facsimile: 401-435-6529

Brendan M. Hare, Esq.

**Current Employer-Title**   Hare & Associates - Managing Partner

**Profession**   Attorney - Commercial Litigation, including Class Actions and Technology Litigation

**Work History**   Managing Partner, Hare & Associates, 2009-present; Managing Partner, Hare & Chaffin, 1990-09; Partner, Wickens, Hare, Koches & Brooks, 1988-90; Associate General Counsel, Honeywell, Inc., 1976-88; Associate, Lyne, Woodworth & Evarts, 1974-76; Staff Attorney, Office of Executive Secretary, Supreme Judicial Court, 1973-74; Instructor of Economics, Merrimack College, 1967-69.

**Experience**   Over 30 years' experience litigating the full spectrum of commercial and corporate legal issues arising in the computer, communications, controls and alarm industries. Prosecutes and defends claims involving hardware and software vendors. Has assessed several hundred computer-related disputes from both plaintiff and defense standpoints. Has acted as advisor to multinational computer and controls companies and provided litigation management services nationally for a prominent manufacturer. Represents plaintiffs in a putative class action against one of the nation's largest mortgage servicers and defendant high tech manufacturer in putative class action brought for alleged pollution and stigma damages to real property.

**Alternative Dispute Resolution Experience**   Since 1989, neutral arbitrator in: a putative class action by truckers related to tier contractual entitlement to freight charges from a shipping company; one of Boston's largest law firm breakups; a class action by pharmacies claiming breach of contract, fraud, breach of fiduciary duty, and unjust enrichment against one of the largest pharmacy benefits manager arising from its use of audits as to compounded drugs; a $240 million dispute against a major ERP software vendor by one of the country's largest wholesaler and distributor of electrical products, which dispute raised issues of copyright ownership, theft of trade secrets and system performance; an $83 million dispute against a software developer relating to an enterprise wide system for a major Massachusetts based insurer; a multimillion-dollar computer performance dispute between a large software distributor and a banking/thrift institution; a dispute involving a large software supplier and an insurance company; a $25 million claim against a software developer relating to a process control system for a plastics company; a $23 million claim against software developer relating to an enterprise wide system for a large multi-store retailer of both soft

*Brendan M. Hare, Esq.*
*98052*

**TMGM 522**

goods and big ticket items; an $8 million dispute centering on the development and marketing of a web browser; a multimillion dollar dispute involving the development of software for the telecommunications industry; a post acquisition dispute arising from the sale of a software business devoted to the legal marketplace; and numerous software development/royalty disputes. Served as arbitrator in class action involving marketing practices of Prudential Life Insurance Co.

Advocate in numerous arbitrations and mediations such as: a $150 million ERP dispute between a major consulting house and a large manufacturer; $50 million contract dispute between a major government vendor and a subcontracting computer company; and a $12 million dispute involving the development of an infrared imaging system for the firefighting market place.

**Alternative Dispute Resolution Training**   AAA Webinar, Current Issues in Employment Arbitration: The Arbitration Fairness Act of 2009 Legislation and Recent Court Decisions, 2009; AAA Webinar, Arbitrator Boundaries: What are the Limits of Arbitrator Authority?, 2009; AAA Chairing an Arbitration Panel: Managing Procedures, Process & Dynamics (ACE005), 2008, 2005; AAA Arbitrator Ethics & Disclosure (ACE003), 2007; ICDR, The International Arbitration's Deliberations and Determinations, 2006; AAA Dealing With Delay Tactics in Arbitration (ACE004), 2006, 2004; Attended AAA Neutrals Conference, 2004; AAA Commercial Arbitrator II Training: Advanced Case Management Issues, 2002; AAA Arbitrator Update, 2001; Certified Massachusetts Mediator Training, 2000; faculty, AAA Commercial Train the Trainer Course, 1998.

**Professional Licenses**   Admitted to the Bar:  Massachusetts, 1973; New York, 1988; U.S. District Court, District of Massachusetts, 1974.

**Professional Associations**   American Bar Association; Boston Bar Association (Computer Law Committee, Past Co-chair); American Arbitration Association (Computer Disputes Advisory Committee; Subcommittee on Class Actions).

**Education**   Merrimack College (BA, cum laude-1967); Syracuse University (MA, Economics-1969); Suffolk University (JD, cum laude-1973).

