Robert B. Gerard, Esq.
Nevada State Bar #005323
Ricardo R. Ehmann, Esq.
Nevada State Bar #010576
GERARD & ASSOCIATES
2840 South Jones Boulevard
Building D, Suite #4
Las Vegas, Nevada 89146
Telephone:   (702) 251-0093
Facsimile:   (702) 251-0094

Norman Blumenthal, Esq.
California State Bar #068687
BLUMENTHAL NORDREHAUG & BHOWMIK
2255 Calle Clara
La Jolla, California 92037
Telephone:   (858) 551-1223
Facsimile:   (858) 551-1232

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARY ANN SUSSEX et al., <br><br> Plaintiffs, <br><br> vs. <br><br> TURNBERRY/MGM GRAND TOWERS, LLC, et al., <br><br> Defendants. | CASE NO: 2:08-cv-00773-MMD-PAL <br><br> **NOTICE OF SUPPLEMENTAL AUTHORITY PERTINENT TO DEFENDANTS' MOTION TO DISQUALIFY ARBITRATOR HARE** |

Plaintiffs respectfully submit the enclosed decisions of the Ninth Circuit in *In re Wal-Mart Wage and Hour Employment Practices Litig.*, --- Fed.Appx. ----, 2013 WL 6623882 (9th Cir. Dec. 17, 2013) and *In re Wal-Mart Wage and Hour Employment Practices Litig.*, --- F.3d ----, 2013 WL 6605350 (9th Cir. Dec. 17, 2013) in connection with Defendants' pending motion to disqualify Arbitrator Hare in this case.

1

Plaintiffs cited and discussed Judge Pro's decision in *Wal-Mart* in their Supplemental Memorandum in Opposition to Motion to Disqualify Arbitrator filed on November 21, 2013 [Doc. 130 at pp. 5-6]. Judge Pro ruled that Arbitrator Layn Phillip's failure to disclose that he had served as a mediator and future arbitrator in the *Smokeless Tobacco* litigation, in which counsel for certain parties in *Wal-Mart* was involved, was "too remote and attenuated from his role as arbitrator in the present dispute to create a reasonable impression of partiality sufficient to support vacatur." *In re Wal-Mart Wage and Hour Employment Practices Litig.*, 2011 WL 4809046, at *7 (D. Nev. Oct. 11, 2011).

In its unpublished memorandum decision, the Ninth Circuit affirmed Judge Pro's decision that the non-disclosure did not create evident partiality because "[t]o the extent the arbitrator failed to disclose his role as arbitrator in the Smokeless Tobacco cases, it was a 'trivial' relationship without the type of **direct financial connections that raise concern and need not have been disclosed**." *Id.* at *2, citing *Commonwealth Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145, 150 (1968) (White, J., concurring) and *New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501 F.3d 1101, 1103 (9th Cir.2007). (Emphasis added).[1]

In its published decision, the Ninth Circuit found that "the statutory grounds for judicial review in the FAA are exclusive" and "that these grounds are not waivable, or subject to elimination by contract." 2013 WL 6605350 at *3  Accordingly, the Ninth Circuit held that a provision in the

---

[1] Although the memorandum decision is designated as "not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3", it is properly cited and considered for its persuasive value pursuant to 9th Cir. R. 36–3 (b) and FRAP 32.1. 9th Cir. R. 36–3 (b) provides that "Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1." The Advisory Committee Notes to FRAP 32.1 provide that "Under Rule 32.1(a), a court of appeals may not prohibit a party from citing an unpublished opinion of a federal court for its persuasive value or for any other reason."

arbitration agreement that a fee dispute would be settled by "binding, non-appealable arbitration" could not be construed as waiving judicial review under § 10 of the FAA, including judicial review of an arbitration award for evident partiality. *Id*. at *2-3. As the Ninth Circuit observed, the narrow purpose of § 10 of the FAA "is afford an **extremely limited review authority**, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration." *Id*. at *4, quoting *Kyocera Corp. v. Prudential-Bache Trade Services, Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) (Emphasis added).

By enacting § 10 of the FAA, which allows judicial review of a claim of evident partiality only after an arbitration award , "Congress attempted to preserve due process while still promoting the ultimate goal of speedy dispute resolution." *Id*.

DATED this 30th day of December, 2013.

By:   */s/ Norman Blumenthal*
Robert B. Gerard, Esq
Nevada State Bar #005323
Ricardo Ehmann, Esq.
Nevada State Bar #010576
2840 South Jones Boulevard
Building D. Suite #4
Las Vegas, Nevada 89146
Telephone:   (702) 251-0093
Facsimile:   (702) 251-0094

Norman Blumenthal, Esq.
California State Bar #068687
BLUMENTHAL NORDREHAUG &
BHOWMIK
2255 Calle Clara
La Jolla, California 92037

3

1
2  Telephone:  (858) 551-1223
   Facsimile:  (858) 551-1232
3
   *Attorneys For The Plaintiffs*
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                                 4

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of GERARD & ASSOCIATES, and that the following documents were served via electronic service: **NOTICE OF SUPPLEMENTAL AUTHORITY PERTINENT TO DEFENDANTS' MOTION TO DISQUALIFY ARBITRATOR HARE**.

TO:

Attorneys for Defendants

Steve Morris, Esq.
MORRIS LAW GROUP
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101

Alex Fugazzi, Esq.
SNELL & WILMER
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169

                                                /s/ *Ricardo Ehmann*
                                                An Employee of Gerard & Associates