Robert B. Gerard, Esq. (Nevada State Bar #005323)
Ricardo R. Ehmann, Esq. (Nevada State Bar #010576)
**GERARD & ASSOCIATES**
2840 South Jones Boulevard
Building D, Suite #4
Las Vegas, Nevada 89146
Telephone:   (702) 251-0093
Facsimile:    (702) 251-0094

Norman Blumenthal, Esq. (California State Bar #068687)
**BLUMENTHAL, NORDREHAUG & BHOWMIK**
2255 Calle Clara
La Jolla, California 92037
Telephone:   (858) 551-1223
Facsimile:    (858) 551-1232

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARY ANN SUSSEX, et al.<br><br>     Plaintiffs,<br>vs.<br><br>TURNBERRY/MGM GRAND TOWERS, LLC, et al.<br><br>     Defendants.<br>_____<br>*(Consolidated With)*<br><br>GEORGE ABRAHAM, et al.,<br>     Plaintiffs,<br>v.<br>TURNBERRY/MGM GRAND TOWERS, LLC, a Nevada LLC, et al.<br>     Defendants. | CASE NO.: **2:08-cv-00773-MMD-PAL**<br>(Consolidated with Case No. 2:11-cv-01007-MMD-PAL)<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR CERTIFICATION OF ORDER GRANTING DEFENDANTS' MOTION TO DISQUALIFY PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>Before:       Hon. Miranda Du<br>Department:     4A |

## I. INTRODUCTION

Plaintiffs respectfully request that this Court certify for appeal the following issues arising from this Court's Order Granting Defendants' Motion to Disqualify dated December 31, 2013 ("the Order") [Doc. 141].

1. Whether the District Court has jurisdiction to review the qualifications of a AAA arbitrator and disqualify him prior to any arbitration award?

2. Whether the District Court may exercise de novo review of the AAA ruling denying Defendants' motion to disqualify Arbitrator Hare?

3. Whether the District Court can disqualify Arbitrator Hare for evident partiality where he has no connection to any party or their counsel and no financial interest in the outcome of the arbitration?

Although the Order may be held to be a final order under 9 U.S.C. § 16(a) that can be appealed without certification by this Court, the law is not completely clear and out of an abundance of caution Plaintiffs are filing this motion for certification of an interlocutory appeal and a writ petition. Under 9 U.S.C. §16(b), orders regarding arbitrations that are not appealable under 9 U.S.C. § 16(a) can be certified for interlocutory appeal by a District Court under 28 U.S.C. § 1292(b).

The Order meets the criteria for certification under 28 U.S.C. § 1292(b) because it involves controlling questions of law as to which there is substantial ground for difference of opinion and because an immediate appeal from the Order may materially advance the ultimate termination of the litigation. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011); *Kuehner v. Dickinson & Co.*, 84 F.3d 316 (9th Cir. 1996).

## II. THE ORDER INVOLVES CONTROLLING QUESTIONS OF LAW AS TO WHICH THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

A non-final order may be certified for interlocutory appeal where it "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the

ultimate termination of the litigation." 28 U.S.C. § 1292(b).

In the Ninth Circuit, an issue need not be determinative of the merits of the litigation in order to be controlling and "issues collateral to the merits" may be the proper subject of an interlocutory appeal. *Kuehner v. Dickinson & Co.*, 84 F.3d at 319; see also *Reese v. BP Exploration.*, 643 F.3d at 688 (standard met where answer "may materially advance" the litigation).

Though the statute specifically references questions of law, the Ninth Circuit has accepted § 1292(b) certifications for mixed questions involving application of law to a particular set of facts where the attendant legal conclusion was sufficiently important. See *Steering Comm. v. United States*, 6 F.3d 572, 575–76 (9th Cir.1993). Here, the Order involves important legal issues the resolution of which could materially affect the outcome of the litigation in this Court and the answer to those questions may materially advance this litigation.

There is a substantial ground for difference of opinion as to each of the controlling legal issues for which Plaintiffs seek certification.

> A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.

*Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d at   .

Here, other courts that have addressed the issue have consistently concluded that district courts may not consider motions to disqualify arbitrators until after the arbitrator has issued an award. *See e.g.*, *Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co.*, 671 F.3d 635, 638 (7th Cir. 2011); *Smith v. Am. Arbitration Ass'n*, 233 F.3d 502, 506 (7th Cir. 2000); *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 376, 490 (5th Cir.2002); *ANR Coal Co., Inc. v. Cogentrix of North Carolina, Inc.*, 173 F.3d 493, 497 (4th Cir.1999); *Cox v. Piper, Jaffray & Hopwood, Inc.*, 848 F.2d 842, 843–44 (8th

Cir.1988); *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 n. 4 (2d Cir.1980); *Service Partners, LLC v. American Home Assur. Co.*, 2011 WL 2516411 (C.D. Cal. June 20, 2011); *ChampionsWorld, LLC v. United States Soccer Fed., Inc.*, 487 F.Supp.2d 980, 991 (N.D. Ill. 2007); *Titan Pharmaceuticals and Nutrition, Inc. v. Medicine Shoppe Intern., Inc.*, 2006 WL 626051, *6 and n. 68 (S.D.N.Y. Mar 13, 2006); *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.*, 203 F.R.D. 677 (S.D. Fla. 2001), aff'd 312 F.3d 1349 (11th Cir. 2002); *Diemaco v. Colt's M'fring Co.*, 11 F.Supp.2d 228, 231–32 (D. Conn.1998); *Crim v. Pepperidge Farm, Inc.*, 32 F.Supp.2d 326, 330 (D. Md.1999).

