UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARY ANN SUSSEX, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>TURNBERRY/MGM GRAND TOWERS, LLC, et al.,<br><br>  Defendants. | Case No. 2:08-cv-00773-MMD-PAL<br><br>ORDER<br><br>(Plfs' Emergency Motion to Stay – dkt. no. 147) |

I.  **SUMMARY**

Before the Court is Plaintiffs' Emergency Motion to Stay Actions Pending Resolution of Appeal Certification and Writ Petition ("Emergency Motion"). (Dkt. no. 147.) For the foregoing reasons, the motion is granted.

II.  **BACKGROUND**

This matter arises from a long-standing dispute brought by purchasers of condominium units developed and sold by Defendant Turnberry/MGM Grand Towers, LLC ("Turnberry/MGM"). The factual and procedural background of this case is summarized in the Court's March 2, 2010, Order (dkt. no. 63) and the Court's December 31, 2013, Order disqualifying Arbitrator Brendan Hare ("Disqualification Order") (dkt. no. 141).

On January 8, 2014, Plaintiffs filed a Motion for Certification regarding the Disqualification Order pursuant to 28 U.S.C. § 1292(b). (Dkt. no. 142.) On January 17, 2014, Plaintiffs filed a Petition for Writ of Mandamus as to the Disqualification Order.

(Dkt. no. 144.) The Emergency Motion asks the Court for an order "staying the actions" pending resolution of the Motion for Certification and the Petition for Writ of Mandamus. (Dkt. no. 147.) Although Plaintiffs do not specify the "actions" that they want stayed, the Court reads the Emergency Motion as requesting a stay of the *Sussex* and *Abraham* arbitration proceedings.

### III. DISCUSSION

#### A. Legal Standard

Plaintiffs request a stay pursuant to *Landis v. North American Co.*, 299 U.S. 248 (1936). Under *Landis*, a district court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*,593 F.2d 857, 863–64 (9th Cir.1979). The Court finds that *Landis* does not apply to the Court's analysis here because the Emergency Motion asks for a stay of arbitration proceedings pending resolution of issues presented to the Ninth Circuit. It is therefore appropriate to examine Plaintiffs' request for a stay under the injunction standard, which is applied when staying a proceeding pending appeal.[1]

A stay pending appeal is a matter of judicial discretion. *Nken v. Holder*, 556 U.S. 418, 434 (2009). A court must consider four factors in evaluating whether to issue a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

///

---

[1] The Court notes that the parties in this case previously adopted the injunction standard when Defendants moved for a stay of the *Sussex* and *Abraham* arbitration proceedings. On November 7, 2013, Defendants filed an emergency motion to stay the arbitrations. (Dkt. no. 124.) Though Defendants did not articulate a clear legal standard for their request, Plaintiffs argued that the Court should deny Defendants motion because it failed to satisfy the injunction standard. (Dkt. no. 126.) Defendants, in turn, argued that the injunction factors tipped in their favor. (Dkt. no. 128.) The Court granted Defendants' motion. (Dkt. no. 129.)

proceeding; and (4) where the public interest lies." *Id.* at 434. "The first two factors of the traditional standard are the most critical." *Id.*

**B.     Analysis**

The Court finds that the injunction factors tip in favor of staying the *Sussex* and *Abraham* arbitrations.

First, there is a likelihood that Plaintiffs will succeed on appeal. Defendants recognized that their motion to disqualify Hare presented an "unprecedented question to the Court[.]" (Dkt. no. 114 at 2.) In the Disqualification Order, the Court found that it could disqualify an arbitrator for evident partiality prior to entry of a final arbitration award. While the Court's holding is consistent with *Aerojet-General Corp. v. American Arbitration Ass'n*, 478 F.2d 248 (9th Cir. 1973), there is an absence of guidance from the Ninth Circuit on the circumstances that must be present for a district court to address disqualification prior to entry of a final arbitration award. The exceptional circumstances of this case – the size of the consolidated arbitrations, the stage of the proceedings, the fact that Hare is being replaced in arbitration proceedings involving the state plaintiffs, and the likelihood that a final award will be vacated – are unique from those confronted by other circuits. The first factor therefore weighs in favor of granting a stay.

Second, Plaintiffs will suffer irreparable injury absent a stay. Hare was selected by the AAA panel after a long selection process and entered some significant orders prior to being disqualified, including consolidation of the arbitration proceedings. In light of Hare's disqualification, Turnberry/MGM has requested that Hare's orders be set aside by the AAA. (Dkt. no. 156 at 1–2.) If the AAA decides to discard Hare's work and start from square one with a new arbitrator, Plaintiff will be deprived of the effect and benefit of Hare's work. That would be problematic in the event the Ninth Circuit decides that Hare should not have been disqualified, because Plaintiff is entitled to the benefit of Hare's orders if there are no grounds for his disqualification. Even if the AAA does not discard Hare's work, there are 385 claimants that will have to spend time and expend resources working under a new arbitrator only to have their work undone by a reversal from the

Ninth Circuit. Turnberry/MGM previously requested a stay of the arbitration proceedings in order to determine the evident partiality of Hare. (Dkt. no. 124.) In Turnberry/MGM's request for a stay, they argued that the arbitrations should be stayed to avoid the costs and waste of resources that could result if the arbitrations proceed and Hare is ultimately disqualified. A similar situation exists here. Given the likelihood of irreparable harm that could result to Plaintiffs if the arbitrations are not stayed, the Court finds this factor tips in favor of Plaintiffs.

Third, the issuance of a stay will not substantially injure Defendants. Given the exceptional circumstances of this case and the lack of precedent in the Ninth Circuit on pre-award disqualification, it is only appropriate that the Ninth Circuit has an opportunity to address the Disqualification Order before Defendants and the 385 claimants continue arbitration. The Court also notes that the Disqualification Order does not apply to the state plaintiffs in the *KJH* case. Based on the parties' representations, the Court's understanding is that the parties are selecting a new arbitrator in the *KJH* proceedings and are moving forward towards discovery. (*See* dkt. no. 154 at 2.) As the claims between the *KJH*, *Sussex*, and *Abraham* arbitrations are similar and all involve Turnberry/MGM, the progress made in the discovery process by the state plaintiffs will be beneficial to the parties when the *Sussex* and *Abraham* arbitrations reach the discovery stage. The Court finds that this factor also tips in favor of a stay.

IV. **CONCLUSION**

It is therefore ordered that Plaintiffs' Emergency Motion to Stay (dkt. no. 147) is granted. The *Sussex* and *Abraham* arbitrations are stayed until the Ninth Circuit resolves Plaintiffs' Petition for Writ of Mandamus (dkt. no. 144.) and any other issues certified.

Dated this 25th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE