UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARY ANN SUSSEX, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TURNBERRY/MGM GRAND TOWERS, LLC, et al., <br><br> Defendants. | Case No. 2:08-cv-00773-MMD-PAL <br><br> ORDER <br><br> (Plfs' Motion for Certification – dkt. no. 142) |

**I.   SUMMARY**

Before the Court is Plaintiffs' Motion for Certification ("Motion"). (Dkt. no. 142.) For the foregoing reasons, the motion is denied.

**II.   BACKGROUND**

This matter arises from a long-standing dispute brought by purchasers of condominium units developed and sold by Defendant Turnberry/MGM Grand Towers, LLC ("Turnberry/MGM"). The factual and procedural background of this case is summarized in the Court's March 2, 2010, Order (dkt. no. 63) and the Court's December 31, 2013, Order disqualifying Arbitrator Brendan Hare ("Disqualification Order") (dkt. no. 141).

On January 8, 2014, Plaintiffs filed a Motion for Certification regarding the Disqualification Order pursuant to 28 U.S.C. § 1292(b). (Dkt. no. 142.) On January 17, 2014, Plaintiffs filed a Petition for Writ of Mandamus as to the Disqualification Order. (Dkt. no. 144.) Plaintiffs also filed an emergency motion for a stay pending resolution of

the Motion for Certification and the Petition for Writ of Mandamus. (Dkt. no. 147.) On February 25, 2014, the Court entered an Order granting the emergency motion and staying the arbitration proceedings until the Ninth Circuit resolves the Petition for Writ of Mandamus or any other questions certified for interlocutory review. (Dkt. no. 166.)

The Court now addresses Plaintiffs' Motion for Certification pursuant to 28 U.S.C. § 1292(b).

### III. DISCUSSION

#### A. Legal Standard

In order to certify a question to the Ninth Circuit for interlocutory review pursuant to 28 U.S.C. § 1292(b), the Court must find that the following requirements are met: (1) there is a controlling question of law; (2) there is substantial grounds for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). Section 1292(b) is only to be used in "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.* (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)). Section 1292(b) certification is thus a "narrow exception to the final judgment rule." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). It "serves the dual purpose of ensuring that [appellate] review will be confined to appropriate cases and avoiding time-consuming jurisdictional determinations in the court of appeals." *United States v. W.R. Grace*, 526 F.3d 499, 522 (9th Cir. 2008) (*quoting Coopers & Lybrand v. Livesay*, 437 U.S. 463.74–75 (1978)).

#### B. Analysis

The Court finds that Plaintiffs have not demonstrated that the Disqualification Order involves a controlling question of law or that an immediate appeal may materially advance the ultimate termination of the litigation.

A controlling question of law need not be one that determines who will win on the merits of the litigation. Indeed, "issues collateral to the merits" may be the proper subject

of an interlocutory appeal. *Cement Antitrust Litig.*, 673 F.2d at 1027 n.5. However, a question is controlling if its resolution on appeal could "materially affect the outcome of the litigation in the district court." *Id.* at 1026. For example, the Ninth Circuit in *Cement Antitrust Litig.* found that the question of whether a judge erroneously disqualified himself is "collateral to the basic issues of [the] lawsuit" and "will neither affect the ability of the district court to render a binding decision nor materially affect the outcome of the litigation in the district court." *Id.* at 1027. The Ninth Circuit noted that "[a]t best, all that can be said is that if the recusal decision was erroneous and can be overturned immediately upon appeal, some time at the district court level may ultimately be saved" and rejected the approach of considering a question to be controlling merely because it may shorten the "time, effort or expense of conducting a lawsuit." *Id.* However, the Ninth Circuit has recognized that expense and delay may be considered to a certain extent, such as where there is a question as to whether a motion to compel arbitration was erroneously granted. *See Kuehner v. Dickinson & Co.*, 84 F.3d 316 (9th Cir. 1996) ("We agree with the district court that an order may involve a controlling question of law if it could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter.")

      The Disqualification Order does not present a controlling question of law. The disqualification of Arbitrator Hare is collateral to the merits of the case and will not materially affect the outcome of the litigation in this Court. Whether or not the Ninth Circuit reverses the Court's decision to disqualify Hare, arbitration will proceed before a neutral arbitrator. The most that can be said is that reversal could potentially save the time and expense of re-litigating pre-discovery matters already decided by Hare. However, it is purely speculative at this stage that any such re-litigation will be necessary and, even assuming that it is necessary, the arbitration proceedings are at such an early stage that revisiting Hare's pre-discovery decisions will not be such a lengthy, expensive process that the parties will be better served by litigating an appeal. Indeed, the Court's decision to disqualify Hare was partly guided by the fact that the arbitration proceedings

are in an early pre-discovery stage where there would be little judicial waste in removing Hare. (Dkt. no. 141 at 5-6.) Plaintiffs point out that the parties actively litigated this matter before Hare for three (3) years. (Dkt. no. 142 at 4.) As the Court noted in its Disqualification Order, however, the parties made very little progress in that time and Hare only resolved preliminary issues. (Dkt. no. 141 at 5.) Plaintiffs have not put forth any reason why revisiting those preliminary issues, should they need to be revisited, will take such a long time that litigating an appeal instead of resolving those preliminary issues before a new arbitrator will save the parties needless expense and delay.

Similarly, Plaintiffs have failed to demonstrate that an interlocutory appeal may *materially* advance the ultimate termination of the litigation. The circumstances in this case are distinguishable from *Kuehner* where the parties would be wasting time and money litigating the wrong forum, or the situation in a case relied upon by Plaintiffs, *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011), where reversal could lead to a defendant and certain claims being removed from the litigation. In those cases, reversal could have a strong, material impact on the duration of the litigation. At best, reversal in an interlocutory appeal of the Disqualification Order could lead to the parties saving time in not having to select a new arbitrator[1] or revisit preliminary matters decided by Hare. The Court finds that such a savings of time, though it may shorten the duration of the arbitration, would not *materially* advance termination of the litigation such that an interlocutory appeal is warranted.

The Motion is denied as the Court cannot conclude that "exceptional situations" exist "in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Cement Antitrust Litig.*, 673 F.2d at 1026.

///

---

[1] The Court notes, however, that the parties will be selecting a new arbitrator for the arbitration proceedings involving state plaintiffs regardless of whether the Court certifies a question for interlocutory appeal, assuming that the Nevada Supreme Court declines to reconsider its decision dismissing Turnberry/MGM's writ. (*See* dkt. no. 141 at 3-4, 5-6.)

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Plaintiffs' Motion for Certification (dkt. no. 142) is denied. As per the Court's February 25, 2014, Order (dkt. no. 166), the arbitration proceedings remain stayed until the Ninth Circuit resolves Plaintiffs' Petition for Writ of Mandamus.

Dated this 14th day of April 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE