UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| MARY ANN SUSSEX, et al., | Case No. 2:08-cv-00773-MMD-PAL |
|---|---|
| Plaintiffs, | |
| v. | ORDER |
| TURNBERRY/MGM GRAND TOWERS, LLC, et al., | (Def' Motion to Refer Claims – dkt. no. 191) |
| Defendants. | |

**I.  SUMMARY**

This case is stayed pending arbitration. Before the Court is Defendant Turnberry/MGM GrandTowers, LLC's ("Turnberry/MGM") Motion to Refer All Claims and Causes of Action to the Bankruptcy Court ("Motion"). (Dkt. no. 191.) Plaintiffs have opposed (dkt. no. 195) and Defendant has replied (dkt. no. 196). For the reasons discussed below, the Motion is granted.

**II.  BACKGROUND**

This matter arises from a long-standing dispute brought by purchasers of condominium units developed and sold by Turnberry/MGM. The factual background of this case is summarized in the Court's March 2, 2010, Order. (Dkt. no. 64.) The Court will recite the procedural history that is pertinent to the Motion.

On June 16, 2009, the Court compelled Plaintiffs to arbitrate their claims in response to Defendants' motion. (Dkt no. 59.)  As a result, there were several arbitration procedures that occurred until the latest stay. They involve plaintiffs in a consolidated

state court proceeding ("*KJH*" or "State Court Action") and plaintiffs in the federal proceedings.[1] The American Arbitration Association ("AAA") appointed Arbitrator Brendan Hare as arbitrator in the *Sussex* arbitration on February 26, 2010. On December 31, 2012, Arbitrator Hare consolidated all of the arbitrations proceeding against Turnberry/MGM for the purposes of coordinated discovery, motion practice and ruling on common issues. (Dkt. no. 114-5, Appendix Vol. 1 at TMGM 166.)

On August 9, 2013, the Court stayed this action pending arbitration.[2] (Dkt. no. 113.) On September 11, 2013, Defendants filed a motion to disqualify Arbitrator Hare from the arbitration proceedings in this case and in the *Abraham* case. (*See* dkt. no. 114 in *Sussex*; dkt. no. 61 in *Abraham*.) The Court granted the motion and disqualified Arbitrator Hare. (Dkt. no. 141.) The Ninth Circuit Court of Appeals granted Plaintiff's petition for a writ of mandamus directing this Court to vacate its order removing Arbitrator Hare. (Dkt. no. 171.) On April 8, 2015, the Court vacated its order and reinstated Arbitrator Hare. (Dkt. no. 175.)

About two months later, on June 30, 2015, Turnberry/MGM filed a notice of pending bankruptcy, informing the Court that it commenced a bankruptcy proceeding under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Case"). (Dkt. no. 180.) Turnberry/MGM now moves to refer this case to the Bankruptcy Court.

The Court held a status conference on January 19, 2016, to obtain an update on recent developments in the Bankruptcy Case that may affect the arbitration and two

///

---

[1] The federal proceedings include the instant case, *Sussex v. Turnberry/MGM Grand Towers, LLC, et al.* (2:08-cv-00773) ("*Sussex*") and *Abraham et al v. Turnberry/MGM Grand Towers, LLC et al*, (2:11-cv-01007) ("*Abraham*"). The Court consolidated these actions under 2:08-cv-00773. (Dkt. no. 127.) Plaintiffs represent that they have moved for an order to lift stay to permit them to proceed against non-debtor defendants in the *Sussex* arbitration. (Dkt. no. 195 at 4 n. 1.)

[2] Turnberry/MGM suggests that despite the stay, this case remains active. (Dkt. no. 196 at 5.) However, Defendants filed a majority of the motions since the Court imposed the stay. (*See, e.g.,* dkt. nos. 114, 124, 177.) It is disingenuous for Turnberry/MGM to ask this Court to intervene in the arbitration proceedings and then cite to their own motions and the Court's resolution of those motions as evidence that the stay is effectively meaningless.

motions pending before this Court.[3] (Dkt. no. 202.) The parties filed status reports in advance of the conference. (Dkt. nos. 204, 205.)

**III.   DISCUSSION**

Turnberry/MGM argues that referral to the Bankruptcy Court should have been automatic under Local Rules of Bankruptcy Practice of this Court because the Bankruptcy Court has original jurisdiction and because the claims in this case are "core" claims or are "related to" the Bankruptcy Case. (Dkt. no. 191 at 5-6.) It argues that at a minimum, the case should be referred to allow the Bankruptcy Court to determine whether this case involves "core" claims because such determination is within the Bankruptcy Court's exclusive jurisdiction. (*Id.*)  The Court agrees that this case should be referred, but disagrees with Turnberry/MGM's reasoning.