**Publications and Speaking Engagements**   Past member of Editorial Board, INSIDE LITIGATION.

**Compensation**                    $325.00  Per Hour
Hourly rate applies to hearings and study time.  Electronic research fees will be charged.

*Brendan M. Hare, Esq.*
*98052*

**Citizenship**  United States of America

**Locale**  Boston, MA

*Brendan M. Hare, Esq.*
*98052*

| | |
|---|---|
| **From:** | Norman B. Blumenthal [norm@bamlawjj.com] |
| **Sent:** | Tuesday, March 02, 2010 1:33 PM |
| **To:** | Patricia Ferrugia; Steve Morris; JP Hendricks; Akke Levin |
| **Cc:** | Jonathan Weed; Robert Gerard; bwiand@wiandlaw.com; Scott Macrae; Kyle Nordrehaug; Ricardo Ehmann |
| **Subject:** | FW: Sussex v Turnberry/MGM - 11 115 1858 09 |

==Mr. Morris:  Please see our objection to the Arbitrator set forth below.==  Thank you.  Norm

**From:** ==Norman B. Blumenthal==
**Sent:** ==Friday, February 26, 2010 11:22 AM==
**To:** 'AAA Jonathan Weed'
**Cc:** Robert Gerard; bwiand@wiandlaw.com; Kyle Nordrehaug; Scott Macrae
**Subject:** RE: ==Sussex v Turnberry/MGM - 11 115 1858 09==

==Mr. Weed:  Respectfully, we object to this entire selection process as being a sham and a fraud.==
If Mr. Hare could be selected as our arbitrator in one week then clearly he was available to be put on the original list of 8.
Further Mr. Hare is a former in house corporate counsel with no judicial or government work.
Why was Mr. Hare left off the original list?
Why was our request for a neutral with former experience as a U.S. Attorney, Judge or SEC attorney ignored?
Please consider Mr. Hare as a strike out from the original list of now 9 and produce another neutral.
We will not proceed with Mr. Hare without a Court order.
We will object to your failure to comply with the parties agreement to first produce 10 neutrals for evaluation before AAA can make the selection.
We will also demand the deposition of Mr. Hare to see if he is in fact a neutral.
If we find that he has never ruled in favor of a consumer in a class claim and thus is ==a handpicked stooge for MGM== we will sue AAA.
If this is true, we will seek to have AAA cease and desist acting as an alleged neutral arbitration company in America as a result of this fraud in that AAA knows the results of these prior cases.
The scope of our discovery in our case against AAA will be to determine if this tilt in favor of corporations in an ongoing practice of AAA and a fraud on consumer claimants.
Please review and advise. Thank you.  Norm Blumenthal

**From:** AAA Jonathan Weed [mailto:NE_Comm8@adr.org]
**Sent:** Friday, February 26, 2010 10:45 AM
**To:** rgerard@gerardlaw.com; Norman B. Blumenthal; rehmann@gerardlaw.com; cpll@sandiego.edu; bwiand@wiandlaw.com; pnasto@gerardlaw.com; paf@morrislawgroup.com; sm@morrislawgroup.com; jph@morrislawgroup.com; al@morrislawgroup.com; vln@morrislawgroup.com
**Subject:** RE: Sussex v Turnberry/MGM - 11 115 1858 09

Dear Parties,

Please find Arbitrator Hare's resume attached.

Sincerely,

1

**TMGM 525**

## American Arbitration Association
*Dispute Resolution Services Worldwide*

**Jonathan Weed  - Manager of ADR Services**
950 Warren Ave.
Providence, RI 02914-1414
Tel: 401 431 4721
Fax: 401 435 6529
E-mail: NE_Comm8@adr.org
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** AAA Jonathan Weed
**Sent:** Friday, February 26, 2010 12:00 PM
**To:** 'rgerard@gerardlaw.com'; 'norm@bamlawlj.com'; 'rehmann@gerardlaw.com'; 'cpll@sandiego.edu'; 'bwland@wlandlaw.com'; 'pnasto@gerardlaw.com'; 'paf@morrislawgroup.com'; 'sm@morrislawgroup.com'; 'jph@morrislawgroup.com'; 'al@morrislawgroup.com'
**Subject:** Sussex v Turnberry/MGM - 11 115 1858 09

Dear Parties:

This will advise the parties the Association has appointed Arbitrator Hare as arbitrator. Attached please find the arbitrator's duly executed Notice of Appointment and Notice of Compensation Arrangements.