There is also substantial ground for difference of opinion with respect to this Court's conclusion that the although the AAA Rule 17(B) by which the parties agreed to be bound provides that the AAA's decision on a motion to disqualify "shall be conclusive", the court can exercise *de novo* review over the AAA's decision denying Defendants' motion to disqualify Arbitrator Hare. Other court's have held, however, that the decision of the AAA regarding arbitrator disqualification is entitled to substantial deference. *See e.g.*, *Crawford Group, Inc. v. Holekamp*, 543 F.3d 971, 976 (8th Cir. 2008); *Merit Ins. Co. v. Leatherby Ins. Co.*, 714 F.2d 673, 680 (7th Cir. 1983).

Moreover, substantial ground for difference of opinion also exists on the legal issue of whether Arbitrator Hare's nondisclosure of his involvement with Bowdoin Street Capital disqualified him for evident partiality. The evidence is that Arbitrator Hare has no connection to any party or their counsel, Arbitrator Hare has no direct or indirect financial interest in the outcome of the arbitration, and that Plaintiffs did not use any investors to fund prosecution of their claims. While this Court found evident partiality without any such connection or financial interest other courts, including the Ninth Circuit, have concluded that a claim of evident partiality borders on the frivolous "where there was no alleged relationship between the parties and the arbitrators, and 'there [was] no evidence the arbitrators had any financial or personal interest in the outcome of the

arbitration.'" *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F .3d 634, 641 (9th Cir.2010), quoting *PaineWebber Group, Inc. v. Zinsmeyer Trusts P'ship*, 187 F.3d 988, 995 (8th Cir.1999); see also *In re Wal-Mart Wage and Hour Employment Practices Litig.*, --- Fed.Appx. ----, 2013 WL 6623882, *2 (9th Cir. Dec. 17, 2013); *Positive Software Solutions, Inc. v New Century Mortgage Corp.*, 476 F.3d 278, 283-83 (5th Cir. 2007); *ANR Coal Co., Inc. v. Cogentrix of North Carolina, Inc.*, 173 F.3d 493, 502 (4th Cir. 1999).

Accordingly, there can be no doubt that the Court's Order involves controlling issues as to which there are legal authorities showing grounds for reaching different judicial opinions.

### III. AN IMMEDIATE APPEAL FROM THE ORDER MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION.

The final requirement of 28 U.S.C. § 1292(b) is also satisfied because an immediate appeal from the order may materially advance the ultimate termination of the litigation. This arbitration has been actively litigated for more than three (3) years at the expense of millions of dollars in fees and costs resulting in fourteen (14) orders. The parties have litigated issues including Defendants' motion to dismiss, the arbitrability of the claims against the non-signatory Defendants, the availability of class certification, the consolidation of claims, and the scheduling of discovery and the first trail. As a result, the case was poised for discovery and the first trial when Defendants moved to disqualify the arbitrator.

If the Ninth Circuit disagrees with this Court's determination that Arbitrator Hare is disqualified for evident partiality the ultimate termination of the arbitration will be materially advanced because the case can proceed expeditiously to trial within a year without having to potentially repeat the three (3) years of arbitration motion practice that has already been completed before Arbitrator Hare. If immediate appellate review is not permitted, Plaintiffs may be required to begin at square one and repeat years of litigation

before a new arbitrator, delaying the ultimate termination of this case.

> Neither § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it "may materially advance" the litigation. 28 U.S.C. § 1292(b). The district court correctly concluded that our reversal "may" take BPXA, as a defendant, and Reese's control claims against all remaining defendants out of the case. That is sufficient to advance materially the litigation, and therefore certification of the interlocutory appeal was permissible.

*Reese v. BP Exploration*, 643 F.3d at 688.

28 U.S.C. § 1292(b) does not require certainty; it is sufficient if an immediate appeal **may** materially advance the litigation. Here, if an immediate appeal is allowed and succeeds the progress of the litigation will be materially advanced by preserving the three (3) years of litigation that have already been completed before Arbitrator Hare.

Respectfully submitted,

Dated: January 8, 2014         BLUMENTHAL, NORDREHAUG & BHOWMIK

By:    */s/ Norman B. Blumenthal*
          Norman B. Blumenthal

2255 Calle Clara
La Jolla, California 92037
Telephone:   (858) 551-1223
Facsimile:    (858) 551-1232

Gerard & Associates
2840 South Jones Blvd.
Building D, Unit 4
Las Vegas, Nevada  89146
Telephone: (702) 251-0093
Facsimile: (702) 251-0094

Burt Wiand
Florida State Bar #407690
Wiand Guerra King
3000 Bay Port Drive, Suite 600
Tampa, FL 33607
Telephone:   (813) 347-5100
Facsimile:    (813) 347-5199

*Attorneys For The Plaintiffs*

---

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR CERTIFICATION OF ORDER GRANTING DEFENDANTS' MOTION TO DISQUALIFY PURSUANT TO 28 U.S.C. § 1292(b)

i                                                    Case No. 2:08-cv-00773

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of GERARD & ASSOCIATES, and that the following documents were served via electronic service on January 8, 2014: **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR CERTIFICATION OF ORDER GRANTING DEFENDANTS' MOTION TO DISQUALIFY PURSUANT TO 28 U.S.C. § 1292(b)** TO:

Attorneys for Defendants

Steve Morris, Esq.
MORRIS LAW GROUP
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101

Alex Fugazzi, Esq.
SNELL & WILMER
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169

                                            */s/ Ricardo Ehmann*
                                            An Employee of Gerard & Associate