District courts have "original and exclusive jurisdiction over all cases under title 11." 28 U.S.C. § 1334(a). District courts also "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). District courts may refer three types of cases to bankruptcy courts in their own district: those (1) "arising under title 11," (2) "arising in" a title 11 case, and (3) "related to a case under title 11." 28 U.S.C. § 157(a). The District of Nevada adopted LR 1001(b) to effectuate the referral of these proceedings to the bankruptcy court. LR 1001(b) does not, as Turnberry/MGM contends, mandate automatic referral of cases, such as this case, that have been pending in the district court to the bankruptcy court upon the initiation of a bankruptcy proceeding.

Turnberry/MGM next argues that the Bankruptcy Court has "original jurisdiction" over this action because, at a minimum, the Bankruptcy Court has "exclusive jurisdiction" to determine whether claims are "core" claims. (Dkt. no. 191 at 5-6.) Turnberry/MGM has it backward. It is the district courts, not the bankruptcy courts, that have "original and

---

[3]In addition to the Motion, Defendants MGM Resorts International and MGM Grand Hotel, LLC have filed a Motion for Determination of Non-Arbitrability of Claims Against Non-Signatory Defendants.  (Dkt. no. 177.)

exclusive jurisdiction over all cases under title 11" and may refer certain types of cases to the bankruptcy courts. 28 U.S.C. § 1334(a); 28 U.S.C. § 157(a). As the Supreme Court recently explained, the Federal Judgeship Act of 1984 Act, 28 U.S.C. § 151 et. seq., divided "all matters that may be referred to the bankruptcy court into two categories: 'core' and 'non-core' proceedings." *Executive Benefits Insurance Agency v. Arkison*, 134 S.Ct. 2165, 2171 (2014). A bankruptcy court's statutory authority to enter judgment in a particular proceeding depends on whether that proceeding is a "core proceeding[ ]" under 28 U.S.C. § 157(b)(1).[4]  *Id.* at § 157(c); *Executive Benefits*, 134 S.Ct. at 2172.  § 157 authorizes a bankruptcy court to adjudicate a claim in "core proceedings" to final judgment, and to hear a non-core claim "that is otherwise related to a case under title 11" but may not enter final judgment on such a matter absent consent of all the parties. *Id.* at § 157(c); *Executive Benefits*, 134 S.Ct. at 2172 ("If a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law."). Thus, the Court has jurisdiction over this case regardless of whether the claims in this case are "core" claims or are "related to" the Bankruptcy Case. However, as the Supreme Court in *Executive Benefits* further noted, the bankruptcy court may "determine whether each claim before it is core or non-core." *Executive Benefits,* 134 S.Ct. at 2171 (citing 28 U.S.C. § 157(b)(3)). In fact, this Court has found it proper to permit the bankruptcy court to determine whether claims are core, non-core or *Stern* claims and make final judgment or recommendations accordingly. *See In re Access Ins. Services, Inc.*, No. 3:13-cv-00699-MMD (D.Nev. Nov. 11, 2014) (denying motion to withdraw reference).

///
///

---

[4] However, in *Stern v. Marshal*, U.S. 131 S.Ct. 2594 (2011), the Supreme Court held that the bankruptcy court may not enter final judgment on certain core proceedings. For those *Stern* claims, the bankruptcy court has authority to enter findings of facts and conclusions of law to the district court for *de novo* review. *Executive Benefits*, 134 S.Ct. at 2173.

4

Here, the Bankruptcy Court has found the claims in the removed State Court Action to be "core proceedings" or are "related to" the Bankruptcy Case and are appropriate for referral under LR 1001(b).[5] (Dkt. no. 204 at 4; dkt. no. 205 at 2.) The parties do not dispute that those claims are essentially the same as the claims asserted in this case. The Bankruptcy Court's ruling further buttresses Turnberry/MGM's arguments that referral would promote efficient use of judicial resources and uniformity of bankruptcy administration. The Court is therefore persuaded that this case should be referred to the Bankruptcy Court and will grant the Motion.

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Turnberry/MGM GrandTowers, LLC's Motion to Refer All Claims and Causes of Action to the Bankruptcy Court (dkt. no. 191) is granted. This case is referred to the Bankruptcy Court (in case no. 15-13706-abl).

It is further ordered that Defendants MGM Resorts International and MGM Grand Hotel, LLC's Motion for Determination of Non-Arbitrability of Claims Against Non-Signatory Defendants (dkt. no. 177) is denied without prejudice since the Court finds it appropriate for the Bankruptcy Court to address this motion.

The Clerk is directed to effectuate this referral order and close this case.

Dated this 19th day of January, 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[5]Plaintiffs have appealed the Bankruptcy Court's ruling. (Dkt. no. 205 at 2.)