Please advise the Association of any objections to the appointment of Arbitrator Hare by March 5, 2010, copying the other side.  The arbitrator shall not be copied on any comments related to the disclosure.

If any objections to this arbitrator's appointment are raised, the other party may respond within five business days.  The AAA will make a determination regarding the arbitrator's continued service in accordance with the Rules.

As requested by the neutral, if either party or their counsel knows of any contact or conflict that may be relevant, they are to communicate this information to the Association within ten days.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

2

**TMGM 526**

| | |
|---|---|
| **From:** | AAA Jonathan Weed [JonathanWeed@adr.org] |
| **Sent:** | Thursday, February 09, 2012 2:33 PM |
| **To:** | 'Robert Gerard'; 'Norman B. Blumenthal'; cpli@sandiego.edu; bwiand@wiandlaw.com; 'Kevin Hernandez'; Steve Morris; Jason C. Gless; JP Hendricks; Akke Levin; Jody E. Carlin |
| **Cc:** | Vickie L. Nickerson |
| **Subject:** | AAA Arbitration 11 115 Y 264 12 - Sussex et al. v. Turnberry/MGM Grand Towers et al. - Setting conference call |

Dear Counsel,

Please note the above case number to be used in connection with this matter.

This will confirm that a conference call with Arbitrator Hare has been scheduled for February 24, 2012 at 10:00 AM PST (1:00 PM EST).  Please dial in to the conference call by using the following telephone number and security code:

Telephone: (888) 537-7715
Security Code: 43775158#

Please note that the Case Administrator will not initiate the conference call.  All participants are requested to dial in at the above time in order to ensure that the call may begin promptly.

This will acknowledge receipt of a Second Amended Complaint dated February 3, 2012 from Mr. Blumenthal.  Should Respondents wish to file a response to the Second Amended Complaint, they may do so on or before February 24, 2012.

Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,


 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

**AAA Jonathan Weed**
**Jonathan Weed, Manager of ADR Services**
950 Warren Ave.
Providence, RI 02914-1414
Tel: 401 431 4721
Fax: 401 435 6529
E-mail: JonathanWeed@adr.org
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

TMGM 527

| | |
|---|---|
| **From:** | AAA Jonathan Weed [JonathanWeed@adr.org] |
| **Sent:** | Thursday, February 23, 2012 1:11 PM |
| **To:** | 'Robert Gerard'; 'Norman B. Blumenthal'; cpll@sandiego.edu; bwiand@wiandlaw.com; 'Kevin Hernandez'; Steve Morris; Jason C. Gless; JP Hendricks; Akke Levin; Jody E. Carlin; Vickie L. Nickerson |
| **Cc:** | bhare@hare-associates.com |
| **Subject:** | RE: AAA Arbitration 11 115 Y 264 12 - Sussex et al. v. Turnberry/MGM Grand Towers et al. - Hare appointed and conference call reminder |
| **Attachments:** | NOA Hare.pdf; NOCA Hare.pdf |

Dear Counsel:

This will advise the parties the Association has appointed Brendan M. Hare, Esq. as arbitrator in this matter. Enclosed please find the arbitrator's duly executed Notice of Appointment and Notice of Compensation Arrangements. As requested by the neutral, if either party or their counsel knows of any contact or conflict that may be relevant, they are to communicate this information to the Association within ten days.

This will also serve as a reminder that a conference call has been scheduled for February 24, 2012 at 10:00 AM PST (1:00 PM EST). Please dial in to the conference call by using the following telephone number and security code:

Telephone: **(888) 537-7715**
Security Code: 43775158#

Please note that the Case Administrator will not initiate the conference call. All participants are requested to dial in at the above time in order to ensure that the call may begin promptly.

Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

JJW/hc

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

**AAA Jonathan Weed**
**Jonathan Weed, Manager of ADR Services**
950 Warren Ave.
Providence, RI 02914-1414
Tel: 401 431 4721
Fax: 401 435 6529
E-mail: JonathanWeed@adr.org
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**TMGM 528**

## AMERICAN ARBITRATION ASSOCIATION

**In the Matter of Arbitration Between:**

**Re: 11 115 Y 00264 12**

Mary Ann Sussex; Mitchell Pae; Malcolm Nicholl
and Sandy Scalise; Ernesto Valdez, Sr.
and Ernesto Valdez, Jr.; John Hanson
and Elizabeth Hanson; Andres F. Alos; Martha Vias;
Charles Crooks and Laura Crooks;
Sampal Family Revocable Living Trust; Daniel Reich
and Natalie Reich; Jose Sanchez;
Linda S. Corbridge; Fouad Feghali; Bassilios C.
Petrakis and Ronald D. Perkins, on behalf of
themselves and all others similarly situated.
and
Turnberry/MGM Grand Towers, LLC a Nevada LLC;
MGM Grand Condominiums LLC, a Nevada LLC;
The Signature Condominiums, LLC a Nevada LLC;
MGM Mirage, a Delaware Corporation;
Turnberry/Harmon Ave, LLC, a Nevada LLC; and
Turnberry West Realty, Inc., a Nevada Corporation

### NOTICE OF APPOINTMENT

**To:   Brendan M. Hare, Esq.**

It is most important that the parties have complete confidence in the arbitrator's impartiality. Therefore, please disclose any past or present relationship with the parties, their counsel, or potential witnesses, direct or indirect, whether financial, professional, social or of any other kind. This is a continuing obligation throughout your service on the case and should any additional direct or indirect contact arise during the course of the arbitration or if there is any change at any time in the biographical information that you have provided to the AAA, it must also be disclosed. Any doubts should be resolved in favor of disclosure. If you are aware of direct or indirect contact with such individuals, please describe it below. Failure to make timely disclosures may forfeit your ability to collect compensation. The Association will call the disclosure to the attention of the parties.

You will not be able to serve until a duly executed Notice of Appointment is received and on file with the Association. Please review the attached *Disclosure Guidelines* and, after conducting a conflicts check, answer the following questions and complete the remainder of this Notice of Appointment:

|  | Yes | No |
|---|---|---|
| 1. Do you or your law firm presently represent any person in a proceeding involving any party to the arbitration? | ☐ | ☑ |
| 2. Have you represented any person against any party to the arbitration? | ☐ | ☑ |
| 3. Have you had any professional or social relationship with counsel for any party in this proceeding or the firms for which they work? | ☐ | ☑ |
| 4. Have you had any professional or social relationship with any parties or witnesses identified to date in this proceeding or the entities for which they work? | ☐ | ☑ |
| 5. Have you had any professional or social relationship of which you are aware with any relative of any of the parties to this proceeding, or any relative of counsel to this proceeding, or any of the witnesses identified to | ☐ | ☑ |

date in the proceeding?

6. Have you, any member of your family, or any close social or business associate ever served as an arbitrator in a proceeding in which any of the identified witnesses or named individual parties gave testimony?  ☐ ☑

7. Have you, any member of your family, or any close social or business associate been involved in the last five years in a dispute involving the subject matter contained in the case, which you are assigned?  ☐ ☑

8. Have you ever served as an expert witness or consultant to any party, attorney, witness or other arbitrator identified in this case?  ☐ ☑

9. Have any of the party representatives, law firms or parties appeared before you in past arbitration cases?  ☐ ☑

10. Are you a member of any organization that is not listed on your panel biography that may be relevant to this arbitration?  ☐ ☑

11. Have you ever sued or been sued by either party or its representative?  ☐ ☑

12. Do you or your spouse own stock in any of the companies involved in this arbitration?  ☐ ☑

13. If there is more than one arbitrator appointed to this case, have you had any professional or social relationships with any of the other arbitrators?  ☐ ☑

14. Are there any connections, direct or indirect, with any of the case participants that have not been covered by the above questions?  ☐ ☑

Should the answer to any question be "Yes", or if you are aware of any other information that may lead to a justifiable doubt as to your impartiality or independence or create an appearance of partiality, then describe the nature of the potential conflict(s) on an attached page.

**Please indicate one of the following:**

☑  I have conducted a check for conflicts and have **nothing to disclose.**

☐  I have conducted a check for conflicts and have **made disclosures on an attached sheet.**

TMGM 530

**THE ARBITRATOR'S OATH**

State of _Massachusetts_
County of _Suffolk_          SS:

I attest that I have reviewed the panel biography which the American Arbitration Association provided to the parties on this case and confirm it is current, accurate and complete.

I attest that I have diligently conducted a conflicts check, including a thorough review of the information provided to me about this case to date, and that I have performed any obligations and duties to disclose in accordance with the Rules of the American Arbitration Association, Code of Ethics for Commercial Arbitrators and/or all applicable statutes pertaining to arbitrator disclosures.

I understand that my obligation to check for conflicts and make disclosures is ongoing for the length of my service as an arbitrator in this matter, and that failing to make appropriate and timely disclosures may result in my removal as arbitrator from the case and/or my removal from the AAA's Roster of Neutrals.

The Arbitrator being duly sworn, hereby accepts this appointment, and will faithfully and fairly hear and decide the matters in controversy between the parties in accordance with their arbitration agreement, the Code of Ethics, and the rules of the American Arbitration Association will make an Award according to the best of the arbitrator's understanding.

Dated: _Feb. 22, 2012_          Signed: _Brendan M. Hare_

Sworn before me this _22_ day of _Feb_          , 20 _12_

ALEXANDRA D. SWAFFIELD
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
August 3, 2018

## AMERICAN ARBITRATION ASSOCIATION

**In the Matter of Arbitration Between:**

Re: 11 115 Y 00264 12
    Mary Ann Sussex; Mitchell Pae; Malcolm Nicholl
    and Sandy Scalise; Ernesto Valdez, Sr.
    and Ernesto Valdez, Jr.; John Hanson
    and Elizabeth Hanson; Andres F. Alos; Martha Vias;
    Charles Crooks and Laura Crooks;
    Sampal Family Revocable Living Trust; Daniel Reich
    and Natalie Reich; Jose Sanchez;
    Linda S. Corbridge; Fouad Feghali; Bassilios C.
    Petrakis and Ronald D. Perkins, on behalf of
    themselves and all others similarly situated.
    and
    Turnberry/MGM Grand Towers, LLC a Nevada LLC;
    MGM Grand Condominiums LLC, a Nevada LLC;
    The Signature Condominiums, LLC a Nevada LLC;
    MGM Mirage, a Delaware Corporation;
    Turnberry/Harmon Ave, LLC, a Nevada LLC; and
    Turnberry West Realty, Inc., a Nevada Corporation



### Notice of Compensation Arrangements

**To:** Brendan M. Hare, Esq.

You have been invited to serve as an arbitrator in the above matter. It is important that you understand the terms of your compensation and the role you play in ensuring that you receive payment for fees and expenses that you may incur during your service. This invitation to serve is based on our assumption that unless your panel biography states otherwise, you are willing to comply with the Association's *Billing Guidelines for Commercial, Construction, and Employment Neutrals,* which are available in Neutrals eCenter at www.adr.org. If you expect to assess charges that fall outside those guidelines and those charges are not detailed on your panel biography, you must notify the Association <u>prior to accepting your appointment</u> so that the parties can determine whether they still seek your services as an arbitrator.

### Your Compensation

This matter is being administered under the LCC procedures of the Commercial Arbitration Rules. As such, you will be compensated at the following rates, per the rate structure indicated on your biographical record:

|                |                    |
|----------------|--------------------|
| Hearing Time:  | $325.00 per hour   |
| Study Time:    | $325.00 per hour   |

Inasmuch as you are agreeing to serve in this matter at the above rate, any subsequent change to your published rate after your appointment will not apply to this case.

**Your Expenses**

On most cases, your expenses should be nominal and will be reimbursed immediately after you submit them.  For any single expense over $25, please include a receipt with your request for reimbursement.

If you anticipate that you will incur significant expenses, such as airfare or hotel room costs, please advise your Case Manager in advance so that the parties can be asked to make deposits prior to you incurring the expense.

**Deposits and Payment**

Payment for your compensation is the obligation of the parties and it is understood that the American Arbitration Association has no liability, direct or indirect, for such payment.  During the course of the proceeding the Case Manager will ask that you provide an estimate of the amounts needed to cover your fees.  Generally this occurs immediately after the preliminary hearing, although on longer or more complex cases it can occur immediately upon appointment or after each series of hearings.

Unless you specify otherwise, the parties are advised that deposits are due 30 days prior to the first hearing.  No later than two weeks prior to the hearing, the Case Manager will advise you of the total amount on deposit.  Should the parties fail to make deposits in a timely manner, you must determine whether to go forward or suspend the proceedings until such time as deposits have been made.  If you decide to go forward without full deposits, you may not subsequently delay the rendering of the award for lack of payment of your fees.  _The time to deal with this issue is prior to the commencement of the hearings_.  Should you decide to suspend the proceedings, your Case Manager can assist you in issuing an appropriate order to the parties.

If you realize that you are spending more time on this matter than you originally estimated, it is your obligation to inform the Case Manager _prior to exhausting the current deposit_.  The Case Manager will then make arrangements with the parties for additional deposits per your instructions.

In order to receive payment, please submit bills promptly.  Your bills should be submitted in a format that is presentable to the parties, should detail the dates on which the charges were incurred and must correspond with the terms of compensation outlined herein.  Upon receipt, the AAA will release payment from the amounts deposited by the parties.  Should there be insufficient funds on deposit, you will not receive payment until the parties have made additional deposits.  Further, we will not use one party's deposit to cover another party's obligation without written permission to do so.

In the event your Award is delivered prior to payment by the parties of the agreed upon compensation, the Association is authorized but not obligated to seek to collect these monies on your behalf by all lawful means to represent you in any action or proceeding for such recovery and to file a claim in any bankruptcy or insolvency proceeding for such monies.  The Association may prosecute and receive any recovery on behalf of the undersigned and has full authority to compromise or settle such claims as may be, in its discretion, appropriate.  However, under no circumstances whatsoever will the Association be liable for any failure to collect any or all the monies due.  The Association is authorized to subtract a reasonable amount for collection and attorney's fees.

**Failure to Disclose and Forfeiting Compensation**

As an arbitrator in this matter, you have an ongoing obligation to disclose any direct or indirect relationship with the case participants.  Your failure to make disclosures in a timely manner would be a serious transgression and may be grounds for your removal as arbitrator from this case and/or from the

AAA's Roster of Neutrals. Should this occur, you may be required to forfeit the compensation for the time you spent on this matter after you should have made such disclosures.

If you are willing to serve on this matter per the compensation terms detailed above, please complete and sign the following section and return it, along with your Notice of Appointment, to your Case Manager.

## ARBITRATOR MUST COMPLETE THE FOLLOWING SECTION

Compensation payments, and the corresponding IRS reporting, will be made to either to you individually (attributed to your Social Security Number) or to your employer (attributed to the Employer Identification Number), based on the preference you indicated and as recorded in your panel record. If you are unsure of your current payment preference, you may contact your Case Manager or the AAA Department of Neutrals' Services. Promptly inform the AAA if this information is incorrect or changes during the case, or if an address correction is necessary.

If the AAA does not have the payee's tax information on record, we must withhold 31% of compensation payments, as required by the IRS. Reimbursements of expenses are not subject to withholding and are not reported to the IRS.

I am willing to accept appointment on this matter under the compensation terms detailed above.

Signed: _Brendan M. Hare_      Date: _February 22, 2012_

| From: | Ricardo Ehmann [rehmann@gerardlaw.com] |
|---|---|
| Sent: | Monday, July 08, 2013 6:56 PM |
| To: | AAA Jonathan Weed; 'Norm Blumenthal'; Steve Morris; Akke Levin; Robert Gerard; 'Scott Macrae'; Yvette Ostolaza; Yolanda Garcia; Robert Velevis; Alex Fugazzi; Justin L. Carley; bwiand@wiandlaw.com; 'Kyle Nordrehaug'; JP Hendricks; Ricardo Ehmann; bhare@hare-associates.com |
| Cc: | Patricia Ferrugia; Vickie L. Nickerson; Fiona M. Ingalls |
| Subject: | RE: Requesting comments - AAA Arbitration 11 115 Y 264 12 - Sussex et al. v. Turnberry/MGM Grand Towers et al. (CLAIMANTS' RESPONSE) |
| Attachments: | N.Blumenthal.7.8.13.pdf; Exhibits.1.thru.6.Blumenthal.7.8.13.pdf; Exhibits.7.thru.10.Blumenthal.7.8.13.pdf; Exhibits.11.thru.13.Blumenthal.7.8.13.pdf |

Mr. Weed: Attached please find Claimants' Response to Ms. Ostolaza's letter dated June 27, 2013. The letter along with corresponding exhibits was uploaded to the AAA website a short while ago, thank you. –Ricardo.

**Ricardo R. Ehmann, Esq.**
GERARD & ASSOCIATES

**LAS VEGAS OFFICE**
2840 S. Jones Boulevard
Building D, Suite 4
Las Vegas, Nevada 89146
702-251-0093
702-251-0094 Fax

**SAN DIEGO OFFICE**
1516 Front Street
San Diego, CA 92101
(619) 232-2828
(619) 232-4129 Fax

rehmann@gerardlaw.com        Visit us on:   

The information contained in this electronic mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this correspondence in publicly accessible written or electronic records. If YOU are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee you received this message through inadvertent error and any further review, dissemination, distribution, or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY RETURN EMAIL, OR BY TELEPHONING THE SENDER NAMED ABOVE AT (702) 251-0093. Thank you.

 Please consider the environment before printing this email.

---

**From:** AAA Jonathan Weed [mailto:JonathanWeed@adr.org]
**Sent:** Friday, June 28, 2013 12:03 PM
**To:** 'Norm Blumenthal'; 'Steve Morris'; 'Akke Levin'; Ricardo Ehmann; Robert Gerard; 'Scott Macrae'; 'Yvette Ostolaza'; 'Yolanda Garcia'; 'Robert Velevis'; 'Alex Fugazzi'; 'Justin L. Carley'; bwiand@wiandlaw.com; 'Kyle Nordrehaug'; 'JP Hendricks'
**Cc:** 'Patricia Ferrugia'; 'Vickie L. Nickerson'; 'Fiona M. Ingalls'
**Subject:** Requesting comments - AAA Arbitration 11 115 Y 264 12 - Sussex et al. v. Turnberry/MGM Grand Towers et al.

Dear Counsel,

This will acknowledge receipt of a letter with attachments dated June 27, 2013 from Ms. Ostolaza as well as an e-mail with attachment dated June 27, 2013 from Mr. Blumenthal, copies of which were exchanged with the opposing side.

TMGM 535

We ask that Claimants provide their comments to Ms. Ostolaza's letter on or before July 8, 2013 and that Respondents provide their comments to Mr. Blumenthal's e-mail on or before July 8, 2013.

Should you have any questions or concerns, please do not hesitate to contact the undersigned.

Sincerely,

 **Jonathan Weed, Manager of ADR Services**
American Arbitration Association
T:401 431 4721
F:866 644 0234
E:JonathanWeed@adr.org
950 Warren Ave.
East Providence, RI 02914-1414
www.adr.org

Yvonne L. Baglini, Director
Northeast Case Management Center

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

TMGM 536

| | |
|---|---|
| **From:** | Ricardo Ehmann [rehmann@gerardlaw.com] |
| **Sent:** | Tuesday, July 09, 2013 1:35 PM |
| **To:** | AAA Jonathan Weed; tuchmanne@adr.org; Yvonnebaglini@adr.org |
| **Cc:** | Norm Blumenthal; Steve Morris; Akke Levin; Robert Gerard; Scott Macrae; Yvette Ostolaza; Yolanda Garcia; Robert Velevis; Alex Fugazzi; Justin L. Carley; bwiand@wiandlaw.com; 'Kyle Nordrehaug'; JP Hendricks; Ricardo Ehmann; Patricia Ferrugia; Vickie L. Nickerson; Fiona M. Ingalls; bhare@hare-associates.com |
| **Subject:** | AAA 11 115 Y 264 12 - Sussex et al. v. Turnberry/MGM Grand Towers, LLC et al. [LETTER FROM NORM BLUMENTHAL to AAA] |
| **Attachments:** | Blumenthal.7.9.13.pdf; Exhibit.1.Blumenthal.Letter.7.9.13.pdf; Exhibit.2.Blumenthal.Letter.7.9.13.pdf |

Mr. Weed, Mr. Tuchman and Ms. Baglini: Please see attached letter and corresponding exhibits from Norman Blumenthal. The letter and exhibits were uploaded to the AAA website a short while ago, thank you. –Ricardo.

**Ricardo R. Ehmann, Esq.**
GERARD & ASSOCIATES

**LAS VEGAS OFFICE**
2840 S. Jones Boulevard
Building D, Suite 4
Las Vegas, Nevada 89146
702-251-0093
702-251-0094 Fax

**SAN DIEGO OFFICE**
1516 Front Street
San Diego, CA 92101
(619) 232-2828
(619) 232-4129 Fax

rehmann@gerardlaw.com      Visit us on:  

The information contained in this electronic mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this correspondence in publicly accessible written or electronic records. IF YOU are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee you received this message through inadvertent error and any further review, dissemination, distribution, or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY RETURN EMAIL, OR BY TELEPHONING THE SENDER NAMED ABOVE AT (702) 251-0093. Thank you.

 Please consider the environment before printing this email.

**TMGM 537**